UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BF LABS, INC., d/b/a BUTTERFLY LABS, a Wyoming corporation; DARLA DRAKE, an individual; NASSER GHOSEIRI, an individual; and SONNY VLEISIDES, an individual, <br><br> Defendants. | **CASE NO.** _____ |

**PLAINTIFF'S *EX PARTE* MOTION TO TEMPORARILY SEAL CASE FILE
AND SUGGESTIONS IN SUPPORT
(FILED UNDER SEAL)**

Plaintiff, Federal Trade Commission ("FTC"), respectfully moves *ex parte* for an Order temporarily sealing the entire case file and docket in this matter, including all pleadings, exhibits, and other papers filed in support thereof, and all orders of the Court. The FTC requests that the seal on all documents remain in effect until all Defendants have been served, or until 5:00 p.m. on September 22, 2014, whichever occurs first. In support of this Motion, Plaintiff states as follows:

1. On Tuesday, September 16, 2014, Plaintiff will file an *ex parte* Motion for Temporary Restraining Order With Asset Freeze, Appointment of Receiver, and Other Equitable Relief ("TRO Motion"). FTC counsel will be present at the courthouse that morning, and will be available at the Court's convenience. Should the Court grant the relief requested in the FTC's TRO Motion, the FTC plans to execute an asset freeze, and, with the court-appointed temporary receiver, access Defendants' business premises to secure documents on Wednesday, September 17, 2014, Thursday, September 18, 2014, and/or Friday, September 19, 2014.

2. As described in the Certification and Declaration of FTC Counsel Helen Wong ("Wong Decl."), Defendants have committed serious violations of the Federal Trade Commission Act, 15 U.S.C. § 53(b), by taking in over $50 million dollars from consumers by operating a scheme that required pre-payment for machines that would allow consumers to "mine" for Bitcoins, a new virtual currency. Defendants either never delivered these machines or delivered them so late that they substantially depreciated in value or became virtually obsolete.

3. If this case were immediately docketed as a matter of public record, there is a substantial possibility that Defendants would learn of the case before being served with the requested TRO. In the FTC's experience, individuals engaged in unfair or deceptive practices

have secreted assets and destroyed evidence upon learning of an impending law enforcement action.  *See* Wong Decl.  Defendants' persistent and pervasive deceptive and unfair conduct here, as well as their history of diverting corporate funds for personal use, *see id.*, indicates that Defendants are likely to conceal or destroy business records and dissipate assets if they receive notice of the FTC's action prior to being served with the TRO.

4. Because the dissipation, destruction, or concealment of assets and records would frustrate the Court's ability to effectuate meaningful final relief, entry of an order temporarily sealing the docket and all filings therein is in the public interest.  Accordingly, there is a reasonable basis for departing from the Court's general policy of public filings.

5. This Court and other courts in this Circuit have granted similarly limited seals in other law enforcement matters brought by the FTC.  *See*, *e.g.*, *FTC v. Grant Search, Inc.*, No. 2:02-cv-04174-NKL (W.D. Mo. Aug. 15, 2002) (granting *ex parte* motion to seal and *ex parte* TRO with asset freeze and expedited discovery); *FTC v. Neiswonger*, No. 4:96-cv-02225-SNLJ (E.D. Mo. July 17, 2006) (granting *ex parte* motion to seal filings and granting TRO with asset freeze, temporary receiver, and expedited discovery); *FTC v. Kruchten*, No. 01-523 ADM/RLE (D. Minn. Mar. 26, 2001) (granting *ex parte* motion to seal filings and granting *ex parte* TRO with asset freeze, temporary receiver, and expedited discovery).

WHEREFORE, Plaintiff requests that the Court direct the Clerk of the Court to maintain the docket and entire case file in this matter, including all pleadings, exhibits, and other papers filed in support thereof, and all orders of the Court, under seal until all Defendants have been served or until 5:00 p.m. on September 22, 2014, whichever occurs first.  This should be sufficient time to allow service upon Defendants.

3

Respectfully submitted,

JONATHAN E. NUECHERTERLEIN
General Counsel

Dated:  September 15, 2014        /s/ Helen Wong
Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
Facsimile: 202-326-3768
hwong@ftc.gov
tkosmidis@ftc.gov
lfrazier@ftc.gov


TAMMY DICKINSON
United States Attorney

Dated: September 15, 2014        /s/ Charles M. Thomas
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
Telephone:  (816) 426-3130
Facsimile:   (816) 426-3165
E-mail:  charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION