UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 4:14-cv-00815-BCW |
| Plaintiff, | |
| v. | |
| BF LABS, INC., *et al.* | |
| Defendants. | |

**PLAINTIFF'S *EX PARTE* MOTION TO FILE SUGGESTIONS IN EXCESS OF PAGE LIMITS AND SUGGESTIONS IN SUPPORT THEREOF**

**(FILED UNDER SEAL)**

Plaintiff, the Federal Trade Commission ("FTC"), respectfully moves the Court for leave to file the accompanying Plaintiff's Suggestions in Support of Its Motion for Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief ("Suggestions in Support of TRO Motion") in excess of the Court's fifteen-page limit. In support of this Motion, the FTC states the following:

1. Local Rule 7(f) prohibits parties from filing any memorandum of points and authorities that exceeds fifteen pages, unless permitted by order of the Court.

2. The FTC is filing an *ex parte* Motion for Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief ("TRO Motion") against Defendants simultaneously with this Motion. The FTC seeks temporary injunctive relief, an asset freeze, appointment of a receiver, and other equitable relief, as well as an order to show cause why the Court should not enter a preliminary injunction pending a final ruling on the

1

Complaint.

3. The FTC's Suggestions In Support of TRO Motion include 20 pages of factual background and 26 pages of argument.

4. The requested additional pages are necessary to brief the issues to be decided by the Court. The FTC alleges that one corporate defendants and three individual defendants have taken in over $50 million dollars by operating a scheme that required consumers to pre-pay for machines that would allow consumers to "mine" for Bitcoins, a new virtual currency. Defendants either never delivered these machines or delivered them so late that they became obsolete. To obtain the relief requested, the FTC must establish probable success on the merits, which in turn requires a showing that the practices alleged in the FTC's Complaint are unfair or deceptive in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

5. Further, with respect to the individual defendants' liability, the FTC must address evidence of the individual defendants' direct participation in or authority to control the unlawful practices, as well as their knowledge of the illicit conduct, reckless indifference to the truth, or awareness of a high probability of fraud with an intentional avoidance of the truth. Additional evidence and discussion is also necessary to support the ancillary equitable relief sought, including an asset freeze and appointment of a receiver.

6. Because of the complexity of the virtual currency and "mining" process involved, and the extensive evidence illustrating Defendants' illegal activity, the FTC requires more than fifteen pages to demonstrate that it has satisfied the burden of proof necessary for the requested temporary injunctive relief.

Accordingly, the FTC respectfully requests that it be permitted to file its Suggestions in Support of TRO Motion in excess of fifteen pages.

Respectfully submitted,

JONATHAN E. NUECHERTERLEIN
General Counsel

Dated:  September 17, 2014                /s/ Helen Wong
Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
Facsimile: 202-326-3768
hwong@ftc.gov
tkosmidis@ftc.gov
lfrazier@ftc.gov


TAMMY DICKINSON
United States Attorney

Dated: September 17, 2014                /s/ Charles M. Thomas
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
Telephone: (816) 426-3130
Facsimile:  (816) 426-3165
E-mail:  charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION