IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-815-W-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT BF LABS INC.'S MOTION TO PRESENT
### LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING

Defendant BF Labs Inc. respectfully requests that the Court allow select live testimony at the preliminary injunction hearing scheduled for Monday, September 29, 2014. Pursuant to the Ex Parte Order entered by the Court on September 18, 2014, (Doc. No. 9, Section XXIII.), this motion is accompanied by the name, address, and telephone number of each proposed witness, and a detailed summary of the substance of the proposed testimony. This motion also explains why live testimony would be helpful to the Court and further the interests of justice. In support of this motion, BF Labs states as follows:

1. Plaintiff Federal Trade Commission ("FTC"), in what can only be termed an abuse of power, misled this Court into entering an Ex Parte Order. The FTC has engaged in a superficial and distorted investigation of BF Labs and its operations, personnel, accomplishments, and future. The FTC's case, while including some meager interview efforts, is overwhelmingly based on snapshots of the BF Labs' website over time and cursory review of corporate filing documents and personnel. Rather than the vessel of fraud it is portrayed to be, BF Labs is instead a cutting edge technology company which has manufactured and delivered at least $33,000,000.00 in products. In addition BF Labs has voluntarily returned approximately $17,000,000.00 to customers for cancelled ordered. It has returning customers. It has happy

customers. It has customers who have turned down a refund offer because they want the product. Moreover, BF Labs is rooted in greater Kansas City (more precisely Leawood, Kansas) and has attracted some significant executive talent to the area and to its cause. Its potential to affect and change the future, is without exaggeration, limitless.

2. The FTC wants to destroy what it does not understand. It even goes so far as to state in affidavit form that BF Labs sells products and services that "purportedly" allow consumers to generate bitcoins. See Certification and Declaration of Helen P. Wong, ¶ 6. Even a half-hearted investigation of the products would have demonstrated to the FTC lawyers and investigator involved that the product is very real and does what it is designed and manufactured to do.

3. In fairness, BF Labs is not beyond reproach (few startups in an emerging and cutthroat industry are), and there are regrets over how the company handled certain of its affairs over the course of its three year history. Rather than run from those regrets, the Company has, and continues to, address them and made changes to improve its internal control procedures, customer satisfaction, and operating protocols. BF Labs has gone to great lengths to ensure accurate and complete financial reporting and payment of taxes. It has hired key personnel who bring impressive credentials and prior accomplishments to the Company and the Greater KC area. It has abandoned a preorder-sales model even when its own industry embraces it and views it as the status quo, and when customers have raced to put money down on purchases and save their place in line for the newest technology.

4. The FTC has taken a sledgehammer to a fly. Tellingly, BF Labs has been negotiating with the Johnson County, Kansas District Attorney for months and what began as an all-encompassing review turned into a productive negotiation limited to a fine for alleged past

transgressions. The Johnson County DA and BF Labs were incredibly close to resolving their negotiations and finding an acceptable compromise. There was no threat of shutting the business down to protect the public, no need at any point in the negotiations to worry about secretion of assets. Yet the FTC rides into town in the name of consumer rights waiving the banners of dissipation of assets and a manufactured fraud that needed to be ended to protect an unwitting public (in a way that perversely comes at the expense of the alleged victims).

5. The need for live testimony is immense. The FTC's inaccurate and distorted portrayal must be addressed in a court of law. BF Labs should be given the opportunity to be heard, to acknowledge where it has had challenges, and to explain its current operations and where it is headed in the future. The Court must also understand the technology at issue and the bitcoin industry in general. BF Labs would embrace the opportunity to provide background and explanation to the Court because it will aid the Court's efforts and provide much needed context for the FTC's claims and allegations.

6. BF Labs recognizes that time is limited, and that this is a preliminary injunction hearing and not a full trial on the merits. Assuming the Court can even accommodate a full day of testimony on Monday, September 29, BF Labs respectfully submits that the circumstances warrant that kind of time commitment from the Court. However, BF Labs will honor the Court's wishes and be mindful of the time limitations imposed by, and on, the Court through its schedule. With this backdrop, BF Labs proposes that it be allowed to call the following witnesses for the following estimated durations on September 29.

**Witness No. 1:**

    Representative of the Johnson County District Attorney's Office,
    Consumer Protection Division
    100 N. Kansas
    Olathe, Kansas 66061
    913-715-3000

This witness, who is expected to be either an attorney or investigator from the DA's office, will address aspects of its investigation into BF Labs, explain how the company has been cooperative during the investigation, has met all deadlines, and has been involved in ongoing negotiations toward settlement of the dispute over the application of the Kansas Consumer Protection Act, Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.,* to BF Labs. (Anticipated duration of testimony: 30 minutes on direct).

**Witness No. 2:**

> Mr. Bruce Bourne,
> Consultant to Company and Acting CFO
> BF Labs Inc.
> 10770 El Monte Street
> Leawood, Kansas 66211
> 913-815-8801
> c/o Polsinelli PC
> 900 W. 48th Place, Suite 900
> Kansas City, Missouri 64112-1895
> 816-753-1000

Bruce Bourne is a seasoned senior business executive. He is an honors graduate of Harvard Business School, MBA, General Management, and a summa cum laude graduate of Florida State University College of Business (Accounting). He has served as Senior VP of Strategic Planning & Execution at United Behavioral Health, CFO at Autoland, Senior Accountant at Arthur Andersen, and Captain in the US Army. He will provide the Court with an overall operations and financial picture of BF Labs, as well as address strategic planning, BF Labs policies and procedures, finance and accounting issues, and customer relations. Mr. Bourne will also tell the Court about why he was attracted to the opportunities presented by BF Labs, and his views on the former and current management team. He will address the allegations and claims made by the FTC and tackle head on the issues in the past and the future of the company if not already destroyed by the FTC's heavy-handed tactics. Mr. Bourne will tell the Court why BF Labs is not a fraud, and why he put his talents to work at the company and made a personal investment of his time and energy in the opportunity. His education, career, and character speaks for itself, and the undersigned looks forward to presenting Mr. Bourne to the Court. Notably, the FTC never contacted him and most certainly wants to downplay his role in their vessel of fraud that is BF Labs. (Anticipated duration of testimony: 1 hour on direct).

**Witness No. 3:**

> Mr. Jeff Ownby
> Vice President of Marketing and E-Commerce and Co-Founder of
> Company
> BF Labs Inc.
> 10770 El Monte Street
> Leawood, Kansas 66211
> 913-815-8801

4

>   c/o Polsinelli PC
>   900 W. 48th Place, Suite 900
>   Kansas City, Missouri 64112-1895
>   816-753-1000

Mr. Ownby is a graduate of Elmhurst College and has significant experience in online and digital marketing and internet strategy. He will testify about the history of BF Labs and the early days of this start-up technology company. He will describe his role as one of three founders of BF Labs, the initial goals of the company, its operating history, and its future. Mr. Ownby also has helpful knowledge to share with the Court about bitcoin and the bitcoin mining industry. He will explain to the Court the opportunity he saw in the industry, how he helped breathe life into it, the criticisms of the company, and his hopes for the future of the company. (Anticipated duration of testimony: 30 minutes on direct).

**Witness No. 4:**

>   Ms. Jody Drake
>   General Manager
>   BF Labs Inc.
>   10770 El Monte Street
>   Leawood, Kansas 66211
>   913-815-8801
>   c/o Polsinelli PC
>   900 W. 48th Place, Suite 900
>   Kansas City, Missouri 64112-1895
>   816-753-1000

Ms. Drake will describe her role at BF Labs. While she has been involved in customer service, shipping, human resources, and general office purchasing, she has never made policy at the company or been actively involved in management decision making. She will describe for the Court the shock and horror of being served with the FTC Complaint, facing a personal asset freeze, filling out financial forms that are totally unnecessary for someone in her role, and her meager assets. She will also describe her request that she be allowed to buy groceries and gas after being personally sued by the FTC. (Anticipated Duration of Testimony: 20 minutes on direct).

**Witness No. 5:**

>   Ms. Linda M. Freeman
>   MarksNelson LLC
>   1310 E. 104th Street, Suite 300
>   Kansas City, Missouri 64131
>   816-743-7700

Mrs. Freeman has more than 21 years of experience and specializes in income tax compliance, accounting, and business consulting. She has served as the contact and BF Labs assigned CPA at MarksNelson. She just recently completed financial reporting and income tax

filing for 2013 for BF Labs.  She will testify about start-up companies, accounting, reporting, tax and other financial issues related to BF Labs.  She can answer questions the Court may have about BF Labs finances.  She will also testify and inform the Court about improvements made at BF Labs over time and the internal controls that have been implemented, along with efforts made (with supervision provided by Bruce Bourne) by the company to better itself and comply with all accounting and tax obligations under the laws of the United States of America (Anticipated duration of testimony:  1 hour 30 minutes on direct).

BF Labs believes that all of these witnesses are necessary and integral to its presentation of its case at the September 29 hearing.  BF Labs intends to avoid any duplication or overlap in testimony.  Each witness will bring a different, but important, perspective to the witness stand.  The witness list above is intended to present the Court with a factually accurate and thorough picture of BF Labs and to address the questionable approach of the FTC and the lack of an basis in fact or law to support the Ex Parte Order and a preliminary injunction under these circumstances.

Footnote:  On request, BF Labs is also prepared to submit any additional materials to the Court by way of affidavit, declaration, or otherwise on other possible topics of interest.  Such topics could include BF Labs satisfied/repeat customers, suppliers, technology providers, vendors, and past delays in product development and shipping.  Importantly, BF Labs is also prepared to address the practices of others in the industry and industry norms.  BF Labs is also prepared to address through the presentation of counsel or submission of expert or lay testimony, the expectations of consumers under the circumstances.  Because the focus is on the existing extraordinarily relief and possible preliminary injunctive relief, BF Labs intends to concentrate its efforts on defeating the FTC in these areas.  To the extent the Court would see additional proposed topics as helpful to determination of those core issues, BF Labs stands ready to present on any desired topic.

Respectfully submitted,


/s/ James M. Humphrey
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri  64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

6

/s/ Braden M. Perry
Braden M. Perry                        MO # 53865
KENNYHERTZ PERRY LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Mobile: 913-488-4882
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendant BF Labs Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

       Helen Wong
       Teresa N. Kosmidis
       Leah Frazier
       Federal Trade Commission
       600 Pennsylvania Ave., N.W.
       Mail Stop CC-10232
       Washington DC 20580
       202-326-3779 (Wong)
       202-326-3216 (Kosmidis)
       202-326-2187 (Frazier)
       hwong@ftc.gov
       tkosmidis@ftc.gov
       lfrazier@ftc.gov

       Charles M. Thomas
       Assistant United States Attorney
       Charles Evans Whittaker Courthouse
       400 East Ninth Street, Room 5510
       Kansas City, MO 64106
       816-426-3130
       charles.thomas@usdoj.gov

       Attorneys for Plaintiff

       Bryant T. Lamer
       Kersten L. Holzhueter
       Andrea M. Chase
       Katie Jo Wheeler
       Spencer Fane Britt & Browne LLP
       1000 Walnut Street, Suite 1400
       Kansas City MO 64106
       816-474-8100
       blamer@spencerfane.com
       kholzheuter@spencerfane.com
       achase@spencerfane.com
       kwheeler@spencerfane.com

       Attorneys for Receiver Eric L. Johnson

                                /s/ James M. Humphrey

Attorney for Defendants