IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00815-BCW |
| | ) |
| BF LABS, INC., et al., | ) |
| | ) |
| **Defendants,** | ) |

## STIPULATED MOTION TO RELEASE FUNDS FROM FROZEN ASSETS

COMES NOW Temporary Receiver Eric L. Johnson ("Receiver") and moves that the Court enter an order releasing assets of BF Labs, Inc. to pay (1) payroll for certain employees and agents of Defendant BF Labs, Inc. ("BFL"), (2) rent due October 1, 2014 for BFL's office building and warehouse, and (3) accrued utility bills. In support of this motion, Receiver states as follows:

1. On September 18, 2014, this Court entered an Ex Parte Order appointing Receiver as the temporary receiver of BFL and freezing the assets of BFL. Doc. 9.

2. On or about September 19, 2014, BFL's bank account with BMO Harris Bank N.A. ("BMO Account") was frozen, along with other assets. The BMO Account contains approximately $1.2 million.

3. On September 19, 2014, Receiver secured BFL's business premises. Since that time, Receiver has interviewed 34 employees or agents of BFL.

4. Receiver has learned that BFL is scheduled to pay payroll, rent, and certain utilities within the next couple weeks:

    a. On September 26, 2014, BFL is scheduled to pay payroll for the biweekly period ending September 21. Almost all of the wages owed on September 26 are for work completed prior to the appointment of Receiver. The total payroll expense for that period is $82,151.09 ("Total Payroll"). The

WA 6091295.1

    payroll expense for that period, less pay due to principals (Sonny Vleisides, Jody Drake, Josh Zerlan, Dave McClain, Jeff Ownby) is $62,969.55 ("Non-Principal Payroll").

 b. BFL owes the following rent payments on or before October 1:

  i. $15,570.64 monthly rent for office located at 10770 El Monte Street, Suite 101, Leawood, KS 66211; and,

  ii. $1,188.83 monthly rent for warehouse located at 10606 Widmer Rd. Lenexa, Kansas 66215 ("Widmer Warehouse").

 c. BFL owes the following utility payments:

  i. $52.81 owed to Atmos Energy (natural gas) for the Windmer Warehouse, due September 19, 2014; and,

  ii. $116.26 owed to Kansas City Power & Light for the Windmer Warehouse, due October 2, 2014.

5. Receiver believes that certain employees of BFL are critical to taking "exclusive custody, control, and possession of all assets, documents, and electronically stored information of" BFL and to "manage and administer the business of" BFL, as required by sections X(B) and X(H) of the Ex Parte Order. Those employees (the "Critical Employees") include:

 a. Deborah Hernandez: Ms. Hernandez manages BFL's payroll. On September 22-23, she assisted with finalizing the payroll due to be paid on September 26. Ms. Hernandez is critical to Receiver understanding, calculating and paying payroll.

 b. Justin Rowden: Mr. Rowden works in the accounting department for BFL. He has extensive knowledge of BFL's obligations, including rent, utilities, and payroll, and the company's methods for paying those obligations. Mr. Rowden is critical to Receiver understanding and paying payroll, rent and utilities.

 c. Bruce Peterson: Mr. Peterson works in the manufacturing department for BFL. He has extensive knowledge about the parts used in BFL's products and the manufacturing process. Mr. Peterson is critical to Receiver taking an accurate inventory of BFL's assets and valuing various products.

 d. Jonathan Griffin: Mr. Griffin works in the IT department for BFL. He has extensive knowledge of the mining servers used by the company and the company's electronically-stored information. Mr. Griffin is critical to

2

WA 6091295.1

Case 4:14-cv-00815-BCW Document 23 Filed 09/23/14 Page 2 of 6

Receiver gaining access to payroll records and securing assets and information.

- e. Marc Goodpasture: Mr. Goodpasture is the production manager. He has extensive knowledge of the company's product assembly, supplier deliveries, sourcing materials and supply chain management. Mr. Goodpasture is critical to Receiver evaluating pending orders with vendors.

- f. Zach Weaver. Mr. Weaver's primary job has been to evaluate and issue refunds to BFL's customers. He has extensive knowledge of refunds paid, promised, or otherwise owed by the company. Mr. Weaver is critical to Receiver identifying the extent of BFL's obligations to customers.

- g. John Mutrux. Mr. Mutrus is in the sourcing department. He has extensive knowledge regarding BFL's inventory. Mr. Mutrus is critical to Receiver determining inventory counts and accessing inventory records.

6. Receiver has asked the Critical Employees to assist with explaining the operations of BFL and inventorying the assets of BFL during the week of September 22, 2014. The Critical Employees are paid at the following gross rates:

- a. Ms. Hernandez is paid $15.50/hour.
- b. Mr. Rowden is paid a biweekly salary of $1,923.08. Based on an 80-hour biweekly period, Mr. Rowden is paid $24.04/hour.
- c. Mr. Peterson is paid $16.00/hour.
- d. Mr. Griffin is paid $16.50/hour.
- e. Mr. Goodpasture is paid a biweekly salary of $4,423.08. Based on an 80-hour biweekly period, Mr. Goodpasture is paid $55.29/hour.
- f. Mr. Weaver is paid $15.50/hour.
- g. Mr. Mutrux is paid $21.00/hour.

7. Receiver estimates the payroll for the Critical Employees for the week of September 22 will total $2,500.

8. The Ex Parte Order empowered Receiver to manage all assets of BFL and to manage and administer the business of BFL, including retaining employees and independent

contractors. Doc. 9 §§ X(B), X(H). The Ex Parte Order also authorized the Receiver to "[m]ake payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order." Doc. 9 § X(J). Receiver must apply to the Court for approval to pay any obligation incurred by BFL prior to September 18 unless Receiver deems the payment necessary to secure the assets of BFL, such as rent payments. Id.

9. Receiver believes that payroll is a critical liability that should be paid in an effort to maintain the status quo during the temporary receivership. There are sufficient funds in the BMO Account to cover this expense. Out of an abundance of caution, Receiver asks the Court to approve payment of payroll for only (a) the non-principal employees of BFL (all employees except for Sonny Vleisides, Jody Drake, Josh Zerlan, Dave McClain, and Jeff Ownby) for the biweekly pay period ending September 21 and (b) the Critical Employees for hours worked after September 21 until the receivership is dissolved. For all Critical Employees who work after September 21, Receiver seeks to pay them based on their hourly rates listed in paragraph 6.

10. Receiver believes the rent and utilities are necessary expenses to secure and protect the assets of BFL. The Ex Parte Order allows Receiver to pay these expenses without the Court's prior approval, but all of BFL's assets have been frozen. Thus, Receiver asks the Court to release $16,759.47 from the BMO Account to pay rent and $169.07 from the BMO Account to pay utilities.

11. Plaintiff Federal Trade Commission and Defendant BFL stipulate to Receiver's request to release assets to pay for (a) Non-Principal Payroll for the period ending September 21, (b) hours worked by Critical Employees on or after September 22, 2014 until the receivership is dissolved, (c) rent due on October 1, and (d) the utilities identified in paragraph 4(c).

WHEREFORE Receiver moves that the Court enter an order (1) approving the payment of (a) Non-Principal Payroll for the period ending September 21, (b) the hours worked by Critical Employees on and after September 22, 2014, which Receiver deems necessary to manage the business of BFL, (c) rent due October 1 for BFL's office building and warehouse, and (d) utility bills due in the near future; (2) releasing the following amounts from the BMO Account: $62,969.55 for Non-Principal Payroll, $2,500 for estimated payroll of Critical Employees from and after September 22, $16,759.47 for rent due October 1, and $169.07 for utilities; and, (3) for such other and further relief that the Court deems just and proper.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Bryant T. Lamer
| | |
|---|---|
| Bryant T. Lamer | MO #57355 |
| Kersten L. Holzhueter | MO #62962 |
| Andrea M. Chase | MO #66019 |
| Katie Jo Wheeler | MO #64233 |

1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
blamer@spencerfane.com
kholzhueter@spencerfane.com
achase@spencerfane.com
kwheeler@spencerfane.com

Attorneys for Receiver Eric L. Johnson

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on the 23rd day of September 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                              /s/ Bryant T. Lamer
                                          Attorney for Receiver Eric L. Johnson

6

WA 6091295.1

Case 4:14-cv-00815-BCW Document 23 Filed 09/23/14 Page 6 of 6