IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00815-BCW |
| | ) | |
| BF LABS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>SUGGESTIONS IN SUPPORT OF EMERGENCY MOTION TO INTERVENE</u>**

WOOD LAW FIRM, LLC

Noah K. Wood          MO #51249
noah@woodlaw.com
Ari N. Rodopoulos        MO #58777
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243

*Attorneys for Kyle Alexander and Dylan Symington*

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................ ii
I.    REQUEST FOR EMERGENCY CONSIDERATION OF THIS MOTION ................ 1
II.   FACTUAL BACKGROUND ........................................................................................ 2
III.  APPLICABLE LEGAL STANDARD ......................................................................... 4
IV.  CONSUMERS' MOTION TO INTERVENE IS TIMELY ......................................... 5
V.   INTERVENTION IS APPROPRIATE UNDER RULE 24(a) AND (b) ..................... 5
    A.   Consumers claim an interest in the exact property and exact transactions that are the subject of the FTC action ..................................... 5
    B.   Disposition of the FTC action will impair and impede consumers' ability to protect their own interests and satisfy their own claims ............................................................................................ 5
    C.   The FTC cannot adequately represent consumers' interests ...................... 8
VI.  INTERVENTION IS A PRACTICAL NECESSITY .................................................. 11
VII. REQUEST FOR ORAL ARGUMENT ....................................................................... 12
VIII. CONCLUSION ............................................................................................................ 12
CERTIFICATE OF SERVICE ............................................................................................... 14

Federal Trade Commission v. BF Labs Inc., et al.                                                               i
*Suggestions in Support of Emergency Motion to Intervene*
Case 4:14-cv-00815-BCW    Document 44    Filed 09/28/14    Page 2 of 18

# TABLE OF AUTHORITIES

**CASES**

*F.T.C. v. Febre*, 128 F.3d 530, 536 (7th Cir. 1997) ............................................................. 7

*Lehigh, Inc. v. Stevens*, 468 P.2d 177, 182 (Kan. 1970) ...................................................... 6

*Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d
    994, 1001 (8th Cir. 1993) ................................................................................................ 4

*SEC v. Flight Transp. Corp.*, 699 F.2d 943, 947-48 (8th Cir. 1983) ................................. 7

*Tribovich v. United Mine Workers of Am.*, 404 U.S. 528, 538, n. 19.
    (1972) ................................................................................................................................ 4

*Turn Key Gaming, Inc. v. Miler & Schroeder Investments, Corp.*, 164
    F.3d 1080, 1082 (8th Cir. 1999) ..................................................................................... 4

*U.S. v. Petters*, 2008 WL 5234527, *2 (D. Minn. 2008) ................................................. 12

*United States v. Union Electric Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995) ........................... 4

*Walker v. City of Mesquite*, 858 F.2d 1071, 1073-1074 (5th Cir. 1988) ............................. 5

**STATUTES**

15 U.S.C. § 53 ............................................................................................................................ 7
Federal Trade Commission Act Section 5 .......................................................................... 3

**RULES**

Fed. R. Civ. P. 24 ............................................................................................................. 1, 4, 5
Fed. R. Civ. P. 6 ....................................................................................................................... 1

Federal Trade Commission v. BF Labs Inc., et al.     ii
*Suggestions in Support of Emergency Motion to Intervene*
Case 4:14-cv-00815-BCW    Document 44    Filed 09/28/14    Page 3 of 18

**COME NOW** Kyle Alexander and Dylan Symington (the "class representatives"), on behalf of themselves and all those similarly situated (the "Consumer class" or Consumers"), by and through their attorneys of record, and pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby move to immediately intervene in this action. In support of this Motion, consumers offer the following Suggestions in Support:

I.   **REQUEST FOR EMERGENCY CONSIDERATION OF THIS MOTION**

Pursuant to Rule 6(c)(1)(C), the class representatives respectfully request this Court to grant emergency consideration of this Motion because the Federal Trade Commission ("FTC") is scheduled to appear before this Court on September 29, 2014 and request relief, which, if granted, will cause irreparable harm to a putative class of consumers whose interests are inconsistent with the relief requested by the FTC and whose interests are not being represented by the parties currently in this action. Consumers believe this Court may not be fully informed about the consequences of its potential rulings, which may impair and/or impede consumers' claims already pending in the United States District Court, District of Kansas and being litigated by consumers for approximately six months before the FTC instituted this action. Consumers respectfully submit proceeding in this action without allowing the putative consumer class a full and fair opportunity to be heard would be detrimental to the consumer class.

Due to the expedited nature of this proceeding and the need for emergency consideration of the motion, counsel for the class contacted counsel for each of the parties to inform them of the intention of filing this motion and to ascertain whether or not they would consent or object to the motion. Counsel for the FTC indicated the FTC objects to the motion. Counsel for the receiver indicated he was not able to take a position until consulting with the receiver and the FTC. Counsel for defendants

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 4 of 18

1

indicated they consented to this motion.

## II. FACTUAL BACKGROUND

On April 4, 2014, consumers filed a class action complaint against Defendant BF Labs Inc. ("BFL") in the United States District Court for the District of Kansas, Case No. 2:14-cv-02159. (Consumers' Complaint, **Exhibit 1**). In their Complaint, consumers alleged BFL violated the Kansas Consumer Protection Act ("KCPA"), were unjustly enriched, made negligent misrepresentations, and committed conversion. Specifically, consumers alleged BFL collected pre-payments for non-existent Bitcoin mining equipment, failed to ship Bitcoin mining equipment orders for which consumers have pre-paid, misrepresented the date such equipment would ship to customers, and profited from Bitcoin mining for BFL's own benefit by using customers' equipment without permission or authorization from customers. Consumers seek damages and a constructive trust to recover the purchase price, the value of bitcoins paid to BFL, the loss of use of bitcoins, the loss of use of mining equipment that was never received or not received in a timely manner, the loss of bitcoins mined by BFL using consumers' equipment, the diminution in value of mining equipment, costs of suit, attorney's fees, and punitive damages.

Between April and September of 2014, consumers engaged in significant discovery and were in the process of negotiating a class settlement on behalf of a putative class consisting of "all persons who pre-paid Defendant for Bitcoin mining equipment." Consumers and BFL engaged in settlement negotiations and agreed to mediate on November 5, 2014. Trial is scheduled for January 4, 2016.

On September 15, 2014, the FTC filed a complaint in this Court against BFL and other individuals seeking temporary, preliminary, and permanent injunctive relief,

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
2
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 5 of 18

rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief. (Doc. 2). Specifically, the FTC alleges BFL and other individuals violated Section 5(a) of the FTC Act by engaging in the same conduct alleged in consumers' complaint, *i.e.*, using deceptive and unfair business practices in connection with the marketing and sale of Bitcoin mining machines. The FTC also filed a motion to seal the case file and an *ex parte* motion for a temporary restraining order with an asset freeze, appointment of a receiver, and seeking other equitable relief.

On September 18, 2014, this Court entered an *ex parte* temporary restraining order ("TRO"), which, among other things, temporarily enjoins BFL and other individuals, freezes assets, and appoints a receiver. The TRO also states "[e]xcept by leave of this Court, . . . Defendants and all other persons and entities . . . are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant[.]" (Doc. 9). The record does not have any indication the FTC informed this Court of the pending lawsuit on behalf of consumers in the District of Kansas, or that entry of the TRO requested by the FTC would stay a lawsuit set for trial and subject to case management order in a sister federal court.

This Court has scheduled a show cause and preliminary injunction hearing for September 29, 2014, where the FTC is expected to request this Court to convert the TRO into a preliminary injunction. The putative consumer class has a direct interest in any preliminary injunction that may be issued as a result of the hearing scheduled for September 9, 2014.
Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
3
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 6 of 18

## III. APPLICABLE LEGAL STANDARD

Intervention is governed by Rule 24. *See* Fed. R. Civ. P. 24. Rule 24 provides for intervention as of right as well as permissive intervention. *Id.* at Rule 24(a)-(b). On timely motion, a district court "*must permit* anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* at Rule 24(a)(2) (emphasis added). Further, on timely motion, a district court "*may permit* anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." *Id.* at Rule 24(b)(1)(B) (emphasis added).

Intervention is to be construed liberally and doubts are resolved in favor of the proposed intervenor. *United States v. Union Electric Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). The intervenor need only satisfy the "minimal" burden of showing that the representation of the intervenor's interests "may be inadequate." *Tribovich v. United Mine Workers of Am.*, 404 U.S. 528, 538, n. 19. (1972); *Turn Key Gaming, Inc. v. Miler & Schroeder Investments, Corp.*, 164 F.3d 1080, 1082 (8th Cir. 1999).

Where a proposed intervenor has different incentives to pursue a claim than the existing parties, the proposed intervenor's interests are not adequately represented, and intervention should be allowed. *Turn Key Gaming, Inc.*, 164 F.3d at 1082. For instance, where an existing party's interest in settling a lawsuit may diverge substantially from the interests of proposed intervenors, the intervenors satisfy the minimal burden of showing the representation of their interests by existing parties may be inadequate. *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993).

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
4
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 7 of 18

Due process requires that any possibility of inadequate representation is sufficient to allow class members to intervene. *See Walker v. City of Mesquite*, 858 F.2d 1071, 1073-1074 (5th Cir. 1988).

## IV. CONSUMERS' MOTION TO INTERVENE IS TIMELY

Because the FTC action was just filed on September 15, 2014, and was sealed for nearly a week thereafter, there is no question consumers' motion to intervene is timely.

## V. INTERVENTION IS APPROPRIATE UNDER RULE 24(a) AND (b)

### A. Consumers claim an interest in the exact property and exact transactions that are the subject of the FTC action

Here, the property that is the subject of the FTC action is BFL's assets, which include the money, bitcoins, and mining equipment pre-paid and/or purchased by consumers. Further, the transactions that are the subject of the FTC action are the prepayments made by consumers to BFL for Bitcoin mining equipment. There is no question consumers are claiming an interest relating to the exact property and exact transactions that are the subject of the FTC action.

### B. Disposition of the FTC action will impair and impede consumers' ability to protect their own interests and satisfy their own claims

Because the FTC action seeks temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief, there is also no question disposition of the FTC action will as a practical matter impair and impede consumers' ability to protect their own interests and satisfy their own claims. Although the FTC action and consumers' class action are based on the same allegations, the remedies available in the FTC action are but a subset of, and in many respects may foreclose,

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
5
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 8 of 18

remedies available in consumers' class action.

For example, if the FTC obtains rescission of contracts, this will preclude consumers' recovery of damages on their Kansas statutory and/or common law claims. *See e.g., Lehigh, Inc. v. Stevens*, 468 P.2d 177, 182 (Kan. 1970) (under Kansas law, rescission of a contract is a remedy that excludes the recovery of damages; the plaintiff must elect between available remedies). Further, rescission of contracts by the FTC may — against consumers' wishes — void express, implied, or extended warranties on Bitcoin mining equipment consumers have received from BFL and/or may require consumers to incur the expense of shipping equipment back to BFL.

If the FTC obtains rescission as a settlement term (or any other undesirable remedy), it is unlikely the FTC will allow consumers the ability to opt out of the settlement despite due process concerns. (*See e.g.*, Notice of Mandatory Class Settlement, Final Approval Hearing, and Distribution Process, *Federal Trade Commission, et al., v. Equinox International Corp., et al.*, p. 2, **Exhibit 2**) ("Potential Claimants will be bound by the mandatory settlement whether or not they make a claim. Potential Claimants cannot opt out of the settlement and must submit a claim, if at all, through the process that this Notice describes."); (*see also* The FTC and Class Actions, "*The Unintended Consequences of 'Opt-Out' Classes*," **Exhibit 3**). It is likely that many consumers — if given the choice — would elect to seek consequential damages and punitive damages rather than rescission. The FTC action, however, deprives consumers of that choice and threatens to impede consumers' due process rights by forcing them into an FTC-elected remedy without consumers' input and without allowing consumers to opt out of the remedy chosen by the FTC.

The FTC is not electing between equitable or legal remedies for consumers based

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
6
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 9 of 18

on any comparative analysis, consent from consumers, ethical obligations imposed by an attorney-client relationship with consumers, or any legal malpractice standard of care. Rather, the FTC is merely seeking equitable remedies because it has no authority to seek consumers' actual damages. For example, the FTC is unable to seek consequential damages, punitive damages, costs of suit, or attorney's fees for consumers. *See* 15 U.S.C. § 53(b). The FTC is only able to obtain equitable monetary relief, such as disgorgement or restitution. *Id*. Although equitable remedies such as disgorgement or restitution may result in monetary recovery, each consumer's maximum recovery is limited to the purchase price actually paid by the consumer. *See e.g., F.T.C. v. Febre*, 128 F.3d 530, 536 (7th Cir. 1997) (the FTC may seek and obtain, through the court's equitable ancillary powers, the amount of the purchase price as monetary relief for consumers). In consumers' class action, however, consumers' maximum recovery is not limited to the purchase price.

Further, if the FTC action results in disgorgement, restitution, or liquidation of BFL's assets, this will also impair, impede, and possibly even eliminate consumers' ability to satisfy any judgment awarding compensatory damages, consequential damages, punitive damages, costs of suit, and attorney's fees under Kansas statutory and/or common law. *See SEC v. Flight Transp. Corp.*, 699 F.2d 943, 947-48 (8th Cir. 1983) ("Here, if the District Court orders [the defendant's] frozen assets 'disgorged' to defrauded investors, [intervenor] will be unable to obtain satisfaction of its claim. [Intervenor] has a sufficiently direct interest to support intervention."). In fact, the FTC has acknowledged that it should consider whether consumers are already seeking monetary damages on their own before the FTC seeks equitable relief on behalf of such consumers because such equitable relief may impair or impede consumers' ability to

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*

7

Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 10 of 18

obtain monetary damages. (July 31, 2012 Statement of the Commission, p. 2, **Exhibit 4**) ("The question of whether there are alternative plaintiffs that may seek or are seeking monetary relief is relevant in this context[.]").

### C. The FTC cannot adequately represent consumers' interests

Because, as explained above, the remedies sought by the FTC conflict with, frustrate, and deny remedies available to consumers, the FTC cannot adequately represent consumers' interests. The FTC action, on its face, does not even purport to adequately represent consumers' interests. The FTC is a civil enforcement agency that has no attorney-client relationship with consumers and has no fiduciary duty to act in any particular consumer's best interests. Early FTC actions appear contrary to the best interests of the putative consumer class on whose behalf the FTC acts, including:

- media statements the FTC has "shutdown" BFL ("*At FTC's Request, Court Halts Bogus Bitcoin Mining Operation*," **Exhibit 5**);

- obtaining a restraining order preventing BFL from refunding customers, which BFL started doing in response to the consumer class action;

- halting BFL from producing and shipping of mining equipment to consumers for which customers have already paid;

- potentially foreclosing BFL's ability to provide partial compensation to customers through non-cash means such as hardware, bitcoins, or hashing (this is especially relevant because the full extent of damages to the class are likely to exceed the cash available to BFL through a liquidation);

- instituting suit without notification or consultation to the consumer class or the District of Kansas, a practice the FTC admits is improper (*see* Comments of the FTC on Fed. R. Civ. P. 23, pp. 4-5, **Exhibit 6**) (advance notice should be given to the court and those whose rights may be affected);

- the federal raid and takeover of BFL, which is believed to have occurred on Friday, September 19, 2014, occurred shortly before BFL's discovery responses were due in consumers' class action (due Monday, September 22, 2014) and it is unknown if relevant evidence was inadvertently lost or destroyed during the chaos; and

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
8
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 11 of 18

- the FTC specifically did not file suit in the federal district where:
    - the customer class lawsuit was already pending;
    - BFL was located;
    - BFL's assets were located;
    - BFL's officers were located.

The FTC has taken the position that advance notice should be given whenever private litigation substantially relates to the same conduct at issue in an enforcement action to ensure that litigants will have the opportunity to intervene to protect their interests. (Comments of the FTC on Fed. R. Civ. P. 23, p. 5, **Exhibit 6**). The FTC acknowledges intervention is appropriate especially when advance notice was not given about a suit seeking to adjudicate legal rights on the intervenor's behalf or in the intervenor's absence. For example, the FTC has intervened in consumer actions when the FTC was not given advance notice of the consumer action. (*See e.g.*, Federal Trade Commission's Motion for Leave to Intervene, *Elie v. Johnson, et al.*, p. 2, **Exhibit 7**) ("[T]he FTC seeks to intervene because plaintiff Chad Elie has engaged in a secretive race to the courthouse in an effort to grab money held by the defendants.").

Further, although the FTC has intervened when consumers obtain class settlements without FTC involvement, the FTC has *objected* when consumers seek to intervene to dispute a settlement obtained by the FTC on behalf of consumers. (*Compare* Federal Trade Commission's Memorandum in Support of Motion to Intervene, *Exquisite Caterers, LLC v. Popular Leasing USA, Inc., et al.*, p. 2, **Exhibit 8**) ("[T]he [FTC] respectfully moves for leave to intervene in the above-captioned action, solely for purpose of objecting to the proposed settlement agreement . . . between plaintiffs and [defendant], which the court preliminarily approved[.]"); (*with* Plaintiff's Opposition to Linda Pais' Request for Expedited Hearing on "Emergency" Motion for

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
9
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 12 of 18

Rule 24 Intervention, *Federal Trade Commission v. American Telnet, Inc., et al.*, pp. 1-2, **Exhibit 9**) ("Plaintiff . . . opposes Linda Pais' request . . . [because] [a] settlement was reached between the FTC and [defendants] . . . twenty-five days before the instant motion was filed.").

Consumers' counsel sought the parties' consent to intervene in this action. BFL and the other defendants consent to intervention, the Receiver has not yet responded to counsel, and, incredibly, the FTC has objected to consumers having a voice of their own. Specifically, the FTC claims intervention by consumers is inappropriate because "this is a statutory enforcement action[.]" (9/26/2014 Email from H. Wong, **Exhibit 10**). The fact the FTC is pursuing a statutory enforcement action, however, is wholly irrelevant under Rule 24. In communications with the FTC about consumer intervention, the FTC did not deny the requirements of Rule 24 are easily satisfied.

Here, consumers and the consumer class action provide the best mechanism to protect the interests of the consumer class. Consumers have already engaged in months of investigation and substantial progress in their suit. Procedurally, consumers already have survived the motion to dismiss stage, obtained a discovery framework (including a comprehensive protocol for the exchange of electronically stored information and a protective order), issued multiple subpoenas to non-parties (many of which are still pending), collected and reviewed hundreds of thousands of pages of relevant documents, engaged in meaningful settlement discussions, modeled complex scenarios that may involve cash and non-cash benefits for class members (cash, bitcoin, hardware, hashing), selected and retained a mediator, scheduled a mediation date with BFL, and obtained a trial setting.

In response to the filing of the class action, BFL began issuing refunds to

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
10
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 13 of 18

consumers. BFL has alleged it has made over $3,000,000 in refunds since the filing of the class action suit. Class counsel has been the primary point of contact for over a thousand consumers with claims against BFL, including telephone, e-mail, and postal mail contact with consumers on a daily basis. Consumers' class counsel has maintained a website with regular updates to the consumers on their class action. In contrast, the FTC has stated to the media and requesters under FOIA, only approximately 389 BFL consumers have complained to the FTC. Many consumers were told the FTC offered them no avenue of redress, the FTC was not willing to get involved, and/or consumers needed to file a private lawsuit or complain to their local district attorney.

However, after consumers filed a private lawsuit to recover their damages, the FTC has now sought and obtained an order ex parte in a different judicial district without notification to the class representatives or to the District of Kansas, which would subject customers to being found in contempt of court should they pursue their lawsuit against BFL. After the FTC action was filed, a significant number of class members have contacted class counsel expressing fear the FTC action will mean they will never receive: (a) the equipment they ordered from BFL; (b) any money from the consumer lawsuit; or (c) their day in court.

Consumers have state and federal rights to a trial by jury and the remedies sought by the FTC may actually or effectively deny consumers their day in court. Consumers are prepared to testify why the equitable remedies sought by the FTC are not desirable and why the parties currently in this action will not and cannot adequately represent their interests.

## VI.   INTERVENTION IS A PRACTICAL NECESSITY

Further, because this Court's *ex parte* order requires all persons and entities to

seek leave from this Court before instituting or continuing litigation against BFL, intervention is a practical necessity. *See e.g., U.S. v. Petters*, 2008 WL 5234527, *2 (D. Minn. 2008) ("[I]t would betray the stated intent of the order staying litigation to now deny, under the guise of Rule 24, such nonparties the ability to move the Court for relief from the stay.").

## VII. REQUEST FOR ORAL ARGUMENT

The class representatives respectfully request this Court grant emergency consideration of this Motion and permit oral argument prior to or concurrent with the hearing at 9:00am on September 29, 2014, because the terms of the TRO and the preliminary injunction requested by the FTC would, if granted, cause irreparable harm to the putative class of consumers.

## VIII. CONCLUSION

It is virtually without question the consumer class has a strong interest relating to the property and transaction that is the subject of this action and the disposition of this action will likely both impair and impede the consumer class's ability to protect its interest. The FTC's desire to exclude the consumer class from having a voice in this action is at best, puzzling and demonstrates the existing parties to this action, will not adequately represent the interest of the consumer class. This Court should grant consumers' Motion to Intervene and hear from people who actually paid for mining equipment, who actually engage in Bitcoin mining, and whose legal rights and property are actually at issue.

WHEREFORE, for the foregoing reasons, consumers respectfully request this Court to grant their Motion to Intervene, and for such further relief the Court deems fair and just.

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
12
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 15 of 18

Date: September 28, 2014

Respectfully submitted,

WOOD LAW FIRM, LLC


By   /s/  Noah K. Wood
    Noah K. Wood              MO #51249
    noah@woodlaw.com
    Ari N. Rodopoulos          MO #58777
    ari@woodlaw.com
    1100 Main Street, Suite 1800
    Kansas City, MO 64105-5171
    T: (816) 256-3582
    F: (816) 337-4243

*Attorneys for Kyle Alexander and Dylan Symington*

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
13
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 16 of 18

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served a copy of the foregoing document via e-mail on the following counsel of record and *pro se* parties:

| | |
|---|---|
| Helen Wong, DC Bar # 997800 | James M. Humphrey, MO # 50200 |
| Teresa N. Kosmidis, NY Bar# 4533824 | Michael S. Foster, MO # 61205 |
| Leah Frazier, DC Bar# 492540 | Miriam E. Bailey, MO # 60366 |
| Federal Trade Commission | POLSINELLI PC |
| 600 Pennsylvania Ave., N.W. | 900 W. 48th Place, Suite 900 |
| Mail Stop CC-10232 | Kansas City, Missouri 64112-1895 |
| Washington, D.C. 20580 | Telephone: (816) 753-1000 |
| 202-326-3779 (Wong) | Facsimile: (816) 753-1536 |
| 202-326-3216 (Kosmidis) | jhumphrey@polsinelli.com |
| 202-326-2187 (Frazier) | mfoster@polsinelli.com |
| Facsimile: 202-326-3768 | mbailey@polsinelli.com |
| hwong@ftc.gov | |
| tkosmidis@ftc.gov | |
| lfrazier@ftc.gov | |
| | |
| Charles M. Thomas, MO Bar #28522 | Braden M. Perry, MO # 53865 |
| Assistant United States Attorney | KENNYHERTZ PERRY LLC |
| Charles Evans Whittaker Courthouse | 420 Nichols Road, Suite 207 |
| 400 East Ninth Street, Room 5510 | Kansas City, MO 64112 |
| Kansas City, MO 64106 | Direct: 816-527-9445 |
| Telephone: (816) 426-3130 | Mobile: 913-488-4882 |
| Facsimile: (816) 426-3165 | Fax: 855-844-2914 |
| E-mail: charles.thomas@usdoj.gov | braden@kennyhertzperry.com |
| | |
| *Attorneys for Federal Trade Commission* | *Attorneys for Defendant BF Labs Inc., Darla Drake, Nasser Ghoseiri, and Sonny Vleisides* |

Bryant T. Lamer
Kersten L. Holzhueter
Andrea M. Chase
Katie Jo Wheeler
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City MO 64106
816-474-8100
blamer@spencerfane.com
kholzheuter@spencerfane.com
achase@spencerfane.com
kwheeler@spencerfane.com

*Attorneys for Receiver Eric L. Johnson*

/s/ Noah K. Wood
*Attorney for Kyle Alexander and Dylan Symington*

Federal Trade Commission v. BF Labs Inc., et al.
*Suggestions in Support of Emergency Motion to Intervene*
15
Case 4:14-cv-00815-BCW   Document 44   Filed 09/28/14   Page 18 of 18