| | | |
|---|---|---|
| ............................................... | X | |
| FEDERAL TRADE COMMISSION, STATE OF HAWAII, STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF NEVADA, STATE OF NORTH CAROLINA, COMMONWEALTH OF PENNSYLVANIA, STATE OF TENNESSEE, and COMMONWEALTH OF VIRGINIA, | : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : | CV-S-99-0969-JBR-RLH |
| EQUINOX INTERNATIONAL CORP., ADVANCED MARKETING SEMINARS, INC., BG MANAGEMENT, INC., and WILLIAM GOULDD, | : : : : | |
| Defendants. | : | |
| ............................................... | X : | |
| GLENN LOWRANCE, ANNETTE REAGOR, ANNE KEHLER, MARTIN KEHLER, and LISA FUOG, | : : : | |
| Intervenors/Plaintiffs, | : | |
| v. | : : | |
| BILL GOULDD, EQUINOX INTER-NATIONAL CORPORATION, BG MANAGEMENT, INC., and ADVANCED MARKETING SEMINARS, INC., | : : : : : | |
| Defendants. | : | |
| ............................................... | X | |

**NOTICE OF MANDATORY CLASS SETTLEMENT, FINAL
APPROVAL HEARING, AND DISTRIBUTION PROCESS**

**IF YOU ARE OR WERE AN EQUINOX INTERNATIONAL CORP. INDEPENDENT DISTRIBUTOR, YOU SHOULD CAREFULLY READ THIS ENTIRE NOTICE. YOU MAY HAVE THE RIGHT TO SHARE IN A SETTLEMENT FUND.**

**I.   INTRODUCTION**

On August 3, 1999, the Federal Trade Commission ("FTC") and the States of Hawaii, Maryland, Nevada, North Carolina, Pennsylvania, and South Carolina filed a complaint against Equinox International Corp. ("Equinox"), Bill Gouldd, Advanced Marketing Seminars, Inc. ("AMS"), and BG Management, Inc. ("BGM") in the United States District Court for the District of Nevada (the "Court"). The complaint sought a permanent injunction against Equinox, Bill Gouldd, AMS, and BGM ("Defendants") and monetary redress for injuries suffered by current and former distributors of Equinox. The State of South Carolina withdrew from the action in November 1999. On November 19, 1999, the States of Michigan, Tennessee, and Virginia joined the FTC and the remaining states (the "Government Plaintiffs") in filing an amended complaint seeking the same relief.

On January 7, 1997, five individuals filed a lawsuit seeking damages and equitable relief for all distributors who had joined Equinox prior to January 7, 1997. The lawsuit was certified as a class action in October 1997, and the certification was upheld on appeal. In November 1999, the Court granted the class representatives permission to intervene in the Government Plaintiffs' action. In March 2000, notice of the class action was mailed to persons who became Equinox distributors before January 7, 1997.

On April 20, 2000, the Court preliminarily approved a mandatory settlement of certain claims by current and former independent distributors of Equinox against Defendants. The Court's Order amended the Class definition to include all distributors of Equinox other than certain insiders and distributors that have received $150,000 or more in bonuses and rebates from Equinox. The primary beneficiaries of the settlement are the people and companies that are or were Equinox independent distributors. This Notice will refer to these people and companies as "Potential Claimants". Equinox, Bill Gouldd, AMS, BGM, and any trusts or other entities that they control are not Potential Claimants.

In summary, the mandatory settlement does the following:

- appoints a permanent receiver with instructions to close down the operations of Equinox, AMS, and BGM and to liquidate assets;

- transfers to the permanent receiver property that the permanent receiver has estimated represents approximately 80 percent in value of the assets of Equinox, Bill Gouldd, AMS, and BGM and instructs the permanent receiver to liquidate the assets in order to create a settlement fund (the "Settlement Fund");

- requires the permanent receiver, in consultation with the Government Plaintiffs and counsel representing class members ("Class Counsel"), to prepare, obtain Court approval of, and implement a plan for distributing the Settlement Fund to Potential Claimants who timely submit claims that qualify for payment;

- rescinds and voids all distributorship agreements between Potential Claimants and Equinox;

- permanently bans Bill Gouldd, Equinox, AMS, and BGM from any involvement in multi-level marketing; and

- provides for monitoring of Bill Gouldd's activities by the Government Plaintiffs for a period of five years.

The permanent receiver has estimated that the assets transferred to him may, upon liquidation, produce a Settlement Fund in excess of $35 million before deduction of attorneys' fees and expenses, liquidation costs, and other senior claims. Because the permanent receiver does not expect to complete the liquidation process until 2001 and because many of the assets have an uncertain value, the Settlement Fund may total more or less than $35 million before deductions.

The Court has set a hearing for final approval of the mandatory settlement at 1:00 p.m. on September 8, 2000, 4425 Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101. You may appear at the hearing in person or through an attorney. Any objections to the mandatory settlement must be filed at the Court no later than August 15, 2000. **IF YOU DO NOT WISH TO OBJECT TO THE MANDATORY SETTLEMENT, YOU ARE NOT REQUIRED TO FILE AN OBJECTION OR APPEAR AT THE HEARING.**

If the Court grants final approval, Potential Claimants will be bound by the mandatory settlement whether or not they make a claim. Potential Claimants cannot opt out of the settlement and must submit a claim, if at all, through the process that this Notice describes. They will also be deemed to have released Equinox, Bill Gouldd, AMS, BGM, and their affiliates from any claims relating to the Potential Claimants' Equinox distributorships regardless of whether they submit a claim.

This Notice explains who may qualify as Potential Claimants and how Potential Claimants may make a claim to share in the funds that become available as a result of the settlement.

A person or company is a Class Member and has the right to make a claim if (a) the person or company is or has ever been an Equinox independent distributor in the United States, Mexico, or Taiwan and (b) received less than a total of $150,000 in bonuses and rebates from Equinox.

## II. HOW TO CALCULATE THE AMOUNT OF YOUR CLAIM

The claim of a Potential Claimant is based on the following:

1. The purchases of goods and services the Potential Claimant made from Equinox and purchases of Equinox products from other Equinox distributors (minus bonuses, rebates, and product returns), **AND**

2. Business Expenses the Potential Claimant actually paid as a result of operating an Equinox independent distributorship.

"Business Expenses" are office/desk rent paid (net of any office/desk rent received), classified ad costs, telephone expenses, and AMS seminar fees. Potential Claimants may **NOT** base their claim on any other kind of expense or loss.

The Proof of Claim form that accompanies this Notice includes a pre-printed dollar figure that states the amount of your purchases, net of bonuses, rebates, and product returns, that are reflected in the computer records of Equinox. If the records of Equinox do not reflect any purchases by you, the pre-printed dollar figure on your Proof of Claim form will be "0" or "none".

2

Potential Claimants who disagree with the dollar figure pre-printed on the Proof of Claim form must state in the "Revised Net Purchases" portion of the Proof of Claim form what they believe the dollar figure should be and must attach a detailed written explanation of how they calculated their "Revised Net Purchases" and of the reasons they disagree with the pre-printed dollar figure.

Potential Claimants who base their claim in whole or in part on Business Expenses must state the amount of such Business Expenses in the "Business Expenses" portion of the Proof of Claim form.

Potential Claimants who choose to complete the "Revised Net Purchases" and/or "Business Expenses" portions of the Proof of Claim form must indicate whether the amounts of their "Revised Net Purchases" or "Business Expenses" are estimated in whole or in part.

If you choose to complete the "Revised Net Purchases" and/or "Business Expenses" portions of the Proof of Claim form, you must keep all records that you relied on and make the records available for inspection upon request. All claims are subject to audit.

### III.  HOW TO SUBMIT A CLAIM

In order to submit a claim, you must complete the Proof of Claim form that accompanies this Notice, sign it, and postmark it no later than December 7, 2000. The administrator may reject any Proof of Claim form that is incomplete, is not signed, or is not postmarked until after December 7, 2000. Please note that any person who signs the Proof of Claim form is declaring, under penalty of perjury, that to the best of his or her knowledge the information reflected in the completed portions of the Proof of Claim form is true and correct.

Do not send any records with or attach any records to your Proof of Claim form. If your records are to be audited or reviewed, someone will contact you for that purpose.

After completing and signing your Proof of Claim form, mail it to:

> Equinox Settlement Administrator
> P. O. Box 9355
> Garden City, New York  10530-9355

**YOU MUST COMPLETE, SIGN, AND MAIL THE PROOF OF CLAIM IN ORDER TO HAVE THE OPPORTUNITY TO SHARE IN THE PROCEEDS OF THE SETTLEMENT.**

### IV.  PLAN FOR DISTRIBUTING THE SETTLEMENT FUND

All claims will be reviewed. A recommendation will then be made to the Court, with respect to each individual claim, as to whether the Court should accept, reject, or modify the claim. You will receive notification in writing if the recommendation is to reject or modify your claim. You will have the right and opportunity to object to the recommendation if you disagree with it. **BECAUSE THE CLAIM REVIEW PROCESS MAY TAKE SEVERAL MONTHS AFTER THE CLAIM SUBMISSION DEADLINE OF DECEMBER 7, 2000 YOU SHOULD NOT EXPECT ANY NOTIFICATION UNTIL AFTER FEBRUARY 2001.**

If you timely submit a qualifying claim that the Court approves, your share of the Settlement Fund will equal a percentage multiplied by the amount of money comprising the Settlement Fund. The percentage will depend on the ratio between the dollar amount of your approved qualifying claim and the dollar amount of all approved qualifying claims. If, for example, your approved qualifying claim totals $1,000 and all approved qualifying claims together total $100,000,000, your percentage would be .00001. Assuming the Settlement Fund has $30,000,000 in it after deduction of fees and expenses for Class Counsel and other attorneys, liquidation costs, and other senior claims, your share of the Settlement Fund would be $300.

Your share therefore depends not only on the amount of your qualifying claim but also on the amount of approved qualifying claims by other Potential Claimants, the amount of other claims deemed to be senior or equal to the approved qualifying claims of Potential Claimants, and the amount of money in the Settlement Fund.

**NO ONE KNOWS HOW MANY POTENTIAL CLAIMANTS WILL SUBMIT CLAIMS, THE TOTAL AMOUNT OF QUALIFYING CLAIMS, OR THE AMOUNT OF MONEY THAT WILL BE IN THE SETTLEMENT FUND AS A RESULT OF THE LIQUIDATION OF ASSETS. YOUR SHARE OF THE SETTLEMENT FUND THEREFORE CANNOT BE PREDICTED OR ESTIMATED AT THIS TIME.**

Additionally, Class Counsel intend to apply to the Court for an award of reasonable attorneys' fees equal to no more than 22.5 percent of the Settlement Fund plus reimbursement of approximately $800,000 in out-of-pocket expenses. Class Counsel also expect to request the Court to award up to a $10,000 payment to each of the five class representatives to compensate them for their service as class representatives since January 1997.

Counsel for the FTC are not seeking any fees. Counsel for the State Plaintiffs intend to submit applications to the Court for reimbursement of expenses and/or awards of reasonable attorneys' fees. Counsel for the State Plaintiffs anticipate that they will ask the Court to award a combined total not to exceed $1.2 million in fees and expenses.

Any amounts that the Court awards to Class Counsel, the class representatives, and the State Plaintiffs will come out of, and will therefore reduce, the Settlement Fund. Potential Claimants may also object to any application for fees and expenses. All objections to applications for fees and expenses must be filed at the Court no later than September 5, 2000.

**V.     ADDITIONAL INFORMATION**

If you have questions about this Notice, the Proof of Claim form, or other matters relating to the mandatory settlement, please contact the Equinox Settlement Administrator, P. O. Box 9355, Garden City, New York 11530-9355. **DO NOT CONTACT THE COURT.**

Some companies offer to provide assistance to people who are members of a class that is entitled to the proceeds of a settlement. These companies charge a fee for helping with completion and submission of claims. Class Counsel and counsel for the Government Plaintiffs do not believe that this type of assistance is necessary and do not recommend that Potential Claimants accept this assistance.

By The Order of The Court