UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

February 15, 2002

Peter G. McCabe, Secretary
Committee on Rules of Practice and Procedure
    of the Judicial Conference of the United States
Thurgood Marshall Federal Judiciary Building
Washington, D.C. 20544

    Re:    <u>Proposed Amendments to Rule 23 of the Federal Rules of Civil Procedure</u>

Dear Mr. McCabe:

    The Civil Rules Advisory Committee has proposed amendments to the Federal Rules of Civil Procedure, and the Committee on Rules of Practice and Procedure has published those proposed amendments for public comment. The Federal Trade Commission ("FTC" or "Commission") appreciates this opportunity to share its views on the proposed amendments.

I.    <u>Summary of Comments</u>

    These comments are limited to Federal Rule of Civil Procedure 23 ("Rule 23"), governing class actions, and focus particularly on issues that may arise when a class action follows or parallels a lawsuit involving similar issues brought by a government agency. Overall, the Commission supports the proposed amendments to Rule 23 because we think they will help protect the interests of injured consumers who are potential class members. The Commission believes, however, that Rule 23 could be further strengthened by:

    1.    including a provision in the Rule that would require the parties to a class action to: (i) notify the Court of related actions by government agencies, to the extent those notices are not required by other rules, and (ii) notify government agencies involved in actions or investigations of the related private class action; and

    2.    amending the Committee Note to Rule 23 to recommend that courts: (i) take into account the existence of related actions conducted by the government when calculating awards of attorney fees, and (ii) make specific findings about the value of coupon settlements.

**EXHIBIT 6**

We believe these additions would assist both government agencies and the courts in ensuring that consumers achieve the fairest possible settlements and relief.

In addition, the Commission also believes that those provisions that (1) foster competition in the appointment of class counsel; and (2) require that notice to class members be provided in plain, easily understood language[1] will likely benefit consumers.

II.    Interest and Experience of the Federal Trade Commission

The Federal Trade Commission is an independent law enforcement agency whose mission is to promote the efficient functioning of the marketplace by protecting consumers from unfair or deceptive acts or practices and to increase consumer choice by promoting vigorous competition. The Commission's primary legislative mandate is to enforce the Federal Trade Commission Act ("FTC Act"), which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.[2] The FTC Act provides the Commission with broad law enforcement authority over entities engaged in, or whose business affects, commerce.[3]

Pursuant to this authority, the FTC routinely brings enforcement actions in furtherance of both its consumer protection and competition (antitrust) missions. As is the case with many government agencies, the FTC's enforcement actions are frequently accompanied by private class actions challenging conduct substantially similar to that at issue in the government case.[4] These private class

---

[1] The Commission takes no position on the Committee's proposal that notice must be provided in (b)(1) and (b)(2) class actions as well as in (b)(3) class actions. We submit only that wherever notice is provided that it be in plain, easily understood language.

[2] 15 U.S.C. § 45(a). In addition, the FTC has enforcement responsibilities under more than 40 other statutes.

[3] Certain entities, such as banks, savings and loan associations, and common carriers, as well as the business of insurance, are wholly or partially exempt from Commission jurisdiction.

[4] Recent and pending FTC actions that have spawned parallel class actions include: *FTC v. Mylan Laboratories, Inc., et al.,* Civil No. 1:98 CV03114 (TFH) (D.D.C., stipulated permanent injunction Nov. 29, 2000) (alleged conspiracy to deny competitors ingredients necessary to manufacture certain anti-anxiety drugs); *FTC v. Speedway Motorsports, Inc.,* Civil Action No. 1:01CV00126 (M.D.N.C. filed Jan. 2001) (alleged deceptive claims for automotive engine treatment); *FTC v. Rexall Sundown, Inc., et al.*, No. 00-716-Civ (S.D. Fla. filed July 2000) (alleged deceptive

(continued...)

actions may be brought during the pendency of an FTC action or shortly after its completion. The FTC has an interest in such parallel or follow-on class actions insofar as they may affect the ability of the Commission to obtain appropriate relief in its own enforcement efforts or may result in a settlement that fails to adequately compensate consumers for their injuries. In cases where the FTC has been aware of related class actions, it has in some instances worked with class counsel to ensure that the parallel actions would together provide appropriate and complementary relief to consumers.[5] In other cases, where the FTC has been concerned that the proposed settlement (including awards of attorney fees) has not adequately protected the interests of injured consumers, the Commission has sought to intervene to inform the Court of its concerns.[6]

Our interest in the proposed amendments to Rule 23 derives from the Commission's experience with parallel and follow-on class actions and from the Commission's goal of ensuring that the interests of injured consumers are protected.

III.     Comments on the Proposed Amendments to Rule 23

Private class actions often can provide a beneficial complement to government enforcement actions. In some cases, for example, a private class action can provide a superior remedy to injured consumers than would be possible in a government action.[7] Follow-on class actions, however, can

---

[4](...continued) claims for a dietary supplement purported to treat cellulite); and the settlement of administrative actions against five major music distributors for allegedly anticompetitive cooperative advertising programs – *Sony Music and Entertainment, Inc.* (C-3971); *Time Warner, Inc.* (C-3972); *BMG Music* (C-3973), *Universal Music and Distribution Corp.* (C-3974); *Capitol Records, Inc.* (C-3975) (settlement agreements entered Sept. 6, 2000).

[5] *See, e.g., Blue Coral, Inc.,* 124 F.T.C. 568 (1997); *Sears, Roebuck and Co.,* 125 F.T.C. 395 (1998), discussed *infra* at p. 5.

[6] *See, e.g., In re First Databank Antitrust Litigation*, No. 1:01CV00879 (TPJ) (D.D.C.); *FTC v. Equinox Int'l Corp.,* No. CV-S-99-0969-KLD (D. Nev.), discussed *infra* at p. 7.

[7] In some cases, the statutes under which the government proceeds may provide primarily or exclusively for injunctive relief (or criminal penalties) rather than direct financial relief to consumers. Even where the relevant statutory authority provides for consumer redress, it may be subject to limitations not present in a private right of action. For example, in *North American Philips Corp.,* 111 F.T.C. 139 (1988), the FTC brought a successful administrative action against the makers of the

(continued...)

also fail to significantly improve the recovery for injured consumers and can be duplicative.

The Commission believes that the proposed revisions to Rule 23 go a long way toward striking an appropriate balance between facilitating beneficial class actions while preventing potential abuses. Below, we suggest some additional revisions that we believe will assist judges in exercising their discretion to determine fair and equitable settlements and fee awards. We believe these revisions will help protect the interests of injured consumers in follow-on class actions and we highlight specific provisions of the proposed amendments that we believe are likely to be particularly helpful.

### A. Notice to the Court and Notice to Government Agencies of Related Actions

The Commission believes that Rule 23 should be revised to require that the parties to a class action notify the Court of any previous or ongoing action conducted by the government, of which they are aware, that relates to the same conduct at issue in the class action and of which they are not already obligated to provide notice.

The local rules of many district courts already require parties to file some type of notice of related cases, and the proposed revisions to Rule 23 would not alter these existing obligations in any way. The proposed, additional Rule 23 notice would only be necessary to the extent that the same notice was not already required (*e.g.*, requiring notice of a completed government case where the local rules only required notice of pending cases, or requiring notice of *all* related cases where the local rules only required notice of related cases filed within that particular jurisdiction). Such notice would ensure that the all district courts are adequately informed with respect to the full context of the case. Knowledge of the existence of a parallel or preceding government action can be important information to the Court as it undertakes to understand the issues in dispute, assess the overall fairness of a settlement, and determine the appropriate level of attorney fees.

---

[7](...continued)
Norelco Clean Water Machine when it was determined that the machine actually added unwanted chemicals to consumers' drinking water. Under Section 19 of the FTC Act (15 U.S.C. § 57b), the Commission could then have filed an action in federal district court to recover redress. Section 19, however, provides that only consumers who purchase a product within three years of the issuance of the Commission's complaint are eligible for redress, and the chemical contamination problem did not become evident until long after the product was on the market. Thus, Section 19 would have provided no relief whatsoever to thousands of consumers who fell outside the statute of limitations. A subsequent class action, however, resulted in a $2.5 million settlement directly distributed to purchasers of the product. Far more consumers received redress than would have been possible under even the best Section 19 scenario.

Similarly, Rule 23 should require the parties to provide notice of the class action to any government agency that, to the best of the parties' knowledge, has conducted or is conducting an action or investigation that relates to substantially the same conduct at issue in the private action.[8] Notice to the agency would ensure that the agency will have the opportunity to seek to intervene or appear as *amicus* in the class action where appropriate to protect its interests, and those of the public it represents, and to provide the Court with relevant information.[9] Indeed, rulings in private class actions can have significant impact, and potentially preclusive effect, on a government litigant in a related matter. For example, one district court has held that the FTC can be barred, on grounds of *res judicata*, from seeking redress under the FTC Act for consumers who had previously settled claims against the defendants through class action lawsuits.[10] In addition, when made aware of related class actions, an agency may be able to modify its own enforcement efforts to take into account the parallel case. Thus, the FTC has, where appropriate, negotiated settlements that expressly incorporate the possibility of class action recovery.[11]

---

[8] Note that the Commission's proposal contemplates that the scope of the notice a party is required to provide will differ according to the recipient of the notice. A party would be required to notify a court of related government *actions*, but not of related government *investigations*. In contrast, a party would be required to notify government agencies of a private class action that related to either agency actions or investigations. Although there may be appropriate circumstances in which informing a court of pending investigations would be advisable, leaving the choice in the hands of the government agency may prevent the premature disclosure of non-public agency investigations and relieve courts of the burden of discerning the significance of a multitude of investigations, at different stages of development, brought by a variety of agencies to advance often distinct policy objectives.

[9] For example, where the Court in a class action is assessing the appropriate level of attorney fees, the government agency that previously played a role in developing and prosecuting a case against the class action defendants is uniquely situated to provide the Court with information concerning the relative contribution of the agency and class counsel to the case and the common fund. *See, e.g., In re First Databank Antitrust Litigation, infra* p. 7.

[10] *See FTC v. Amrep*, 705 F. Supp. 119 (S.D.N.Y. 1988).

[11] *See, e.g., Blue Coral, Inc.,* 124 F.T.C. 568 (1997) (consent agreement preserving the FTC's right to file an action in federal court to seek redress for consumers if the respondents failed to make available redress consisting of either cash refunds, free products, or discount coupons redeemable against the purchase of specified products and services having an aggregate retail value of not less than $10 million pursuant to class action lawsuits); *Sears, Roebuck and Co.,* 125 F.T.C. 395 (1998) (consent agreement preserving the FTC's right to file an action in federal court to seek full

(continued...)

Ideally, both notice to the Court and notice to the relevant government agency should be given early in the process, preferably no later than the time class certification and appointment of class counsel are being considered. As the Committee Note to Rule 23(c) states, "[a] court must understand the nature of the disputes that will be presented on the merits in order to evaluate the presence of common issues" at the certification stage, and information available from a preceding or parallel government action may help in identifying such issues. Information about the existence and nature of a related government action and the extent to which certain legal issues have already been resolved may also aid judges in their selection of class counsel and consideration of fees.

### B. Reviewing Awards of Attorney Fees

Rule 23(h) provides a framework for fee awards in class actions. The Commission supports the inclusion of this provision in the revised Rule 23 and believes that requiring formal findings of fact and conclusions of law, as well as the overall encouragement of close judicial scrutiny of fee petitions, will ensure that appropriate fees are awarded.

As currently drafted, neither Rule 23(h), nor the accompanying Committee Note, expressly address the issue of fee awards in class actions that follow prior government actions. We urge the Committee to consider including language in the Committee Note specifically pointing to the existence of previous or parallel government actions as a factor to be considered in assessing the reasonableness of a fee request. In light of the substantial work often undertaken by the government in prosecuting a case, some courts have already held that the existence of a related government action is a factor that may properly be considered in reducing class counsel's fee.[12] The existence of government

---

[11](...continued)
redress for consumers if respondent failed to make available redress of not less than $100 million pursuant to class action lawsuits and other government enforcement actions).

[12] *See, e.g., Goldberger v. Integrated Resources, Inc.,* 209 F. 3d 43, 53-54 (2d Cir. 2000) (4% fee awarded, in part because counsel benefitted from the spadework done by federal authorities during criminal and civil actions); *Wechsler v. Southeastern Properties, Inc.*, 506 F.2d 631, 635-36 (2d Cir. 1974) (no fees awarded where state attorney general brought action which resulted in compensation of plaintiff class, and class counsel had not contributed to attorney general's initiation of proceedings); *In re Quantum Health Resources, Inc. Securities Litigation,* 962 F. Supp 1254, 1259 (C.D. Cal. 1997) (percentage reduced from the benchmark to 10%, in part because material allegations of complaint were supported by prior government investigations); *Donnarumma v. Barracuda Tanker Corp.,* 79 F.R.D. 455, 467-68 (C.D. Cal. 1978) (15% fee awarded, in part
(continued...)

involvement also bears on other factors considered in assessing the appropriate level of fees (*e.g.*, prosecution risk and likely expenses). Previous enforcement action by the government may, for example, suggest a high probability of success in a follow-on class action, and, accordingly, a low level of risk for class counsel.[13]

Consideration of these factors is consistent with Rule 23's judicial economy and consumer protection objectives. The Commission's concern is that excessive attorney fees can come at the expense of injured class members. For this very reason, the FTC has opposed class counsel's fee petitions in two recent class actions that built on FTC enforcement actions. In *In re First Databank Antitrust Litigation,* the Commission opposed as unreasonably high class counsel's request for over $5 million in fees and costs where the class's $24 million settlement included $16 - $19 million previously negotiated by the FTC.[14] Similarly, in *FTC v. Equinox Int'l Corp.,* the FTC opposed

---

[12](...continued)
because of effect of Coast Guard's investigation on the risk assumed by counsel and the work they needed to perform).

[13] Government action also may minimize the need for, and value of, skilled and experienced class counsel in a follow-on action, thereby potentially affecting the Court's assessment of the "professional quality of the representation." (Such an assessment is recommended by the Committee Note accompanying proposed Rule 23(h)). As one observer has noted, "Coattail class actions can serve a valuable function in bringing compensation to victims and in maintaining an appropriate level of deterrence, but that does not mean they are as valuable as breakthrough litigation, or that the lawyers should earn as much as they would have had their task been more formidable." Erichson, *Coattail Class Actions: Reflections on Microsoft, Tobacco, and the Mixing of Public and Private Lawyering in Mass Litigation,* 34 U.C. Davis L. Rev. 1, 46 (2000).

Maximizing class members' rightful recovery is the principal role that follow-on class actions are intended to play in a hybrid public/private enforcement structure, and counsel's fees should reflect that objective. If government and private litigation efforts yield a single, all-inclusive settlement amount, despite the fact that a substantial proportion of that amount may be solely attributable to government efforts, calculating class counsel's fee as a percentage of that total amount potentially diminishes class counsel's motivation to maximize class members' recovery. If class counsel's fees are generally based on the entire settlement amount, rather than the additional incremental portion of that amount that is attributable to their skill and labor, class counsel may potentially find it more profitable to focus on identifying additional follow-on litigation opportunities than to focus on maximizing class members' recovery.

[14] No. 1:01CV00879 (TPJ) (D.D.C., Federal Trade Commission's Opposition to Class
(continued...)

class counsel's fee petition seeking 22.5% of a settlement valued at up to $40 million, where much of the work performed by class counsel was duplicative or of little significance.[15] In each of these cases, the size of the fee sought by class counsel would deprive class members of the full measure of compensation to which they are legally entitled.

### C. Reviewing Settlements, Including Coupon Settlements

To strengthen the review process for class action settlements, proposed Rule 23(e) requires that the Court hold a hearing and make a specific finding that the proposed settlement is fair, reasonable, and adequate. The Commission supports this approach, believing that close judicial scrutiny is the most effective means of protecting the interests of the injured class members. Moreover, as discussed above in connection with disclosure of parallel government actions, we believe that active judicial oversight requires that the Court be fully informed as to the relevant facts and context of any settlement. We therefore support proposed subsection 23(e)(3), which permits the Court to direct that parties disclose all side agreements to the Court, as well.

In addition, the Commission believes that non-pecuniary or "coupon" settlements deserve special attention, as they pose difficult valuation problems. Although in some circumstances coupon settlements may be appropriate, in others they may offer little real value to consumers.[16] In order to approve a proposed settlement or a petition for attorney fees, a court must first analyze the value of the

---

[14](...continued)
Plaintiffs' Petition for Award of Counsel Fees and Reimbursement of Expenses filed Jan. 2, 2002).

[15] No. CV-S-99-0969-KLD (D. Nev., Plaintiff Federal Trade Commission's Opposition to Class Counsel's Fee Petition filed 2000). In both these matters, the fee petitions are still pending.

[16] Coupon settlements have been the subject of considerable attention and controversy in recent years. *See, e.g.,* Note, *In-Kind Class Action Settlements*, 109 Harv. L. Rev. 810 (1996); Thomas A. Dickerson & Brenda V. Mechmann, *Consumer Class Actions and Coupon Settlements: Are Consumers Being Shortchanged?,* 12 Advancing the Consumer Interest (Fall/Winter 2000), *available at* <www.classactionlitigation.com/CouponArticleACI WebPage.htm>.

We believe that language urging the careful scrutiny of coupon settlements should be included in Rule 23(e), which addresses settlements, in addition to the proposed Committee Note to Rule 23(h), which addresses attorney fee awards. Because coupon settlements may provide little meaningful compensation to injured class members, we think it important that courts be urged to give similarly close attention to this form of relief in the settlement review process – not just when calculating attorney fees – to ensure that such a settlement is, in fact, "fair, reasonable and adequate."

settlement to consumers. "Coupon" settlements complicate this analysis because, unlike monetary settlements, they are difficult to value. Many factors come into play in such valuation, including the likelihood that consumers will actually use the coupon.

A flawed or inflated valuation of such a settlement can harm consumers in two ways. First, a court might approve a settlement that does not adequately compensate consumers for the harm caused by the defendant. Second, the value of this settlement often becomes a factor in determining attorney fee awards (*i.e.*, the fee award is calculated as a percentage of the settlement). Therefore a flawed evaluation may lead to both unsatisfactory settlements and inflated attorney fees. The Commission consequently recommends that Rule 23(e) be modified to include language requiring courts that are reviewing proposed coupon settlements to include in their findings a specific assessment of the realistic value of the coupons to the class. We further recommend that the Committee Note enumerate specific factors that will assist the courts in determining whether a particular coupon settlement constitutes a fair and equitable settlement. Factors a court may wish to consider when evaluating the adequacy of a coupon settlement, including some or all of the following:

- the history of coupon redemption rates in similar situations;

- whether defendants will track and record data on redemption rate of coupons;

- whether all class members will be entitled to use coupons;

- whether the coupons are easily redeemed and are likely to be redeemed (without restrictions on use and without requiring expensive purchases);

- time restrictions on redemption (*i.e.,* how long consumers have to use the coupon);

- product restrictions on redemption (*i.e.,* whether it can be used for variety of products or just one);

- whether the defendant will be required to issue coupons until a minimum redemption level is reached or, in the alternative, to pay a minimum amount if the target redemption level is not reached within a fixed period of time;

- whether coupons benefit the defendant more than the class members (*i.e.,* whether they create bonus sales, thereby vitiating any deterrence component of the settlement);

- whether significant restrictions are placed on the sale or transfer of coupons;

Comments of the FTC
on Fed. R. Civ. P. 23
Page 10

- the face value of the coupon, relative to the total cost of the product; and

- the mode of distribution of the coupons.

D. Promoting Competition for Class Counsel

Proposed Rule 23(g)(2) sets out the procedure that courts should follow in appointing class counsel. In its proposed note to this subsection, the Committee discusses the possibility of competition for class counsel. The Committee further observes in the proposed note that the purpose of the Rule that allows the Court a reasonable period after commencement of the action for filing applications to serve as class counsel is, in appropriate cases, to permit the filing of competing applications to afford the best possible representation for the class. The Commission supports this provision and believes that such competition should be encouraged whenever appropriate. Competition enhances the incentives of class counsel to obtain the best possible outcome for injured class members and is also likely to encourage class counsel to offer more favorable fee arrangements.[17] We recommend that this specific reference to use of a competitive application process be moved from the Committee Note to a similar exhortation in the text of the Rule.

E. Requiring Easily Understood Notices

Finally, proposed Rule 23(c)(2)(A)(i) requires that class certification notices be written in "plain, easily understood language." The Commission enthusiastically endorses this provision as an important step toward ensuring that consumers are better informed and, as a result, better able to make rational decisions regarding the exercise of any legal rights affected by the class action. As an agency that undertakes substantial consumer education efforts, often in connection with complex areas of law, the Commission recognizes both the importance of this effort and the challenges involved in presenting legally and factually complex information in an easily understandable format. The Commission thus commends the Federal Judicial Center for its work thus far in attempting to craft model plain language notices and, in particular, for its efforts, through focus groups, to test such notices empirically with

---

[17] Some commentators have raised concerns about the use of competitive application processes in the appointment of class counsel. *See* Report of Third Circuit Task Force on the Selection of Class Counsel (Jan. 2002) *available at* <www.ca3.uscourts.gov/classcounsel/final%20report%20of%20third%20circuit%20task%20force.pdf>. These commentators have noted, for example, that the use of competitive processes may tend to: (1) favor smaller, lesser known law firms by placing a disproportionate emphasis on price; or (2) favor larger, better known law firms by placing disproportionate emphasis on experience and reputation within the bar. Nevertheless, the Commission believes that the fair resolution of such issues can best be entrusted to the sound discretion of the courts.

Comments of the FTC
on Fed. R. Civ. P. 23
Page 11

consumers.

IV.     Conclusion

The Commission commends the Civil Rules Advisory Committee for its thoughtful and useful proposals to amend Rule 23. We hope that the Committee will consider adopting the additional changes suggested above in order to more directly address the issues arising from class actions that parallel or follow on government enforcement efforts, as well as fairness issues arising from coupon settlements.

By direction of the Commission.

                                        Timothy J. Muris
                                        Chairman