**CARLIE CHRISTENSEN, United States Attorney (#633)**
**JEANNETTE F. SWENT, Assistant United States Attorney (#6043)**
185 South State Street, #300
Salt Lake City, Utah 84111

**COLLOT GUERARD**
cguerard@ftc.gov
**J. RONALD BROOKE, JR.**
Jbrooke@ftc.gov
**TERESA CHEN**
tchen@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, Room 288
Washington, DC 20580
202-326-3338 (Ms. Guerard)
202-326-3484 (Mr. Brooke)
202-326-3216 (Ms. Chen)
202-326-3395 (facsimile)

**Attorneys for Plaintiff Federal Trade Commission**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CHAD ELIE,**<br>       **Plaintiff,**<br><br>                v.<br><br>**JEREMY JOHNSON, SUNFIRST BANK, N.A., SUNFIRST CORP., TOWN & COUNTRY BANK, TRIPLE SEVEN LLC, SCOTT LEAVITT, JASON T. VOWELL, TODD L. VOWELL, LOYD JOHNSTON, and KERRY JOHNSON,**<br><br>                **Defendants** | **FEDERAL TRADE COMMISSION'S MOTION FOR LEAVE TO INTERVENE**<br><br>Case No. 1O-CV-01273<br><br>District Judge Ted Stewart |

INTERVERNOR MOTION BY FTC

**EXHIBIT 7**

The Federal Trade Commission (the "FTC" or "Commission") hereby moves pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene to prevent the issuance of any Orders that would encumber the assets of defendant Jeremy Johnson and any entities that he owns or controls. The Commission is entitled to intervene as a matter of right pursuant to Rule 24(a) because it has an interest in ensuring that these assets are available for distribution to consumers defrauded by Johnson and his companies, its ability to protect that interest may be impaired by the disposition of the action, and its interests are not adequately represented by the existing parties. Moreover, the FTC's motion to intervene is timely.

As explained in detail below, the FTC seeks to intervene because plaintiff Chad Elie has engaged in a secretive race to the courthouse in an effort to grab money held by the defendants. Meanwhile, the FTC has filed a lawsuit in the District of Nevada, *FTC v. Johnson*, CV 10-2203-RLH (GWF) (D. Nev.) (the "Nevada case"), charging Jeremy Johnson, nine of his underlings (including defendants Leavitt and Johnston), and 61 of his corporations with orchestrating a massive Internet fraud that has caused consumers to lose over $275 million. In the Nevada case, the FTC has filed an emergency motion for a Temporary Restraining Order ("TRO") that, among other things, freezes the assets of Jeremy Johnson and the 61 corporations, and places the corporations and the assets of Jeremy Johnson under the control of an equity receiver. And, as final relief, the FTC is seeking judgments for restitution and disgorgement against Johnson, Leavitt, Johnston, seven other individuals, and the 61 corporate defendants.

Unlike Chad Elie's requested relief which would accrue only to his benefit, the preliminary relief sought by the FTC in the Nevada case would preserve assets until the conclusion of the Nevada case, at which point there would be an opportunity for all of the 61

corporate defendants' and Jeremy Johnson's creditors to argue the relative priority of their claims. After all, this Court and the Nevada court are sitting in equity in their respective actions.

## BACKGROUND

On December 21, 2010, the FTC filed a complaint alleging that the Jeremy Johnson and nine of his cohorts have operated a far-reaching Internet enterprise, consisting of 61 companies, that has deceptively enrolled unwitting consumers into memberships for products or services and then repeatedly charged their credit cards or debited their bank accounts without consumers' knowledge or authorization for memberships the consumers never agreed to join. The FTC filed the Complaint pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) and Section 917(c) of the Electronic Fund Transfer Act ("EFTA"), to obtain permanent injunctive relief, restitution, disgorgement, and other equitable relief. The FTC seeks preliminary and permanent injunctive relief, and redress for victimized consumers.

On December 29, 2010, the FTC filed its *Motion for Leave to File Unredacted Complaint and Other Documents Under a Temporary Seal.* The "other documents" included a motion to file a memorandum in support of a motion for preliminary injunction that exceeds the Nevada court's page limitations, and exhibits. The FTC did not file a motion for a TRO or a preliminary injunction at that time because a provision of the FTC Act and related FTC regulations provide that a person who provides material to the FTC in response to a Civil Investigative Demand (the FTC's version of an administrative subpoena) and marks that material "confidential" must be provided with an opportunity to seek a protective order before the FTC publicly discloses the material. During the course of its investigation of Jeremy Johnson and his companies, Johnson and one of his companies provided such material to the FTC.

On December 28, 2010, Elie initiated this action by filing under seal a Complaint against Johnson and the other defendants, two banks that allegedly had funds that Elie contends belong to him pursuant to a business scheme he entered into with Jeremy Johnson, and several other individuals to whom Jeremy Johnson supposedly transferred funds and other property, all of which were derived from profits that Elie contends are owed to him.

On January 6, 2011, Elie filed under seal a Revised Motion for Prejudgment Writ, Temporary Restraining Order and Preliminary Injunction ("Prejudgment Writ Motion"). Elie requested the "entry of an order that the Clerk of the Court issue a prejudgment writ of attachment, or such other appropriate order of the Court," over, *inter alia*, 1) bank accounts in the name of Jeremy Johnson [in which funds allegedly belonging to Elie are deposited], 2) Jeremy Johnson's personal property, including automobiles, aircrafts, and other personal property that had been purchased with profits supposedly owed to Elie, and 3) other assets and investments that Jeremy Johnson purchased and then transferred to other defendants. In this filing, Elie referenced the FTC's Nevada case. Yet, the FTC only learned of his case against the defendants yesterday, when it was alerted by one of the banks named as a defendant in this suit.

Elie argues that the exhibits attached to his Complaint and Prejudgement Writ Motion show that Jeremy Johnson has concealed funds, possibly transferred funds to overseas banks, dissipated funds by purchasing investments, aircraft, and automobiles, and transferred investments to other defendants named in this action. The FTC does not doubt the truth of these particular assertions by Elie. But, the FTC intervenes to ensure that Johnson's assets are not grabbed by Elie to the detriment of millions consumers who fell prey to Johnson's scheme.

## ARGUMENT

## INTERVENTION BY THE FEDERAL TRADE COMMISSION IS APPROPRIATE TO PROTECT THE COMMISSION'S ABILITY TO RECOVER AGAINST JOHNSON AND THE CORPORATIONS HE CONTROLS

The Commission should be permitted to intervene as a matter of right pursuant to Rule 24(a) to prevent Elie from impairing the FTC's ability to obtain full and effective monetary relief for the victims of the massive fraud orchestrated by Johnson and others. If Elie obtains his requested writs, the FTC will be severely prejudiced in its ability to marshal assets for eventual distribution to consumers.

In evaluating a motion to intervene, the court accepts as true the nonconclusory allegations of the proposed intervenor's motion and pleading. *Mendenhall v. M/V Toyota Maru No. 11*, 511 F.2d 55, 56 n.2 (5th Cir. 1977); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001); *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981). Any doubts about allowing intervention should be resolved in favor of the proposed intervenor because this allows the court to resolve all related disputes in a single action. *Loyd v. Alabama Dep't of Corrections*, 176 F.3d 1336, 1341 (11th Cir. 1999).

Intervention as of right under Rule 24(a) must be granted where four requirements are met: (1) the proposed intervenor has an interest in the subject matter of the suit; (2) that interest may be impaired by the disposition of the suit; (3) the proposed intervenor's interest will not be adequately protected by the existing parties to the suit; and (4) the motion to intervene is timely. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). The FTC has met each of these four requirements.

1.   **The FTC Has a Protected Interest Under Sections 13(b) of the FTC Act.**

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the FTC to seek, and a court to grant, permanent injunctive relief in "proper cases" and also to award "any ancillary relief necessary to accomplish complete justice." *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1111-13 (9th Cir. 1982) ("*Singer*").  A routine fraud case such as the Nevada case, replete with misrepresentations of material facts in violation of Section 5(a) of the FTC Act, qualifies as a "proper case" under Section 13(b).  *Id*.

A court may exercise the full breadth of its equitable authority in a Section 13(b) action because Congress "did not limit that traditional equitable power" when it passed the FTC Act.  *Singer*, 668 F.2d at 1113.  Thus, under Section 13(b), the Nevada court may order ancillary equitable remedies, such as rescission of contracts and restitution, as well as whatever additional preliminary relief is necessary to preserve the possibility of effective final relief.  *Singer*, 668 F.2d. at 1113-14.

Contrary to Elie's assertion in his moving papers, Elie <u>incorrectly</u> states that the assets he seeks in the Utah action are not among the assets the FTC seeks in the Nevada case.  Elie arrives at this conclusion because he believes that the FTC can only seek funds that are traced to the law violations alleged in its complaint in the Nevada case.  Elie's assertion is wrong.

Courts routinely afford full consumer redress as an equitable remedy in FTC enforcement actions even where the amount of redress exceeds defendants' ill-gotten gains (and thus where tracing would be impossible).  See *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312 (8th Cir. 1990) (court's authority under Section 13(b)

INTERVERNOR MOTION BY FTC                6

includes power to grant rescission or its monetary equivalent: "The innocent customers' losses exceed Security Coin's gains, it may be true, but we conclude that restoration of the victims of Security Coin's con game to the status quo ante was not an abuse of the district court's discretion"); *FTC v. Kitco of Nevada, Inc.*, 612 F. Supp. 1282, 1295 (D. Minn. 1985) ("defendants may be liable for the full amount of the monetary equivalent of rescission, even though it may exceed the amount of a defendant's unjust enrichment"); *FTC v. International Diamond Corp.*, 1983 U.S. Dist. LEXIS 15504, at *10, 1983-2 Trade Cas. (CCH) ¶ 65,506 (N.D. Cal. 1983) ("[w]hile ordinarily the proper measure of restitution is the amount of enrichment received, . . . if the loss suffered by the victim is greater than the unjust benefit received by the defendant, the proper measure of restitution may be to restore the status quo").   Nor is tracing required for disgorgement. *SEC v. First Pacific Bancorp.*, 142 F.3d 1186, 1191 (9th Cir. 1998).

If this Court grants Elie's motion for a TRO, and issues and asset freeze and prejudgment writs of attachment, then those funds will no longer be available for redress to millions of consumers victimized by Jeremy Johnson and the other defendants in the Nevada case.   The FTC, therefore, has an interest in the subject matter of this suit.

### 2. The FTC's Interest in Preventing Elie's Money Grab Will Not Be Protected By Any of the Existing Parties to the Suit

The FTC's interest in preventing the issuance of an asset freeze or the requested writs will not be protected by any of the existing parties to the suit.   It is unclear whether the defendants have begun to mount a defense.   And, even if they have, their interest is to keep the money for themselves, not to lock down the assets and provide an orderly claims procedure.

3. **The FTC's Motion to Intervene is Timely**

The FTC files this motion two days after learning of Elie's suit. By any measure, this motion is timely.

## CONCLUSION

As the Commission's motion meets all requirements for intervention as of right under Rule 24(a), the Commission respectfully requests that it be made a party to this action and that its Opposition to Plaintiff's Motions for Asset Freeze and Issuance of Prejudgment Writs be entered on the docket.

**Respectfully submitted,**

*/s/ Jeannette F. Swent*
**JEANNETTE F. SWENT**
**Assistant United States Attorney (#6043)**
**185 South State Street, #300**
**Salt Lake City, Utah 84111**

**Collot Guerard**
**J. Ronald Brooke, Jr.**
**Teresa Chen**
**Attorneys for the Plaintiff**
**FEDERAL TRADE COMMISSION**
**600 Pennsylvania Ave., NW Room 286**
**Washington, DC 20580**
**202-326-3338 (Ms. Guerard)**
**202-326-3484 (Mr. Brooke)**
**202-326-3216 (Ms. Chen)**

**January 13, 2011**

## CERTIFICATE SERVICE

I hereby certify that on January 13, 2011, I served via electronic email, overnight delivery service, and first-class mail postage-prepaid the foregoing document on the counsel listed below:

Kevin N. Anderson and
David R. Hague
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Attorneys for Plaintiff

Loren Weiss
Vancott Bagley Cornwall & McCarthy
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Attorney for Defendant Sunfirst Bank, N.A. and Sunfirst Corp.

and via overnight delivery service and first-class mail postage-prepaid on the following individual defendants:

Jeremy Johnson
1673 Cliff Rose Dr.
St. George, UT 84790

Kerry Johnson
2489 River Front Drive
Santa Clara, UT 84766

Loyd Johnston
1894 South 20 East
Washington, UT 84780

Scott Leavitt
2271 Southgate Hills Dr.
St. George, UT 84770

Todd Vowell
1627 W Chateau Cir
St. George, UT 84770

Jason Vowell
1627 West Chateau
St. George, UT 84770

and via first-class mail postage-prepaid the foregoing document on the following corporate defendants:

Triple Seven, LLC
543 N. Bluff Street, St.
George, Utah 84770

Town & Country Bank, Inc.
Attn: Bruce Jensen
1464 S 1490 E Cir.
St. George UT 84790

                                                *s/ J. Ronald Brooke, Jr.*
                                                J. Ronald Brooke, Jr.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHAD ELIE,<br><br>        Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, SUNFIRST BANK, N.A., SUNFIRST CORP., TOWN & COUNTRY BANK, TRIPLE SEVEN LLC, SCOTT LEAVITT, JASON T. VOWELL, TODD L. VOWELL, LOYD JOHNSTON, and KERRY JOHNSON,<br><br>        Defendants | [Proposed] ORDER GRANTING FEDERAL TRADE COMMISSION'S MOTION TO INTERVENE<br><br>Case No. 1O-CV-01273<br><br>District Judge Ted Stewart |

      The Federal Trade Commission (the "FTC" or "Commission") has filed a Motion for Leave to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene in this action to prevent the issuance of any Orders that would encumber the assets of defendants Jeremy Johnson and any entities that he owns or controls.  The Commission's Motion for Leave to Intervene sets out why it is entitled to intervene as a matter of right pursuant to Rule 24(a) because it has an interest in ensuring that the assets of defendants Jeremy Johnson and any entities that he owns or controls are available for distribution to consumers defrauded by Johnson and his companies, its ability to protect that interest may be impaired by the disposition of the action, its interests are not adequately represented by the existing parties, and moreover, that its Motion for Leave to Intervene is timely.  Being duly advised, the Court issues the following Order:

**IT IS HEREBY ORDERED THAT** the FTC's Motion for Leave to Intervene is GRANTED.

**SO ORDERED**, this \_\_\_\_ day of _____, at _____m.

_____
United States District Judge

## CERTIFICATE SERVICE

      I hereby certify that on January 13, 2011, I served via electronic email, overnight delivery service, and first-class mail postage-prepaid the foregoing document on the counsel listed below:

Kevin N. Anderson and
David R. Hague
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Attorneys for Plaintiff

Loren Weiss
Vancott Bagley Cornwall & McCarthy
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Attorney for Defendant Sunfirst Bank, N.A. and Sunfirst Corp.

and via overnight delivery service and first-class mail postage-prepaid on the following individual defendants:

Jeremy Johnson
1673 Cliff Rose Dr.
St. George, UT 84790

Kerry Johnson
2489 River Front Drive
Santa Clara, UT 84766

Loyd Johnston
1894 South 20 East
Washington, UT 84780

Scott Leavitt
2271 Southgate Hills Dr.
St. George, UT 84770

Todd Vowell
1627 W Chateau Cir
St. George, UT 84770

Jason Vowell
1627 West Chateau
St. George, UT 84770

and via first-class mail postage-prepaid the foregoing document on the following corporate defendants:

Triple Seven, LLC
543 N. Bluff Street, St.
George, Utah 84770

Town & Country Bank, Inc.
Attn: Bruce Jensen
1464 S 1490 E Cir.
St. George UT 84790

        *s/ J. Ronald Brooke, Jr.*
        J. Ronald Brooke, Jr.