WILLIAM BLUMENTHAL
General Counsel
Federal Trade Commission

GREGORY W. FORTSCH
New Jersey State Bar No. 035061994
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC 20001
(202) 326-3617 (telephone)
(202) 326-3259 (fax)

ROBERT J. SCHROEDER
DAVID M. HORN
MAXINE R. STANSELL
JULIE K. MAYER
Federal Trade Commission
915 2nd Avenue, Ste. 2896
Seattle, WA 98174
(206) 220-6350 (telephone)
(206) 220-6366 (fax)

| | |
|---|---|
| EXQUISITE CATERERS, LLC, ET AL., on behalf of themselves And all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>POPULAR LEASING USA, INC., ET AL. AND DOE CORPS 1-40,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY DOCKET NO. MON-L-3686-04<br><br>CIVIL ACTION<br><br>**FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND OBJECT TO PROPOSED SETTLEMENT AGREEMENT OR, IN THE ALTERNATIVE, TO PARTICIPATE AS AMICUS CURIAE** |

Pursuant to N.J. Court Rule, 1969, 4:33, the Federal Trade Commission ("FTC" or "Commission") respectfully moves for leave to intervene in the above-captioned action, solely for purposes of objecting to the proposed settlement agreement ("proposed settlement") between plaintiffs and defendant IFC Credit Corporation ("IFC"), which the court preliminarily approved

*FTC's Memo re: Motion to Intervene* -1-

**EXHIBIT 8**

on February 26, 2008. The FTC is lodging with this motion its Objection to the Proposed Settlement Agreement ("Objection").

As explained below, the FTC fully satisfies the standard for intervention as of right, as set forth in N.J. Court Rule, 1969, 4:33-1. In the alternative, the FTC should be permitted to intervene under N.J. Court Rule, 1969, 4:33-2. If the Court does not agree that intervention is proper, the FTC respectfully requests that this Court grant the FTC leave to participate as amicus curiae and consider the FTC's Objection as an amicus brief. In addition, the FTC respectfully moves this Court for permission to speak at the fairness hearing scheduled in this matter on April 18, 2008.

## I. BACKGROUND

The FTC is the nation's principal consumer protection agency, with a broad mandate to prevent "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C.A. § 45(a)(2). As set forth in the attached brief outlining the FTC's objections to the proposed settlement in this matter, the FTC has extensive experience challenging allegedly unfair or deceptive practices, through federal court actions and administrative proceedings that provide injunctive and other equitable relief for consumers injured by such practices as well as also through filing amicus briefs in or otherwise commenting upon class action settlements that, in the Commission's view, inadequately remedy consumer harm.[1]

In addition, as the FTC's Objection explains, the FTC has particular knowledge of the facts underlying this case and a compelling interest in ensuring that the settlement approved in this matter fairly and reasonably protects consumers subject to its terms. On June 6, 2007, the

---

[1] See, e.g., Chavez v. Netflix, Inc., 2005 WL 3048041 (Cal. Super. Ct. Jan. 5, 2006) (amicus brief objecting to, inter alia, the requirement that the settlement benefits be provided to class member via a negative option plan).

*FTC's Memo re: Motion to Intervene* -2-

FTC filed a complaint against IFC in the United States District Court for the Northern District of Illinois, alleging that IFC purchased and collected on NorVergence rental agreements, with knowledge that the rental agreements were procured by deceiving relatively unsophisticated small businesses and non-profit organizations. FTC v. IFC Credit Corp., No. 1:07-cv-03155 (N.D. Ill. filed June 6, 2007). The FTC alleged that this conduct caused substantial injury to consumers, which was not reasonably avoidable by the consumers themselves, and is not outweighed by countervailing benefits to consumers or competition; thus the practice is unfair in violation of Section 5 of the FTC Act, 15 U.S.C.A. §§ 45(a) and (n). The FTC's complaint was brought pursuant to Section 13(b) of the FTC Act, 15 U.S.C.A. § 53(b), which authorizes the Commission to seek, inter alia, permanent injunctive relief to remedy violations of Section 5 of the FTC Act, reformation or rescission of contracts, disgorgement of ill-gotten gains, and restitution for injured consumers.

## II. THE COMMISSION'S REQUEST TO INTERVENE SHOULD BE GRANTED

Pursuant to N.J. Court Rule, 1969, 4:33-1, an absentee may intervene as a matter of right if the applicant "claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." As explained below, the FTC satisfies the standard for intervention as of right. In the alternative, the FTC's application meets the criteria for permissive intervention under N.J. Court Rule, 1969, 4:33-2.

In New Jersey, an absentee is entitled to intervene if four conditions are met. First, the absentee must claim an interest relating to the property or transaction which is the subject of the litigation. Second, the absentee must show he is so situated that the disposition of the litigation may impair or impede his ability to protect that interest. Third, the absentee must demonstrate

*FTC's Memo re: Motion to Intervene* -3-

that the absentee's interest is not adequately represented by existing parties. Fourth, the absentee must make a timely application to intervene. See, e.g., Builders League of South Jersey, Inc. v. Gloucester County Utils. Auth., 386 N.J. Super. 462, 468 (App. Div. 2006). Because the rule is not discretionary, the court must approve intervention if these four criteria are satisfied. Ibid.; see also Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568 (App. Div. 1998). Further, the rule is to be liberally construed by the court. Builders League of South Jersey, 386 N.J. Super. at 469; see also American Civil Liberties Union of N.J., Inc. v. County of Hudson, 352 N.J. Super. 44, 67 (App. Div. 2002), certif. denied, 174 N.J. 190 (2002).

First, the Commission's interest in this matter, as set forth in its complaint against IFC and in the attached Objection, has a clear connection to the subject matter of the proposed settlement. The FTC's litigation against IFC involves the underlying conduct at issue in the class action. Further, the FTC's position is that consumers are not obligated to make payments on the rental agreements to IFC. If approved, the settlement will provide IFC with what is tantamount to a default judgment against class members who have not paid what IFC asserts they owe on the rental agreements. The FTC objects to vesting IFC with this authority when it is accomplished in a manner that denies class members due process. At a minimum, class members should be provided sufficient notice and the opportunity to be heard, so that they may make an informed decision about whether to opt out of the proposed settlement.

The proposed settlement does not comport with these basic constitutional guarantees, a procedural defect that risks significant consumer harm. This concern also bears on the second factor of the intervention standard, since the Commission's objective of protecting consumers will be impaired by the due process deficiencies of the proposed settlement. If consumers do not have a meaningful choice as to whether to settle their claims against IFC and cannot make an educated decision about whether it is in their individual interest to pay IFC, then consumer

*FTC's Memo re: Motion to Intervene*              -4-

interests as a whole are not being served. That result directly conflicts with the Commission's mission to protect consumers.

However, although the FTC acts to protect consumers, its mission is distinguished from that of a private party. E.g., Elmo Co. v. FTC, 389 F.2d 550, 552 (D.C. Cir. 1967). The FTC is "a body charged with protection of the public," ibid., and does not act in a representative capacity for consumers. See, e.g., FTC v. Security Rare Coin & Bullion Corp., 931 F.2d 1312, 1316 (8th Cir. 1991) (the Commission brings "not a private fraud action, but a government action brought to deter unfair and deceptive trade practices and obtain restitution"). Accordingly, the FTC's interests in this matter are not adequately represented by class members, who are individuals seeking to protect their private interests. The FTC, in contrast, serves a broader role and has legal objectives that may diverge even from those of the individuals whose interests it seeks to protect.[2] The private, independent decisions of individual class members to subject themselves to the terms of the proposed settlement would thus not reflect or further the Commission's responsibility and authority under the FTC Act to protect the public interest and deter unlawful conduct.

Finally, the FTC's action is also timely. Under the terms of the Order of Apparent Merit and Other Relief concerning the proposed settlement agreement ("Order"), "no person shall be heard in opposition to the proposed settlement, the request for fees and costs, or any other matter unless that person has filed written objections with the Clerk of the Court, Superior Court of New Jersey . . . postmarked no later than March 31, 2008." Order ¶ 11. The FTC's Objection has been lodged in a timely manner, prior to the March 31, 2008, deadline for submission of

---

[2] For example, the FTC's interest may properly include deterring future unlawful behavior, by both defendants and others who might engage in the same illegal activities. See, e.g., FTC v. Gem Merch. Corp., 87 F.3d 466, 470 (11th Cir. 1996) (describing the "deterrence function of [S]ection 13(b)").

*FTC's Memo re: Motion to Intervene*     -5-

such objections, and sufficiently in advance of the fairness hearing scheduled for April 18, 2008. See Order ¶ 5. Accordingly, consideration of the FTC's objections will not adversely impact the interests of the parties in this matter or this Court's ability to determine the fairness and reasonableness of the proposed settlement agreement.

Even if the Court does not find that the FTC is entitled to intervene in this matter, the FTC should be allowed to intervene pursuant to N.J. Court Rule, 1969, 4:33-2, which provides that an absentee may be may be permitted to intervene so long as two conditions are met. First, the absentee's "claim or defense" and the main action must have a question of law or fact in common. Second, the application must be timely and should not "unduly delay or prejudice the rights of the original parties." See, e.g., Vicendese v. J-Fad, Inc., 160 N.J.Super. 373, 381 (Ch. Div. 1978). The trial court is vested with considerable discretion in ruling on permissive intervention. Evesham Twp. Zoning Bd. v. Evesham Twp. Council, 86 N.J. 295, 299 (1981).

As already discussed, the FTC's application is timely. Further, the FTC's action against IFC involves the same conduct that is the subject of the class action. In addition, the due process concerns presented by the proposed settlement clearly implicate the consumer protection issues that are the basis of the FTC's litigation against IFC. Accordingly, this Court should permit the FTC to intervene exclusively for purposes of submitting its Objection.

### III. IN THE ALTERNATIVE, THE COMMISSION SHOULD BE PERMITTED TO PARTICIPATE AS AMICUS CURIAE

Under N.J. Court Rule, 1969, 1:13-9, an application for leave to appear as amicus curiae "shall" be granted if "the motion is timely, the applicant's participation will assist in the resolution of an issue of public importance, and no party to the litigation will be unduly prejudiced thereby." Accordingly, amicus curiae have been granted leave to appear in cases of general public interest. Casey v. Male, 63 N.J.Super. 255, 259 (Cty. Ct. 1960). The FTC has

*FTC's Memo re: Motion to Intervene* -6-

been granted amicus status by other courts to comment on whether proposed consumer class action settlements were fair, reasonable, or adequate. See, e.g., Erikson v. Ameritech Corp., No. CH 18873 (Ill. Cir. Ct. Sept. 18, 2002); Carter v. ICR Serv. Inc., No. 00-C-2666-W (N.D. Ala. Sept. 6, 2002).

The same factors that demonstrate why the FTC is entitled to intervene in this matter support permitting the FTC to participate as an amicus. As noted above, the FTC's motion is timely, and its objection to the proposed settlement implicates issues of public importance related to the protection of consumer, as well as constitutional, rights. In light of the FTC's pending action against IFC and familiarity with the issues raised by the proposed settlement, the FTC respectfully submits that consideration of its views on this matter would likely be useful to the Court in evaluating whether the proposed settlement is fair, reasonable, and adequate.

## IV. CONCLUSION

For the foregoing reasons, the FTC respectfully moves for leave to intervene or, in the alternative, to participate as amicus curiae for purposes of filing the Objection to Proposed Settlement Agreement being lodged with this motion. The FTC respectfully requests that if its motion to intervene or participate as amicus is granted, its Objection be timely filed, on or before March 31, 2008. The FTC also respectfully requests permission to speak at the fairness hearing in this matter on April 18, 2008.

*FTC's Memo re: Motion to Intervene* -7-

Dated: March 25, 2008                                  Respectfully submitted,


                                                       WILLIAM BLUMENTHAL
                                                       General Counsel
                                                       Federal Trade Commission

                                                       _____
                                                       GREGORY W. FORTSCH
                                                       New Jersey State Bar No. 035061994
                                                       Federal Trade Commission
                                                       601 New Jersey Avenue, N.W.
                                                       Washington, DC 20001
                                                       (202) 326-3617 (telephone)
                                                       (202) 326-3259 (fax)

                                                       ROBERT J. SCHROEDER
                                                       DAVID M. HORN
                                                       MAXINE R. STANSELL
                                                       JULIE K. MAYER
                                                       Federal Trade Commission
                                                       915 2nd Avenue, Ste. 2896
                                                       Seattle, WA 98174
                                                       (206) 220-6350 (telephone)
                                                       (206) 220-6366 (fax)


                                                       Attorneys for Plaintiff
                                                       FEDERAL TRADE COMMISSION

*FTC's Memo re: Motion to Intervene*        -8-