UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> **BF LABS, INC., d/b/a BUTTERFLY LABS**, a Wyoming corporation; **DARLA DRAKE**, an individual; **NASSER GHOSEIRI**, an individual; and **SONNY VLEISIDES**, an individual. <br><br> Defendants. | **CASE NO.** 4:14-cv-00815-BCW <br><br> **PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO THE EMERGENCY MOTION TO INTERVENE** |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 4

II. THE *ALEXANDER* LITIGANTS SHOULD NOT BE PERMITTED TO INTERVENE IN THE FTC'S ACTION ........................................................................ 4

    a. **Intervention as a Matter of Right Should Be Denied** ........................................ 4

        i. **The *Alexander* Litigants' Have Not Shown a Cognizable Interest That May be Impaired by the FTC's Action** .................................................... 5

        ii. **The *Alexander* Litigants' Have Not Overcome the Presumption that the FTC Adequately Represents Their Interests** .................................. 8

    b. **Permissive Intervention Should be Denied Because it Would Result in Undue Delay and Prejudice** ........................................................................................ 11

# TABLE OF EXHIBITS

**Cases**

*Chiglo v. City of Preston*, 104 F.3d 185 (8th Cir. 1997) .............................................. 7, 8

*Curry v. Regents of Univ. of Minn.*, 167 F.3d 420 (8th Cir. 1999) ......................... 5, 7, 8

*FTC v. Automated Elec. Check, Inc.*, 3:13-cv-00056-RCJ-WGC (Mar. 11, 2013) ........................ 6

*FTC v. First Capital Consumer Membership Servs. Inc.*, 206 F.R.D.358 (W.D.N.Y. 2001) ..... 8, 9

*FTC v. LeanSpa*, No. 3:11-cv-01715-JCH (D. Conn. Jan. 7, 2014) .............................................. 6

*FTC v. Med. Resorts Int'l, Inc.*, 199 F.R.D. 601 (N.D. Ill. 2001) ...................................................... 9

*FTC v. Reebok, Int'l*, No. 1:11cv2046 (N.D. Ohio Sept. 29, 2011) ............................................... 6

*FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233 (1972) .................................................................. 8

*FTC v. Window Rock Enterprises, Inc.*, No. CV-04-8190 (C.D. Cal. filed Oct. 3, 2006) .............. 6

*Jenkins by Jenkins v. State of Mo.*, 78 F.3d 1270 (8th Cir. 1996) ..................................... 5, 8, 9, 10

*LaSalle Grp, Inc. v. Veterans Enter. Tech. Servs., LLC*, No. 11-03517-CV-DGK,
 2012 WL 1113320 (W.D. Mo. Apr. 2, 2012) ....................................................... 10, 11

*Med. Liability Mut. Ins. Co. v. Alan Curtis, LLC*, 485 F.3d 1006 (8th Cir. 2007) ..................... 6, 7

*North Dakota v. Heydinger*, 288 F.R.D. 423 (D. Minn. 2012) ....................................................... 11

*SEC v. Bear, Stearns & Co. Inc.*, Nos. 03 Civ. 2937 WHP – 03 Civ. 2945 WHP,
 2003 WL 22000340 (Aug. 25, 2003) ..................................................................... 11

*So. Wine & Spirits of Am., Inc. v. Division of Alcohol & Tobacco Control*,
 No. 11-CV-04175-NKL, 2012 WL 123051 (W.D. Mo. Jan. 17, 2012) ................. 5, 7

*South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783 (8th Cir. 2003) .................. 10

*Walker v. City of Mesquite*, 858 F.2d 1071 (5th Cir. 1988) ............................................................ 8

**Statutes**

15 U.S.C. § 45(a) ................................................................................................................ 8

**Rules**

Federal Rule of Civil Procedure 24 ............................................................................ 4, 7, 10

## I. INTRODUCTION

Plaintiff Federal Trade Commission respectfully requests that this Court deny the motion of private class action litigants in *Alexander v. BFLabs, Inc.* (*Alexander* Litigants) to intervene.

The *Alexander* Litigants' core claim is that the FTC's action may impede their ability to obtain certain forms of monetary relief. The theory is that because they seek certain forms of relief that may be foreclosed by the FTC's action —namely, compensatory damages, consequential damages, punitive damages, costs of suit, and attorney's fees—they are entitled to intervene under Federal Rule of Civil Procedure 24. But this sort of speculative economic harm, which is based on a number of future events, is not sufficient to satisfy the requirements of Rule 24.

First, the *Alexander* Litigants have not satisfied the requirements for mandatory intervention because they do not have a cognizable interest in the FTC's lawsuit, cannot show how the FTC's action impairs their interest, and cannot overcome the presumption that the FTC adequately represents their interests. Second, while the *Alexander* Litigants do not directly address the standard for permissive intervention under Rule 24(b), this avenue should be denied given the undue delay and prejudice that would be caused by intervention.

## II. THE *ALEXANDER* LITIGANTS SHOULD NOT BE PERMITTED TO INTERVENE IN THE FTC'S ACTION

### a. Intervention as a Matter of Right Should Be Denied

Intervention as a matter of right must be permitted under Rule 24(a)(2)[1] if: "(1) the proposed intervenor claims an interest relating to the property or transaction which is the subject

---

[1] The *Alexander* Litigants have also failed to establish that they have standing to intervene. To establish standing, the proposed intervenor must show: "(1) an injury in fact, which is an

of the action; (2) the disposition of the action may as a practical matter impair or impede the proposed intervenor's ability to protect that interest; and (3) no existing party adequately represents the proposed intervenor's interest." *Jenkins by Jenkins v. State of Mo.*, 78 F.3d 1270, 1274 (8th Cir. 1996); Fed. R. Civ. P. 24 (a)(2). The *Alexander* Litigants do not satisfy any of these requirements.

        **i.**        **The *Alexander* Litigants' Have Not Shown a Cognizable Interest That May be Impaired by the FTC's Action**

"An interest is cognizable under Rule 24(a)(2) only where it is 'direct, substantial, and legally protectable.'" *So. Wine & Spirits of Am., Inc. v. Division of Alcohol & Tobacco Control*, No. 11-CV-04175-NKL, 2012 WL 123051, at *3 (W.D. Mo. Jan. 17, 2012). As this Court has observed, "[m]ere economic interests are not sufficient to establish a legally protectable claim" under Rule 24(a)(2). *Id.* at *3 (citing *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999)). In addition, the interest prong of Rule 24(a)(2) cannot be satisfied by "[i]nterests that are . . . contingent upon the occurrence of a sequence of events before becoming colorable." *Id.*

The *Alexander* Litigants have not shown a cognizable interest under Rule 24(a)(2) that may be impaired in the FTC's action. They claim to have an interest in the FTC's action that may be impaired on the grounds that the FTC's lawsuit could impede their ability to seek and obtain certain forms of economic relief, including costs of suit and attorney's fees. (*See* Suggestions in Support of Emergency Mot. To Intervene [hereinafter "*AL* Brief"] at 5-8). But, as the *Alexander* Litigants observe, this interest is contingent on the resolution of both the FTC's

---

invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressibility." *United States v. Metropolitan St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009). For the same reasons that the *Alexander* litigants failed to provide a cognizable interest under Rule 24(a)(2), they also fail to establish an injury in fact under the requirements for standing.

action and the *Alexander* lawsuit. (*See, e.g.*, *id.* at 5 (arguing remedies available in FTC action "may foreclose" private class action remedies); *id.* at 6 (arguing "if" FTC obtains recission of contracts it "may" affect economic interests of private class action plaintiffs); *id.* at 7 (arguing "if" FTC action results in equitable monetary relief, private class action plaintiffs' ability to satisfy judgment will be impaired)).

The *Alexander* Litigants attempt to sidestep the speculative nature of their purported interests by claiming that it is "unlikely the FTC will allow consumers the ability to opt out of the settlement despite due process concerns." (*AL* Brief at 6). Their sole support for this proposition is a fourteen-year old settlement agreement in *FTC v. Equinox*, a case in which the FTC and eight states filed a lawsuit against an alleged pyramid scheme. (*AL* Brief at 6, Ex. 2).[2] But contrary to the *Alexander* Litigants' assertion, the FTC's settlements do not generally force consumers to accept redress and abandon other claims. *See, e.g.*, *FTC v. LeanSpa*, No. 3:11-cv-01715-JCH, at 50-51 (D. Conn. Jan. 7, 2014); *FTC v. Automated Elec. Check, Inc.*, 3:13-cv-00056-RCJ-WGC, at 8-10 (D. Nev. Mar. 11, 2013). Indeed, recent settlements reflect neutrality towards private class action claims, not preclusion. *See FTC v. Reebok, Int'l*, No. 1:11cv2046, at 9 (N.D. Ohio Sept. 29, 2011) (allowing redress that would otherwise be conducted by the Commission to be conducted through court-approved resolution of one or more private class action lawsuits against defendant); *FTC v. Window Rock Enterprises, Inc.*, No. CV-04-8190, at

---

[2] The *Alexander* Litigants also cite to a speech by former FTC Commissioner Thomas B. Leary. (*AL* Brief at 6, Ex. 3). The relevance of this speech is unclear. In it, Mr. Leary addresses a number of concerns, such as excessive attorneys fees and collusive settlements, that raise questions about whether opt-out settlements in *private* class actions adequately protect consumers. (*AL* Brief Ex. 3 at pp. 2-4).

6

16-18 (C.D. Cal. filed Oct. 3, 2006) (same). Thus, far from demonstrating the manner in which FTC actions are generally resolved, the *Equinox* settlement appears to be an outlier.[3]

Even if the fourteen-year old *Equinox* settlement provided plausible support for the claim that it is possible that an order in this case would affect their ability to seek certain remedies, it would not make their purported interests cognizable under Rule 24(a). The claims that the order may foreclose certain remedies or threaten the defendants' ability to satisfy a possible judgment in the *Alexander* lawsuit are simply too "remote and indirect" to satisfy the requirements of Rule 24(a)(2). *See Med. Liability Mut. Ins. Co. v. Alan Curtis, LLC*, 485 F.3d 1006, 1008-09 (8th Cir. 2007) [hereinafter *MLMIC*] (holding that proposed intervenor's "interest . . . to ensure that the defendants in her state lawsuit have sufficient resources to satisfy any judgment she might obtain against them" was "too remote and indirect to qualify as a cognizable interest under Rule 24(a)(2)"); *So. Wine & Spirits of Am., Inc. v. Division of Alcohol & Tobacco Control*, 2012 WL 123051, at * 3 (denying intervention where interest was "contingent not only on the outcome of this litigation but also upon the occurrence of other events"). Moreover, the purported interests that the *Alexander* Litigants raise are the kinds of "mere economic" interests that cannot constitute an cognizable interest under 24(a)(2). *So. Wine & Spirits of Am., Inc. v. Division of Alcohol & Tobacco Control*, 2012 WL 123051, at * 3; *MLMIC*, 485 F.3d at 1009 ("An economic interest in the outcome of litigation is not itself sufficient to warrant mandatory intervention.").[4] Thus, the *Alexander* Litigants have not satisfied the first two requirements of Rule 24(a)(2).

---

[3] We note that one important distinction between the FTC's more recent cases and the older *Equinox* settlement cited by the *Alexander* Litigants is that the *Equinox* settlement also included the resolution of the claims of a private class action class. (*See AL* Brief Ex. B).

[4] The main case relied on by proposed intervenors to suggest otherwise—*SEC v. Flight Transportation Corp.*, 699 F.2d 943 (8th Cir. 1983)—does not undermine this principle. In that case, the Eight Circuit found that a creditor with an unliquidated creditor claim against defendants satisfied the requirements of intervention as a matter of right. *Id.* at 948. But unlike

### ii. The *Alexander* Litigants' Have Not Overcome the Presumption that the FTC Adequately Represents Their Interests

Of critical importance to applying the Rule 24(a)(2) standards to the present case is the criteria for assessing whether the proposed intervenor's interest is adequately represented. Although this requirement ordinarily imposes only a "minimal burden," where "a government entity is a party and the case concerns a matter of sovereign interest, the government is presumed adequately to represent the interests of the public." *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 423 (8th Cir. 1999); *see also Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997) ("[I]f an existing party to the suit is charged with the responsibility of representing the intervenor's interests, a presumption of adequate representation arises."). To rebut this presumption, the proposed intervenor may make a "strong showing of inadequate representation" such as a "showing that the interest of the would-be intervenor cannot be subsumed within the public interest represented by the government entity." *Curry*, 167 F.3d at 423. And where the "intervenor's only interest in the suit is shared in common with the public," the intervenor must show a "clear dereliction of duty" on the part of the government agency. *Chiglo*, 104 F.3d at 188. Moreover, as the Eighth Circuit has observed, "[a] difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation." *Jenkins by Jenkins*, 78 F.3d at 1275.[5]

---

in *Flight Transportation*, where the court found that the proposed intervenor's "ability to protect its interest will be impaired unless it is allowed to intervene," the *Alexander* Litigants can make no such claim. They do not have a judgment or creditor claim with which to satisfy, and it is far from clear that intervention in the FTC's action is necessary for them to satisfy any possible claim they may have in the future.

[5] The *Alexander* Litigants cite *Walker v. City of Mesquite*, 858 F.2d 1071, 1073-74 (5th Cir. 1988), for the proposition that "Due process requires that any possibility of inadequate representation is sufficient to allow class members to intervene." But that proposition is found nowhere in *Walker*, a case in which the Fifth Circuit rejected the request of non-named plaintiffs to appeal a consent decree that resolved a class action. *See id.* at 1073-74. In fact, the *Walker*

The *Alexander* Litigants fail to show that their interests are not adequately represented by the FTC. At the outset, nowhere in their brief do they even mention the well-established presumption of adequacy in government statutory enforcement actions, which is critical to applying the Rule 24(a)(2) analysis to this matter. (*See AL* Brief at 4). Instead, the *Alexander* Litigants simply characterize this burden as "minimal" and make a variety of wide-ranging arguments concerning the adequacy of the FTC's representation of their interests, none of which overcome this presumption.

The presumption of adequate representation applies with full force to the *Alexander* Litigants' motion. The FTC is a government agency that Congress has "charged . . . with protecting consumers as well as competitors." *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 243 (1972); *see also* 15 U.S.C. § 45(a). Because the FTC's case was brought under this statutory mandate to protect consumers, the FTC "deserves special consideration and deference as an adequate representative of the interests of would-be intervenors." *FTC v. First Capital Consumer Membership Servs., Inc.*, 206 F.R.D. 358, 364 (W.D.N.Y. 2001) (denying creditor's motion to intervene to recover funds). And because the FTC is acting on behalf of consumers nationwide—including the *Alexander* Litigants—the presumption that the FTC adequately protects the *Alexander* Litigants is particularly salient. *Jenkins by Jenkins*, 78 F.3d at 1275 ("There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members.").

---

court observed that the non-named plaintiffs in that case had previously submitted a motion to intervene that was denied because the district court "rejected the contention of [the non-named plaintiffs] that the representation of class members in the instant proceedings was inadequate." *Id.* at 1074.

The *Alexander* Litigants apparent contrary position—that government agencies do not adequately represent individual members of the public because they lack an attorney-client relationship with individual members and a fiduciary duty to act in any particular individual's best interests (*See AL* Brief at 8)—runs headlong into this well-established presumption. Indeed, other courts have squarely found that the presumption of adequate representation applies to FTC actions like this one. *See, e.g., FTC v. First Capital Consumer Membership Servs. Inc.*, 206 F.R.D. 358, 364 (W.D.N.Y. 2001); *FTC v. Med. Resorts Int'l, Inc.*, 199 F.R.D. 601, 607-08 (N.D. Ill. 2001) (finding FTC adequately represented interest of consumers that previously demanded refunds).

Consistent with this presumption, the FTC is particularly well-positioned to represent any interests the *Alexander* Litigants' may have in the FTC's statutory enforcement action. Significantly, as the *Alexander* Litigants observe, their class action allegations closely mirror those of the FTC in this case. (*See AL* Brief at 3 (observing FTC alleged BFLabs and other individuals violated the law by "engaging in the same conduct alleged in consumers' complaint")). And the FTC's actions have effectively preserved the status quo, protecting the interests of all consumers, including the *Alexander* Litigants. Nonetheless, the *Alexander* Litigants argue that the FTC does not adequately represent the private class action consumers' interests because of the *ex parte* manner in which they sought relief and the difference in the monetary remedies sought in the two actions.[6] But these quarrels with the FTC's litigation

---

[6] The *Alexander* Litigants also set forth an array of purported actions that the FTC has taken, including preventing BF Labs from refunding customers and halting BF Labs from producing and shipping of mining equipment. This is false. Rather, based on the defendants' conduct, the FTC sought to have a court-appointed temporary receiver take control of the corporate defendants. But as set forth in the temporary restraining order, the receiver has the duty to continue to conduct the business of the corporate defendants as long as that business can be lawfully operated at a profit. (Dkt. 8 at 15-16).

10

approach do not overcome the presumption of adequate representation. Rather, they are exactly the types of "difference[s] of opinion concerning litigation strategy or individual aspects of a remedy" that the Eighth Circuit has held "do[ ] not overcome the presumption of adequate representation." *Jenkins by Jenkins*, 78 F.3d at 1275. Thus, for this independent reason, the *Alexander* Litigants have not satisfied the requirements for intervention as a matter of right under Rule 24(a)(2).

### b. Permissive Intervention Should be Denied Because it Would Result in Undue Delay and Prejudice

Under Rule 24(b)(1)(B) the court "may" permit intervention to a party that "has a claim or defense that shared with the main action a common question of law or fact." The court has "complete discretion whether to grant or deny a motion for permissive intervention." *LaSalle Grp, Inc. v. Veterans Enter. Tech. Servs., LLC*, No. 11-03517-CV-DGK, 2012 WL 1113320, at *5 (W.D. Mo. Apr. 2, 2012). In making this decision, "[t]he principle consideration . . . is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

Although the *Alexander* Litigants' brief does not address this consideration, their request should be denied based on the undue delay and prejudice that would result from their intervention. Their claims are based on the same allegations made by the FTC. As this Court has recently observed, where the intervenor "merely underlines issues of law already raised by the primary parties," they "always take additional time" as "the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *LaSalle Grp.*, 2012 WL 1113320, at *5.

11

In addition, the *Alexander* Litigants seek to intervene based on a remote possibility that if a series of events occur—a resolution in the FTC's action and a consent order that precludes consumers from seeking private claims against the defendants—they will be injured. But those grounds are so general that they would, as a practical matter, allow any consumer that has done business with the defendants to intervene. *SEC v. Bear, Stearns & Co. Inc.*, Nos. 03 Civ. 2937 WHP – 03 Civ. 2945 WHP, 2003 WL 22000340, at *5 (Aug. 25, 2003) (noting that the possibility that "swarms of potential intervenors" would cause delay is a "consequence that this Court must consider on a motion for permissive intervention"). And because the FTC adequately represents the interests of those consumers in its enforcement action, intervention by the *Alexander* Litigants—or any of the consumers that have done business with the defendants—would be "unnecessary and redundant." *Id.*; *see also North Dakota v. Heydinger*, 288 F.R.D. 423, 431 (D. Minn. 2012) ("Although the adequacy of the existing parties' representation of a prospective intervenor's interest is not explicitly provided for in Rule 24(b) as it is in Rule 24(a), it may still factor into the dertermination of whether intervention is appropriate."). For similar reasons, the *Alexander* Litigants' argument that intervention is a practical necessity is unpersuasive. They may resume their action once the stay is lifted. Moreover, they are not requesting to intervene for the limited reason of lifting the stay in their private class action. Rather, although they have not made clear the grounds for intervention, as required under Fed. R. Civ. P. 24(c), they appear to want to interject themselves fully in the FTC's action, including any potential settlement discussions among the parties.

Dated: October 1, 2014                           Respectfully submitted,


                                                 JONATHAN E. NUECHTERLEIN
                                                 General Counsel


                                                  /s/ Helen Wong
                                                 HELEN WONG, DC Bar # 997800
                                                 hwong@ftc.gov
                                                 TERESA KOSMIDIS, NY Bar # 4533824
                                                 tkosmidis@ftc.gov
                                                 LEAH FRAZIER, DC Bar # 492540
                                                 lfrazier@ftc.gov
                                                 Federal Trade Commission
                                                 600 Pennsylvania Ave., N.W., Mail Stop-CC 10232
                                                 Washington, D.C. 20580
                                                 Telephone: 202-326-3779
                                                 Telephone: 202-326-3216
                                                 Telephone:  202-326-2187
                                                 Facsimile:  202-326-3768

                                                 TAMMY DICKINSON
                                                 United States Attorney

Dated: October 1, 2014                            /s/ Charles M. Thomas
                                                 Charles M. Thomas, MO Bar #28522
                                                 Assistant United States Attorney
                                                 Charles Evans Whittaker Courthouse
                                                 400 East Ninth Street, Room 5510
                                                 Kansas City, MO  64106
                                                 Telephone:  (816) 426-3130
                                                 E-mail:  charles.thomas@usdoj.gov

                                                 Attorneys for Plaintiff
                                                 FEDERAL TRADE COMMISSION

13