IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00815-BCW |
| | ) | |
| BF LABS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY SUGGESTIONS IN SUPPORT OF
EMERGENCY MOTION TO INTERVENE**

**COME NOW** Kyle Alexander and Dylan Symington (the "class representatives"), on behalf of themselves and all those similarly situated (the "Customer class" or Consumers"), by and through their attorneys of record, and offer the following Reply Suggestions in Support their Emergency Motion to Intervene:

**I.    INTRODUCTION**

The Federal Trade Commission, after filing a copycat complaint based upon the same allegations made by the customer class in a complaint filed over five months ago, now seeks to both prohibit the customer class from proceeding with their lawsuit for damages against defendants and deny the customer class a voice in this action. Without denying the fact the relief sought in the FTC's suit will preclude the customer class' chose in action and the consumers' interest in the exact property which is the subject of this suit (e.g. the bitcoins and money paid to defendants and the mining machines the customer class has paid for and purchased), the FTC argues because it is a "government entity" protecting the general "public interest", it will adequately protect the interest of the customer class, while simultaneously tactically maneuvering against the rights of

that customer class.

The FTC argues consumer intervention is improper not because the FTC will *in fact* represent consumers' interests, but because the law *theoretically* presumes the FTC represents the interests of the public in general. Here, however, the FTC is not entitled to any presumption because the interests of the general public are distinct from the interests of consumers who actually paid money and/or bitcoins to BFL in exchange for mining equipment property, *i.e.*, personal property that was converted by BFL. Further, the FTC has already taken action contrary to consumers' *actual* interests.

Already, a number of consumers have protested the actions of the FTC as putting them in a worse position than before the FTC action. *See* Statements from Internet Forum of Butterfly Labs Customers, **Exhibit 1**). The customer class only sought intervention after the FTC stonewalled and dodged when asked for relief from the stay to permit the customer class to pursue their already progressing lawsuit to recover damages. *See* **Exhibit 2** Emails between H. Wong and N. Wood. Undoubtedly the reason the FTC doesn't want to admit in an e-mail they oppose relief from the order they obtained prohibiting consumers from pursuing their damages, is the same reason they did not inform this Court there was another pending action and did not inform the Judge in the District of Kansas they intended to ask another District Court to stay an action pending in her Court -- because it reveals the hypocrisy of their position. While they claim the banner of "protecting consumers" they are, for some reason, actively maneuvering against the interests of the consumer class.

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 2 of 11

2

## II. THE FTC MISCHARACTERIZES CONSUMERS' INTERESTS AS MERELY ECONOMIC

The FTC sets up a classic straw man argument in order to cite case law holding mere economic interests are insufficient to allow intervention under Rule 24. The consumer class certainly has economic interests as stake, but the FTC completely ignores the non-economic interests of the consumer class.

Consumers are not arguing intervention is proper simply because BFL might not have sufficient resources to satisfy consumers' economic claims. Here, the consumer class consists of all persons who paid money and/or bitcoins to BFL in exchange for mining equipment, *i.e.*, personal property. Such consumers have property interests in the mining equipment they purchased. Because bitcoins are personal property, those who paid in bitcoins also have property interests in such bitcoins. The consumer class alleges BFL failed to deliver, unlawfully obtained, unlawfully retained, and/or converted their personal property (mining equipment and bitcoins). A receiver appointed by this Court now possesses consumers' personal property and "disposing of [this] action may as a practical matter impair or impede the movant's ability to protect its interest[.]" *See* Fed. R. Civ. P. 24(a)(2). In fact, consumers' class action alleges a constructive trust over the same assets at issue in this action and possessed by the receiver.

Consumers' interests in recovering personal property possessed by the receiver are not merely economic but, rather, are fundamental and protected personal interests. "It is basic property law that a chose in action is personal property," and that "the right to sue for damages is property." *Ahlborn v. Arkansas Dept. of Human Services*, 397 F.3d 620, 624 (8th Cir. 2005) (quoting *Gregory v. Colvin*, 363 S.W.2d 539, 540 (Ark. 1963)). In *Lynch*, the U.S. Supreme Court explained:

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*
3
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 3 of 11

> Property does not have rights. People have rights. The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth, a 'personal' right, whether the 'property' in question be a welfare check, a home, or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. That rights in property are basic civil rights has long been recognized.

*Lynch v. Household Finance Corp.*, 405 U.S. 538, 552 (1972).

The Fourteenth Amendment to the U.S. Constitution forbids the deprivation of property without due process. U.S.C.A. Const. Amend. 14. Consumers' due process rights will be violated if consumers are not allowed to intervene in an action that disposes (or may dispose) of their personal property. The fact consumers may recover damages in addition to recovering their personal property, property which is currently held by a receiver in this action, does not render consumers' interests in this action merely economic.

### III. RULE 24 DOES NOT REQUIRE IRREPARABLE DEPRIVATION OF LEGAL RIGHTS OR SUCCESS ON THE MERITS PRIOR TO INTERVENTION

The FTC argues the interests asserted by consumers are not yet cognizable under Rule 24 because such interests are "contingent on the resolution of both the FTC's action and the *Alexander* lawsuit." (Doc. 51, pp. 5-6). The FTC's argument, however, is absurd and contrary to the express language of Rule 24. Rule 24 expressly allows intervention by those who claim an interest relating to the property or transaction that is the subject of an action when "disposing of the action *may* as a practical matter impair or impede the movant's ability to protect its interest[.]" Fed. R. Civ. P. Rule 24(a)(2) (emphasis added). "May" be impaired means "might" be impaired. *See Curry v. Regents of Univ. of Minnesota*, 167 F.3d 420, 422 (8th Cir. 1999) (intervention

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*            4
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 4 of 11

appropriate where interests "might be impaired by the disposition of the case") (citations omitted). If actual impairment was prerequisite to intervention, as argued by the FTC, Congress would have said so. Rule 24 allows intervention prior to actual impairment in order to avoid impairment.

The *Southern Wine* case cited by the FTC establishes the intervenor's interests only need be "colorable" at the time of intervention. *Southern Wine & Spirits of America, Inc.*, 2012 WL 123051, *3 (W.D.Mo. 2012). The FTC did not and cannot deny consumers' interests are "colorable." The FTC does not dispute it is seeking remedies that, as a matter of law, extinguish consumers' legal rights. Until the FTC stipulates it will not seek such remedies, this action "may as a practical matter impede or impair" consumers' ability to protect their interests.

The FTC also claims consumers' interests will not be impaired because the FTC *sometimes* allows consumers to opt out of the relief obtained. The FTC argues it is neutral toward private class action claims. It is disingenuous for the FTC to claim they are "neutral" to private class action claims when, here, they obtained and seek to obtain orders prohibiting consumers from pursuing their class action claims. Until the FTC stipulates it will not enter into any mandatory settlement or any settlement that is binding on consumers, this action "may as a practical matter impede or impair" consumers' ability to protect their interests.

The colorable standard is easily satisfied here. *See McKenzie v. U.S. Citizenship and Immigration Services, Dist. Director*, 761 F.3d 1149, 1156 (10th Cir. 2014) ("A claim can be meritless while still being colorable[.]").

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*
5
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 5 of 11

## IV. THERE IS NO PRESUMPTION THE FTC, WHO REPRESENTS ONLY THE PUBLIC INTEREST, WILL ADEQUATELY PROTECT THE UNIQUE INTERESTS OF THE CONSUMER CLASS

Citing *Curry* and *Chiglo*, the FTC argues there is a presumption the government adequately represents the interests of the public and the interests of the consumer class. The FTC's reliance on *Curry* is misplaced. In *Curry*, three political and/or ideological university organizations sought to intervene in an action brought by five students alleging the university violated their constitutional rights by providing funding to the organizations. *Curry*, 167 F.3d at 422. The three organizations were denied intervention because their interests in continuing to receive funding from the university were already adequately represented by the university. *Id*. at 423. Further, because the interests of the organizations were indistinguishable from the interests of the public generally, the university (as a governmental entity) was presumed to adequately represent the public interests. *Id*.

Here, consumers do not seek to intervene on behalf of the public. Consumers seek to intervene on behalf of only those people who paid money and/or bitcoins to BFL, who have interests distinct and separate from the public at large. Where, as here, the interests of the intervenor cannot be subsumed within the public interest, there is no presumption the government will adequately represent the intervenor's interests. *Curry*, 167 F. 3d at 423.

The FTC's reliance on *Chiglo* is similarly misplaced. In *Chiglo*, several citizens attempted to intervene in an enforcement action by the city against a defendant regarding a cigarette-advertising ordinance. *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997). Intervention was denied because the intervenors only aim was to "protect minors from tobacco advertising, which was an interest that they shared with

the rest of the public." *Id.* at 187. Because the intervenors' interest was merely a public interest, the City was presumed to adequately represent the intevenors. *Id.* at 188 ("[T]he proposed intervenors have articulated an interest that coincides with the City's role as protector of its citizens.").

In *Chiglo*, the Eighth Circuit explained "the government only represents the citizen to the extent his interests coincide with the public interest . . . [i]f the citizen stands to gain or lose from the litigation in a way different from the public at large, the *parens patriae* would not be expected to represent him." *Id.* at 187-188 (emphasis in original). Here, consumers stand to gain or lose in ways differently (*e.g.*, loss of personal property, loss of value of personal property) from the public at large and, therefore, there is no presumption the FTC will adequately represent consumers' interests. *See e.g., Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993) (no presumption of adequate representation arose despite the fact the state was already a party to the suit and was representing the public in protecting the state's fish and game, because the landowners-intervenors would be affected by the litigation more severely than the public at large); *see also Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 2005 WL 2338863, *4 (D.S.D. 2005) (representation by the government is inadequate when the applicants have a "narrower and more parochial" interest).

The FTC relies on *First Capital* but, in that case, the intervenor merely sought to recover funds from a receivership before others in line, which was not a sufficient reason to rebut the presumption the government will adequately represent the public interest. *FTC v. First Capital Consumer Membership*, 206 F.R.D. 358, 365 (W.D.N.Y. 2001).

The FTC's reliance on *Med Resorts* is similarly misplaced. In *Med Resorts*, the

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*
7
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 7 of 11

intervenors did not allege the value of their claims would be decreased or that legal questions decided would have a negative res judicata effect and, therefore, the intervenors failed to show their interests would be impaired or inadequately represented. *FTC v. Med. Resort*, 199 F.R.D. 601, 606-608 (N.D. Ill. 2001).

Further, the FTC's reliance on *Jenkins* is wholly misplaced and distinguishable. In *Jenkins*, a group of students and parents sought to intervene *in a class action* against a school district for constitutional violations. *Jenkins by Jenkins v. State of Mo.*, 78 F.3d 1270, 1272-1274 (8th Cir. 1996). Intervention was denied because the group was already included in the class definition, had the same interests as the class representatives, and, therefore, was adequately represented by the class representatives. *Id*. at 1276.

V. **PERMISSIVE INTERVENTION WILL NOT RESULT IN UNDUE DELAY OR PREJUDICE**

The FTC argues permissive intervention will result in undue delay and prejudice because "any consumer that has done business" with BFL would be able to intervene. The FTC's argument is overreaching. This Court has discretion whether to allow permissive intervention and, if excessive numbers of consumers seek permissive intervention, this Court can simply deny intervention on the basis that the class representatives have already intervened or any other reasonable basis. *See* Fed. R. Civ. P. 24(b).

Contrary to the FTC's argument, allowing consumers to intervene would result in conservation of resources and coordination of overlapping claims and discovery. If intervention is permitted, this Court can control the litigation in a manner it deems appropriate, including staying or managing discovery, giving the receiver the

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*
8
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 8 of 11

opportunity to determine how and whether to resolve claims, or ordering the coordination of the overlapping claims.

The FTC argues intervention should be denied because consumers may resume their action once the stay is lifted and consumers are not intervening solely for purposes of lifting the stay. Consumers offered to take either approach, *i.e.*, if the FTC would agree to (a) release consumers from any order prohibiting the consumer class from proceeding with their action, then consumers would not intervene in this action; or (b) consumers will intervene in this action and let this Court manage the class claims within this action. The FTC would not agree to either option. (Emails, **Exhibit 2**). The FTC simply wishes to exclude consumers from this action and prohibit consumers from continuing their class action, which will result in extreme delay and prejudice to consumers, BFL, the receiver, this Court, and the District of Kansas. The only party who would benefit from the FTC's approach is the FTC.

In the alternative, if this Court does not allow intervention, then the class representatives request relief from the order prohibiting the consumer class from proceeding in the District of Kansas. The receiver has already put in place the safeguards that address the concerns of the FTC, therefore, there is no reason to stay the claims of others who seek to proceed with claims against the Defendants. To deny intervention and stay the consumer class action leaves consumers without any forum or means of redress of their claims.

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*
9
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 9 of 11

## VI.  CONCLUSION

WHEREFORE, for the foregoing reasons, the class representatives respectfully request this Court to grant their Motion to Intervene, and for such further relief the Court deems fair and just.

Date: October 2, 2014

Respectfully submitted,

WOOD LAW FIRM, LLC

By /s/  Noah K. Wood
Noah K. Wood                    MO #51249
noah@woodlaw.com
Ari N. Rodopoulos               MO #58777
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243

*Attorneys for Kyle Alexander and Dylan Symington*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served a copy of the foregoing document via e-mail on the following counsel of record:

Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
Facsimile: 202-326-3768
hwong@ftc.gov
tkosmidis@ftc.gov

James M. Humphrey, MO # 50200
Michael S. Foster, MO # 61205
Miriam E. Bailey, MO # 60366
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Federal Trade Commission v. BF Labs Inc., et al.                                                10
*Reply Suggestions in Support of Emergency Motion to Intervene*
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 10 of 11

lfrazier@ftc.gov

| | |
|---|---|
| Charles M. Thomas, MO Bar #28522<br>Assistant United States Attorney<br>Charles Evans Whittaker Courthouse<br>400 East Ninth Street, Room 5510<br>Kansas City, MO 64106<br>Telephone: (816) 426-3130<br>Facsimile: (816) 426-3165<br>E-mail: charles.thomas@usdoj.gov | Braden M. Perry, MO # 53865<br>KENNYHERTZ PERRY LLC<br>420 Nichols Road, Suite 207<br>Kansas City, MO 64112<br>Direct: 816-527-9445<br>Mobile: 913-488-4882<br>Fax: 855-844-2914<br>braden@kennyhertzperry.com |
| *Attorneys for Federal Trade Commission* | *Attorneys for Defendant BF Labs Inc., Darla Drake, Nasser Ghoseiri, and Sonny Vleisides* |

Bryant T. Lamer
Kersten L. Holzhueter
Andrea M. Chase
Katie Jo Wheeler
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City MO 64106
816-474-8100
blamer@spencerfane.com
kholzheuter@spencerfane.com
achase@spencerfane.com
kwheeler@spencerfane.com

*Attorneys for Receiver Eric L. Johnson*

                                                    /s/ *Noah K. Wood*
                                                    *Attorney for Kyle Alexander and Dylan Symington*

Federal Trade Commission v. BF Labs Inc., et al.
*Reply Suggestions in Support of Emergency Motion to Intervene*
Case 4:14-cv-00815-BCW   Document 52   Filed 10/02/14   Page 11 of 11

11