IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| FEDERAL TRADE COMMISSION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-00815-BCW |
| | ) | |
| BF LABS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Kyle Alexander and Dylan Symington move to intervene in this action by right and by permission pursuant to Federal Rule of Civil Procedure 24 (Doc. #43). For the following reasons, the Court denies the motion.

### I. BACKGROUND

Alexander and Symington filed a class action lawsuit against Defendant BF Labs ("BFL") in March 2014 in the United States District Court for the District of Kansas ("Kansas lawsuit"). Their complaint challenges BFL's business practices in connection with the marketing and sale of Bitcoin mining machines. The Kansas lawsuit is pending and is in the discovery phase.

Based on similar complaints from consumers, the FTC filed the instant lawsuit in September 2014 seeking a permanent injunction and other equitable relief based on violations of Section 5(a) of the Federal Trade Act. The FTC sought a temporary restraining order ("TRO") that included an asset freeze, appointment of a receiver, and a stay preventing all persons (including non-parties) from continuing any suit against Defendants. The Court granted the TRO

1

and, subsequently, granted the parties' stipulated interim order that included several of the same provisions.

After the TRO was issued but before the Court granted the parties' stipulated interim order, Alexander and Symington filed the instant motion to intervene and request emergency review. The FTC filed an opposition, and Alexander and Symington filed a reply. The Court heard oral argument by telephone on October 3, 2014.

II.  ANALYSIS

 A.  **The Court denies intervention as of right.**

Alexander and Symington initially seek intervention as of right. Under Federal Rule of Civil Procedure 24(a), a party is entitled to intervene as of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); Little Rock Sch. Dist. v. N. Little Rock Sch. Dist., 378 F.3d 774, 780 (8th Cir. 2004). The party seeking to intervene must establish all three elements. Id.

The Court begins by analyzing the third element. To determine whether representation is adequate, courts compare the "interests of the proposed intervenor with the interests of the current parties to the action." Id. (internal quotation omitted). The party seeking to intervene generally need only make a minimal showing that the representation "may be" inadequate, but the "burden is greater if the named party is a government entity that represents interests common to the public." Id. In such cases, courts presume the government entity adequately represents the public, and the party seeking to intervene must "make a strong showing of inadequate representation . . . ." Id.

The Court finds that Alexander and Symington currently fail to overcome this presumption. They argue that the "remedies sought by the FTC conflict with, frustrate, and deny remedies available to consumers . . . ." Doc. #44 at 11. Alexander and Symington also contend the FTC does not adequately represent them because it lacks an attorney-client privilege with consumers and "has no fiduciary duty to act in any particular consumer's best interest." Id.

Nothwithstanding these arguments, the Court concludes that the FTC will adequately protect their interests. The FTC's actions to date have effectively preserved Defendants' assets, thereby protecting the interests of all consumers.[1] See FTC v. First Capital Consumer Membership, 206 F.R.D. 358, 365 (W.D.N.Y. 2001) (finding adequate representation); FTC v. Med. Resorts Int'l, Inc., 199 F.R.D. 601, 607–08 (N.D. Ill. 2001) (same). The Court also considered Alexander and Symington's additional arguments on this element—which are generally disagreements with the FTC's litigation strategy—and finds them unpersuasive. See Little Rock, 378 at 781 (noting that different procedural choices do not make an interest distinct). Because the Court concludes that Alexander and Symington have not demonstrated the third element, the Court denies intervention as of right.

B. **The Court denies permissive intervention.**

Alexander and Symington also seek permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). This rule allows the court to permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The decision to grant or deny permissive intervention is "wholly discretionary," and the principal consideration "is whether the proposed intervention would unduly delay or prejudice the adjudication of the

---

[1] Alexander and Symington also ignore that the stipulated interim order, which the Court issued on October 2, 2014, directs the Temporary Receiver to "[c]onserve, hold, and manage all Receivership assets, and perform all acts necessary and advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants . . . ." Doc. #54 at 13.

3

parties' rights." South Dakota ex rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003).

Exercising its discretion, the Court denies permissive intervention at this time. This case is in the early stages and there is a lot of activity to be done within the next few months. The Court is concerned that permissive intervention at this point would take a significant amount of additional time with minimal benefit to the proceedings. See, e.g., LaSalle Group Inc. v. Veterans Enter. Tech. Servs., No. 11-CV-3517-DGK, 2012 WL 1113320, at *5 (W.D. Mo. Apr. 2, 2012) (expressing concern that intervention will take additional time and "make the proceeding a Donnybrook Fair"). The Court additionally finds Alexander and Symington's concerns too remote at this stage of the proceedings to justify intervention.

The Court denies the instant motion without prejudice. As the case progresses and issues become more concrete, Alexander and Symington can seek leave to intervene (as of right or permission) to the extent necessary and proper. Accordingly, it is hereby

ORDERED Kyle Alexander and Dylan Symington's Emergency Motion to Intervene (Doc. #43) is DENIED.

IT IS SO ORDERED.

DATED: October 3, 2014          /s/ Brian C. Wimes
                                JUDGE BRIAN C. WIMES
                                UNITED STATES DISTRICT COURT