IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| BF LABS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA JO DRAKE'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants BF Labs Inc., Sonny Vleisides, and Darla Jo Drake (collectively, "Defendants"), under Fed. R. Civ. P. 12(b)(6), move to dismiss Plaintiff Federal Trade Commission's Complaint in its entirety for failure to state a claim on which relief can be granted. In support of this motion, and as more fully set forth in the accompanying Suggestions in Support, Defendants state:

1. To state a claim for deceptive representations in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Plaintiff must allege facts establishing that BF Labs made a representation that was (1) material and (2) likely to mislead consumers, acting reasonably under the circumstances. *See FTC v. PayDay Fin. LLC*, 989 F. Supp. 2d 799, 816 (D.S.D. 2013) (citing cases).

2. Ordinarily, the Court considers only the complaint and documents attached to the complaint in ruling on a motion to dismiss for failure to state a claim. *See Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). But where a claim is based on a defendant's statements, and the plaintiff does not dispute the content of those statements, the plaintiff "cannot defeat a motion to dismiss by choosing not to attach the full statements to the complaint." *Id.*; *accord*

*Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003). This Court may thus consider, in ruling on this motion, "materials that are necessarily embraced by the pleadings." *Young v. Principal Fin. Group, Inc.*, 547 F. Supp. 2d 965, 973-74 (S.D. Iowa 2008) (citing cases).

3. Plaintiff's Complaint selectively cites from, but does not attach, certain BF Labs website pages and social media entries that Plaintiff alleges were materially misleading. *See* Doc. 1-1, ¶¶ 21-22, 26-27, 29-31, 34.

4. First, BF Labs' shipping-date and product-development representations – even standing alone – were not "material" or "misleading" as a matter of law. *See, e.g., In re Number Nine Visual Tech. Corp. Secs. Litig.*, 51 F. Supp. 2d 1, 28-29 (D. Mass. 1999) (holding that "anticipated" shipping-date representations were not material as a matter of law); *Borow v. nVIEW Corp.*, 829 F. Supp. 828, 834-35 (E.D. Va. 1993) (holding that shipping-date and product-development representations were not material or misleading as a matter of law).

5. No reasonable Bitcoin-mining consumer could have concluded that the anticipated shipping-date and product-development representations on which Plaintiff's Complaint is based were either material or misleading. Plaintiff's Complaint must therefore be dismissed to that extent, at the very least.

6. Second, the "net impression" of BF Labs' representations, in the context of BF Labs' regular shipping-date updates and extensive production-detail updates, was not materially misleading as a matter of law. The BF Labs website pages attached to Plaintiff's TRO pleadings instead show a pattern of consistently updated shipping projections, increasingly detailed production updates, and even *day-by-day shipping updates*. The BF Labs updates are even more detailed and frequently updated than the monthly to quarterly updates described in *Borow* that

2

explained, for example, that shipping delays were due to "a delay in the Beta testing phase of product development" of the LCD units at issue. *Borow*, 829 F. Supp. at 834. To the extent the representations projected an anticipated or "scheduled" shipping date, the representations were mere "puffery." *Id*. at 835.

7. Finally, Plaintiff's Bitcoin-generating-and-profitability-representation allegations are merely repackaged extensions of Plaintiff's legally insufficient shipping-delay allegations and are, in any event, not materially misleading as a matter of law. Plaintiff alleges – and it happens to be true – that "Bitcoins have significant monetary value that constantly fluctuates" and that "from November 2013 to May 2014, an individual Bitcoin's value has fluctuated from a high of over $1000 to a low of $400." *Id*. at ¶ 13. Given this known and considerable fluctuation, any reasonable Bitcoin-mining-equipment customer is aware that profitability "projections" dependent on a static Bitcoin exchange rate are inherently tenuous and should be viewed more as "what-if scenarios" rather than as true expected outcomes. As this Court's Senior Judge Sachs previously observed, variables like "international currency exchange rate fluctuations . . . are hazards of business apparent to all serious observers and most casual ones." *In re Marion Merrell Dow Inc., Secs. Litig. II*, No. 93-0251-CV-W-6, 1994 WL 396187, at *6 (W.D. Mo. July 18, 1994).

8. For this reason, to the extent that outcome projections are dependent on variables like the Bitcoin exchange rate, the projections are not considered "material" as a matter of law. *See id*.

9. Defendants have contacted counsel for the Receiver. The Receiver takes no position on the relief sought in this Motion. *See* Court's Standing Order No. 1 (Doc. 77).

3

Case 4:14-cv-00815-BCW   Document 80   Filed 10/10/14   Page 3 of 5

10. Defendants' Suggestions in Support and exhibits thereto are filed contemporaneously with this Motion and incorporated herein by this reference.

WHEREFORE, Defendants BF Labs Inc., Sonny Vleisides, and Darla Jo Drake move the Court under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint with prejudice, because it fails to state a claim on which relief can be granted.

Respectfully submitted,

/s/ James M. Humphrey
| | |
|---|---|
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry                              MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake

## CERTIFICATE OF SERVICE

  I hereby certify that on October 10, 2014, a true and correct copy of the foregoing was served by the Court's ECF system to:

  Helen Wong
  Teresa N. Kosmidis
  Leah Frazier
  Federal Trade Commission
  600 Pennsylvania Ave., N.W.
  Mail Stop CC-10232
  Washington DC  20580
  202-326-3779 (Wong)
  202-326-3216 (Kosmidis)
  202-326-2187 (Frazier)
  hwong@ftc.gov
  tkosmidis@ftc.gov
  lfrazier@ftc.gov

  Charles M. Thomas
  Assistant United States Attorney
  Charles Evans Whittaker Courthouse
  400 East Ninth Street, Room 5510
  Kansas City, MO  64106
  816-426-3130
  charles.thomas@usdoj.gov

  Attorneys for Plaintiff

  Bryant T. Lamer
  Kersten L. Holzhueter
  Andrea M. Chase
  Katie Jo Wheeler
  Spencer Fane Britt & Browne LLP
  1000 Walnut Street, Suite 1400
  Kansas City MO  64106
  816-474-8100
  blamer@spencerfane.com
  kholzheuter@spencerfane.com
  achase@spencerfane.com
  kwheeler@spencerfane.com

  Attorneys for Receiver Eric L. Johnson

         /s/ James M. Humphrey
         Attorney for Defendants