IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-815-W-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

### APPLICATION OF KENNYHERTZ PERRY, LLC FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED PRIOR TO RECEIVERSHIP

Kennyhertz Perry, LLC ("Kennyhertz Perry"), co-counsel for BF Labs, Inc. ("Butterfly Labs") in the above-captioned case requests this court for the allowance of compensation for $16,650.00 for professional services rendered prior to the receivership (the "Application"), specifically for the period of August 1, 2014 to September 18, 2014[1] (the "Compensation Period") and respectfully represents:

### Background

1. Kennyhertz Perry, LLC was initially retained in October 2013 regarding a Johnson County District Attorney Office of Consumer Protection investigation into Butterfly Labs ("DA Investigation").

2. On September 18, 2014, this Court entered an Ex Parte Order, which imposed a temporary restraining order, appointed Temporary Receiver, and froze the assets of Butterfly Labs. Doc. # 9. On September 29, 2014, the Court extended the temporary restraining order

---

[1] The pertinent Kennyhertz Perry redacted billing statements will be provided to this Court for *in camera* inspection upon judicial request.

until October 3, 2014, at 9:00 a.m. Doc. # 47. On October 2, 2014, the Court entered a Stipulated Interim Order that reappointed Temporary Receiver and maintained the freeze on the assets of Butterfly Labs.

3. The Stipulated Interim Order empowered Temporary Receiver to manage all assets of Butterfly Labs and to manage and administer the business of Butterfly Labs.

4. Prior to the Receivership, Butterfly Labs regularly compensated Kennyhertz Perry for their legal services based on monthly statements rendered for work performed and expenses during the previous month. Payments were due promptly upon receipt of our statement, and Butterfly Labs generally complied with those terms.

5. Kennyhertz Perry is not requesting payment for services rendered following the Receivership at this time, only for legal services rendered during the Compensation Period.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

6. Kennyhertz Perry seeks allowance of compensation for professional services performed prior to the Receivership, specifically from August 1, 2014 to September 18, 2014 for $16,650. During the Compensation Period, Kennhyhertz Perry professionals expended 55.5 hours for the necessary services performed.

7. The fees charged by Kennyhertz Perry are billed under Kennyhertz Perry's billing rates and procedures approved by Butterfly Labs. The rates Kennyhertz Perry charges for the services rendered by its professionals are consistent with, and typical of, arrangements entered into by Kennyhertz Perry and other law firms render comparable services.

8. There is no agreement or understanding between Kennyhertz Perry and any other person or firm for sharing compensation to be received for services rendered under this motion.

**Summary of Services Rendered During the Compensation Period**

9. The following is a summary of the significant professional services rendered by Kennyhertz Perry for the DA Investigation during the Compensation Period:

10. As lead counsel for Butterfly Labs in the DA Investigation, Kennyhertz Perry has been instrumental from the inception of the investigation in all aspects. Kennyhertz Perry has had numerous communications and significant document requests as one may expect in a full-scale government investigation. The document requests have been significant and complicated, requiring a number of communications and supplements.

11. Specifically during the Compensation Period, Kennyhertz Perry and the Johnson County District Attorney staff were engaged in significant discussions regarding the matter, and the management team of the company and Johnson County District Attorney staff, including the District Attorney himself, had numerous correspondence and meetings.

12. Aside from being involved in correspondence and document requests, Kennyhertz Perry has been planning for trial and/or other potential contingencies.

13. In summary, at each step of the DA Investigation, Kennyhertz Perry has been centrally and critically involved in Butterfly Labs' regulatory and litigation strategy.

14. The professional services performed by Kennyhertz Perry were necessary and appropriate to the DA Investigation. The professional services performed by Kennyhertz Perry were in the best interests of Butterfly Labs. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.

15. Furthermore, Kennyhertz Perry is a relatively small and specialized law firm that relies on regular client payments for its payroll and expenses.

16. Courts have consistently recognized that the decision to permit attorneys' fees to be paid from receivership assets in an asset-freeze is well within the court's discretion. *FTC v. QT, Inc.*,

467 F. Supp. 2d 863, 866 (N.D. Ill. 2006). Not only is it reasonable, it is also necessary to enable defendants to obtain and retain representation in order to defend against the current charges. *See id*.

## Conclusion

Kennyhertz Perry respectfully requests the Court enter an order authorizing (i) an allowance of compensation for professional services rendered during the requested time period for $16,650.00, representing 100% of fees incurred during the Compensation Period; (ii) that the allowance of such compensation for professional services rendered incurred be without prejudice to Kennyhertz Perry's right to seek additional compensation for services performed and expenses incurred after the Compensation Period for the DA Investigation and for the above-captioned case; and (ii) such other and further relief as is just.

Dated: October 22, 2014

                      Respectfully submitted,

                      /s/ Braden M. Perry
                      Braden M. Perry              MO # 53865
                      KENNYHERTZ PERRY, LLC
                      420 Nichols Road, Suite 207
                      Kansas City, MO 64112
                      Direct: 816-527-9445
                      Fax: 855-844-2914
                      braden@kennyhertzperry.com

                      Attorneys for Defendant BF Labs Inc., Darla Drake, and Sonny Vleisides

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Helen Wong
Teresa N. Kosmidis
Leah Frazier
Federal Trade Commission
600 Pennsylvania Ave.,
N.W. Mail Stop CC-10232
Washington DC 20580
hwong@ftc.gov
tkosmidis@ftc.gov
lfrazier@ftc.gov

Charles M. Thomas
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
charles.thomas@usdoj.gov

Attorneys for Plaintiff

Bryant T. Lamer
Kersten L. Holzhueter
Andrea M. Chase
Katie Jo Wheeler
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City MO 64106
blamer@spencerfane.com
kholzheuter@spencerfane.com
achase@spencerfane.com
kwheeler@spencerfane.com

Attorneys for Receiver Eric L. Johnson

    /s/ Braden M. Perry
    Attorney for Defendants