IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00815-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court is aware of the growing lack of civility and professionalism among the parties in this case and, therefore, puts the parties on notice of several options available to it if such conduct continues. Through its inherent power to maintain respect and decorum, the Court is granted the flexibility to equitably tailor a sanction that appropriately fits any misconduct. See Plaintiffs' Baycol Steering Comm. v. Bayer Corp., 419 F.3d 794, 802 (8th Cir. 2005) (recognizing inherent power to sanction after notice and opportunity to be heard). Available sanctions include a lecture from the Court, a monetary penalty, a recommendation by the Court to the appropriate bar association that the attorney be subject to disciplinary action, or a public reprimand directly by the Court and made available on the Court's website.[1] See, e.g., Local Rule 83.6 (discussing attorney discipline). More extreme sanctions include disbarment or contempt findings.

The Court recognizes that this is a contentious and vigorously disputed lawsuit. But the Court expects the parties to treat each other, the Temporary Receiver (which is appointed by, and serves as, an officer of the Court), and the Court with professionalism and respect. Name

---

[1] The public reprimand may include information such as the attorney's name, details of the misconduct, and the Court's disapproval.

1

calling, veiled suggestions, ad hominem attacks, and unfounded accusations directed at opposing counsel, the Temporary Receiver, or the Court will not be tolerated and potentially subjects a party to the above sanctions.

The parties, the Temporary Receiver, and the Court have a lot of work to accomplish in a little amount of time. The Court will not allow harassing and unbecoming conduct to distract from the orderly administration of this lawsuit. If it continues to observe inappropriate behavior, the Court will not hesitate to schedule a show cause hearing to address the offending conduct.

IT IS SO ORDERED.

Dated: October 27, 2014 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT