IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| **BF LABS INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY SUGGESTIONS IN SUPPORT OF APPLICATION OF KENNYHERTZ PERRY, LLC FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED PRIOR TO RECEIVERSHIP**

Plaintiff Federal Trade Commission takes no issue with the reasonableness of Kennyhertz Perry's requested fees and expenses. The FTC also does not object to Kennyhertz Perry "ultimately being compensated for the legal services it has provided Defendants." (Doc. # 111). The FTC's only basis for objection is that compensating Kennyhertz Perry now would utilize frozen assets. But allowing the FTC's position to prevail would give it the unbridled authority to secure, *ex parte* no less, an asset freeze that would deprive the defendants of their ability to secure legal representation.

Remarkably even today, the FTC boldly informs this Court that Butterfly Labs has "deceived[,] "defrauded[,]" and "victimized" consumers. (Doc. # 111, at pp. 1, 3). Denying Kennyhertz Perry's fee application just because the FTC tells the Court this is so would set a dangerous precedent. *See, e.g., Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987) (Court finding that it "cannot assume the wrongdoing before judgment."); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) ("under the Due Process Clause, a [defendant] may not be punished prior to an adjudication of guilt"). Arguments made by the FTC, even when

camouflaged with words like "equitable," fly in the face of due process. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) ("under the Due Process Clause, a [defendant] may not be punished prior to an adjudication of guilt").

It would contravene the Court-approved Temporary Receiver's interim budget, which involves further operations and manufacturing efforts. Rather than support the FTC's allegations, the budget required the Temporary Receiver to determine in good faith that Butterfly Labs could be "lawfully operated." (*See* Doc. # 54 at p. 15, Section X.N.). Regardless, Defendants should be provided an opportunity to be heard on the merits before being deprived of access to legal counsel. *See Dixon*, 835 F.2d at 865.

In presently seeking only fees and expenses incurred before this action was instituted, Kennyhertz Perry is attempting to take a reasonable approach to compensation and continued legal representation. Kennyhertz Perry could have sought the entire fees and expenses due and owing, and under legal precedent would have been warranted in doing so. *See, e.g., FTC v. QT, Inc.*, 467 F. Supp. 2d 863, 866 (N.D. Ill. 2006) (Courts have consistently recognized that the decision to permit attorneys' fees to be paid from receivership assets in an asset-freeze is well within the court's discretion); *FTC v. World Travel Vacation Brokers, Inc.,* 861 F.2d 1020, 1022 (7th Cir.1988) (the Court modified the temporary restraining order before the preliminary injunction hearing to allow $125,000 of frozen assets to pay for attorneys' fees and $50,000 for litigation expenses). It has not done so.

As stated in *Dixon*, "[t]he basis of our adversary system is threatened when one party gains control of the other party's defense as appears to have happened here." 835 F.2d at 865.

Respectfully submitted,

/s/ Braden M. Perry
Braden M. Perry                    MO # 53865
KENNYHERTZ PERRY, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendant BF Labs Inc., Darla Drake, and Sonny Vleisides

3

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 27, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

  Helen Wong
  Teresa N. Kosmidis
  Leah Frazier
  Federal Trade Commission
  600 Pennsylvania Ave., N.W.
  Mail Stop CC-10232
  Washington DC  20580
  hwong@ftc.gov
  tkosmidis@ftc.gov
  lfrazier@ftc.gov

  Charles M. Thomas
  Assistant United States Attorney
  Charles Evans Whittaker Courthouse
  400 East Ninth Street, Room 5510
  Kansas City, MO  64106
  charles.thomas@usdoj.gov

  Attorneys for Plaintiff

  Bryant T. Lamer
  Kersten L. Holzhueter
  Andrea M. Chase
  Katie Jo Wheeler
  Spencer Fane Britt & Browne LLP
  1000 Walnut Street, Suite 1400
  Kansas City MO  64106
  blamer@spencerfane.com
  kholzheuter@spencerfane.com
  achase@spencerfane.com
  kwheeler@spencerfane.com

  Attorneys for Receiver Eric L. Johnson

James D. Griffin
Lisa M. Bolliger
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
Tel: (816) 268-9400
Fax: (816) 268-9409
jgriffin@sakg.com
lbolliger@sakg.com

Attorneys for Defendant Nasser Ghoseiri


  /s/ Braden M. Perry
Attorney for Defendants