UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BF LABS, INC., *et al.*<br><br>    Defendants. | CASE NO. 4:14-cv-00815-BCW |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO APPLICATION OF KENNYHERTZ PERRY FOR ATTORNEY'S FEES**

Plaintiff, the Federal Trade Commission ("FTC") hereby opposes the Application of Kennyhertz Perry, LLC for the Allowance of Compensation for Professional Services Rendered Prior to Receivership ("Fee Application"). (Dkt. No. 107.) The FTC takes no position on the reasonableness of the requested fees. Nor does the FTC object to Kennyhertz Perry ultimately being compensated for the legal services it has provided Defendants. The FTC does object, however, to the use of Defendants' frozen assets to pay those fees. Thousands of consumers have been deceived by Defendants' profitability and delivery misrepresentations relating to their Bitcoin mining machines. Given the importance of preserving assets for refunds to those defrauded consumers, the Fee Application should be denied.

No defendant in a civil case — corporate or individual — has a legal right to the release of assets for the payment of legal expenses. *SEC v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993); *SEC v. Cherif*, 933 F.2d 403, 416-17 (7th Cir. 1991), *cert. denied*, 502 U.S. 1071 (1992); *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347-48 (9th Cir. 1989). In fact, the *Cherif* Court noted that "[a] criminal defendant has 'no Sixth Amendment right to spend another person's money for

1

services rendered by an attorney.' It would be anomalous to hold that a civil litigant has any superior right to counsel than one who stands accused of a crime." *Cherif*, 933 F.2d at 417 (citation omitted).

Instead, as Defendants acknowledge, it is entirely within the equitable discretion of this Court to deny a motion for release of funds for the payment of attorneys' fees. *FTC v. QT, Inc.*, 467 F. Supp. 2d 863, 866 (N.D. Ill. 2006). Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes courts to exercise the full breadth of their equitable powers, including ordering rescission of contracts, restitution, and disgorgement of ill-gotten gains. *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314 (8th Cir. 1991). Where a district court has determined that there is a likelihood that the FTC will prevail in a final determination of the merits and thus restitution would be an appropriate remedy at the conclusion of the proceedings, the court has "a duty to ensure that the assets of the corporate defendants [are] available to make restitution to the injured customers." *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1031 (7th Cir. 1988). Further, in situations where funds are only a fraction of what is needed to satisfy the claims of defrauded consumers, use of a portion of those funds to pay attorneys' fees is not justifiable. *See CFTC v. Noble Metals International, Inc.*, 67 F.3d 766, 774-75 (9th Cir. 1995), *cert. denied sub nom. Schulze v. CFTC*, 519 U.S. 815 (1996) (denying request for attorneys' fees when "the frozen assets [fall] short of the amount needed to compensate [the defendants'] customers"); *CFTC v. Morse*, 762 F.2d 60, 63 (8th Cir. 1985) (holding that district court did not abuse its discretion in denying request to pay attorneys' fees out of receivership estate that contained "only $42,000 . . . to satisfy $1,200,000 worth of claims of disappointed investors"); *FTC v. Equifin International, Inc.*, 1997 U.S. Dist. LEXIS 10288 at *34 (C.D. Cal. July 3, 1997) (denying request for attorneys' fees where court was "not satisfied

2

Case 4:14-cv-00815-BCW   Document 116   Filed 10/28/14   Page 2 of 5

that there would remain sufficient funds for restitution to allegedly defrauded consumers"); *FTC v. Jordan Ashley, Inc.*, 1994 U.S. Dist. LEXIS 7577 at *12 (S.D. Fla. May 4, 1994) ("To authorize release of assets from that fund to pay Defendants' attorneys' fees might deprive Defendants' victims of the full measure of compensation for their injuries").



Should the FTC prevail, the amount of refunds could exceed ▬▬▬▬▬▬ $50 million.[2] ▬▬▬▬▬▬ Of that amount, ▬▬▬▬▬▬ has already been earmarked to pay interim operating costs.[4] Allowing additional releases of frozen funds to pay attorney's fees only reduces the already modest refunds that Defendants' consumer victims could expect to receive. Equity demands that these scarce funds be used for the victimized consumers, not lawyers.

As a result of the Defendants' deceptive business practices, many consumers were defrauded and sustained monetary injury. These innocent consumers have a much stronger claim to redress funds than do Defendants' counsel. Preserving the remaining frozen funds is squarely within the mandate of Section 13(b) of the FTC Act that the Court impose the necessary equitable relief "to accomplish complete justice." *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982) ("Congress, when it gave the district court authority to grant a permanent

---

[1] ▬▬▬▬▬▬

[2] Mem. Supp. Pl. Mot. TRO, Ex. 1 ¶ 74.



[4] Order Granting Motion To Approve Interim Budget, Essential Employees, And Critical Operations (Dkt. No. 106) at 2.

3

injunction against violations of any provisions of law enforced by the Commission, also gave the district court authority to grant any ancillary relief necessary to accomplish complete justice because it did not limit that traditional equitable power explicitly or by necessary and inescapable inference").

Accordingly, for the reasons set forth herein, the FTC respectfully requests that the Court deny the Kennyhertz Perry Fee Application.

Dated: October 27, 2014                     Respectfully submitted,

JONATHAN E. NUECHERTERLEIN
General Counsel

 /s/ Gregory A. Ashe
Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Gregory A. Ashe, VA Bar #39131
Federal Trade Commission
600 Pennsylvania Ave., N.W., CC-10232
Washington, D.C. 20580
Telephone: 202-326-3779 (Wong)
Telephone: 202-326-3216 (Kosmidis)
Telephone: 202-326-2187 (Frazier)
Telephone: 202-326-3719 (Ashe)
Facsimile: 202-326-3768
Email: hwong@ftc.gov, tkosmidis@ftc.gov,
lfrazier@ftc.gov, gashe@ftc.gov

TAMMY DICKINSON
United States Attorney

 /s/ Charles M. Thomas
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
Telephone: (816) 426-3130
Facsimile:  (816) 426-3165
E-mail:  charles.thomas@usdoj.gov

4

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 27, 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Gregory A. Ashe*
Attorney for Plaintiff Federal Trade Commission