# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

FEDERAL TRADE COMMISSION )
)
      Plaintiff, )
)
v. ) Case No. 14-CV-815-W-BCW
)
BF LABS INC., et al., )
)
      Defendants. )

## DECLARATION OF EMILIE BURDETTE

1. I, Emilie Burdette, am over 18 years of age and am competent to testify on the matters set forth.

2. I am an Assistant District Attorney in the District Attorney's Office for Johnson County, Kansas. I work in the Consumer Protection Division which is located within the Economic Crimes Unit ("Consumer Protection Division").

3. The Consumer Protection Division educates consumers and addresses complaints filed by consumers.

4. The Consumer Protection, through strong enforcement of the Kansas Consumer Protections Act ("KCPA"), identifies, investigates, and prosecutes deceptive and unconscionable acts committed by suppliers as defined by the KCPA.

5. On August 22, 2013, the Consumer Protection Division opened an investigation into BF Labs, Inc. ("Butterfly Labs") based on consumer complaints and due to Butterfly Labs' business location within Johnson County, Kansas.

6. On September 16, 2013, the Consumer Protection Division issued a Subpoena Duces Tecum to Butterfly Labs, requesting documents including:

- Information related to the company, including the business entity information;

- a list of injunctions, cease and desist orders, civil lawsuits or criminal charges involving the Butterfly Labs or any of its officers and/or directors;

- copies of records identifying when and where Butterfly Labs began accepting orders for products at each of its locations, either by mail, telephone or on-line, by: The date each location began accepting orders; The date each location ceased to accept orders;

- copies of records identifying all orders for products taken by Butterfly Labs, by any means, from January 1, 2012 to present, indicating the following for each order:
    - The date the order was placed;
    - Customer name, address and telephone number;
    - Product(s) ordered;
    - Price charged or product(s) ordered;
    - Amount paid for product(s) ordered;
    - Method of payment for product(s) ordered;
    - Delivery/shipment date the product(s) were/are promised for;
    - Date the product(s) were shipped/delivered;
    - If not shipped/delivered, the anticipated shipment/delivery date;
    - Date of any refund request;
    - Date and amount of refund;
    - Method of refund.

- website/on-line postings by Butterfly Labs with regards to the delays in shipment/delivery of orders since January 1, 2012;

- records identifying the method Butterfly Labs uses to track the order fulfillment priority of products to be delivered/shipped by;

- records, waiting list or order queue of orders to be shipped;

- policy or standard Butterfly Labs utilizes in determining the customer position or priority on the waiting list/order queue;

- copies of financial records (balance sheets) from January 1, 2012 to present indicating the assets and liabilities of Butterfly Labs;

- records indicating the salaries, including any bonuses, for all officers and directors of Butterfly Labs from January 1, 2012 to present;

- advertising materials distributed or caused to be distributed by Butterfly Labs from January 1, 2012 to present;

- records identifying all individual(s), company(s), vendor(s) or any other entity who has supplied materials and/or services to Butterfly Labs for the manufacturing of products sold by the Business.

7. Butterfly Labs provided the Consumer Protection Division responses to these requests.

8. Braden Perry, of Kennyhertz Perry, LLC and attorney for Butterfly Labs met with me and Jerry Howland, an investigator in the Consumer Protection Division in October 2013 to review the production, answer questions, and explain certain aspects of the company.

9. At that meeting, Mr. Perry offered a meeting with the management team and/or a tour of the Butterfly Labs offices to any individual in the Consumer Protection Division or to the District Attorney.

10. In mid-December, 2013, the Consumer Protection Division requested additional information of Butterfly Labs, including information on the 100% fulfillment dates of the Minirigs, Singles, Little Singles, and Jalapeños, including delivery specifications and pre-order accounting.

11. Butterfly Labs provided the Consumer Protection Division a response to this request.

12. In late March, 2014, the Consumer Protection Division requested updated financials.

13. Butterfly Labs provided the Consumer Protection Division a response to this request.

14. In early May, 2014, the Consumer Protection Division requested information regarding the Butterfly Labs refund policy.

15. Butterfly Labs provided the Consumer Protection Division a response to this

request.

16. In mid-July, 2014, Mr. Perry met with Mr. Howland and myself to discuss the findings of the Division's investigation. At that meeting, the District Attorney's litigation posture as well as the possibility for a negotiated settlement pursuant to the KCPA were also discussed. At that meeting, Mr. Perry reiterated Butterfly Labs' invitation for a meeting with the Butterfly Labs' management team and/or a tour of the Butterfly Labs offices to any individual in the District Attorney's Office.

17. On July 28, 2014, Mr. Perry sent the Consumer Protection Division information regarding an amended pre-order and refund policy, which included the elimination of all pre-orders from the Butterfly Labs' business model and refund options for all customers waiting in queue for their product(s).

18. On September 4, 2014, and based on a request made by Butterfly Labs, Butterfly Labs employees Sonny Vleisidies, Bruce Bourne, Jurie Petriese, and Jeff Ownby met with me, Mr. Howland, Vanessa Riebli, section chief of the economic crimes unit, and Steve Howe, District Attorney of Johnson County, KS regarding the Butterfly Labs products and business model.

19. Under the Kansas Consumer Protection Act, specifically KSA 50-632, the District Attorney has the authority to request a district court to issue a temporary restraining order, appoint a receiver and/or order sequestration of property. To date, the District Attorney has not made any such requests.

20. The Consumer Protection Division and Butterfly Labs were engaged in productive settlement discussions prior to September 19, 2014.

21. To the best of my knowledge, the Federal Trade Commission knew of our

investigation into Butterfly Labs. Mr. Howland contacted the Federal Trade Commission on September 5, 2013 to inquire about any on-going investigations into Butterfly Labs. He was advised there were none and so our office engaged in a full investigation into the business model of Butterfly Labs. On July 23, 2014, the Consumer Protection Division learned of the Federal Trade Commission's investigation through conversation with representatives from that office. At no time has the Federal Trade Commission formally requested any documents or information from the Consumer Protection Division regarding its investigation. If requested, the District Attorney's Office would have shared information to the extent allowable by law.

22. I declare, under penalty of perjury, that the foregoing is true and correct. Executed on November 10, 2014

*[signature]*
Emilie Burdette, KS#22094
Assistant District Attorney
Johnson County District Attorney's Office
Consumer Protection Division

SUBSCRIBED AND SWORN TO BEFORE ME this 10th day of November, 2014.

*[signature]*
Notary Public:

MEGAN SACHSE
Notary Public - State of Kansas
My Appt. Expires 2/4/16

My Appointment Expires: 2/4/16