IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| **BF LABS INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA DRAKE'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO PRESENT LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING

The Court should deny Plaintiff Federal Trade Commission's request to present its two proposed witnesses, Anthony Fast and Arvind Narayanan, Ph. D, at the preliminary injunction hearing on November 24, 2014. Neither witness is helpful in determining whether a preliminary injunction should issue. Preliminary injunctive relief is "precluded" where wrongs are not ongoing or are unlikely to recur. *See FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087-88 (9th Cir. 1985)(finding as a general rule that past wrongs are not enough for the grant of an injunction). "The FTC may only seek a temporary restraining order or a preliminary injunction when it believes a person 'is violating, or is about to violate' any law enforced by the FTC; the statute does not mention past violations. 15 U.S.C. § 53(b)(1)." *Id.* at 1087. Legislative history also indicates that Congress only contemplated ongoing or future violations that required the "quick handling" that an injunction could provide. *See, e.g.*, S.Rep. No. 151, 93rd Cong., 1st Sess. 30 (1973).

Here, the alleged facts on which the FTC relies are either inaccurate or materially incomplete.[1] The record is devoid of evidence that any practices that the FTC complains about continue and are likely to do so. On the basis of that evidentiary void alone, further injunctive measures are precluded as a matter of law. *See Evans Prods. Co.*, 775 F.2d at 1087-88. But for purposes of the preliminary injunction hearing, neither proposed witness touches on the "proper showing" sufficient to justify the extraordinary remedy of a preliminary injunction.

A. **A Disgruntled Former Employee Who Worked At BF Labs Sixteen Months Ago Does Not Assist The Court In Determining Whether BF Labs Is Currently Or Is About To Violate Any Laws.**

As the FTC represented in its Motion to Present Live Testimony, Anthony Fast worked at BF Labs sixteen months ago, leaving the Company in July 2013. While at BF Labs, he started out as a customer service representative who later moved into a marketing position for a short time and was a non-decision maker. Clearly, Mr. Fast cannot offer testimony as to BF Labs' recent and current business practices. Any proposed testimony from Mr. Fast sheds *zero* light on "Butterfly Labs' marketing strategy and advertisements, its refund policy, production practices and schedule, and its bitcoin mining operations," as the FTC claims (Doc. No. 144). Mr. Fast clearly does not have the ability to testify as to BF Labs' business plan or even its current practices. If the FTC sought a preliminary injunction sixteen months ago, then maybe Fast could perhaps offer some potentially relevant evidence (although it would not be credible).

Second, simply put, Mr. Fast is a disgruntled ex-employee with an obvious vendetta against the Company (the same vendetta he has had against other companies where he was employed for short periods of time). To shed some light on the Fast's hate for BF Labs, after the Court entered the *Ex Parte* Order, Fast sent BF Labs' Large Account Manager David McClain a

---

[1] *See* Defendants' Submission of Additional Facts (Doc. No. 155).

message on September 23, 2014 excited that BF Labs was "raided by the Feds." *See* LinkedIn message from Fast to McClain dated September 23, 2014, attached as Exhibit A. Mr. Fast also posted numerous articles on the FTC's action on Facebook after the Ex Parte Order. *See* Exhibit B ("And boom went the dynamite...).

As another reason to exclude the testimony from Fast, the FTC has stated that Mr. Fast now works as a "bitcoin consultant." But in fact, it appears that the only bitcoin-related experience that Fast possessed must be based on his short time at BF Labs sixteen months ago. Defendants' respectfully submit Fast is merely testifying to make a name for himself as a bitcoin "expert" who testified on the FTC's behalf.

Last, Fast has a history of leaving jobs, claiming that his old employer "lied to" him. After working for Google for a short period of time, Fast posted on Facebook:

> let me just say that working for Google is not all it's cracked up to be and they count on the cache of their name to get you in the door. I was lied to from the beginning and it went downhill from there…but such is my life and big business. I'm sure they'll find another cow to throw into the slaughter pen without an issue now that I'm gone… We, the working people, have been bamboozled since the beginning of time, through the fights for unions in the early 1900s…and then when the recession hit in 2008 they realized they could work us to death with no recourse or retaliation…

*See* Fast's Facebook post, attached as Exhibit C.

Fast not only has lashed out at BF Labs as a "scam company" but claims other companies such as Google lie as well. Fast is far from credible, has a vendetta against BF Labs, and cannot add anything of substance to whether the Court should order a preliminary injunction.

**B.     The FTC Has Failed To Produce An Expert Report Or Even Make Dr. Narayanan Available For A Deposition, Forcing The Defendants To Guess As To What He May Say At The Preliminary Injunction Hearing And Because Of The Asset Freeze, The Defendants Are Unable To Secure Their Own Expert For Use At The Hearing.**

A purported expert on the impact of delays in delivery of mining hardware is also not helpful to the Court. The FTC states that Dr. Narayanan's testimony "could shed further light on

3

the effects of delays in delivery of mining hardware on its value and efficacy, including the hardware at issue in this case." But the FTC has also not followed any expert witness obligations set forth in Federal Rules of Civil Procedure Rule 26. Furthermore, when the FTC was asked by the Defendants when they would receive an expert report, the FTC said:

> Thank you for your email. Although Dr. Narayanan has agreed to provide services to us, we have not yet completed administrative and contracting paperwork. As a result, we are not in a position to make him available for a deposition or to require that he produce a report. If we are able to finalize the process in time so that we can retain him for the hearing, we will let you know.

*See* Helen Wong email to Jim Humphrey, attached as Exhibit D.

Second, Dr. Narayanan has no way to support the number of bitcoins that may be mined by consumers because of network difficulty and volatility issues addressed in Defendants' Submission of Additional Factual Evidence, Including Declarations. *See* Doc. No. 155, exhibits F and H. Because of the bitcoin market, his opinions would naturally be speculative and based on unfounded assumptions. A fundamental prerequisite to Rule 702 admissibility is that an expert is qualified to offer the opinion at issue. The Court does not have the opportunity to make that determination.

If Dr. Narayanan is precluded from testifying at the preliminary injunction hearing (someone they did not disclose nor were able to procure the services for when the original preliminary injunction hearing was scheduled), the Court should also strike any declaration he may attempt to submit. Defendants do not currently have the ability to hire experts, not only to inform the Court on market volatility of the bitcoin market but to counter anything that Dr. Narayanan might decide he wants to say on the day of the preliminary injunction hearing.

For these reasons, the Court should deny the Plaintiff Federal Trade Commission's request to present its two witnesses, Anthony Fast and Arvind Narayanan, Ph.D., at the preliminary injunction hearing.

4

Respectfully submitted,

/s/ James M. Humphrey
| | |
|---|---|
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry    MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake

5

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2014, a true and correct copy of the foregoing, along with its exhibits, was served by the Court's ECF system on the following:

| | |
|---|---|
| Helen Wong | Bryant T. Lamer |
| Teresa N. Kosmidis | Kersten L. Holzhueter |
| Leah Frazier | Andrea M. Chase |
| Gregory Ashe | Katie Jo Wheeler |
| Federal Trade Commission | Lucinda H. Luetkemeyer |
| 600 Pennsylvania Ave., N.W. | Spencer Fane Britt & Browne LLP |
| Mail Stop CC-10232 | 1000 Walnut Street, Suite 1400 |
| Washington DC  20580 | Kansas City MO  64106 |
| 202-326-3779 (Wong) | 816-474-8100 |
| 202-326-3216 (Kosmidis) | blamer@spencerfane.com |
| 202-326-2187 (Frazier) | kholzheuter@spencerfane.com |
| hwong@ftc.gov | achase@spencerfane.com |
| tkosmidis@ftc.gov | kwheeler@spencerfane.com |
| lfrazier@ftc.gov | lluetkemeyer@spencerfane.com |
| gashe@ftc.gov | |
| | Attorneys for Temporary Receiver |
| | Eric L. Johnson |
| | |
| Charles M. Thomas | James D. Griffin |
| Assistant United States Attorney | MO # 33370 |
| Charles Evans Whittaker | Lisa M. Bolliger |
| Courthouse | MO # 65496 |
| 400 East Ninth Street, Room 5510 | Scharnhorst Ast Kennard Griffin, PC |
| Kansas City, MO  64106 | 1100 Walnut, Suite 1950 |
| 816-426-3130 | Kansas City, Missouri 64106 |
| charles.thomas@usdoj.gov | Tel: (816) 268-9400 |
| | Fax: (816) 268-9409 |
| Attorneys for Plaintiff | jgriffin@sakg.com |
| | lbolliger@sakg.com |
| | |
| | Attorneys for Defendant Nasser Ghoseiri |

          /s/ James M. Humphrey
          Attorney for Defendants BF Labs Inc.,
          Sonny Vleisides, and Darla Drake