UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BF LABS, INC., *et al.*<br><br>    Defendants. | CASE NO. 4:14-cv-00815-BCW |

**REPLY SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION TO PRESENT LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING**

Defendants provide no reason to preclude the live testimony of the two witnesses proposed by the FTC. Defendants' assertion that testimony should be limited only to the likelihood of future law violations ignores that the Court must determine whether the FTC likely will succeed on the merits, i.e., whether Defendants' past practices violated the law. *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir. 1989). Regardless, the FTC has demonstrated that Defendants' illegal conduct continued up until the day that the FTC executed the Temporary Restraining Order and would likely recur in the future. Plaintiff's Reply Suggestions In Support of Preliminary Injunction, at 8-11 [DE # 109] (refusing refunds, mining using customer equipment). Further, contrary to Defendants' assertion, past conduct is highly suggestive of the likelihood of future law violations. *Five-Star Auto Club*, 97 F. Supp. 2d 502, 536 (S.D.N.Y. 2000); *see also, e.g., SEC v. R.J. Allen & Assocs., Inc.*, 386 F. Supp. 866, 877 (S.D. Fla. 1974) (past misconduct suggests likelihood of future violation."). *See also FTC v. U.S. Oil & Gas*, No. 83- 1702-CIV-WMH, 1987 U.S. Dist. LEXIS 16137, at *51 (S.D. Fla. July 10, 1987). The testimony of Anthony Fast and Dr. Narayanan therefore will shed light on the

issues before the Court, and as explained below, Defendants' attempts to exclude their testimony lack merit and support in the law.

## I. DEFENDANTS' ATTACKS ON ANTHONY FAST'S CREDIBILITY HAVE NO BEARING ON WHETHER THE COURT SHOULD HEAR HIS TESTIMONY

In seeking to prevent Mr. Fast from testifying, Defendants overlook the basic premise that a witness's credibility goes to the weight of the testimony and not to its admissibility. *Morelos v. United States*, 709 F.3d 1246, 1250 n.2 (8th Cir. 2013) ("any bias . . . would have gone to the weight to be given to the testimony, not its admissibility."); *United States v. Bear Killer*, 534 F.2d 1253, 1261 (8th Cir. 1976) (same). Furthermore, Defendants' attempts to discredit Mr. Fast are baseless. Whether he gained his knowledge of Bitcoin during his time at Butterfly Labs is irrelevant, since if permitted, he would testify about the practices he observed while he worked at the company. Also, far from demonstrating a pattern of leaving jobs and complaining about employers, Defendants have cited to a lone instance in which Mr. Fast expressed displeasure with another former employer. Defendants also fail to provide any reason why Mr. Fast would have a vendetta against Butterfly Labs, aside from his honest belief that the company was operating in an improper manner. Indeed, Mr. Fast received a positive reference from Jeff Ownby on July 25, 2013. *See* https://www.linkedin.com/pub/anthony-fast/3b/44/19 ("Anthony is a driven communications and social media expert. He is extremely passionate about his work and it rubs off on those he works with. In the short time he was with us, he helped improve our internal communications vastly. Anthony was never afraid to put in extra hours when needed, and he strove for excellence in everything he did."). The FTC should be provided the opportunity to present Mr. Fast's testimony to counter the numerous self-serving affidavits that Butterfly Labs submitted from its corporate officers, who would all stand to benefit should the Court decline to issue a preliminary injunction.

**II.     DR. NARAYANAN SHOULD BE PERMITTED TO TESTIFY**

The FTC is making its best efforts to provide Defendants with adequate notice of Dr. Narayanan's testimony.  As represented during the November 14 hearing on e-discovery protocols and privilege review, the FTC will submit a declaration or report from Dr. Narayanan, and plans to do so by the November 19 deadline to submit supplemental evidence set forth in the Stipulated Interim Order.  The FTC did not officially retain Dr. Narayanan until the evening of Friday, November 14, and prior to that point, had not been able to work with him, let alone make him available for a deposition or require him to draft a declaration or report.  Furthermore, the FTC notes that the preliminary injunction hearing is not a full trial on the merits, and that no discovery pursuant to the Federal Rules of Civil Procedure has occurred.  If all discovery rules applied at this stage, the FTC should have been able to depose each and every person for whom Defendants submitted a declaration, including Butterfly Labs officers who provided opinion testimony on the operation of the bitcoin network and bitcoin mining.  Defendants' Submission Of Additional Factual Evidence ("Def. Supp. Ev.") [DE # 155], Exh. D, ¶¶ 18-19; Exh. K.  No reason exists as to why formal discovery rules should apply here but not in the rest of the matter.

Defendants' challenges to Dr. Narayanan's qualifications are unfounded.  First, the Federal Rules of Evidence are relaxed at the preliminary injunction phase.  *Herb Reed Enters. v. Fla. Entertainment Mgmt.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013) ("In assessing the evidence . . . we reject [the] assertion that the district court may rely only on admissible evidence to support its finding of irreparable harm.  Not so.  Due to the urgency of obtaining a preliminary inunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings.").  Even if they applied, Dr. Narayanan's testimony would still be admissible.  Determining what a Bitcoin mining machine would have

3

yielded if delivered on time versus what it yielded when delivered does not require speculation. As demonstrated by Defendants themselves, data exists on the price of Bitcoin and the network difficulty level and hash rate at any given time. *See, e.g.*, Def. Supp. Ev., Exhs. F & H (data on operation of Bitcoin network submitted by Defendants). Further, Dr. Narayanan should be permitted to present testimony for any forward-looking calculations as well, despite shifting network difficulty and volatility, given that the factual underpinnings of an expert's opinion go to weight, rather than admissibility. *Structural Polymer Group, Ltd. v. Zoltek Corp.*, 543 F.3d 987, 998 (8th Cir. 2008) ("As a rule, questions regarding the factual underpinnings of the expert's opinion affect the weight and credibility of her testimony, not its admissibility."). Finally, his testimony potentially could provide a counter to statements and opinions about consumer's projected earnings by David McClain and about the testing of the machines by Joshua Zerlan. Def. Supp Ev., Exhs. D & K. No reason exists why they should be permitted to provide their opinions, but Dr. Narayanan, who holds a Ph.D. in computer science and who has conducted research in this area, should not also be able to do so.

Further, Defendants' failure to call their own expert should not preclude Dr. Narayanan from testifying or submitting a declaration. Defendants have never sought relief from the asset freeze in order to retain an expert. In fact, the FTC agreed to modify the Stipulated Interim Order and submit its motion for live testimony prior to Defendants so that they would have time to respond accordingly. Instead of immediately requesting a release of frozen funds to retain their own expert over one week ago when the FTC filed its motion to present live testimony and disclosed Dr. Narayanan, Defendants waited one week (a little over one week before the hearing) to raise the issue, and even now, have not sought to retain an expert. Their failure to retain an expert should not preclude Dr. Narayanan from testifying.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: November 17, 2014    */s/ Leah Frazier*
Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Gregory A. Ashe, VA Bar #39131
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
Facsimile: 202-326-3768
hwong@ftc.gov
tkosmidis@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: November 17, 2014    */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on November 17, 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                        */s/ Leah Frazier*_____
                                          Attorney for Plaintiff Federal Trade Commission