IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.: 14-CV-0815-W-BCW |
| | ) | |
| **BF LABS INC.., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS BF LABS, INC., SONNY VLEISIDES, AND DARLA JO DRAKE'S SUGGESTIONS IN OPPOSITION TO TEMPORARY RECEIVER'S MOTION FOR CLARIFICATION

Defendants BF Labs Inc., Sonny Vleisides, and Darla Jo Drake (collectively "Defendants") oppose the Temporary Receiver's Motion for Clarification (Doc. 162) because:

(1) the Stipulated Interim Order ("Order") is unambiguous that the deadline for the Temporary Receiver's first fee application is today, November 17, 2014;

(2)(a) the amount of fees that the Temporary Receiver will seek is relevant to the balancing-of-equities (including irreparable harm and the public interest) considerations necessary to the Court's preliminary injunction analysis;

(2)(b) the appointment of a Temporary Receiver is an extraordinary remedy, and the Temporary Receiver's fee information is relevant to the Defendants' opposition to any continuation of the receivership, including on the basis that "appointing the receiver will [not] do more good than harm." *See Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc*., 999 F.2d 314, 317 (8th Cir. 1993); and

(3) in light of the importance of the Temporary Receiver's fee information to the preliminary injunction hearing, Defendants will be denied due process of law if they are not permitted notice of those facts before the hearing.

For these reasons, set forth more fully below, Defendants respectfully request that the Court deny the Temporary Receiver's Motion for Clarification, including that Motion's request for an indefinite "reasonable" extension, except that Defendants do not oppose a one- or two-day extension as a matter of courtesy to the Temporary Receiver and his counsel.

### I. The Order is Unambiguous that the Deadline for the Temporary Receiver's First Fee Application is November 17, 2014.

The Temporary Receiver states that he "had understood that he could not file his first Fee Application until after November 17, 2014" (Doc. 162, ¶ 4), but states no basis for this purported understanding. The Order clearly states that:

> The Temporary Receiver *shall file* with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed *no more than sixty (60) calendar days* after the date of entry of the TRO.

Doc. 54, p. 24, section XIV (emphases added). As the Temporary Receiver acknowledges (Doc. 162, ¶ 3), the 60-day deadline from the Court's September 18, 2014 entry of the TRO is November 17, 2014. The Court should deny the Temporary Receiver's Motion because no clarification of the deadline is required, except Defendants do not oppose a one- or two-day extension.

### II. The Temporary Receiver's Fee-Application Information is Critical to Defendants' Preparation for the Preliminary-Injunction Hearing.

Section 13(b) of the FTC Act, under which the FTC seeks a preliminary injunction, provides that a preliminary injunction may be granted only upon a "proper showing" that an injunction "would be in the public interest," after the Court "weigh[s] the equities and consider[s] the Commission's likelihood of ultimate success." 15 U.S.C.A. § 53(b). Section 13(b) also requires notice to any defendants. *Id*.

Further, the FTC sought and was granted the Court's appointment of a Temporary Receiver, and the potential continuation of that receivership will be at issue in the preliminary-injunction hearing to be held on November 24, 2014, just one week from the date of this filing. The appointment of a receiver is an extraordinary remedy, and one that requires the consideration of whether there is "imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm." *Aviation Supply Corp.*, 999 F.2d at 316-17 (the Eighth Circuit held that the extraordinary remedy of an appointed receiver is "only justified in extreme situations").

The amount of any Temporary Receiver fees sought here is relevant to both the preliminary-injunction and receivership analyses. Because the FTC seeks, for example, a continued asset freeze because it wants to preserve assets for supposed consumer redress through refunds—*i.e.*, the FTC's view of "the public interest"—the amount of fees sought by the Temporary Receiver is relevant to the Court's "public interest" analysis.

Separately, the Court must consider the balance of equities as to any preliminary injunction. Here, Defendants have already filed a declaration of, among others, Linda Freeman, the CPA who has worked closely with BF Labs, and who expressly stated that:

- BF Labs was completely transparent with Ms. Freeman's firm, MarksNelson, during her engagement, that BF Labs never refused a request for records and that if she had witnessed any wrongdoing or fraud would have unquestionably ended her engagement with BF Labs. Ms. Freeman also declared that she has not witnessed any activity consistent with a risk of concealment or dissipation of assets, or the destruction of company records, and is not aware of any factual basis to support any such representation to the Court. *See* Doc. 155, Exhibit L, Declaration of Linda M. Freeman, CPA, at ¶¶ 4, 5, 19.

Similarly, Defendants have introduced evidence that:

3

- When the FTC filed for a TRO, BF Labs was in the middle of discovery in two District of Kansas lawsuits and thus was already under an obligation to preserve and not destroy documents, data, etc. *See Meissner v. BF Labs Inc*., 2:13-cv-2617-RDR-KGS, Doc. 27; *Alexander et al. v. BF Labs Inc*., 2:14-cv-2159-KHV-JPO, Doc. 8;

- When the FTC filed for a TRO, BF Labs was in the middle of refunding money to customers who actually wanted a refund. *See* Doc. No. 155, Exhibit C, Declaration of Bruce Bourne, ¶ 10.

- The FTC had access to BF Labs' BMO bank records, yet failed to disclose that $2.5 million was regularly kept in BF Labs' checking account and that amounts in excess of the $2.5 million were automatically transferred to BF Labs' savings account. This is a standard corporate finance practice, and was not dissipation of assets. *See* Doc. No. 155, Ex. C, Decl. of Bruce Bourne, ¶ 21.

Mr. Bourne also declared that the anticipated Temporary Receiver fees related to the Temporary Receiver's "extensive team," and the known effects of the Court's TRO and injunction thus far, have caused the loss of funds that the company will never recoup. *See* Doc. 155, Ex. C, Decl. of Bruce Bourne, ¶¶ 26, 28. The amount of any Temporary Receiver fees is thus relevant to a balancing of the equities in this context.

According to an FTC filing in this matter, the Spencer Fane billing rates for partners on the receivership matter range from $196 to $370; the rates for associates range from $140 to $195; and the paralegal rates range from $98 to $154 per hour. (Doc. 6, p. 2.). Given the significant number of persons and entities engaged in the receivership, the length of time that has already passed (sixty days since the TRO was entered), and the rates at which work is being performed, and in light of the issues that will be argued at the preliminary-injunction hearing, information concerning the amount of fees that will be sought by the Temporary Receiver is critical to Defendants' ability to defend themselves in the preliminary-injunction hearing.

### III. Without Timely Notice of the Temporary Receiver's Fee Information, Defendants Will Be Deprived of Due Process.

Defendants have been at a disadvantage in this case from the beginning, ever since the FTC brought its *ex parte* action. Now the Temporary Receiver has moved for clarification,

4

secured a *de facto* extension, and moved for an actual extension for some "reasonable" amount of time. As set forth above, the Temporary Receiver's fee information is critical to Defendants' arguments at the preliminary-injunction hearing that is only one week away. Without notice of that information, Defendants will be deprived of their right to due process in attempting to oppose any further injunctive or receivership relief.

In *Mullane v. Central Hanover Bank & Trust Co.*, the United States Supreme Court reaffirmed that "[a]n elementary and fundamental requirement of due process in any proceeding . . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," and that "notice must be of such nature as reasonably to convey the required information." 339 U.S. 306, 315 (1950). Notably, the *Mullane* Court so held where parties, who were interested in funds that were being administered by a fiduciary, complained that they were not provided adequate notice of the fiduciary's intended disposal of those funds. *See generally id.*

Defendants here are fighting for the survival of BF Labs and their livelihoods. Defendants have a right to notice of the facts concerning the Temporary Receiver's intended fee application and the impact of those facts on Defendants' property interests and arguments as Defendants prepare for the preliminary-injunction hearing. *See, e.g.*, *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1062 (C.D. Cal. 2010) (citing *LaMere v. Risley*, 827 F.2d 622, 625 (9th Cir. 1987) and holding, in criminal *habeas* matter, that due process requires "that disclosure be made in sufficient time to permit the defendant to make effective use of the evidence disclosed").

For these reasons, Defendants respectfully request that the Court deny the Temporary Receiver's Motion (except Defendants do not object to a one- or two-day extension), and for such other and further relief as the Court deems just and equitable, including expedited ruling.

Respectfully submitted,

POLSINELLI PC

/s/ James M. Humphrey
| | |
|---|---|
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry                MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 17, 2014, a true and correct copy of the foregoing pleading was served by the Court's ECF system on the following:

| | |
|---|---|
| Helen Wong | Bryant T. Lamer |
| Teresa N. Kosmidis | Kersten L. Holzhueter |
| Leah Frazier | Andrea M. Chase |
| Gregory Ashe | Katie Jo Wheeler |
| Federal Trade Commission | Lucinda H. Luetkemeyer |
| 600 Pennsylvania Ave., N.W. | Spencer Fane Britt & Browne LLP |
| Mail Stop CC-10232 | 1000 Walnut Street, Suite 1400 |
| Washington DC  20580 | Kansas City MO  64106 |
| 202-326-3779 (Wong) | 816-474-8100 |
| 202-326-3216 (Kosmidis) | blamer@spencerfane.com |
| 202-326-2187 (Frazier) | kholzheuter@spencerfane.com |
| hwong@ftc.gov | achase@spencerfane.com |
| tkosmidis@ftc.gov | kwheeler@spencerfane.com |
| lfrazier@ftc.gov | lluetkemeyer@spencerfane.com |
| gashe@ftc.gov | |
| | Attorneys for Temporary Receiver |
| | Eric L. Johnson |
| | |
| Charles M. Thomas | James D. Griffin          MO # 33370 |
| Assistant United States Attorney | Lisa M. Bolliger           MO # 65496 |
| Charles Evans Whittaker Courthouse | Scharnhorst Ast Kennard Griffin, PC |
| 400 East Ninth Street, Room 5510 | 1100 Walnut, Suite 1950 |
| Kansas City, MO  64106 | Kansas City, Missouri 64106 |
| 816-426-3130 | Tel: (816) 268-9400 |
| charles.thomas@usdoj.gov | Fax: (816) 268-9409 |
| | jgriffin@sakg.com |
| Attorneys for Plaintiff | lbolliger@sakg.com |
| | |
| | Attorneys for Defendant Nasser Ghoseiri |

       /s/ James M. Humphrey
      Attorney for Defendants BF Labs Inc.,
      Sonny Vleisides, and Darla Drake

49222027.1