IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-00815-BCW |
| | ) | |
| **BF LABS INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# FIRST APPLICATION BY ERIC JOHNSON, TEMPORARY RECEIVER, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD SEPTEMBER 18, 2014 THROUGH OCTOBER 31, 2014

Eric Johnson, the duly-appointed Temporary Receiver in the captioned action ("Temporary Receiver"), files his First Application for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period September 18, 2014 through October 31, 2014 (the "Application"), seeking compensation and reimbursement of expenses for the period September 18, 2014 through October 31, 2014 (the "First Interim Period"). In support of the Application, Temporary Receiver states as follows:

1. On September 18, 2014, the Court appointed Temporary Receiver for defendant BF Labs, Inc. ("BFL") by way of the Ex Parte Order (Doc. 9).

2. Temporary Receiver assumed control of BFL on September 19, 2014 around 9:00 a.m. Following his appointment, Temporary Receiver managed all employees, consultants and independent contractors throughout the First Interim Period, as required by this Court. (Doc. No. 54 at XI(A)).

3. On September 26, 2014, Temporary Receiver submitted his first report, which is incorporated by reference into the Application.

4. On October 2, 2014, the Court issued a Stipulated Interim Order (the "Order"), (Doc. 54), continuing the receivership of BFL until the date set by the Court for the preliminary injunction hearing, which is November 24, 2014.

5. On November 17, 2014, Temporary Receiver filed his Motion to Clarify Stipulated Interim Order Related to Timing of Filing Fee Application. (Doc. 162).

6. On November 17, 2014, Temporary Receiver submitted his second report, which is incorporated by reference into the Application.

7. On November 18, 2014, the Court entered its Order directing Temporary Receiver to file the Application by November 21, 2014. (Doc. 165).

8. To assist in his Receivership duties, Temporary Receiver retained the following professional firms for which he is seeking compensation for under the Application:

    a. **Spencer Fane Britt & Browne LLP ("Spencer Fane").** Temporary Receiver retained Spencer Fane to provide legal services in the areas of corporate, commercial, employment and insurance law and litigation. Temporary Receiver believed it necessary to retain a firm capable of committing substantial resources to a variety of legal areas to assist the Temporary Receiver in fulfilling his duties. Attorneys and Employees of Spencer Fane were instrumental in assisting Temporary Receiver with maintaining the control and custody of BFL's information, securing BFL's assets, supervising the limited operations conducted by BFL during the First Interim Period and providing legal counsel to Temporary Receiver.

    b. **RubinBrown LLP ("RubinBrown").** Temporary Receiver retained RubinBrown to provide forensic consulting services, advise on the financial stability of BFL, coordination with BFL's accounting team (MarksNelson LLC) and provide review

of BFL's assets, liabilities and proposed business plan. The complexity of the bitcoin business and BFL's incomplete financial records required a large accounting firm that was able to devote significant resources to this effort.

    c.    **UnitedLex Corporation ("UnitedLex").**  Temporary Receiver retained UnitedLex to videotape BFL's business premises on September 19, 2014, to ensure the security of BFL's electronic information and servers, and to advise on the bitcoin industry. Further, United Lex assisted with bitcoin transfer protocol preparation and conducting the transfer of bitcoin from BFL's storage wallet to the Court-controlled bitcoin wallet.

    d.    **BKD Forensics.**  Temporary Receiver retained BKD Forensics to ensure the safe and secure transfer of bitcoins and to advise on bitcoin mining operations. Given the unique nature of bitcoin, Temporary Receiver believed it was necessary to retain professionals with bitcoin knowledge and expertise.

9.    Section XIV of the Order governs "Compensation for Temporary Receiver," stating that "the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendant." Order at Section XIV.

10.    For the First Interim Period, Temporary Receiver incurred the following fees and expenses as follows[1]:

---

[1] The relevant billing statements of Temporary Receiver, Spencer Fane Britt & Browne LLP, RubinBrown LLP, BKD Forensics and UnitedLex will be provided to the Court for *in camera* inspection upon judicial request. *See FSLIC v. Ferm*, 909 F.2d 372, 374-75 (9th Cir. 1990) (*in camera* review of attorney-fee statements to enable

a. **Temporary Receiver:** $89,400.50 in fees and $0.00 in expenses, for a total of $89,400.50. Temporary Receiver's fees reflect a voluntary 30 percent (30%) reduction in his standard hourly rate. This discount amounted to a $38,314.50 cost savings to the Receivership Estate.

b. **Spencer Fane:** $395,105.72 in fees and $5,147.62 in expenses, for a total of $400,253.34. Spencer Fane's fees reflect a voluntary 30 percent (30%) reduction of each timekeeper's standard hourly rate. This discount amounted to a $169,331.03 costs saving to the Receivership Estate. Spencer Fane also did not charge for telephone, facsimile, or computerized legal research.

c. **RubinBrown:** $111,972.96 in fees and $5,627.04 in expenses, for a total of $117,600. RubinBrown's fees reflect a voluntary approximate 10 percent (10%) reduction in each timekeeper's standard hourly rate. This discount amounted to a $13,213.04 costs saving to the Receivership Estate.

d. **UnitedLex:** $56,770 in fees and $1,678.14 in expenses, for a total of $58,448.84.

e. **BKD Forensics:** $9,550 in fees and $447.52 in expenses, for a total of $9,997.52.

11. For the First Interim Period, Temporary Receiver incurred a total of $662,799.18 for services rendered on behalf of Temporary Receiver, including those services Temporary Receiver performed himself, and $12,900.32 in actual and necessary out-of-pocket expenses (collectively, the "Interim Fees"). Temporary Receiver, Spencer Fane, RubinBrown, UnitedLex, and BKD Forensics have not received payment for any of their fees and expenses for the First

---

reasonableness determination preserves and protects any attorney-work-product or attorney-client-privileged information contained in statements).

Interim Period. Based on the voluntary reduction in the professional fees of Temporary Receiver, Spencer Fane and RubinBrown, the Receivership estate saved a total of $220,858.57.

12. Temporary Receiver seeks the Court's Order authorizing allowance of and immediate payment of the Interim Fees.

## STANDARDS FOR APPROVAL OF THE APPLICATION

13. Courts are vested with large discretion in determining who shall pay the cost and expenses of receiverships. *Burnrite Coal Briquette Co. v. Riggs,* 274 U.S. 208 (1927). *See also Lewis v. Gramil Corp.*, 94 So. 2d 174 (Fla. 1957); *Deauville Corp. v. Blount*, 34 So. 2d 537 (Fla. 1948). Costs and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by him or her in the discharge of his or her duties, constitute a first charge against the property or funds in receivership, irrespective of who is ultimately successful in the suit or is ultimately liable to pay them. *United States v. Weitzel*, 246 U.S. 533 (1918); *Palmer v. Texas*, 212 U.S. 118 (1909).

14. A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred. *Gaskill v. Gordon*, 27 F.3d 248 (7th Cir. 1994) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation"); *see generally* 65 Am. Jur. 2d, *Receivers* § 219 (2d ed. 2008); Jeffrey F. Ghent, Annotation, "Measure and Amount of Compensation of Receiver Appointed By Federal Court," 6 A.L.R. Fed. 817, §§ 3–9 (1971 & Supp. 2008). The amount of the compensation is to be determined by the court in the exercise of its reasonable discretion. *Gaskill*, 27 F.3d at 253; *United States v. Code Prods. Corp.,* 362 F.2d 669, 673 (3d Cir. 1966); *Crites, Inc. v. Prudential Ins. Co. of Am.*, 322 U.S. 408, 418 (1944); *Commodity Credit Corp. v. Bell*, 107 F.2d 1001, 1001 (5th Cir. 1939).

15. "It is so well established that allowances to a receiver and his counsel are largely in the discretion of the court exercising control over them, that it is unnecessary to review at length the authorities on the subject." *Trustees Corp. v. Kansas City M. & O. Ry. Co*., 26 F.2d 876, 880 (8th Cir. 1928). "The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs entrusted to him, and the perplexity and difficulty involved in that management." *Id*., at 881 (quoting *Stuart v. Boulware*, 133 U.S. 78, 10 S.Ct. 242, 244, 33 L.Ed. 568 (1890)). "A receiver is an officer of the court, and is entitled to reasonable compensation, including a reasonable sum for attorney's fees." *Southeast Bank, N.A. v. Ingrassia*, 562 So.2d 718, 721 (Fla. App. 3d Dist. 1990) (citations omitted). Such right also includes amounts allowed for a receiver's hired professionals, including his accountants and attorneys. *Johnson v. Kruglak*, 246 So. 2d 617, 619-20 (Fla. App. 3d Dist. 1971). These fees are classed as receiver's expenses, *County Corp. of Md. v. Semmes*, 182 A. 273 (Md. 1936), and, like any other administrative expense, take precedence over pre-existing liens on the funds or property in receivership. *Foxley Cattle Co. v. Midwest Soya Int'l, Inc.*, 585 N.W.2d 231 (Iowa 1998).

16. In setting a reasonable fee, the court is to consider "all of the factors involved in a particular receivership." *Gaskill*, 27 F.3d at 253; *see also S.E.C. v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). Factors considered in determining reasonable compensation for a receiver's attorney include the attorney's ability and experience, the amount involved, the time necessary to accomplish legal tasks, the difficulty and intricacy of the legal issues involved, the results attained, and the amount charged by attorneys of equal standing and ability. *Federal Oil Mktg. Corp. v.* Cravens, 46 F.2d 938, 940 (8th Cir. 1931); *accord Code Prods. Corp.,* 362 F.2d at

673 ("In allowing fees 'the considerations are the time, labor and skill required, but not necessarily that actually expended, in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained.'") (quoting *Coskery v. Roberts & Mander Corp.,* 200 F.2d 150, 154 (3d Cir.1952)); *see also* 6 A.L.R. Fed. 817, at §§ 7–12 (discussing factors).

17. The Order provides for the obligations and responsibilities of Temporary Receiver, including what he is entitled to request from the parties in order to carry out the duties of the Order.

18. Temporary Receiver submits that what he extensively outlined and detailed to the Court in his first report and second report fully addresses, answers and justifies the First Interim Period Fees. Overall, Temporary Receiver, either himself or directing Spencer Fane, RubinBrown, UnitedLex and/or BKD Forensics, performed the following tasks, all pursuant to the Order:

    a. Assumed full control of documents and maintained a chain of custody.

    b. Secured BFL's business premises.

    c. Inventoried, conserved, held and managed all Receivership assets.

    d. Liquidated Receivership assets and prepared a protocol for the transfer of BFL-controlled bitcoin wallets to a Court-controlled wallet.

    e. Entered into contracts and purchased insurance.

    f. Prevented the inequitable distribution of Receivership assets and made necessary payments.

g. Managed and administered BFL, including coordination of operations with BFL and regular meetings with its management, in addition to preparation of generalized communications to hundreds of consumers regarding the status of the pending Temporary Receivership, and logging and preservation of all information submitted by such consumers to the Temporary Receivership.

h. Prepared first report to the Court.

i. Determined strategy for preventing violations of the Order, including identifying and securing certain Receivership assets, including bitcoin wallets, inventory, cash, cars, company-owned personal residence and BFL's electronic information.

j. Participated, to the extent appropriate, in all aspects of the captioned case, including both significant motion practice and extensive communications with counsel for the FTC and BFL, and hearings with the Court.

k. Participated in other pending lawsuits and claims brought against BFL to preserve Receivership assets, including significant motion practice with respect to staying pending litigation, and filing Notices of Receivership in all federal judicial districts where Temporary Receiver had reason to believe BFL had property.

l. Coordinated with multiple financial institutions for the preservation and management of BFL assets.

m. Maintained accurate records of receipts and expenditures.

n. Retained an accounting firm, RubinBrown, to coordinate with BFL's accountants to obtain BFL's financial information and analyze BFL's financial reporting systems.

o. Oversaw the liquidation of bitcoin holdings and assets and engaged the services of professionals to ensure the safe and secure transfer of bitcoins and to advise on bitcoin mining operations.

19. No agreement exists between Temporary Receiver, Spencer Fane, RubinBrown, UnitedLex and/or BKD Forensics and any third party for the sharing of compensation received by any party in connection with the captioned case, except as allowed with respect to the sharing of compensation among the partners and associates of Spencer Fane, RubinBrown, UnitedLex and BKD Forensics, respectively.

20. Temporary Receiver requests that he be authorized to pay himself, Spencer Fane, RubinBrown, UnitedLex and BKD Forensics the Interim Fees.

WHEREFORE, Temporary Receiver respectfully requests that the Court enter an Order:

a. granting Temporary Receiver an allowance of professional fees in the amount of $662,799.18 and expenses in the amount of $12,900.32 incurred on behalf of Temporary Receiver during the First Interim Period;

b. authorizing Temporary Receiver to immediately pay himself, Spencer Fane, RubinBrown, UnitedLex and BKD Forensics professional fees in the amount of of $662,799.18 and expenses in the amount of $12,900.32; and

c. granting Temporary Receiver such other and further relief as may be just.

Date: November 21, 2014

SPENCER FANE BRITT & BROWNE LLP

/s/ Bryant T. Lamer
Bryant T. Lamer        MO #57355
Lisa Epps Dade         MO #48580
Lucinda H. Luetkemeyer MO #63983
Andrea M. Chase        MO #66019
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone:    (816) 474-8100
Facsimile:    (816) 474-3216
blamer@spencerfane.com
lepps@spencerfane.com
lluetkemeyer@spencerfane.com
achase@spencerfane.com

**ATTORNEYS FOR TEMPORARY RECEIVER ERIC L. JOHNSON**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of November 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Bryant T. Lamer
An Attorney for Temporary Receiver
Eric L. Johnson