IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.: 14-CV-00815-W-BCW |
| | ) | |
| **BF LABS INC.., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA DRAKE'S MOTION TO STRIKE DECLARATION AND EXCLUDE ALL TESTIMONY FROM ARVIND NARAYANAN, Ph. D

Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake (collectively "Defendants"), under Federal Rules of Evidence 403, 701, and 702, move to strike the declaration of Arvind Narayanan, Ph. D., (Doc. 166-16), and move to exclude from evidence all testimony, expert opinions, and conclusions offered by Dr. Narayanan at the November 24, 2014 preliminary injunction hearing. In support of this motion, and as more fully set forth in the accompanying Suggestions in Support, Defendants state:

1. The role of the Court under Federal Rule of Evidence 702 is to review and exclude all unreliable expert testimony. *See* Advisory Committee's Note to 2000 Amendment to Rule 702 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L.Ed. 2d 469 (1993)).

2. The FTC has the burden of demonstrating by a preponderance of the evidence that the expert testimony offered by Dr. Narayanan is admissible. *Daubert*, 509 U.S. at 592 n. 10, (citing *Bourgaily v. United States*, 483 U.S. 171, 97 L. Ed. 2d 144, 107 S.Ct. 2775 (1987)). To meet this burden, the FTC must establish: (a) that Dr. Narayanan's testimony is based on scientific facts or data; (b) that the data was produced using reliable principles and methods; and

(c) that Dr. Narayanan has applied reliable principles and methods in a reliable manner to the facts of this case. Fed. R. Evid. 702.

3. Because Rule 703 requires that expert testimony be predicated on well-founded data and analyses, the FTC has the burden of establishing that the "underlying assumptions" on which Dr. Narayanan's opinions are based are reliable. *See TK-Seven Corp. v. Estate of Barbouti*, 993 F.2d 722 (10th Cir. 1993). The trial court's gatekeeping function requires more than simply "taking the expert's word for it." *Daubert*, 43 F.2d at 1319.

4. Under *Daubert*, general expertise itself is insufficient. An expert must also possess "sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (quoting 4 McLaughlin, Weinstein's Federal Evidence §702.05[l], p. 702-33 (2d ed. 1998)). An expert's failure to link his theory to the facts of the case may therefore result in exclusion of the expert's testimony, even though the research used by the expert may rest on sound methodology and the expert may be well-qualified in his field. *United States v. Mamah,* 332 F.3d 475 (7th Cir. 2003).

5. Dr. Narayanan's depreciation opinions principally fail to account for bitcoin exchange rate and hash rate volatility, among other variables. This failure alone is sufficient to render Dr. Narayanan's opinions unreliable and require that they be excluded.

6. Dr. Narayanan's intentional or unintentional decision to ignore these market realities is precisely what renders his opinions unreliable and subject to exclusion by the Court, just as the United States Court of Appeals for the Eighth Circuit held that a "hypothetical market" expert should have been excluded in *Concord Board Corp. v. Brunswick Corp.*, 207 F.3d 1039 (8th Cir. 2000).

7. According to his CV and Declaration, Dr. Narayanan has no experience in

manufacturing electronics, so he is unable to opine as to why ASIC mining hardware must be tested on testnet. There are important technological reasons why ASIC mining hardware is tested on the live bitcoin network.

8. In engineering terms, using any environment other than the intended environment, is not viable for a functionality test. Using any alternative to the true environment for final validation puts BF Labs at the mercy of alternative environment developers.

9. The "Benchmark Mode" of BFGMiner cannot be used to validate units, as it only tests job issuance, not queue flushing and immediate or slow job resubmission, which are critical to fully exercising all device conditions. Failure to do so prevents discovery of faulty hardware which makes it necessary to the test units on the live network where users will use their product. Without verifying end-to-end operation, BF Labs risks shipping non-functional devices.

10. Dr. Narayanan's opinions and conclusions should also be excluded for the independent reason that the FTC failed to provide any of the expert-witness disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B). The FTC is not excused from the requirement of making these disclosures simply because it had "not yet completed administrative and contracting paperwork" and believed it was "not in a position to make him available for a deposition or to require that he produce a report." *See* Doc. 160, Ex. D.

11. Defendants' Suggestions in Support and exhibit thereto are filed contemporaneously with this Motion and incorporated herein by this reference.

WHEREFORE, Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake move the Court under Federal Rules of Evidence 403, 701 and 702 to strike Dr. Narayanan's Declaration and exclude him from offering testimony in any form, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ James M. Humphrey
| | |
|---|---|
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry    MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake

4

# CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2014, a true and correct copy of the foregoing pleading was served by the Court's ECF system on the following:

| | |
|---|---|
| Helen Wong | Bryant T. Lamer |
| Teresa N. Kosmidis | Kersten L. Holzhueter |
| Leah Frazier | Andrea M. Chase |
| Gregory Ashe | Katie Jo Wheeler |
| Federal Trade Commission | Lucinda H. Luetkemeyer |
| 600 Pennsylvania Ave., N.W. | Spencer Fane Britt & Browne LLP |
| Mail Stop CC-10232 | 1000 Walnut Street, Suite 1400 |
| Washington DC  20580 | Kansas City MO  64106 |
| 202-326-3779 (Wong) | 816-474-8100 |
| 202-326-3216 (Kosmidis) | blamer@spencerfane.com |
| 202-326-2187 (Frazier) | kholzheuter@spencerfane.com |
| hwong@ftc.gov | achase@spencerfane.com |
| tkosmidis@ftc.gov | kwheeler@spencerfane.com |
| lfrazier@ftc.gov | lluetkemeyer@spencerfane.com |
| gashe@ftc.gov | |
| | Attorneys for Temporary Receiver |
| | Eric L. Johnson |
| | |
| Charles M. Thomas | James D. Griffin            MO # 33370 |
| Assistant United States Attorney | Lisa M. Bolliger             MO # 65496 |
| Charles Evans Whittaker Courthouse | Scharnhorst Ast Kennard Griffin, PC |
| 400 East Ninth Street, Room 5510 | 1100 Walnut, Suite 1950 |
| Kansas City, MO  64106 | Kansas City, Missouri 64106 |
| 816-426-3130 | Tel: (816) 268-9400 |
| charles.thomas@usdoj.gov | Fax: (816) 268-9409 |
| | jgriffin@sakg.com |
| Attorneys for Plaintiff | lbolliger@sakg.com |
| | |
| | Attorneys for Defendant Nasser Ghoseiri |

   /s/ James M. Humphrey
Attorney for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake

49252815.1

5