UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BF LABS, INC., *et al.*<br><br>Defendants. | CASE NO. 4:14-cv-00815-BCW<br><br>PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE EXPERT TESTIMONY |

Plaintiff, the Federal Trade Commission ("FTC") hereby submits its suggestions in opposition to Defendants' motion to strike Declaration and exclude all testimony from Arvind Narayanan, Ph.D. and their suggestions in support thereof (collectively, "Motion to Strike"). (Dkt. Nos. 175 and 176.) Because the declaration and testimony are to be used in a preliminary injunction hearing where the laws of evidence are relaxed, no *Daubert* analysis is required. Moreover, Defendants have already filed an objection to the FTC's request to present Dr. Narayanan's testimony (Dkt. No. 160) and the Court has overruled that objection in granting the FTC's motion (Dkt. No. 170). Accordingly, Defendants' Motion to Strike should be denied.

Only two factors determine whether preliminary injunctive relief should issue under Section 13(b) of the FTC Act: (1) the likelihood of success on the merits; and (2) the balance of equities. *FTC v. Univ. Health*, 938 F.2d 1206, 1217 (11th Cir. 1991); *World Travel Vacation Brokers*, 861 F.2d at 1029; *FTC v. Business Card Experts, Inc.*, No. 06-4671, 2007 WL 1266636, at *3 (D. Minn. Apr. 27, 2007) ("under § 53(b) . . . the Court need only consider the FTC's likelihood of success and the balance of any conflicting equities."). To establish a likelihood of

success, the FTC "need not demonstrate a mathematical probability of success on the merits, such as greater than 50 percent." *Heartland Academy Cmty. Church v. Waddle,* 335 F.3d 684, 690 (8th Cir. 2003). Rather, the FTC need only show a "fair chance of prevailing" after discovery, formal procedures, complete evidence, and a full trial on the merits. *Id.*; *FTC v. Beatrice Foods Co.*, 587 F.2d 1225, 1229 (D.C. Cir. 1978) (the FTC meets its burden on the likelihood of success issue if it shows preliminarily, by affidavit or other proof, that it has a fair and tenable chance of ultimate success on the merits).

In assessing the quantum of evidence necessary to establish whether a preliminary injunction should issue, the Supreme Court has stated "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* In short, "[a] party . . . is not required to prove his case in full at a preliminary-injunction hearing." *Id.*[1]

Accordingly, following the Supreme Court's holding, numerous courts have held that the laws of evidence are relaxed or simply do not apply in the context of a preliminary injunction hearing. *See, e.g.*, *Heideman v. S. Salt Lake City*, 348 F. 3d 1182, 1188 (10th Cir. 2003) ("The Federal Rules of Evidence do not apply to preliminary injunction hearings."); *Sierra Club, Lone Star Chapter v. Federal Deposit Insurance Corporation,* 992 F.2d 545, 551 (5th Cir. 1993) ("At the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence . . . ."); *SEC v. Cherif*, 933 F.2d 403,

---

[1] When discovery opens, the FTC will submit a formal expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B).

412 n.8 (7th Cir. 1991) ("hearsay can be considered in entering a preliminary injunction"); *Federal Savings & Loan Insurance Corporation v. Dixon,* 835 F.2d 554, 558 (5th Cir. 1987) (citing *Camenisch* for the proposition that "a preliminary injunction proceeding is not subject to jury trial procedures"); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (even inadmissible evidence may be given some weight when to do so serves the purpose of preventing irreparable harm before trial); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995); *Church Mut. Ins. Co. v. Sands*, 2014 U.S. Dist. LEXIS 110953, at *4 (W.D. Mo. Aug. 11, 2014); *Welker v. Cicerone*, 174 F. Supp. 2d 1055, 1059 n.2 (C.D. Ca. 2001) (declarations and evidence supporting a motion for preliminary injunction need not conform to the Federal Rules of Evidence);*Tex. Commerce Bank Nat'l Ass'n v. Florida,* 1997 U.S. Dist. LEXIS 16709, at *11 (N.D. Tex. April 9, 1997) (in deciding whether to grant a preliminary injunction, "the court may rely on hearsay evidence and may even give inadmissible evidence some weight"), *aff'd,* 138 F.3d 179 (5th Cir. 1998); *American Angus Ass'n v. Sysco Corp.*, 829 F. Supp. 807 (D.C.N.Y. 1992) (plaintiff's use of affidavits and other alleged hearsay was appropriate in preliminary injunction proceeding); 9 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 ("the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be had").

Here, Defendants' Motion to Strike relies primarily upon Federal Rule of Evidence 702, which governs the admissibility of expert testimony at trial, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), which sets forth a non-exclusive checklist to assess the reliability of scientific expert testimony at trial. Their reliance is misplaced. Because a court is permitted to give weight to otherwise inadmissible evidence when considering an application

for a preliminary injunction, courts have denied motions to exclude expert testimony. *See, e.g., Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 806 F. Supp. 2d 942, 956 (W.D. Tex. 2011); *Half Price Books, Records, Magazines, Inc. v. Barnesandnoble.com, Inc.*, 2003 U.S. Dist. LEXIS 24252, at *3-5 (N.D. Tex. Aug. 15, 2003); *United HealthCare Ins. Co. v. AdvancePCS*, 2002 U.S. Dist. LEXIS 28262, at *16-19 (D. Minn. Mar. 1, 2002). This Court should do likewise and deny Defendants' Motion to Strike.

Moreover, the principles of *Daubert* do not apply to judicial determinations. *United HealthCare*, 2002 U.S. Dist. LEXIS 28262 at *17. As the *United HealthCare* court reasoned, "[t]he concerns expressed in [*Daubert*] have to do with jury misunderstanding, not judicial misunderstanding." *Id.* The Supreme Court defines the trial court's role when faced with a proffer of expert testimony in a jury trial as that of "gatekeeper." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). Underlying the trial court's role as gatekeeper is a presumption that the court itself is qualified to conduct such an analysis. *Daubert*, 509 U.S. at 593 ("We are confident that federal judges possess the capacity to undertake this review."). In light of that discretion, "whether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Kumho*, 526 U.S. at 153. Thus, in the context of a preliminary injunction hearing where there is no jury and where the laws of evidence are already relaxed, a court is trusted to hear all evidence (expert and non-expert alike) and determine on its own what to consider.[2] Accordingly, this Court should deny Defendants' Motion to Strike.

---

[2] In any event, as set forth in his declaration and will be established from his testimony at hearing, Dr. Narayanan meets the two *Daubert* prongs: (1) his testimony reflects "scientific knowledge," is "derived by the scientific method," and is "good science," and (2) is "relevant to the task at hand." *Daubert*, 509 U.S. at 590, 593, 597.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated:  November 23, 2014        */s/ Gregory A. Ashe*
                                        Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Gregory A. Ashe, VA Bar #39131
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
Facsimile: 202-326-3768
hwong@ftc.gov, tkosmidis@ftc.gov,
lfrazier@ftc.gov, gashe@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: November 23, 2014        */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
Telephone: (816) 426-3130
Facsimile:  (816) 426-3165
E-mail:  charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on November 23, 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                        */s/ Gregory A. Ashe*
                                        Attorney for Plaintiff Federal Trade Commission