ÖIN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| **BF LABS INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
APPROVE FILTER REVIEW PROTOCOL**

Plaintiff Federal Trade Commission ("FTC") outlines a proposed review protocol for filtering potentially privileged materials contained in electronically stored information ("ESI") obtained by the FTC from Defendant BF Labs Inc.'s ("Butterfly Labs") premises under the Temporary Restraining Order.[1] The FTC fails to explain why such a review of ESI obtained from Butterfly Labs is necessary and cites no precedent to review or possess ESI.

First, Defendants acknowledge that the FTC had authority to forensically image ESI stored, hosted, or otherwise maintained on behalf of any Defendant under Section V.B. of the TRO. (See Doc. # 9 at p. 8). According to that same document, however, at Section X.B., the Temporary Receiver was to take *exclusive* custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Receivership Defendant, wherever situated. (*See id.* at p. 12).

---

[1] The Temporary Restraining Order has expired and has been superseded by the Stipulated Interim Order entered into on October 2, 2014, Document #54.

Nothing in the TRO or Stipulated Interim Order provides Plaintiff the right to review ESI. Section XVIII of the Stipulated Interim Order entitled "Limited Expedited Discovery' and Section XIX of the Stipulated Interim Order entitled "Discovery Regarding Business Plan and Budget" outline the scope of limited expedited discovery and allow depositions, interrogatories, and document requests. Nowhere within these sections or otherwise does the Stipulated Interim Order provide the FTC unfettered access to the ESI. The rationale for access to ESI under the Temporary Restraining Order is to ensure proper preservation of data, not to conduct discovery outside the Federal Rules of Civil Procedure. The FTC is putting the cart before the horse and attempting to gain an advantage in a forum in which all parties should be subject to the same standards.

Second, the ESI and other documents collected under compulsion by the FTC and the Temporary Receiver according to the *ex parte* TRO by the FTC and the Receiver from Butterfly Labs, and not through Butterfly Labs' voluntary disclosure or production, contain attorney-client privileged information and documents and information protected by the attorney-work product that Defendants hereby expressly continue to assert. Defendants demand the immediate return of ESI and any other Butterfly Labs documents or data to the Temporary Receiver. Defendants intend to prepare a privilege log identifying with the requisite specificity all privileged and attorney-work product protected documents once proper discovery under the Federal Rules of Civil Procedure begins, or at any time the Court directs.

The "taint team" approach that the FTC—*i.e.*, the party adverse to Defendants—has proposed that its own employees conduct is not sufficient to protect Defendants' privileges and protections. As federal courts have observed:

> [T]aint teams present inevitable, and reasonably foreseeable, risks to privilege, for they have been implicated in the past in leaks of confidential information to

2

> prosecutors. That is to say, the government taint team may also have an interest in preserving the privilege, *but it also possesses a conflicting interest* in pursuing the investigation, and, human nature being what it is, occasionally some taint team attorneys will make mistakes or violate their ethical obligations. It is thus logical to suppose that taint teams pose a serious risk to holders of the privilege, and that supposition is supported by past experience.

*In re Grand Jury Subpoenas 04-124-03 and 04-124-05*, 454 F.3d 511, 523 (6th Cir. 2006) (emphasis added); *see also U.S. v. Neill*, 952 F. Supp. 834, 840-41 (D.D.C. 1997) (stating that "it is clear that the government's affirmative decision to invoke" taint-team "procedures constitutes a *per se* intentional intrusion" of the attorney-client privilege); *In re Search Warrant for Law Offices Executed on March 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994) (noting that "reliance on a Chinese wall" is "highly questionable, and should be discouraged" because "[t]he appearance of Justice must be served, as well as the interests of Justice" and "[i]t is a great leap of faith to expect that members of the general public would believe that any such Chinese wall would be impenetrable; this notwithstanding our own trust in the honor of an AUSA"). The United States Court of Appeals for the Sixth Circuit also observed that "it is reasonable to presume that the government's taint team might have a more restrictive view of privilege than the defendant's attorneys." *In re Grand Jury Subpoenas 04-124-03 and 04-124-05*, 454 F.3d at 523.

Defendants have not agreed to any "quick peek" or "clawback" arrangement. The FTC's unilateral decision that FTC employees can effectively and fairly conduct Defendants' privilege review for Defendants ignores the FTC's inherent conflict of interest in doing so. Defendants do not consent to any such privilege review by the FTC.

Third, Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when

authorized by these rules, by stipulation, or by court order." When it comes to expedited discovery outside of the Rules, whether by stipulation or court order, the FTC must have either a "good cause" or a necessity under a preliminary injunction to request early discovery under Rule 26(d)(1). *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

In a telephonic conference call with the Court, the FTC admitted it did not seek this discovery for the Preliminary Injunction hearing. Because the FTC has never identified the purpose of review, it is effectively asking the Court to *assume* that "good cause" to allow expedited discovery exists. But the law does not permit this assumption; rather, it imposes the following standard: "the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *Monsanto Co.*, 250 F.R.D. at 413. In determining whether this standard has been met, the Court examines the entirety of the record and the reasonableness of the request in light of surrounding circumstances. *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000). "Expedited discovery is not the norm." *Id.* at 623. The FTC has provided no cause to conduct expedited discovery.

Fourth, the FTC's proposed protocols have no legal or practical basis. Defendants' counsel reviewed the FTC administrative guidance, including numerous sections of the publicly available FTC Operating Manual, and found no legal basis for such review, nor "protocols" to internally control such review. The FTC also failed to provide any administrative guidance and acknowledges that none exists.

Further, the FTC cites no legal authority in its proposed review protocol, and the proposed protocol appears to be drafted solely for this particular case. There is no indication of the technology implemented and the quality control measures in place to avoid inadvertent

4

production, which is especially important in this case where the "producing party" (Butterfly Labs) had no control in the collection/production due to the FTC's *ex parte* approach. Because inadvertent production is a very difficult issue in *ex parte* collections, and the company is still a producing party under the Rules, more information is needed.

Butterfly Labs had no opportunity to confer with the FTC's ESI specialists or assist/oversee in the electronic collection, so an understanding of the protocol is critical. Here, the basics of the collection are not even known. For example, did the FTC use de-duping/near-duping software, is it suppressing email, is it reviewing in native (since there was no agreement between the parties)/OCR? What is the audit mechanism and chain of review? These questions are not exhaustive, only exemplary. The FTC's lack of formal guidance and protocol is troubling and should not be formulated on a case-by-case basis.

Finally, in its motion, the FTC states that "counsel for Defendants do not oppose the FTC's use of the proposed review protocols." Counsel for Defendants has adamantly opposed the FTC's use of the review protocols since first proposed. Counsel for Defendants assumes that the FTC's mistake in its representation was inadvertent.

Wherefore, Defendants request that the Court deny the Plaintiff's Motion to Approve Filter Review Protocol and order all ESI and other assets and documents in possession of the FTC to be turned over to the Temporary Receiver.

5

Respectfully submitted,

/s/ Braden M. Perry
| | |
|---|---|
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry                MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2014, a true and correct copy of the foregoing pleading was served by the Court's ECF system on the following:

| | |
|---|---|
| Helen Wong | Bryant T. Lamer |
| Teresa N. Kosmidis | Kersten L. Holzhueter |
| Leah Frazier | Andrea M. Chase |
| Gregory Ashe | Katie Jo Wheeler |
| Federal Trade Commission | Lucinda H. Luetkemeyer |
| 600 Pennsylvania Ave., N.W. | Spencer Fane Britt & Browne LLP |
| Mail Stop CC-10232 | 1000 Walnut Street, Suite 1400 |
| Washington DC  20580 | Kansas City MO  64106 |
| 202-326-3779 (Wong) | 816-474-8100 |
| 202-326-3216 (Kosmidis) | blamer@spencerfane.com |
| 202-326-2187 (Frazier) | kholzheuter@spencerfane.com |
| hwong@ftc.gov | achase@spencerfane.com |
| tkosmidis@ftc.gov | kwheeler@spencerfane.com |
| lfrazier@ftc.gov | lluetkemeyer@spencerfane.com |
| gashe@ftc.gov | |
| | Attorneys for Temporary Receiver Eric L. Johnson |
| Charles M. Thomas | James D. Griffin     MO # 33370 |
| Assistant United States Attorney | Lisa M. Bolliger     MO # 65496 |
| Charles Evans Whittaker Courthouse | Scharnhorst Ast Kennard Griffin, PC |
| 400 East Ninth Street, Room 5510 | 1100 Walnut, Suite 1950 |
| Kansas City, MO  64106 | Kansas City, Missouri 64106 |
| 816-426-3130 | Tel: (816) 268-9400 |
| charles.thomas@usdoj.gov | Fax: (816) 268-9409 |
| | jgriffin@sakg.com |
| Attorneys for Plaintiff | lbolliger@sakg.com |
| | Attorneys for Defendant Nasser Ghoseiri |

                                                     /s/ Braden M. Perry
                                                     Attorney for Defendants BF Labs Inc.,
                                                     Sonny Vleisides, and Darla Drake