IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00815-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO AUTHORIZE THE CONTINUED LIMITED OPERATIONS OF THE COMPANY AND TO REAFFIRM/AUTHORIZE CERTAIN EXPENDITURES

COMES NOW Temporary Receiver Eric L. Johnson ("Temporary Receiver") and moves that the Court enter an order authorizing the continued limited operations of BF Labs, Inc. and to reaffirm/authorize certain expenditures. In support of this motion, Temporary Receiver states as follows:

1. On September 18, 2014, this Court entered an Ex Parte Order, which imposed a temporary restraining order, appointed Temporary Receiver, and froze the assets of BF Labs Inc. ("BFL"). Doc. 9. On September 29, 2014, the Court extended the temporary restraining order until October 3, 2014, at 9:00 a.m. Doc. 47. On October 2, 2014, the Court entered a Stipulated Interim Order that reappointed Temporary Receiver and maintained the freeze on the assets of BFL. Doc. 54. The Stipulated Order expires upon further order of the Court. Doc. 54 § XXVI.

2. On or about September 19, 2014, BFL's bank account with BMO Harris Bank N.A. ("BMO Account") was frozen, along with other assets.

3. The Stipulated Interim Order empowered Temporary Receiver to manage all assets of BFL and to manage and administer the business of BFL, including retaining employees and independent contractors. Doc. 54 §§ X(B), X(H). The order also authorized the Temporary Receiver to "[m]ake payments and disbursements from the Receivership estate that are necessary

WA 6380318.1

or advisable for carrying out the directions of, or exercising the authority granted by, this Order." Doc. 54 § X(J). Temporary Receiver must apply to the Court for approval to pay any obligation incurred by BFL prior to September 18 unless Temporary Receiver deems the payment necessary to secure the assets of BFL. Id.

4. The Stipulated Interim Order required BFL to "submit to Temporary Receiver and the FTC a list of essential employees, a recommendation as to critical operations during the Interim Period, and an operating budget for the Interim Period (the 'Interim Budget')." Doc. 54 §XI(F). The Stipulated Order also provides that "[o]nce the Interim Budget is approved by the Temporary Receiver, he shall file a motion seeking the Court's approval of the Interim Budget and to release the total budgeted sum from the asset freeze." Doc. 54 § XI(G). The Stipulated Interim Order also provides that the "parties will attempt to agree in good faith to the Interim Budget, personnel, and operations." Id.

5. Finally, the Stipulated Interim Order provides that during the pendency of the action, Temporary Receiver "shall have the right to apply to this Court for further instructions or directions" and to seek modification of the Stipulated Interim Order after giving reasonable notice. Doc. 54 § XI(J).

6. On October 8, 2014, BFL submitted its proposed Interim Budget, list of essential employees, and proposed critical operations. Upon receiving the same, the Temporary Receiver, with the assistance of counsel and his financial advisors, reviewed such information. The Temporary Receiver also discussed the proposed Interim Budget, list of essential employees, and proposed critical operations, and he considered the concerns expressed by both the parties with respect to the proposed budget. Based upon such input and consultation with his professionals,

the Temporary Receiver revised the Interim Budget, list of essential employees, and list of proposed critical operations.

7. On October 22, 2014, the Interim Budget was approved by Order of this Court (the "Interim Budget Order"). Pursuant to the Interim Budget Order, substantially all of the previously frozen funds were transferred to the Receiver's Account.

8. During the Interim Period, BFL management brought to the Temporary Receiver's attention several unbudgeted expenditures (collectively, the "Unbudgeted Expenditures"), which totaled approximately $163,218.05. On November 7, 2014, the Temporary Receiver requested that the Court authorize the Unbudgeted Expenditures subject to the Temporary Receiver's discretion and business judgment in ultimately approving, conditioning, prioritizing, and/or paying such expenditures. Doc. 142. On November 10, 2014, the Court authorized the Unbudgeted Expenditures. Doc. 149.

9. The Interim Period under the Stipulated Order ended November 25, 2014. In light of the preliminary injunction hearing and the Thanksgiving holiday, no operations have taken place the week of November 24, 2014.

10. While the Stipulated Order provides broad authority to manage and administer BFL (Doc. 54, §§ X.H and J), the Temporary Receiver seeks additional clarification and/or authority to continue limited operations through December 12, 2014 similar to those that were specifically authorized to take place during the Interim Period. See Doc. 54 §§ X.A and X.C. Such limited operations would remain under the Temporary Receiver's oversight and authority.

11. For the period of time from December 1, 2014 through December 12, 2014 ("Pre-Ruling Period"), BFL management estimates expenditures of $517,000 (collectively, the "Pre-Ruling Expenditures"). Of this amount, approximately $288,000 was budgeted for the Interim

Period but not yet expended. The remaining $229,000 covers payments to certain key vendors, BFL consultants and payroll, and unanticipated operating expenses. Temporary Receiver requests that the Court authorize the Temporary Receiver to pay during the Pre-Ruling Period any previously approved budgeted item and/or the Pre-Ruling Expenditures. The requested authorization would remain subject to the Temporary Receiver's discretion and business judgment in ultimately approving, conditioning, prioritizing, and/or paying such expenditures.

12. It is the Temporary Receiver's position that under the Stipulated Order that he already has the ability to pay the expenditures that have been previously authorized under the Stipulated Order and/or supplemental orders of this Court. Nothing in this motion should be construed as restricting any such spending authority, including, without limitation, the Temporary Receiver's ability to make payments and disbursements contemplated in Section X.J. of the Stipulated Order. See Doc. 54 § X.J. Temporary Receiver also requests that the Court approve the Pre-Ruling Expenditures without prejudice to Temporary Receiver submitting additional requests as the circumstances warrant.

13. BFL does not object to this motion. At the time of filing this Motion, the FTC had not yet indicated whether they object or consent to this Motion.

WHEREFORE, Temporary Receiver moves that the Court enter an order (i) authorizing, under the Temporary Receiver's authority and oversight, the continuation of limited operations similar to those that were specifically authorized to take place during the Interim Period; (ii) reaffirming the Temporary Receiver's authority to make any previously authorized expenditure under the Stipulated Order and/or any other supplemental orders by the Court; (iii) to the extent not previously authorized, authorizing the Pre-Ruling Expenditures on the condition that expenditures remain subject to the Temporary Receiver's discretion and business judgment in

ultimately approving, conditioning, prioritizing, and/or paying such expenditures; and, (iv) for such other and further relief that the Court deems just and proper.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Bryant T. Lamer

| Bryant T. Lamer | MO #57355 |
| Lisa A. Epps | MO #48544 |
| Andrea M. Chase | MO #66019 |
| Lucinda H. Luetkemeyer | MO #63983 |

1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
blamer@spencerfane.com
lepps@spencerfane.com
achase@spencerfane.com
lluetkemeyer@spencerfane.com

Attorneys for Temporary Receiver Eric L. Johnson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of December, 2014, a true and correct copy of the foregoing was filed electronically under seal with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Bryant T. Lamer
Attorney for Temporary Receiver Eric L. Johnson