IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:14-CV-00815-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO AUTHORIZE THE CONTINUED LIMITED OPERATIONS OF THE COMPANY AND TO REAFFIRM/AUTHORIZE CERTAIN EXPENDITURES**

This matter is before the Court on the Motion to Authorize the Continued Limited Operations of the Company and to Reaffirm/Authorize Certain Expenditures, filed by the Temporary Receiver Eric L. Johnson ("Temporary Receiver"), on December 1, 2014 (Doc. #185). After reviewing the premises for the motion and recognizing that neither party objects, the Court grants the motion.

The Stipulated Interim Order empowered Temporary Receiver to manage all assets of BFL and to manage and administer the business of BFL, including retaining employees and independent contractors. Doc. #54 §§ X(B), X(H). The order also authorized the Temporary Receiver to "[m]ake payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order." Doc. 54 § X(J). Temporary Receiver must apply to the Court for approval to pay any obligation incurred by BFL prior to September 18 unless Temporary Receiver deems the payment necessary to secure the assets of BFL. Id.

1

The Stipulated Order also provides that "[o]nce the Interim Budget is approved by the Temporary Receiver, he shall file a motion seeking the Court's approval of the Interim Budget and to release the total budgeted sum from the asset freeze." Doc. #54 § XI(G). The Stipulated Interim Order also provides that the "parties will attempt to agree in good faith to the Interim Budget, personnel, and operations." Id. Finally, the Stipulated Interim Order provides that during the pendency of the action, Temporary Receiver "shall have the right to apply to this Court for further instructions or directions" and to seek modification of the Stipulated Interim Order after giving reasonable notice. Doc. #54 § XI(J).

On October 22, 2014, the Interim Budget was approved by Order of this Court (the "Interim Budget Order"). Pursuant to the Interim Budget Order, substantially all of the previously frozen funds were transferred to the Receiver's Account. During the Interim Period, BFL management brought to the Temporary Receiver's attention several unbudgeted expenditures. On November 7, 2014, the Temporary Receiver requested that the Court authorize the unbudgeted expenditures subject to the Temporary Receiver's discretion and business judgment in ultimately approving, conditioning, prioritizing, and/or paying such expenditures. Doc. #142. On November 10, 2014, this Court authorized the unbudgeted expenditures. Doc. #149.

The Interim Period under the Stipulated Order ended November 25, 2014. In light of the preliminary injunction hearing and the Thanksgiving holiday, no operations took place the week of November 24, 2014.

For the period of time from December 1, 2014 through December 12, 2014 ("Pre-Ruling Period"), BFL management estimates expenditures of $517,000 (collectively, the "Pre-Ruling Expenditures"). Of this amount, approximately $288,000 was budgeted for the Interim Period

but not yet expended. The remaining $229,000 covers payments to certain key vendors, BFL consultants and payroll, and unanticipated operating expenses. Accordingly, it is hereby

ORDERED the Temporary Receiver's Motion to Authorize the Continued Limited Operations of the Company and to Reaffirm/Authorize Certain Expenditures (Doc. #185) is GRANTED.

Date: December 3, 2014

                                        /s/Brian C. Wimes
                                        JUDGE BRIAN C. WIMES
                                        UNITED STATES DISTRICT COURT