UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BF LABS, INC., *et al.*<br><br>Defendants. | CASE NO. 4:14-cv-00815-BCW |

**PLAINTIFF'S REPLY SUGGESTIONS IN SUPPORT OF MOTION TO APPROVE FILTER REVIEW PROTOCOL**

On September 19, 2014, the Federal Trade Commission obtained electronically stored information ("ESI") from Defendants' premises pursuant to the immediate access provisions of the Temporary Restraining Order this Court issued the previous day. The FTC hereby submits these reply suggestions in support of its request that the Court approve its proposed protocol for filtering potentially privileged material from that ESI. Because the FTC has the right to access the documents in question and because, contrary to Defendants' assertion, case law supports the FTC's proposed screening measures, the FTC respectfully asks this Court to grant its Motion to Approve a Filter Team Review Protocol.

**The FTC Has the Right to Review the Documents Pursuant to the TRO, the Federal Rules of Civil Procedure, and Established Case Law**

Contrary to Defendants' opposition, the FTC is authorized to review the documents obtained via immediate access. Section XI of the Temporary Restraining Order expressly provides that "the FTC shall have the right to remove any documents related to Defendants' business practices or finances from the premises in order that they may be inspected, inventoried,

1

and copied." (Dkt. No. 9 at 19). This language is modeled on a Federal Rule of Civil Procedure that governs document requests and specifically "permit[s] the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents or [ESI] . . . ." Fed. R. Civ. P. 34(a). Though certain provisions of the TRO limit the FTC's ability to inspect documents,[1] Section XI contains no such limitation. Applying the standard rules of statutory construction, this strongly suggests that the TRO was designed to allow broad access to Defendants' ESI. The FTC's proposed filter team protocol merely assures that such broad access does not inadvertently waive or jeopardize any statutory privilege that Defendants may assert in the future.

     Courts have long approved an agency's use of such early discovery, where justified. District courts are authorized to depart from normal discovery procedures and fashion discovery to meet discovery needs in particular cases. Federal Rules of Civil Procedure 26(d) and 34(b) authorize courts to alter the standard provisions, including applicable time frames, that govern the production of documents. This type of discovery order reflects a district court's broad and flexible authority to grant preliminary emergency relief in cases involving the public interest. *See Porter v. Warner Holding*, 328 U.S. 395, 398 (1946); *FSLIC v. Dixon*, 835 F.2d 554, 562 (5th Cir. 1987); *Federal Express Corp. v. Federal Expresso, Inc.*, 1997 U.S. Dist. LEXIS 19144, at *6 (N.D.N.Y. Nov. 24, 1997) (early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction") (quoting commentary to Fed. R. Civ. P. 26(d)); *Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 U.S. Dist. LEXIS 15957, at *58 (S.D.N.Y. July 18, 1997) (courts have broad powers to grant expedited discovery).

---

[1] For example, Section XVIII of the TRO grants only limited discovery rights regarding the existence and location of assets and documents. Dkt. No. 9 at 27-29.

Defendants various other arguments against employing a screening protocol are similarly unavailing. *First,* nothing in the Stipulated Interim Order divests the FTC of the documents it obtained rightfully under the TRO or limits the FTC's ability to inspect those documents. *Second*, Section X.B of the TRO and Section X.B of the Stipulated Interim Order, which provide that the Receiver take exclusive custody of documents, refer to the *originals* of such documents, not copies. Finally, the fact that the FTC may not have relied upon ESI in question as part of its evidence in support of a preliminary injunction – and instead sought leave from this Court before accessing potentially privileged material – does not constitute a waiver of the FTC's right to review the ESI after appropriate safeguards are implemented.

In short, the FTC has every right under the TRO, the Federal Rules of Civil Procedure, and existing case law to screen the ESI for potentially privileged material and then inspect the remaining documents when the review is complete.

**Established Case Law Supports the FTC's Use of a Privilege Review Team to Segregate Out Potentially Privileged Material**

Defendants argue that the FTC's proposed filter protocols are "not sufficient to protect Defendants' privileges and protections, " but fail to point to any specific potential deficiency, let alone propose a protocol that would address their vague concerns. The FTC has not adopted any formal written guidelines for staff conducting privilege screening because there is no "one size fits all" protocol applicable in every FTC case. To illustrate, in some cases where the FTC is granted immediate access, the majority of material is ESI, while in other cases, most documents come in hard copy form. Any privilege review protocol would necessarily be different in those two scenarios. Still in other cases, the defendants were not previously represented by counsel, and thus there is no reason to believe that the material obtained by the FTC contains privileged material. In short, the FTC tailors its screening protocols to the specifics of each case.

3

Contrary to Defendants' assertions, numerous courts support the government conducting a screen for privileged material through the use of a "taint team." *See, e.g., Naushad v. Ware*, 11 F. Supp. 3d 967, 972 (E.D. Mo. 2014); *In re Investigation of Bay Ingram*, 915 F. Supp. 2d 761 (E.D. La. 2012); *United States v. Mower*, 2010 U.S. Dist. LEXIS 106927, at *10-11 (D. Utah Oct. 6, 2010); *United States v. Sutton*, 2009 U.S. Dist. LEXIS 14542, at *25-26 (M.D. Ga. Feb. 25, 2009); *United States v. Evanson*, 2007 U.S. Dist. LEXIS 89618, at *53-54 (D. Utah. Dec. 5, 2007); *United States v. Winters*, 2006 U.S. Dist. LEXIS 70488, at *5-6 (S.D.N.Y. Sep. 27, 2006); *In re 5444 Westheimer Rd. Suite 1570*, 2006 U.S. Dist. LEXIS 48850, at *9 (S.D. Tex. Jul. 6, 2006); *United States v. Crim. Triumph Capital Group*, 211 F.R.D. 31, 43 (D. Conn. 2002) ("The use of a taint team is a proper, fair and acceptable method of protecting privileged communications . . ."). Further, courts have recognized a distinction between the circumstance where the government has not yet obtained the records (which might favor having defense counsel conduct the review), and wherethe government obtains records before recognizing the likelihood that they may contain potentially privileged materials (which would favor having the government conduct the review). *See, e.g., United States v. Coffman*, 2014 U.S. App. LEXIS 14251, at *56-57 (6th Cir. Jul. 22, 2014); *United States v. Taylor*, 764 F. Supp. 2d 230, 234 (D. Me. 2011); *Mower*, 2010 U.S. Dist. LEXIS 106927 at *10-11; *United States v. Jackson*, 2007 U.S. Dist. LEXIS 80120, at *16 (D.D.C. Oct. 30, 2007). In the latter case, courts acknowledge that "the potentially-privileged documents are already in the government's possession, and so the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege." *In re Grand Jury Subpoenas*, 454 F.3d 511, 522-23 (6th Cir. 2006). Here, the FTC already has the documents in question (having lawfully obtained them pursuant to the TRO); and is prepared to screen the ESI for potentially privileged

material following an approved protocol. This situation fall squarely within the "limited" circumstances in which it is appropriate for the government to conduct the review.

Courts also seem to be more critical when the government makes the unilateral decision to screen for privileged material. *See United States v. Neill*, 952 F. Supp. 834, 840-42 (D.D.C. 1997) (in ultimately concluding that government's unilaterally deployed taint team procedures were valid, criticizing instances where "the government chooses to take matters into its own hands"). Here, however, the FTC has submitted its review protocol both to Defendants and to the Court for approval. Courts critical of the government undertaking the privilege review also focus on the fact that attorneys from the same office as the prosecution team conduct the review. However, here the FTC's proposed taint team is located in an operating division separate and distinct from the division in which counsel of record are located.

Of course, it cannot be overlooked that the overwhelming majority of reported decisions relating to the government's use of a taint team arise from criminal cases. Not that the attorney-client privilege does not apply in civil cases as it does in criminal cases, but because other Constitutional issues – particularly Fourth Amendment and Sixth Amendment concerns -- are implicated in criminal matters Thus, in the context of criminal prosecutions and investigations, some courts express concerns about the propriety of the prosecutor conducting the privilege review or insist on more judicial oversight during the review procedure. *See, e.g., In re Scranton Hous. Auth.*, 436 F. Supp. 2d 714, 722 (M.D. Pa. 2006) (noting that some courts question or reject the use of government taint teams "at least in the context of criminal prosecutions"). Nevertheless, as discussed above, courts do agree that the government, even in a criminal matter, is capable and can be trusted to implement a privilege review. Though Plaintiff is a federal agency and the case does involve allegations of law violations, this is not a criminal proceeding.

5

Accordingly, the Fourth and Sixth Amendment issues that concerned the courts in past reported decisions are not at play here.

In short, numerous courts have allowed the government, in situations similar to this, to conduct their own privilege review of defendants' documents. Defendants offer no specific criticism of the particulars of the FTC's proposed review protocol other than vague concerns that they do not trust the FTC's decisions as to what may or may not fall within the attorney-client privilege or that FTC counsel of record.

WHEREFORE, the FTC respectfully requests this Court enter an order approving the above filter review protocols.

                                                Respectfully submitted,

                                                JONATHAN E. NUECHTERLEIN
                                                General Counsel

Dated: December 15, 2014             */s/ Gregory A. Ashe*
                                                Helen Wong, DC Bar # 997800
                                                Teresa N. Kosmidis, NY Bar# 4533824
                                                Leah Frazier, DC Bar# 492540
                                                Gregory A. Ashe, VA Bar #39131
                                                Federal Trade Commission
                                                600 Pennsylvania Ave., N.W.
                                                Mail Stop CC-10232
                                                Washington, D.C. 20580
                                                202-326-3779 (Wong)
                                                202-326-3216 (Kosmidis)
                                                202-326-2187 (Frazier)
                                                202-326-3719 (Ashe)
                                                Facsimile: 202-326-3768
                                                hwong@ftc.gov
                                                tkosmidis@ftc.gov
                                                lfrazier@ftc.gov
                                                gashe@ftc.gov

                                                TAMMY DICKINSON
                                                United States Attorney

Dated: December 15, 2014　　　　　　　　*/s/ Charles M. Thomas*
　　　　　　　　　　　　　　　　　　　　Charles M. Thomas, MO Bar #28522
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Charles Evans Whittaker Courthouse
　　　　　　　　　　　　　　　　　　　　400 East Ninth Street, Room 5510
　　　　　　　　　　　　　　　　　　　　Kansas City, MO  64106
　　　　　　　　　　　　　　　　　　　　Telephone: (816) 426-3130
　　　　　　　　　　　　　　　　　　　　Facsimile:  (816) 426-3165
　　　　　　　　　　　　　　　　　　　　E-mail:  charles.thomas@usdoj.gov

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　FEDERAL TRADE COMMISSION

### CERTIFICATE OF SERVICE

　　　The undersigned hereby certifies that on December 15, 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

　　　　　　　　　　　　　　　　　　　　*/s/ Gregory A. Ashe*
　　　　　　　　　　　　　　　　　　　　 Attorney for Plaintiff Federal Trade Commission