UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>BF LABS, INC., *et al.*<br><br>    Defendants. | CASE NO. 4:14-cv-00815-BCW |

**JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26.1, and the Court's December 12, 2014 Order, the parties to the above-captioned matter respectfully submit this Joint Proposed Discovery Plan and Scheduling Order. The parties conferred telephonically on December 16, 2014. In attendance were (1) counsel for the FTC: Leah Frazier and Gregory Ashe; and (2) counsel for Defendants BF Labs Inc., Darla Drake, and Sonny Vleisides: James Humphrey, Michael Foster, and Braden Perry. Counsel for Defendant Nasser Ghoseiri did not participate but has reviewed this proposed Discovery Plan and Scheduling Order and concurs with the positions of the other Defendants. In light of the Court's denial of a preliminary injunction, the Temporary Receiver and his counsel did not participate in the Rule 26(f) conference.

**I.    PROPOSED DISCOVERY PLAN**

    **A.    Deadline For Initial Disclosures - Fed. R. Civ. P. 26(f)(3)(A)**

The parties have already filed extensive evidence with the Court in connection with the motions for temporary restraining order and preliminary injunction, which evidence has been served on the respective parties. Additionally, the parties have agreed to make the initial

1

disclosures required by Fed. R. Civ. P. 26(a)(1) by December 30, 2014.

B.     Discovery Issues – Fed. R. Civ. P. 26(f)(3)(B)

1.     Subjects on Which Discovery May Be Needed

The parties agree that discovery may be conducted on all matters within the scope of Fed. R. Civ. P. 26(b)(1). The parties agree that discovery shall not be conducted in phases or otherwise limited in focus. The parties intend to conduct discovery using oral depositions, written interrogatories, requests for production of documents, and requests for admissions.

The FTC will seek discovery on all matters relevant to the conduct and practices alleged in its complaint, its claims for relief, and Defendants' defenses, if any, including but not limited to discovery regarding the operations of the corporate defendant, the scope of involvement of the individual defendants, the Defendants' respective financial statuses and disbursements, and the amount and extent of consumer injury caused by the Defendants' alleged deceptive practices.

Defendants will seek discovery on all matters relevant to the conduct and practices alleged in the FTC's complaint, the FTC's claims for relief, the FTC's claims of liability and damages, mining activity of consumers including profits earned, the FTC's pre-filing investigation of the Defendants including all publicly available BF Labs communications with consumers, and all communications the FTC has had with consumers.

2.     Deadline for Completion of Discovery

The FTC believes that because of the breadth of this action, the number of defendants, and the nature of the relief requested, extensive discovery is warranted. The Defendants disagree and do not believe extensive discovery is warranted.

The FTC recommends that (1) all fact discovery be completed by June 19, 2015, (2) the last day for both parties to disclose expert discovery under Fed. R. Civ. P. 26(a)(2)(D) should be

July 2, 2015, (3) the last day for both parties to submit any expert report rebuttal should be July 17, 2015, and (4) expert discovery be completed by July 31, 2015.

The Defendants recommend that (1) the last day for the FTC to designate its expert witnesses under Fed. R. Civ. P. 26(a)(2)(D) should be February 9, 2015, (2) the last day for Defendants to designate their expert witnesses under Fed. R. Civ. P. 26(a)(2)(D) should be March 9, 2015, and (3) all discovery be completed by May 22, 2015.

### C. Issues or Concerns Regarding Discoverable Electronically Stored Information ("ESI") – Fed. R. Civ. P. 26(f)(3)(C)

Pursuant to the Temporary Restraining Order, the FTC has obtained ESI containing business records. Currently pending before this Court is the FTC's motion to approve filter review protocols that would allow the FTC to use a taint team to filter out any ESI containing potentially privileged materials. The FTC asserts that case law supports it conducting the privilege review and that the denial of a preliminary injunction does not divest it of the documents it rightfully obtained pursuant to the immediate access provisions of the Temporary Restraining Order. Defendants oppose this motion and further contend that the documents should be returned immediately based on the status of the case. Defendants assert that with the denial of a preliminary injunction, the FTC is required to return all documents it obtained under the TRO.

Meanwhile, the FTC asserts it has taken steps to ensure the preservation of ESI that is relevant to any claim or defense at issue in this case. Defendants assert they have taken steps where possible under the temporary receivership to ensure the preservation of ESI that is relevant to any claim or defense at issue in this case. The Temporary Receiver is in the process of transferring control back to Defendants of dozens of Defendants' computers and servers, all of which contain potentially relevant ESI.

3

**D. Issues Regarding Privilege – Fed. R. Civ. P. 26(f)(3)(D)**

As discussed previously, currently at issue is whether the FTC or Defendants should screen ESI for potentially privileged information.

**E. Any Changes in the Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E)**

Because of the breadth of this action, the number of defendants, and the nature of the relief requested, the FTC believes that the following changes to the limitations on discovery are appropriate and not excessive:

(1) For oral exam depositions: (a) (i) the maximum number of oral exam depositions for the FTC shall be 20, and (ii) the maximum number for Defendants, collectively, shall be 20; and (b) the maximum number of hours for each deposition shall be eight (8) hours, unless extended by agreement of the parties.

(2) For interrogatories: (a) the maximum number of interrogatories that the FTC may propound to each Defendant shall be 30, and (b) the maximum number of interrogatories that Defendants, collectively, may propound to the FTC shall be 30.

Defendants do not believe that any changes to the limitations in the Federal Rules of Civil Procedure on discovery are necessary and that the maximum number of oral examination depositions for both parties should be 10, in accordance with the Federal Rules of Civil Procedure and (b) the maximum number of hours for each deposition should be seven (7) hours, unless extended by agreement of the parties.

The Defendants also believe that the maximum number of interrogatories that the parties should be permitted to serve should be 25, also in accordance with the Federal Rules of Civil Procedure.

F.  **Any Orders That Should Be Entered Under Rule 26(c) – Fed. R. Civ. P. 26(f)(3)(F)**

The parties anticipate that an order to protect the interests of the parties and third parties against improper use and disclosure of confidential information submitted or produced in connection with this matter will be necessary.  The parties hope to submit a stipulated protective order for the Court's approval.

II. **PROPOSED SCHEDULING ORDER**

A.  **Deadline for Filing Motions to Add Parties or Amend the Pleadings**

The FTC requests a date of March 13, 2015.

Defendants believe there is no need based on the procedural posture for such a deadline.

B.  **Deadline for Close of Discovery, Including Expert Discovery**

The FTC requests that fact discovery close June 19, 2015 and expert discovery close July 31, 2015.

The Defendants request that fact and expert discovery close May 22, 2015.

C.  **Deadline for the Filing of Dispositive Motions**

The FTC requests a date of September 4, 2015.

The Defendants request a date of June 19, 2015.

D.  **Deadline for the Filing of *Daubert* Motions to Strike Expert Designations or Preclude Expert Testimony**

The FTC requests a date of October 19, 2015.

The Defendants request a date of August 3, 2015.

E.  **Final Pre-Trial**

The FTC requests a date of November 9, 2015.

The Defendants request a date of August 24, 2015.

**F. Trial**

The parties agree that the case should be tried as a bench trial and that the trial should take no more than 10 days.

The FTC requests a date of December 7, 2015.

The Defendants request a date of September 21, 2015.

6

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: December 18, 2014  */s/ Gregory A. Ashe*
Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Gregory A. Ashe, VA Bar #39131
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
Facsimile: 202-326-3768
hwong@ftc.gov
tkosmidis@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: December 18, 2014  */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

| | |
|---|---|
| Dated: December 18, 2014 | */s/ James M. Humphrey* <br> James M. Humphrey, MO Bar #50200 <br> Michael S. Foster, MO Bar #61205 <br> Miriam E. Bailey, MO Bar #60366 <br> Polsinelli PC <br> 900 W. 48th Place, Suite 900 <br> Kansas City, Missouri 64112-1895 <br> Telephone: (816) 753-1000 <br> Facsimile: (816) 753-1536 <br> jhumphrey@polsinelli.com <br> mfoster@polsinelli.com <br> mbailey@polsinelli.com |
| Dated: December 18, 2014 | */s/Braden M. Perry* <br> Braden M. Perry, MO Bar #53865 <br> Kennyhertz Perry, LLC <br> 420 Nichols Road, Suite 207 <br> Kansas City, MO 64112 <br> Telephone: 816-527-9445 <br> Facsimile: 855-844-2914 <br> Email: braden@kennyhertzperry.com <br><br> ATTORNEYS FOR DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA DRAKE |
| Dated: December 18, 2014 | */s/ James D. Griffin* <br> James D. Griffin, MO Bar #33370 <br> Lisa M. Bolliger, MO Bar #65496 <br> Scharnhorst Ast Kennard Griffin, PC <br> 1100 Walnut Street, Suite 1950 <br> Kansas City, MO 64106 <br> Telephone: 816-268-9400 <br> Facsimile: 816-268-9409 <br> Email: jgriffin@sakg.com <br> Email: lbolliger@sakg.com <br><br> ATTORNEYS FOR DEFENDANT NASSER GHOSEIRI |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 18, 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                                  */s/ Gregory A. Ashe*_____
                                                  Attorney for Plaintiff Federal Trade Commission