IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-CV-00815-BCW |
| BF LABS INC., et al., | ) ) ) |
| Defendants. | ) |

### ORDER

Plaintiff contends Defendants violated Section 5(a) of the Federal Trade Commission Act ("FTC Act") by misrepresenting material facts about their Bitcoin mining machines. Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) (Docs. #80 and #84). After reviewing the premises, the record, and the applicable law, the Court denies the motions.

### I. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### II. ANALYSIS

Plaintiff alleges Defendants violated Section 5(a) of the FTC Act. This statute prohibits unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a)(1). To

1

establish that an act or practice is deceptive under this section, the plaintiff must show that the defendant made a material representation that is likely to mislead consumers acting reasonably under the circumstances. See F.T.C. v. Real Wealth, Inc., No. 10-CV-0060-FJG, 2011 WL 1930401, at *2 (W.D. Mo. May 17, 2011) (discussing elements).

The Court finds Plaintiff adequately alleges each element. First, Plaintiff alleges Defendants made representations about profitability and delivery dates. As one example, Plaintiff alleges Defendants posted a link on their Facebook page to a calculator that enabled consumers to calculate the return on investment for their Bitcoin mining machines based on information such as the delivery date and processing power. Doc. #2 at 6 (alleging post instructs customers to "[m]easure your [return on investment] with this cool Bitcoin mining calculator"). Plaintiff also alleges Defendants represented they would deliver BitForce machines in October 2012 and Monarch machines in December 2013. Id. at 7–8.

Second, Plaintiff alleges Defendants' representations were likely to mislead consumers acting reasonably. Real Wealth, Inc., 2011 WL 1930401, at *2 (noting that a representation is likely to mislead consumers acting reasonably under the circumstances if the claim is false or if the defendant lacked a reasonable basis for asserting the claim at the time the claim was made). Plaintiff asserts Defendants did not deliver machines by specific dates and repeatedly failed to deliver the machines on time despite requiring customers to pay up-front. Doc. #2 at 4, 7. For example, Plaintiff alleges Defendants did not ship BitForce machines until April 2013 and had not shipped a single Monarch machine as of August 2014. Id. at 7–8. Plaintiff further alleges the delivery delays significantly decreased the number of Bitcoins mined by any mining machine and prevented consumers from generating a profit or return on investment. Id. at 4; see also id. at 4–5 (explaining that mining difficult increases over time). Finally, Plaintiff alleges it was

2

reasonable for consumers to rely on Defendants' representations because the Bitcoin market is highly technical and developing. See id. (discussing evolving state of market). These allegations plausibly allege this element.

Third, Plaintiff alleges Defendants' delivery date and profitability representations were material. See Real Wealth, Inc., 2011 WL 1930401, at *2 (explaining that a representation is material if "it involves information likely to affect a consumer's decision to purchase a particular product or service"). Plaintiff alleges many consumers complained or requested refunds based on the delivery delays. Doc. #2 at 9 (alleging "consumers have tried to contact Defendants to cancel their orders and obtain refunds, but have been unable to reach Defendants"). This allegation plausibly suggests that consumers likely would not have purchased Defendants' products or services had the consumers known that they would not receive the product or service or would only receive it after substantial delays that would render the Bitcoin mining machine or service unprofitable. Based on this analysis, the Court finds Plaintiff sufficiently alleged its Section 5(a) claims.

Defendants argue Plaintiff's complaint should be dismissed because the alleged representations were not material or misleading as a matter of law. Defendants primarily rely on Borows v. nView Corp., 829 F. Supp. 828 (E.D. Va 1993), and In re Number Nine Visual Technology Corp., 51 F. Supp. 2d 1 (D. Mass. 1999), to make this argument. Although these cases are relevant to aspects of Plaintiff's claims, the principles discussed in each case do not establish that Plaintiff's claims should be dismissed as a matter of law. See generally Doc. #201 at 5–7 (discussing falsity and representations regarding intended future conduct).

Defendants next argue the "net impression" of BFL's representations, in context, was not materially misleading as a matter of law. See Real Wealth, Inc., 2011 WL 1930401, at *2

3

(recognizing that a solicitation might be likely to mislead consumers acting reasonably based on its net impression). Even if the Court were to consider the additional excerpts cited in and attached to Defendants' motion, dismissal would not be appropriate. See Miller v. Redwood Toxicology Labs, Inc., 688 F.3d 928, 931 (8th Cir. 2012) (noting that "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings" (internal quotation omitted)). Plaintiff has plausibly stated a claim to relief under Section 5(a). The additional citations might support Defendants' positions in this case, but they do not render Plaintiff's claims insufficient as a matter of law.

Lastly, Defendants contend Plaintiff's profitability claim should be dismissed because it is a repackaged form of the delivery date claim. Although aspects of Plaintiff's profitability and delivery date claims appear related and interdependent, the Court finds Plaintiff has sufficiently stated a Section 5(a) violation based on each theory. Accordingly, it is hereby

ORDERED Defendants BF Labs Inc., Sonny Vleisides, and Darla Jo Drake's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. #80) is DENIED. It is further

ORDERED Defendant Nasser Ghoseiri's Joinder in Defendants' Motion to Dismiss (Doc. #84) is DENIED.

IT IS SO ORDERED.

Dated: December 23, 2014          /s/Brian C. Wimes
                                                  JUDGE BRIAN C. WIMES
                                                  UNITED STATES DISTRICT COURT