IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-0815-W-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA DRAKE'S SUGGESTIONS IN OPPOSITION TO THE SECOND APPLICATION BY ERIC JOHNSON, TEMPORARY RECEIVER, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD NOVEMBER 1, 2014 THROUGH <u>NOVEMBER 30, 2014</u>**

Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake (collectively "Defendants") oppose the Second Application by Eric Johnson, Temporary Receiver, For Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period November 1, 2014 through November 30, 2014 ("Application") because:

(1) the FTC should pay for any receivership professional fees and expenses because its *ex parte* action was unnecessary and resulted in significant fees and expenses that in no way benefited Defendants and could have otherwise been spent providing refunds to consumers;

(2) the professional fees and expenses are and have been excessive;

(3) the Temporary Receiver failed to provide to BF Labs—the entity from whose assets the Temporary Receiver seeks to satisfy his (and his counsel and consultants') bills—the receivership professionals' billing statements; and

(4) discovery and a hearing are needed to determine the reasonableness of the fees and expenses sought in the Temporary Receiver's Application.

For these reasons, set forth more fully below, Defendants oppose the Temporary Receiver's Second Application and respectfully request either (1) that the FTC be required to pay the Temporary Receiver's fees and expenses, or (2)(a) that BF Labs be permitted to review and, as necessary, oppose unredacted billing statements from the Temporary Receiver and his counsel and consultants before the Court rules on the Application, (b) that the Court grant discovery and a hearing concerning the reasonableness of the Temporary Receiver's Application before the Court rules on the Application, and (c) that the Court find that the amount billed was excessive during the period from November 1, 2014 through November 30, 2014 and deny the Temporary Receiver's Application to that extent, and for such other and further relief that the Court deems just and equitable.

## I. Because The FTC Was Not Entitled To a Preliminary Injunction, Asset Freeze, or Receivership, the FTC Should Pay the Temporary Receiver's Fees and Expenses.

No assets were being dissipated and no receivership was necessary when the FTC brought its *ex parte* motion for temporary restraining order, asset freeze, and obtained a temporary receiver. Courts have discretion to decide which party will be charged with costs of a receivership. *Bowersock Mills & Power Co. v. Joyce,* 101 F.2d 1000, 1002-03 (8th Cir. 1939). Where the appointment of a receiver is without legal authority, improper, or inequitable, the party at whose instance the receiver was appointed, and not the receivership fund, is liable for the expenses of the receivership. *Fulp v. McCray*, 21 F.2d 951, 952 (8th Cir. 1927) (where order appointing receiver was reversed as having been improvidently made, receivership costs and expenses were taxable against the plaintiff); *see also Pioche Mines Consol., Inc. v. Dolman,* 333 F.2d 257 (9th Cir. 1964) (court has discretion to charge receiver's expenses to corporation or party who wrongfully obtained receivership even if that party acted in good faith seeking the receivership and charging party invoking the receivership to pay costs of receivership); *Berry v.*

*Rood et al.*, 123 S.W. 888 (Mo. 1909) (apportioning receivership costs between plaintiff and defendant).

In *Routh v. Thurman et al.*, 117 P.2d 106, 108 (Okla. 1941), a receiver was appointed at the request of the plaintiff at an *ex parte* hearing, and the defendant moved to discharge the receiver but its motion was denied by the trial court. The plaintiff took the case to trial but lost, yet the trial court still ordered the defendant to pay the receiver's expenses. *Id.* On appeal, the Oklahoma Supreme Court reversed, holding it was an abuse of discretion and prejudicial to the defendant's interest to charge the expenses and compensation of the receiver to the defendant. *Id*.

Similarly, in *Mintzer v. Arthur Wright & Co., Inc*., 171 F.Supp. 263, 264 (E.D. Penn. 1959), a receiver filed its final accounting and report, and the defendant objected to the receiver's professional fees and expenses. The court considered that the costs would not have arisen in the absence of the receivership and that the costs did not benefit the receivership estate, but were merely the necessary and direct result of an erroneous receivership appointment. *Id*.

Holding the petitioning party responsible, the court "stated that in the case of an improper receivership liability for the attendant costs is to be decided in accordance with equitable principles." *Id*. (citing *Burnrite Coal Briquette Co. v. Riggs*, 274 U.S. 208, 214, 47 S.Ct. 578, 71 L.Ed. 1002 (1927)). Noting the general rule that "costs will normally be charged to those procuring the improper appointment," the court also found that charging those costs to the Plaintiff was also the more equitable solution. *Mintzer*, 171 F.Supp. at 265.

BF Labs was issuing refunds and shipping units to consumers when the FTC sought a receivership *ex parte*, but the FTC did not inform the Court of these critical facts. *See* Doc. 155-1, ¶¶ 15-17, 22-25. Further, the FTC was incorrect to suggest that assets were being dissipated and that a risk of further dissipation existed. While the FTC had BF Labs' bank account records,

3

it did not disclose to the Court that the funds regularly transferred out of BF Labs' checking account were merely moved to BF Labs' savings account, a standard corporate finance practice. Doc. 155-3, ¶ 21. As MarksNelson, BF Labs' accounting firm, has declared, it is "not aware of any factual basis to support any such representation [concerning dissipation risks] to the Court." Doc. 155-12, ¶ 19. Further, though the FTC was aware of the Johnson County District Attorney's investigation of BF Labs, and though the District Attorney would have shared information about its investigation with the FTC to the extent allowable by law, the FTC did not request documents or information. Doc. 155-2, ¶ 21.

Because the FTC omitted material facts and made material misstatements when seeking and obtaining the *ex parte* Order (*see generally* Doc. 155), the FTC should pay the Temporary Receiver's fees and expenses, and allow BF Labs to conserve its assets to continue to provide refunds to any consumers who want a refund, as it was doing on September 18, 2014.[1]

II. **The Temporary Receiver and His Attorneys, Accountants, and Consultants' Claims for Fees and Expenses Covering November 1, 2014 through November 30, 2014 Are Excessive; Defendants Are Entitled To Review Billing Statements to Determine the Reasonableness of Fees; and Discovery and a Hearing Are Necessary to Determine Reasonableness of Temporary Receiver's Fees and Expenses[2].**

Again, the Defendants do not deny that the Temporary Receiver is entitled to reasonable compensation (although believe that reasonable compensation should come from the FTC). But the Temporary Receiver and his attorneys and consultants seek much more than that:

---

[1] It also bears mentioning that, by seeking the receivership and asset freeze and halting BF Labs' operations for approximately three months, the FTC unquestionably caused BF Labs' refund liability to significantly increase. *See* 155-3, ¶ 37.

[2] The Defendants incorporate by reference in its entirety their *Suggestions in Opposition to the First Application by Eric Johnson, Temporary Receiver, for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period September 18, 2014 through October 31, 2014*. (Doc. No. 194).

4

Case 4:14-cv-00815-BCW   Document 220   Filed 12/24/14   Page 4 of 10

$275,026.94 in professional fees, and expenses in the amount of $4,259.08 for the period from November 1, 2014 to November 30, 2014—an average of $9,309.53 per day. *See Mercantile-Commerce Bank & Trust Co. v. Southeast Arkansas Levee Dist.*, 106 F.2d 966, 972-73 (8th Cir. 1939) ("[I]t is, and should be, the policy of the courts that receivers and attorneys, in litigation affecting the administration of property and estates, should not be granted excessive compensation.").

The Temporary Receiver argues in support of the bills that Spencer Fane and RubinBrown voluntarily reduced their professional fees, saving Defendants "a total of $100,276.41." Doc. 212, p. 6. The Temporary Receiver's extravagant fees, however, are not rendered moderate or reasonable simply because they could have been *more* extravagant. Certainly, the receiver and his own law firm's attorneys should not receive a windfall.

Second, because the burden is on the Temporary Receiver to show entitlement to the fees claimed, he must make a prima facie case in support of the requested award. *See K-Partners III, Ltd.. v. WLM Hospitality Corp.*, 883 P.2d 604, 606 (Co. Ct. App. 1994); *see also In re Blackwood Assoc., L.P.*, 165 B.R. 108, 111 (Bankr. E.D.N.Y.1994) (receiver must make a "prima facie case in support of the requested award"). Both the amount *and the basis* for receivership fees and expenses sought must be fully disclosed—not only to the Court, but to the party from whose assets the fees and expenses are sought to be satisfied—because interested parties must be afforded the opportunity to rebut any proof offered by a receiver for fees charged in carrying out receivership duties. *See Lewis v. Gramil Corp*., 94 So. 2d 174, 177 (Fla. 1957) (cited by the Temporary Receiver in both his First and Second Fee Applications).

As argued in Defendant's Response to the Temporary Receiver's First Application for Fees, unredacted itemized bills and affidavits were found attached as filed to receivers' fee

5

applications in every FTC action that Defendants' counsel located. *See also FTC v. Jordan Ashley, Inc.*, 1994 U.S. Dist. LEXIS 7577, *17-18 (S.D. Fla. May 3, 1994) (after provisionally approving the attorney fee request submitted in camera, the court ordered the itemization unsealed and gave interested parties the opportunity to object to individual line items before entering a final order approving the fees).

This common practice reflects a fundamental principle of due process—parties in receivership cannot be deprived of their assets without notice and an opportunity to challenge the basis for the deprivation. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950); *see also Jensen v. Clarke*, 94 F.3d 1191, 1203 (8th Cir. 1996) (documentation that "was simply not sufficient to make an intelligent determination as to whether the hours expended were in fact reasonable" can be challenged by an interested party); *In re Alpha Telecom, Inc*. 2006 WL 3085616 at *1 (D. Or. Oct. 27, 2006) (documentation supporting the receiver's fee request "was not reasonably calculated to provide lay recipients with the information necessary to evaluate the fee application and comment upon it.")

The Temporary Receiver's Reply in Support of his First Application argued that "a sister district court in this Circuit rejected a demand for billing statements made by a party objecting to a receiver's fee application." (Doc. No. 199). But the *United States v. Petters*, 2009 WL 1922320 (D. Minn. June 30, 2009) case that the Temporary Receiver refers to was not a FTC case (it dealt with a $3 billion dollar ponzi scheme). And in fact, the Temporary Receiver cited no FTC case that came to the same conclusion as *Petters*. Further, and maybe even most important, the objecting parties demanding the billing statements in *Petters* were not the defendant entities but the defendants' creditors. In fact, the *Petters* court merely allowed an in camera review of the itemized billing statements because "[t]he related criminal proceedings against the Defendants

justifies the Court's *in camera* review of all itemized billing statements supporting the fee petitions." *Id*. at *2. This is an obvious difference than the case here.

Without access to the unredacted bills, Defendants have no opportunity to review and potentially object to specific line items. While the Temporary Receiver's Affidavit provided a generic statement about the services provided, that statement is not enough. For instance, it appears that the Temporary Receiver charged its own law firm's attorneys and paralegals to "Facility Supervision," but it is not at all clear from that limited description that such supervision required legal work and anything beyond mere clerical tasks. *See, e.g., Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985) ("A finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate...."); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) (overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)) ( "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.").

And if Defendants are reading the Temporary Receiver's Exhibit 2-1 correctly, it appears that RubinBrown is seeking to be paid $6,406.25 for attending the preliminary injunction hearing[3]. Defendants do not know whether this is truly the case and seek to determine the facts and object to the reasonableness as necessary.

---

[3] The Temporary Receiver noted in his Affidavit that two of his law firm's associates who attended the first day of the preliminary injunction hearing were not billed for their time that day. But Defendants do not know whose time was billed for that hearing. Three shareholders were also present for that hearing. "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of

7

In light of these considerations, which are representative but not exhaustive of Defendants' concerns (again Defendants can only exhaustively catalog their concerns after they are provided the unredacted billing statements), and in light of due process's requirements of notice and an opportunity to be heard, Defendants request that they be provided unredacted billing statements for review.

Finally, a trial court abuses its discretion if it awards receivership fees and expenses, "over the objection of an interested party, without a hearing, without any representation that they were reasonable and necessary, and without evidence through sworn testimony or verified documents that the services were performed and that the charges and expenses are reasonable." *K-Partners III, Ltd.*, 883 P.2d at 606 (citations omitted)). As already described, Defendants have significant concerns as to the reasonableness of the Temporary Receiver's claims for fees and expenses, and oppose the Temporary Receiver's Second Application as excessive. Defendants therefore respectfully suggest that discovery and a hearing are necessary to determine the reasonableness of that Application, and request that the Court permit discovery and a hearing.

## CONCLUSION

Defendants thus oppose the Temporary Receiver's Second Application and respectfully request either (1) that the FTC be required to pay the Temporary Receiver's fees and expenses, or (2)(a) that BF Labs be permitted to review and, as necessary, oppose unredacted billing statements from the Temporary Receiver and his counsel and consultants before the Court rules

---

two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Johnson*, 488 F.2d at 717. And numerous attorneys for the Temporary Receiver (maybe six or seven) attended the first hearing. Defendants believe that these two associates' time was perhaps written off only because the Defendants were there to witness their attendance and now complain. Defendants have a right (if they are determined to be liable for some of these fees) to see the itemized non-redacted bills and object. As the Temporary Receiver acknowledges in his Second Application, he "should be awarded only moderate compensation." *See* Doc. No. 212, ¶ 33.

Case 4:14-cv-00815-BCW   Document 220   Filed 12/24/14   Page 8 of 10

on the Application, (b) that the Court grant discovery and a hearing concerning the reasonableness of the Temporary Receiver's Application before the Court rules on the Application, and (c) that the Court find that the amount billed was excessive during the period from November 1, 2014 through November 30, 2014 and deny the Temporary Receiver's Application to that extent, and for such other and further relief that the Court deems just and equitable.

Respectfully submitted,

/s/ James M. Humphrey
| | |
|---|---|
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry            MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake

9

# CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2014, a true and correct copy of the foregoing pleading was served by the Court's ECF system on the following:

Helen Wong
Teresa N. Kosmidis
Leah Frazier
Gregory Ashe
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington DC  20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
hwong@ftc.gov
tkosmidis@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov

Bryant T. Lamer
Kersten L. Holzhueter
Andrea M. Chase
Katie Jo Wheeler
Lucinda H. Luetkemeyer
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City MO  64106
816-474-8100
blamer@spencerfane.com
kholzheuter@spencerfane.com
achase@spencerfane.com
kwheeler@spencerfane.com
lluetkemeyer@spencerfane.com

Attorneys for Temporary Receiver
Eric L. Johnson

Charles M. Thomas
Assistant United States Attorney
Charles Evans Whittaker
Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
816-426-3130
charles.thomas@usdoj.gov

Attorneys for Plaintiff

James D. Griffin          MO # 33370
Lisa M. Bolliger          MO # 65496
Scharnhorst Ast Kennard Griffin, PC
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
Tel: (816) 268-9400
Fax: (816) 268-9409
jgriffin@sakg.com
lbolliger@sakg.com

Attorneys for Defendant Nasser Ghoseiri


  /s/ James M. Humphrey
Attorney for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake