**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| **BF LABS INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NASSER GHOSEIRI'S ANSWER**

Defendant Nasser Ghoseiri, by and through undersigned counsel, hereby files this Answer to the Plaintiff Federal Trade Commission's ("FTC") Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"). Doc. 2. In support, Defendant states as follows:

1. The allegations in paragraph 1 of the Complaint assert a legal conclusion as to which no response is required. To the extent a response may be required, Defendant denies those allegations.

**JURISDICTION AND VENUE[1]**

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

**PLAINTIFF**

4. Insofar as paragraph 4 of the Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Defendant is without knowledge or

---

[1] The headings used in Plaintiff's Complaint are set forth in this Answer for the convenience of the reader only. To the extent any of the headings are construed to contain any allegations, they are denied.

1

information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Insofar as paragraph 5 of the Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

## DEFENDANTS

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

## COMMERCE

10. Paragraph 10 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 10 of the Complaint.

## DEFENDANTS' BUSINESS PRACTICES

11. Defendant admits that BF Labs sells Bitcoin mining machines and services and denies all other allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

### Background on Bitcoins and Bitcoin Mining

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

### Defendants' Sale of Bitcoin Mining Machines

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant admits that Butterfly Lab posted a link but denies the rest of the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

### Refunds

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and, therefore, denies those allegations.

## VIOLATIONS OF THE FTC ACT

37. Paragraph 37 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

## CONSUMER INJURY

42. Defendant denies the allegations in paragraph 42 of the Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

43. Paragraph 43 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 43 of the Complaint.

Defendant denies all allegations contained in the Complaint that are not expressly admitted herein, including without limitation those made in unnumbered headings.

## PRAYER FOR RELIEF

Defendant denies that the FTC is entitled to the relief set forth in the Prayer for Relief and its subparts.

## AFFIRMATIVE DEFENSES

Defendant states the following for his affirmative defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45.

2. Defendants did not breach any law Plaintiff enforces because Defendants did not mislead any reasonable consumer.

3. Defendants did not breach any law Plaintiff enforces because Defendants never made a false statement about a future intention.

4. Defendants did not breach any law Plaintiff enforces because Plaintiff has not demonstrated that any of Defendants' statements were false or had a tendency to mislead.

5. Defendants did not breach any law Plaintiff enforces because the Plaintiff has not established that Defendants made a "material" representation.

6. Defendants did not breach any law Plaintiff enforces because Defendants' shipping-date and product-development representations were not "material" or "misleading" as a matter of law.

7. The requested relief, if granted, would not be in the public interest.

8. Defendants have acted in good faith and in a lawful manner in all of BF Labs' business practices and took affirmative steps to inform consumers with regular shipping-date updates and extensive product-detail updates.

9. Defendants did not breach any duty owed to consumers for the transactions and events that are the subject matter of the Complaint.

10. Defendants acted in conformity with commercial standards and with reasonableness in discharging any duties owed.

11. At all relevant times, Defendants acted in good faith toward consumers and in conformity with all applicable laws and regulations.

12. The claims asserted in the Complaint are barred, in whole or in part, because at all times, consumers failed to take reasonable efforts to mitigate their damages, if any.

13. Defendants are entitled to set-off, contribution, and/or indemnity should any damages or other financial liabilities be awarded against them in this case, in the amount of settlement amounts or damages received by consumers with respect to the same alleged injuries giving rise to private causes of action.

14. The Complaint, or part thereof, fails because this Court lacks personal jurisdiction over some or all of the Defendants.

15. Consumers did not reasonably rely on representations or affirmations, if any, made by Defendants.

16. Each and every one of the consumers' alleged rights, claims, and obligations that the FTC seeks to enforce against Defendants are barred by the consumers' conduct, agreement, or otherwise barred by the doctrine of estoppel.

17. The consumers whose rights the FTC seeks to enforce have no cause of action for breach of duty because they assumed the risk for all damages alleged.

18. Plaintiff's claims, in whole or part, must be dismissed on constitutional grounds because they infringe on First Amendment rights.

19. Plaintiff's claims for injunctive relief are barred by Defendants' voluntary cessation – before the Complaint was filed – of any complained-of conduct. Cessation of allegedly wrongful activities counsels against the imposition of an injunction.

20. Plaintiff's claims are barred because consumers expressly agreed to and accepted the terms of pre-order sales and understood that all sales were final, that there was a backlog of orders, and that production and delivery of any order may take two months or longer.

21. Plaintiff's claims are barred because BF Labs' "FAQ" website page states that BF Labs reserves "the right to handle refund requests on a case by case basis" and that pre-ordered products are non-refundable, as is also clearly stated at the time of purchase.

22. Plaintiff's claims are barred because consumers understood that deliveries may take two months or more after order.

23. Plaintiff's claims are barred because the products in question are designed and manufactured in accordance with the standards in the industry.

24. Plaintiff's claims are barred because Defendants exercised reasonable care to prevent and promptly correct any delays that consumers complain of.

25. Plaintiff unjustifiably delayed in commencing this action against Defendants, which prejudiced and harmed Defendants. Plaintiff's claims are therefore barred by the doctrines of estoppel, laches, and waiver.

26. Plaintiff's alleged damages and financial requests are unconscionable and cannot be sustained.

27. Plaintiff's claims are barred in whole or in part based on the doctrine of election of remedies.

28. Plaintiff's claims are barred by reason of consumers' breaches or failures to perform conditions precedent or subsequent.

29. Plaintiff's claims are barred for the reason that any actions or inactions of Defendants were economically justified.

30. Plaintiff's alleged damages, which are denied, were caused by intervening and superseding acts over which Defendants had no control or right of control, thereby barring or diminishing consumers' alleged right of recovery.

31. The damages claimed by Plaintiff are not recoverable, in whole or in part, under Missouri, Kansas, or federal law.

32. Plaintiff's claims are barred by a prior settlement and/or release of those claims or are barred to the extent some consumers have entered into an accord and satisfaction or otherwise compromised their claims.

33. Defendants' actions were neither the cause in fact nor the proximate cause of consumers' injuries, if any.

34. Plaintiff's claims are barred by the doctrine of justification.

35. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

36. Plaintiff's claims are barred by the doctrines of repudiation and anticipatory breach.

37. Plaintiff's claims are barred to the extent consumers prevented Defendants from performing.

38. Plaintiff's claims are barred based on consumers' rejection of goods, as well as consumers' revocation of acceptance of goods.

39. Plaintiff's claims are barred by the doctrine of mistake.

40. Plaintiff's damages should be reduced as an offset by any amount received by any other payment to mitigate damages, including any profit a consumer made from Defendants' mining devices.

41. Plaintiff's claims are barred because there is no danger of recurrence of the alleged violations.

42. Defendants reserve the right to amend its Answer to assert additional defenses, affirmative or otherwise, that may arise or become known through the course of further investigation or discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court enter judgment in his favor and against Plaintiff's relief requested in the Complaint.

Respectfully submitted,

By: */s/ James D. Griffin*
James D. Griffin     MO # 33370
Lisa M. Bolliger     MO # 65496
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
Tel: (816) 268-9400
Fax: (816) 268-9409
E-mail: jgriffin@sakg.com
         lbolliger@sakg.com

Attorneys for Defendant Nasser Ghoseiri

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of January, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ James D. Griffin
Attorney for Defendant Nasser Ghoseiri