IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-00815-CV-W-BCW |
| ) | |
| BF LABS, INC., et al, ) | |
| ) | |
| Defendants. ) | |

**RULES OF JURY TRIAL**

1. Court will normally convene at 9:00 a.m. and recess at or near 5:00 p.m. **Counsel and the parties should be in the courtroom by 8:30 a.m. on each day of trial** in order to take up any matters that need to be addressed before the jury is brought in at 9:00 a.m. The parties may expect morning, lunch, and afternoon breaks at appropriate times.

2. No food or drink is allowed in the courtroom, except for water in white, styrofoam cups. The Court will provide counsel and the parties with appropriate cups.

3. Each party shall be dressed appropriately for Court.

4. During trial, only the attorneys and participants sitting at counsel table at the beginning of voir dire will be allowed to sit at counsel table at any point throughout trial.

5. Unless excused by the Court, counsel and all participants at counsel table shall: (a) stand as Court is opened, recessed, or adjourned; (b) stand when the jury enters and retires from the courtroom; (c) address all remarks, other than examination of a

witness, to the Court instead of to opposing counsel; and (d) avoid disparaging personal remarks toward opposing counsel.

6. Except in unusual circumstances, counsel should stand when addressing the Court, being addressed by the Court, or examining a witness. <u>See</u> Local Rule 83.3(a).

7. The Court will conduct voir dire; in so doing, questions will be taken from those proposed by counsel. At the conclusion of the Court's questioning, counsel may be afforded an opportunity to pose follow-up or clarifying questions to the panel. The jury will be excused when questioning is finished and each side may move to strike for cause. Plaintiff's strikes will be made first, and then defendant's strikes will be made. The panel will be recalled and the jury will be seated and sworn.

8. Absent good cause shown, opening statements will be limited to thirty (30) minutes for each side.

9. No visual aid or exhibit shall be used during an opening statement, unless opposing counsel has been shown the visual aid or exhibit and has agreed to the use of the item during the opening statement.

10. The interrogation of each witness shall consist of: (1) direct examination; (2) cross-examination; (3) redirect examination; and (4) recross-examination. No further questioning will be permitted except by leave of Court in extraordinary circumstances.

11. Only one (1) counsel per party may examine a witness. <u>See</u> Local Rule 83.3(b).

12. Exhibits will rarely be circulated to jurors. If counsel wants the jury to see an exhibit during trial, it should be displayed in such fashion that all jurors may view it at the same time (i.e., by overhead projection, ELMO, computer projection, etc.).

13. Counsel shall request permission of the Court to approach a witness for a legitimate purpose. Once granted permission, counsel may approach the witness additional times without requesting permission to do so. However, witnesses shall be interrogated from a reasonable distance and shall not be badgered.

14. If a podium is provided, counsel may use it, but are not required to do so. However, counsel will not be allowed to intrude into the jury's space. Furthermore, no paper, object or hands of counsel shall be placed on the railing in front of the jury box.

15. When making an objection, counsel should say only "objection" plus the legal reason for the objection (i.e., leading, hearsay, etc). If objecting counsel desires to give reasons for the objection or if an opposing counsel desires to oppose the objection, counsel shall request leave to approach the bench. Objections to evidence should be made only by counsel handling the witness. Objections during opening statements or closing arguments should be made only by counsel making the opening statement or closing argument.

16. After counsel questions an expert witness about his/her qualifications, do not ask the Court to declare the witness an expert.

17. Counsel shall treat adverse witnesses and parties with fairness and consideration. No abusive language or offensive personal references will be tolerated.

18. Visible reactions to a witness's testimony, counsel's presentation, or Court ruling (such as facial or body gestures) are inappropriate.

19. Do not converse with your client or co-counsel in a manner that your conversation may be heard by the jury.

20. Each party shall mark each of their exhibits prior to trial with an exhibit sticker indicating whether the exhibit is being offered by plaintiff or defendant, along with the exhibit number. Plaintiff shall number their exhibits consecutively beginning with the number one (1). Defendant shall number their exhibits consecutively beginning with the number five hundred-one (501). The designation for each exhibit shall match the numeric designation for that exhibit on the exhibit list furnished to the clerk prior to trial.

21. Witnesses will remain in the witness chair unless leave of Court is granted for a witness to reference an exhibit and then the witness shall return to the witness chair immediately after referencing the exhibit. Witnesses will not be allowed to testify standing in front of the jury without leave of Court to do so. Leave will only be granted as deemed necessary and appropriate.

22. All exhibits utilized at trial as part of a party's presentation of evidence, regardless of whether admitted or not, must be kept available for use by other parties during the remainder of the trial.

23. The length of closing arguments will be established during the instruction conference.

24. Instructions will be read to the jury before closing arguments. Each juror will be given a copy of the instructions for use during deliberations.

25. After the jury retires, counsel for each party shall assemble all of the exhibits and keep them available in the courtroom. Counsel and their clients should remain in the courthouse and advise the Court's staff where they will be located while the jury is deliberating.

26. After the jury returns its verdict, be prepared to tell the Court if you want the jury polled.

27. After the jury is dismissed, counsel for each party must take possession of his/her exhibits from the courtroom deputy and sign the receipt at the bottom of the exhibit list.

IT IS SO ORDERED.

DATED: January 22, 2015

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

- 5 -
Case 4:14-cv-00815-BCW   Document 242   Filed 01/22/15   Page 5 of 5