UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BF LABS, INC., et al.<br><br>    Defendants. | CASE NO. 4:14-cv-00815-BCW<br><br>**PLAINTIFF'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION FOR RECONSIDERATION** |

      The FTC has set forth sufficient grounds to warrant reconsideration. Defendants do not deny that judicial inadvertence constitutes grounds for relief under Rule 60(b), and that courts in the Eighth Circuit have construed judicial inadvertence to mean errors of law obvious from the record.[1] *Jo Ann Howard & Assocs. v. Cassity*, Case No. 4:09-cv-01252, 2014 U.S. Dist. LEXIS 95896, *19-20 (E.D. Mo. July 15, 2014); *Nichols v. United States*, Case Nos. 4:00-cr-00022-03 & 4:05-cv-00626, *11 (E.D. Ark. Nov. 28, 2006). Contrary to Defendants' assertion, the FTC's motion is not an attempt to rehash previously advanced arguments. Rather, the FTC addresses errors of law that both became evident and arose from the Order. For instance, the Order relied upon *United States v. Ukrainian Village Pharmacy, Inc.*, No. 13-3883, 2014 WL 6783033 (7th Cir. Dec. 3, 2014), to support its conclusion that an allegation of falsity requires a showing of intent not to perform. That decision, which served as a basis for the Court's determination that

---

[1] The cases that Defendants cite do not preclude the Court from exercising its broad discretion to reconsider its ruling, but rather, address whether a district court's refusal to grant relief under Rule 60(b) constitutes an abuse of discretion. *See, e.g.*, *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999).

proving falsity of claims about future conduct requires a showing of intent, did not become public until the day before the parties submitted their post-hearing briefs, and the FTC did not have an opportunity to rebut it. Furthermore, the Order's failure to address the equitable factor of preservation of assets did not become evident, of course, until its issuance. As set forth below, Defendants' attempts to justify the Order lack support in law.

## I. IMPOSING A SCIENTER REQUIREMENT IGNORES EIGHTH CIRCUIT PRECEDENT

Defendants' assertion that consumer perspective has no place in determining whether a claim is false and therefore deceptive under Section 5 of the FTC Act runs contrary to its very purpose and well-settled precedent. As Defendants and the Court recognize, the standard to prove *any* claim of deception under Section 5 is whether it is likely to mislead consumers acting reasonably under the circumstances. Defendants' Opposition ("Opp.") [DE # 223], at 2; Order [DE # 201], at 5. Courts therefore must consider consumer perspective in evaluating any deception count, regardless of whether the FTC has alleged that a claim is false, misleading, or lacks a reasonable basis. *See Benrus Watch Co. v. FTC*, 352 F.2d 313, 318 (8th Cir. 1965) ("whether a trade practice ... is deceptive depends ... on the impression which such a practice makes on the minds of the consuming public."); *see also Curtis Lumber Co. v. La. Pac. Corp.*, 618 F.3d 762, 779 (8th Cir. 2010) (trade practices are deceptive under the FTC Act if they are likely to deceive or have a capacity to deceive a reasonable consumer). This comports with the consumer protection mandate of Section 5, the "central purpose" of which was to abolish caveat emptor. *FTC v. Freecom Commc'ns Corp.*, 401 F.3d 1192, 1202 (10th Cir. 2005). Thus, per Eighth Circuit precedent, consumers are entitled to rely upon merchant representations. *Am. Life & Accid. Ins. Co. v. FTC*, 255 F.2d 289, 293 (8th Cir. 1958). *Cf. FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003) ("there is no 'new business' immunity from the Federal Trade

2

Commission Act. . . . In the 'new business' setting, investors are the most vulnerable to the representations and purported 'expertise' of those in the business of selling novel business opportunities.") (citations and quotations omitted). Defendants do not address this precedent at all, or attempt to reconcile it with the Order's ruling that Defendants' subjective intent to perform can preclude liability for claims that ultimately turned out to be false or are misleading to the detriment of consumers. Nor do Defendants respond to the FTC's argument that *Ukrainian Village Pharmacy* and *Borow v. nView Corporation*, 829 F. Supp. 828 (E.D. Va. 1993), fail to provide a legal basis for the Order because they interpret laws that require a showing of intent, unlike the FTC Act.

Defendants attempt to circumvent well-settled precedent that Section 5 does not require a showing of scienter by characterizing the alleged misrepresentations as "statements of intent," *i.e.*, that that they only represented that they *intended* to deliver, not that they actually would do so. Opp. at 3-4. However, the FTC did not allege that Defendants told consumers that they *intended* to ship on certain dates. The FTC alleged that Defendants represented that they "*will* deliver Bitcoin mining machines or services to consumers in a timely fashion," and that consumers did not receive the machines or services in a timely fashion. Complaint [DE # 2], ¶ 39 (emphasis added). Thus, the FTC did not place intent at issue, but alleged that Defendants represented delivery dates and failed to meet them, rendering those representations false and misleading. These allegations comport with Defendants' representations. For example, Defendants represented that initial product delivery "is scheduled for October, 2012." DE # 8-1, Att. M. Based on this statement, it was reasonable for consumers to conclude that Defendants would deliver the product by October 2012, even if others could have interpreted the statement to mean that that delivery was intended to be scheduled for October 2012. *See, e.g.*, *In Re*

3

*Cliffdale Assocs.*, 103 F.T.C. 110 (1984) ("When a seller's representation conveys more than one meaning to reasonable consumers, one of which is false, the seller is liable for the misleading interpretation."). Analogously, a reasonable consumer takeaway from a statement that payments to a merchant are scheduled to be withdrawn on the 15th day of each month would be that the payment would in fact be withdrawn on that day, not that the merchant only intended to for it to be withdrawn on that date, but could withdraw it on another date. To conclude otherwise would be inconsistent with the plain meaning of Defendants' representations and would subject consumers to caveat emptor, which Section 5 was enacted to abolish. *Tashman*, 318 F.3d at 1277 ("*caveat emptor* is simply not the law").

Defendants' attempts to rebut the FTC's claim that the delivery representations were misleading also fail. A statement can be true or not provably false, yet still mislead. *E.g.*, *Buchanan v. Northland Group, Inc.*, Case No. 13-2523, -- F.3d ---, at 4, 2015 WL 149528 (6th Cir. Jan. 13, 2015) (interpreting Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*[2] and stating that "[a]s the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. That is why truth is not always a defense, and that is why even a true statement may be banned for creating a misleading impression") (internal citations and quotations omitted). Thus, even if the FTC fails to prove falsity, which is not the case here, it could still prevail on grounds that the claims were misleading. Defendants' only rejoinder is that the parties submitted competing consumer declarations. But the FTC submitted voluminous evidence that consumers were actually deceived. In addition to the consumer declarations, there were thousands of complaints from Defendants' customers that they did not obtain their products by, or even

---

[2] The FTC enforces the FDCPA, and pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), a violation of the FDCPA constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

4

remotely close to, the promised delivery date. FTC Prop. Findings of Fact & Concl. of Law [DE # 193], ¶ 13. Defendants' own payment processor terminated its account and retained a large cash reserve due to consumer complaints about Defendants' failure to deliver. DE#8, Notes 79, 80, 81, PX 1 ¶ 90. That thousands of consumers complained that they did not receive their products demonstrates that they expected Defendants to deliver the machines on or around the scheduled dates, and were therefore misled. In any event, the Eighth Circuit has made clear that the FTC need not put forth evidence that consumers were actually deceived to prevail under Section 5. *Am. Life*, 255 F.2d at 293 ("The fact that there was no evidence that anyone had in fact been deceived in relying on petitioner's advertisements was not conclusive. The test was whether such advertisements were likely to deceive."). *See also Kraft, Inc. v. FTC*, 970 F.2d 311, 319 (7th Cir. 1992) (same); *Thiret v. FTC*, 512 F.2d 176, 180 (10th Cir. 1975) (same).

## II. AT A MINIMUM, THE BALANCE OF EQUITIES FAVORS SOME MEASURES TO PROTECT CONSUMERS

Even if Defendants correctly interpret the Order's broad statement about "protecting consumers" to somehow encompass equitable concerns about preservation of assets for redress, reconsideration is still warranted. The Order's only stated rationale for discounting the interest in "protecting consumers" is that such a concern arises in any FTC case. Order, at 10. However, neither the Order nor Defendants explain why the ubiquity of the concern of protecting consumers in FTC cases should detract from its weighing in the balance of equities. Furthermore, Defendants fail to address Eighth Circuit case law holding that preservation of assets for final relief by itself provides sufficient grounds for preliminary injunctive relief. *Airlines Reporting Corp. v. Barry*, 825 F.2d 1220, 1227 (8th Cir. 1987). Thus, the Court's determination that Defendants are unlikely to resume the challenged conduct does not render irrelevant concerns about asset preservation.

5

Additionally, Defendants' argument that the Court considered preservation of assets because it ordered Defendants to submit reports regarding "progress toward generating assets to pay out all requested refunds in a timely manner" suffers from several flaws. Opp. at 5-6. First, the Order expressly states that the Court determined that the FTC was not entitled to a preliminary injunction, but based the reporting requirement on Defendants' "voluntary proposal." Order, at 11. Second, outstanding refund liability does not equate with Defendants' potential liability in this case. By the FTC's calculation, Defendants' monetary liability far exceeds the amount of outstanding refund requests. If anything, the Court's decision after entry of the order setting aside a $1 million reserve to pay receivership costs legitimizes the equitable concerns about dissipation of assets; otherwise, no reason would exist for the Court to require a reserve. Order [DE # 218], at 2. Just as the receivership is receiving protection here, so should consumers. Finally, Defendants do not dispute that even though the Court deemed the proposed injunctive provisions too onerous, it should have considered whether the equities favored the imposition of less stringent provisions, which could include creating a reserve for consumers, financial reporting, or expenditure restrictions.

## III.   DEFENDANTS MISCONSTRUE SECTION 13(B) CASELAW

Defendants erroneously discount precedent demonstrating that the FTC need not show that a defendant is violating or about to violate the law to secure injunctive relief under the second proviso of 13(b). Section 13(b) provides as follows:

> **(b) Temporary restraining orders; preliminary injunctions**
> Whenever the Commission has reason to believe—
> (**1**) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and (**2**) that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public—

6

> the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: Provided, however, That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order of preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect. Provided further, That in proper cases the Commission may seek, and after proper proof, the court may issue a permanent injunction. . . .[3]

Defendants concede that the requirement in clause (b)(2), the exhaustion of administrative remedies, does not apply to cases brought under the second proviso, and indeed agree that per the precedent cited by the FTC, it is "unremarkable and undisputed" that the FTC need not comply with that provision. Opp. at 7. Given the structure of Section 13(b), it would strain credulity to find that clause (b)(1) would apply, if clause (b)(2) does not, especially since those provisions are conjunctive by virtue of the "and" connecting them. Numerous Circuits, including the Eight Circuit, have recognized that the second proviso grants the FTC authority to initiate lawsuits independent of the first proviso. *See FTC v. Sec. Rare Coin*, 931 F.2d 1312, 1314 (8th Cir. 1991) (case initiated in district court without prior administrative action and therefore brought under the second proviso and quoting second proviso as basis for authority to grant permanent injunction and preliminary relief). *See also See FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982) (routine fraud cases may be brought under second proviso, without being conditioned on first proviso requirement that the FTC institute an administrative proceeding); *FTC v. U.S. Oil & Gas*, 748 F.2d 1431, 1434 (11th Cir. 1984) (per second proviso, FTC can obtain preliminary relief without instituting administrative proceedings).

---

[3] The highlighted portion is the second proviso.

7

Finally, the precedent upon which Defendants rely does not stand for the conclusion that *no* preliminary relief can issue absent a current or impending law violation. Indeed, *FTC v. Evans Products Co.*, 775 F.2d 1084, 1088 (9th Cir. 1985), supports the FTC's contention that a preliminary injunction could have issued to preserve assets. There, the Ninth Circuit concluded that "Courts have inherent equitable powers to grant ancillary relief, other than a preliminary injunction restraining future violations of the law, when there is no likelihood of recurrence. . . . The power to grant a preliminary injunction, which freezes assets when circumstances require, is among these inherent equitable powers." *Id.* at 1088. Defendants' voluntary cessation of conduct therefore does not preclude preliminary injunctive relief to preserve assets for redress.

                                          Respectfully submitted,

                                          JONATHAN E. NUECHTERLEIN
                                          General Counsel

Dated: January 22, 2015          */s/ Leah Frazier*
                                          Helen Wong, DC Bar # 997800
                                          Teresa N. Kosmidis, NY Bar# 4533824
                                          Leah Frazier, DC Bar# 492540
                                          Gregory A. Ashe, VA Bar #39131
                                          Federal Trade Commission
                                          600 Pennsylvania Ave., N.W.
                                          Mail Stop CC-10232
                                          Washington, D.C. 20580
                                          202-326-3779 (Wong)
                                          202-326-3216 (Kosmidis)
                                          202-326-2187 (Frazier)
                                          202-326-3719 (Ashe)
                                          Facsimile: 202-326-3768
                                          hwong@ftc.gov
                                          tkosmidis@ftc.gov
                                          lfrazier@ftc.gov
                                          gashe@ftc.gov

                                          TAMMY DICKINSON
                                          United States Attorney

Dated: January 22, 2015                */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on January 22, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                           */s/ Leah Frazier*
                                           Attorney for Plaintiff Federal Trade Commission