**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-0815-W-BCW** |
| | ) | |
| **BF LABS INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA
DRAKE'S SUGGESTIONS IN OPPOSITION TO TEMPORARY
RECEIVER ERIC JOHNSON'S MOTION TO APPROVE FINAL
ACCOUNTING, FINAL APPROVAL OF FEES AND EXPENSES,
DISCHARGE OF RECEIVER AND CANCELLATION OF BOND IN PART**

Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake (collectively, "Defendants")

oppose Temporary Receiver Eric Johnson's Motion to Approve Final Accounting, Final

Approval of Fees and Expenses, Discharge of Receiver and Cancellation of Bond ("Motion"), in

part, because:

(1) the FTC should pay for any receivership professional fees and expenses because its *ex

parte* action was unnecessary and resulted in significant fees and expenses that in no way

benefited Defendants and could have otherwise been spent providing refunds to consumers;

(2) the professional fees and expenses are excessive;

(3) the Temporary Receiver failed to provide to BF Labs—the entity from whose assets

the Temporary Receiver seeks to satisfy his (and his counsel and consultants') bills—the

receivership professionals' billing statements; and

(4) discovery and a hearing are needed to determine the reasonableness of the fees and

expenses sought by the Temporary Receiver.

For these reasons, Defendants oppose the Motion and respectfully request either (1) the FTC be required to pay the Temporary Receiver's fees and expenses, or (2)(a) BF Labs be permitted to review and, as necessary, oppose unredacted billing statements from the Temporary Receiver and his counsel and consultants before the Court rules on the Motion, (b) that the Court grant discovery and a hearing concerning the reasonableness of the Temporary Receiver's fees and expenses before the Court rules, and (c) that the Court find that the amount billed was excessive during the period from December 1, 2014 through December 31, 2014 and deny the Temporary Receiver's Motion to that extent, and for such other and further relief that the Court deems just and equitable.

The Motion is indeed objectionable for the same reasons that the Temporary Receiver's First and Second Applications for Compensation and Expenses were objectionable. In the interest of conserving the Court's time, then, and rather than re-reciting arguments and authorities asserted in opposition to both the Temporary Receiver's First and Second Applications, Defendants instead here incorporate by reference in their entireties their *Suggestions in Opposition to the First Application by Eric Johnson, Temporary Receiver, for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period September 18, 2014 through October 31, 2014* (Doc. 194) and their *Suggestions in Opposition to the Second Application by Eric Johnson, Temporary Receiver, for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period November 1, 2014 through November 30, 2014* (Doc. 220). Each of the arguments made in those Suggestions in Opposition apply equally to the fee and expense requests made in the Temporary Receiver's "Motion to Approve Final Accounting . . ."

2

Thus, while Defendants do not oppose the discharge of the Temporary Receiver or the cancellation of his bond, they contest final approval of the Temporary Receiver's fees for each of the reasons stated in Docs. 194 and 220, which apply equally here and require that Defendants be granted relief from the fee and expense requests made in the Temporary Receiver's Motion. In summary, and first, because the FTC was not entitled a preliminary injunction, asset freeze, or receivership, the FTC should pay the temporary receiver's fees and expenses. *See* Doc. 194, pp. 9-10; Doc. 220, pp. 2-4. And second, because the Temporary Receiver and his attorneys and consultants' claims for fees covering December 1, 2014 through December 31, 2014 were excessive, Defendants are entitled to review the billing statements to determine the reasonableness of the fees, and discovery and hearing are necessary to determine the reasonableness of the fees. *See* Doc. 194, pp. 2-8; Doc. 220, pp. 4-8.

## CONCLUSION

Defendants thus oppose the Temporary Receiver's Motion in part and respectfully request either (1) that the FTC be required to pay the Temporary Receiver's fees and expenses, or (2)(a) that BF Labs be permitted to review and, as necessary, oppose unredacted billing statements from the Temporary Receiver and his counsel and consultants before the Court rules on the Motion, (b) that the Court grant discovery and a hearing concerning the reasonableness of the Temporary Receiver's Motion before the Court rules, and (c) that the Court find that the amounts billed during the period from December 1, 2014 through December 31, 2014 were excessive and deny the Temporary Receiver's Motion to that extent, and for such other and further relief that the Court deems just and equitable.

Respectfully submitted,


/s/ James M. Humphrey
James M. Humphrey                    MO # 50200
Michael S. Foster                    MO # 61205
Miriam E. Bailey                     MO # 60366
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri  64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com


Braden M. Perry                      MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com


Attorneys for Defendants BF Labs Inc.,
Sonny Vleisides, and Darla Drake

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of January, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

 /s/ James M. Humphrey
Attorney for Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake