UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

BF LABS, INC., *et al.*

     Defendants.

CASE NO. 4:14-cv-00815-BCW

**FTC'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO STRIKE AFFIRAMTIVE
DEFENSES**

1

# TABLE OF CONTENTS

I.    LEGAL STANDARD ................................................................................................ 1

II.    DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD BE STRICKEN ..................... 2

   A.   Defendants' 1st Defense Is Barred by Collateral Estoppel ................................ 2

   B.   Defendants' 2nd, 3rd, 4th, 5th, 6th, 9th, 10th, 15th, 22nd, 24th, 30th, and 33rd Defenses Are Negative Not Affirmative Defenses ................................................................. 4

   C.   Defendants' 7th, 26th, 27th, 34th, 35th, 36th, and 39th Defenses Are Inadequately Pled..... 4

   D.   Defendants 8th and 11th Defenses Are Legally Insufficient as a Defense to FTC Act ...... Liability .................................................................................................................... 5

   E.   Defendants' 12th, 13th, 16th, 17th, 20th, 21st, 28th, 32nd, 37th, 38th, and 40th Defenses Are Not Applicable in an Action by the FTC .................................................................. 6

   F.   Defendants' 14th Defense Has Been Waived ....................................................... 7

   G.   Defendants' 18th Defense Is Insufficient ........................................................... 8

   H.   Defendants' 19th and 41st Defenses Are Legally Insufficient ........................ 10

   I.   Defendants' 23rd Defense Is Irrelevant to this Case ......................................... 11

   J.   Defendants' 25th Defense Is Unavailable in a Government Law Enforcement Action.. 11

   K.   Defendants' 29th Defense Is Legally Indefensible ......................................... 13

   L.   Defendants' 31st Defense Is Inadequately Pled, Immaterial, and a Negative Defense .. 14

   M.   Defendants 42nd Defense Is an Improper Attempt to Circumvent Federal Rule of Civil Procedure 15 ........................................................................................................... 15

III.    CONCLUSION ........................................................................................................ 15

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................... 2, 5

*Bartlett v. United States Dep't of Agric.*,
   716 F.3d 464 (8th Cir. 2013) ................................................................ 12

*Bates v. State Bar of Arizona*,
   433 U.S. 350 (1977) .............................................................................. 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................ 2

*Bobbin v. Victorian House, Inc.*,
   532 F. Supp. 734 (N.D. Ill. 1982) .......................................................... 4

*Boldstar Tech., LLC v. Home Depot, Inc.*,
   517 F. Supp. 2d 1283 (S.D. Fla. 2007) ................................................... 3

*Bostwick Irrigation District v. United States*,
   900 F.2d 1285 (8th Cir. 1990) .............................................................. 12

*Bristol- Myers Co. v. FTC*,
   738 F.2d 554 (2d Cir. 1984)..................................................................... 9

*Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York*,
   447 U.S. 557 (1980).................................................................................. 9

*Chrysler Corp. v. FTC*,
   561 F.2d 357 (D.C. Cir. 1977)................................................................. 6

*County Vanlines Inc. v. Experian Info. Solutions Inc.*,
   205 F.R.D. 148 (S.D.N.Y. 2002) .......................................................... 15

*Crow v. Wolpoff & Abramson*,
   2007 U.S. Dist. LEXIS 31356 (D. Minn. Apr. 19, 2007)................. 3, 4, 11

*Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*,
   618 F.3d 762 (8th Cir. 2010) .................................................................. 5

*Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*,
   2008 U.S. Dist. LEXIS 70995 (E.D. Mo. July 21, 2008) ....................... 1

*EEOC v. Prod. Fabricators, Inc.*,
   873 F. Supp. 2d 1093 (D. Minn. 2012) ..................................................... 1

*EEOC v. Waffle House, Inc.*,
   534 U.S. 279 (2002) ............................................................................... 7

*Elmo Co. v. FTC*,
   389 F.2d 550 (D.C. Cir. 1967) .............................................................. 7

*Fano v. O'Neill*,
   806 F.2d 1262 (5th Cir. 1987) .............................................................. 12

*FDIC v. Hulsey*,
   22 F.3d 1472 (10th Cir. 1994) .............................................................. 12

*FTC v. Accusearch, Inc.*,
   2007 U.S. Dist. LEXIS 74905 (D. Wyo. Sep. 28, 2007) ...................... 12

*FTC v. Affordable Media*,
   179 F.3d 1228 (9th Cir. 1999) .............................................................. 10

*FTC v. American Microtel, Inc.*,
   1992 U.S. Dist. LEXIS 11046 (D. Nev. June 10, 1992) .................... 12, 13

*FTC v. Bay Area Bus. Council, Inc.*,
   2003 U.S. Dist. LEXIS 7261 (N.D. Ill. May 1, 2003) ................. 10, 11, 15

*FTC v. Bay Area Bus. Council, Inc.*,
   423 F.3d 627 (7th Cir. 2005) ................................................................ 6

*FTC v. Bronson Partners, LLC*,
   2006 U.S. Dist. LEXIS 3315 (D. Conn. Jan. 25, 2006) ........................ 13

*FTC v. CEO Group, Inc.*,
   2007 U.S. Dist. LEXIS 10619 (S.D. Fla. Feb. 15, 2007) ...................... 6

*FTC v. Crescent Publ'g Group, Inc.*,
   129 F. Supp. 2d 311 (S.D.N.Y. 2001) .................................................. 13

*FTC v. Cyberspace.com, LLC*,
   453 F.3d 1196 (9th Cir. 2006) .............................................................. 6

*FTC v. Hang-Up Art Enter.*,
   1995 U.S. Dist. LEXIS 21444 (C.D. Cal. Sep. 27, 1995) ...................... 6

iii

*FTC v. Hope Now Modifications*,
  2009 U.S. Dist. LEXIS 102596 (D.N.J. Nov. 4, 2009) .............................................. 6

*FTC v. Kitco of Nevada, Inc.*,
  612 F. Supp. 1282 (D. Minn. 1985) .......................................................................... 10

*FTC v. Magazine Solutions, LLC*,
  2007 U.S. Dist. LEXIS 70977 (W.D. Pa. Sep. 25, 2007) .......................................... 13

*FTC v. Magazine Solutions, LLC*,
  2009 U.S. Dist. LEXIS 23708 (W.D. Pa. Mar. 20, 2009) ........................................... 6

*FTC v. Moneymaker*,
  2011 U.S. Dist. LEXIS 83913 (D. Nev. July 28, 2011) ............................................ 13

*FTC v. N. Am. Mktg. & Assocs.*,
  2012 U.S. Dist. LEXIS 150102 (D. Ariz. Oct. 17, 2012) ................................. 3, 10, 15

*FTC v. N.E. Telecomms., Ltd.*,
  1997 U.S. Dist. LEXIS 10531 (S.D. Fla. Jun. 23, 1997) .......................................... 13

*FTC v. NCH, Inc.*,
  1995 U.S. Dist. LEXIS 21098 (D. Nev. May 25, 1995) .............................................. 6

*FTC v. Sabal*,
  32 F. Supp. 2d 1004 (N.D. Ill. 1998) ......................................................................... 6

*FTC v. Sec. Rare Coin & Bullion Corp.*,
  1989 U.S. Dist. LEXIS 15958 (D. Minn. Sept. 11, 1989), *aff'd* 931 F.2d 1312 (8th Cir. 1991)
  ................................................................................................................................. 10

*FTC v. Sec. Rare Coin & Bullion Corp.*,
  931 F.2d 1312 (8th Cir. 1991) ................................................................................... 7

*FTC v. Stefanchik*,
  2004 U.S. Dist. LEXIS 30710 (W.D. Wash. Nov. 12, 2004) ......................... 9, 10, 15

*FTC v. U.S. Oil & Gas Corp.*,
  1987 U.S. Dist. LEXIS 16137 (S.D. Fla. Jul. 10, 1987) ......................................... 7, 13

*FTC v. World Travel Vacation Brokers, Inc.*,
  861 F.2d 1020 (7th Cir. 1988) ................................................................................... 6

*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
  883 F.2d 1286 (7th Cir. 1989) ................................................................................. 5, 7

iv

*Herman v. South Carolina Nat'l Bank*,
    140 F.3d 1413 (11th Cir. 1998) ................................................................ 7

*In re Metagenics, Inc.*,
    1995 FTC LEXIS 2 (1995) .................................................................... 10

*In re Rawson Food Svc., Inc.*,
    846 F.2d 1343 (11th Cir. 1988) ........................................................... 3, 4

*INS v. Habibi*,
    414 U.S. 5 (1973) ........................................................................... 11, 12

*Krisa v. Equitable Life Assurance Society*,
    113 F. Supp. 2d 694 (M.D. Pa. 2000) ...................................................... 15

*Lemery v. Duroso*,
    2009 U.S. Dist. LEXIS 50771 (E.D. Mo. June 16, 2009) ................................... 3

*Liberty Motor & Mach. Co. v. The Hartford Accident & Indem. Co.*,
    1992 U.S. Dist. LEXIS 22529 (S.D. Ill. Mar. 18, 1992) .................................. 15

*Lorillard Tobacco Co. v. Reilly*,
    533 U.S. 525 (2001) .......................................................................... 9

*Lucas v. Jerusalem Café, LLC*,
    2011 U.S. Dist. LEXIS 39504 (W.D. Mo. Apr. 11, 2011) ................................... 2

*Lucas v. Jerusalem Café, LLC*,
    2011 U.S. Dist. LEXIS 88684 (W.D. Mo. Aug. 10, 2011) ................................ 2, 5

*Lunsford v. United States*,
    570 F.2d 221 (8th Cir. 1977) ................................................................ 1

*Mejia-Perez v. Gonzales*,
    490 F.3d 1011 (8th Cir. 2007) .............................................................. 12

*Metro. Cas. Ins. Co. v. Combs*,
    2014 U.S. Dist. LEXIS 32594 (E.D. Mo. Mar. 14, 2014) ................................... 8

*Minnesota Supply Co. v. Raymond Corp.*,
    2003 U.S. Dist. LEXIS 5181 (D. Minn. Mar. 21, 2003) ..................................... 4

*Novartis Corp. v. FTC*,
    223 F.3d 783 (D.C. Cir. 2000) ............................................................... 9

*Removatron Int'l Corp. v. FTC,*
    884 F.2d 1489 (1st Cir. 1989) ......................................................................... 6

*Resolution Trust Corp. v. Gibson*,
    829 F. Supp. 1103 (W.D. Mo. 1993) ............................................................... 4

*Retro Television Network, Inc. v. Luken Commc'ns, LLC,*
    696 F.3d 766 (8th Cir. 2012) ......................................................................... 3

*Robertson v. LTS Mgmt. Servs. LLC*,
    642 F. Supp. 2d 922 (W.D. Mo. 2008) .......................................................... 1

*Sanz v. United States Sec. Ins. Co.,*
    328 F.3d 1314 (11th Cir. 2003) .................................................................... 12

*Smithville 169 v. Citizens Bank & Trust Co.,*
    2012 U.S. Dist. LEXIS 512 (W.D. Mo. Jan. 4, 2012) ................................ 2, 5, 8, 14

*United States ex rel. FTC v. Larkin & Hoffman,*
    841 F. Supp. 899 (D. Minn. 1993) ................................................................. 7

*United States ex rel. Kraxberger v. Kansas City Power & Light Co.*,
    2012 U.S. Dist. LEXIS 128230 (W.D. Mo. Sept. 10, 2012) .......................... 1

*United States v.  Reader's Digest Ass'n, Inc.,*
    464 F. Supp. 1037 (D. Del. 1978) , *aff'd*, 662 F.2d 955 (3d Cir. 1981) ...................... 9, 12, 13

*United States v. Concentrated Phosphate Export Ass'n, Inc.,*
    393 U.S. 199 (1968) ...................................................................................... 10

*United States v. Global Mortg. Funding*,
    2008 U.S. Dist. LEXIS 102897 (C.D. Cal. May 15, 2008) ........................... 12, 13

*United States v. One 1973 Buick Riviera Auto.,*
    560 F.2d 897 (8th Cir. 1977) ....................................................................... 12

*United States v. Raymond,*
    228 F.3d 804 (7th Cir. 2000) ......................................................................... 9

*United States v. Schiff,*
    379 F.3d 621 (9th Cir. 2004) ......................................................................... 8

*United States v. Summerlin,*
    310 U.S. 414 (1939) ..................................................................................... 12

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*,
  425 U.S. 748 (1976).................................................................................................. 9, 10

*Zauderer v. Office of Disciplinary Counsel*,
  471 U.S. 626 (1985)...................................................................................................... 9

## Statutes

U.S. Const. art. VI, cl. 2........................................................................................................ 14

15 U.S.C. § 45(a) ................................................................................................................... 14

Fed. R. Civ. P. 12(b) ............................................................................................................. 15

Fed. R. Civ. P. 12(f) ............................................................................................................... 1

Fed. R. Civ. P. 12(h)(1)(A)..................................................................................................... 8

Advisory Committee Notes to Rule 12(h)(1)......................................................................... 8

Case 4:14-cv-00815-BCW   Document 255   Filed 01/30/15   Page 8 of 24

Plaintiff Federal Trade Commission ("FTC"), moves under Federal Rule of Civil Procedure 12(f) to strike all of the affirmative defenses in the Answers filed by Defendants BF Labs, Inc., Sonny Vleisides, and Darla Drake (Dkt. No. 227) and Nasser Ghoseiri (Dkt. No. 226). These affirmative defenses fail as a matter of law, and, unless stricken, will needlessly prolong the litigation and waste assets that otherwise would be available to compensate injured consumers.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In determining whether to strike affirmative defenses, Eighth Circuit courts examine whether "'the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). Accordingly, defenses should be stricken if they are immaterial or cannot succeed under any circumstances. *Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922, 933 (W.D. Mo. 2008) (citations omitted).

Motions to strike "'should be granted when doing so will make trial of the action less complicated or otherwise streamline the ultimate resolution of the action.'" *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 2012 U.S. Dist. LEXIS 128230, at *4 (W.D. Mo. Sept. 10, 2012) (citation omitted); *accord EEOC v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012). Thus, striking a defense is proper to "prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues . . . ." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 U.S. Dist. LEXIS 70995, at *6 (E.D. Mo. July 21, 2008).

1

In determining whether a defense is legally sufficient, courts, including in this district, have applied the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *Smithville 169 v. Citizens Bank & Trust Co.*, 2012 U.S. Dist. LEXIS 512, at *3 (W.D. Mo. Jan. 4, 2012); *Lucas v. Jerusalem Café, LLC*, 2011 U.S. Dist. LEXIS 39504, at *3-4 (W.D. Mo. Apr. 11, 2011) (applying *Twombly* and *Iqbal* and noting that the majority of district courts have done so as well). Under *Twombly* and *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, pleadings must contain factual allegations sufficient to make the defense "plausible on its face." *Twombly*, 550 U.S. at 570. "A defendant must simply provide a short, plain statement of facts giving rise to the affirmative defense." *See Lucas v. Jerusalem Café, LLC*, 2011 U.S. Dist. LEXIS 88684, at *2 (W.D. Mo. Aug. 10, 2011). "[A] party attempting to address an affirmative defense lacking factual allegations is placed in the same position as a defendant trying to address a complaint with the same deficiencies. '[I]n both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case.'" *Smithville 169*, 2012 U.S. Dist. LEXIS 512, at *3 (citations omitted).

## II. DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

The FTC moves to strike all of Defendants' affirmative defenses because they are legally incorrect, redundant denials of the Complaint's allegations, or incomprehensible.

### A. Defendants' 1st Defense Is Barred by Collateral Estoppel

First, this Court has already ruled on Defendants' 1st defense (failure to state a claim), thus the defense is barred by collateral estoppel. Defendants previously moved to dismiss the

FTC's complaint for failure to state a claim. (Dkt. No. 80.) And this Court denied that motion. (Dkt. No. 219.) Defendants do not get a second bite at that apple.

Second, this defense, failure to state a claim, is a negative defense, not an affirmative defense. *See, e.g., Lemery v. Duroso*, 2009 U.S. Dist. LEXIS 50771, at *8 (E.D. Mo. June 16, 2009) ("failure to state a claim is not a proper affirmative defense"); *Crow v. Wolpoff & Abramson*, 2007 U.S. Dist. LEXIS 31356, at *7 (D. Minn. Apr. 19, 2007) (citation omitted) ("an affirmative defense should accept, rather than contradict, well-pleaded allegations of the complaint"); *see also In re Rawson Food Svc., Inc.*, 846 F.2d 1343, 1349 n.9 (11th Cir. 1988) (failure to state a claim is not an affirmative defense); *FTC v. N. Am. Mktg. & Assocs.*, 2012 U.S. Dist. LEXIS 150102, at *6 (D. Ariz. Oct. 17, 2012) (striking defense of failure to state a claim); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). Thus, the Court should strike Defendants' first defense.

Finally, the defense is legally insufficient. In evaluating an assertion of failure to state a claim under Rule 12(b)(6), the Court must accept all of the plaintiff's factual allegations as true and construe all reasonable inferences in favor of the plaintiff. *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012). As detailed in the FTC's suggestions in opposition to Defendants' motion to dismiss (Dkt. No. 113), memorandum in support of a temporary restraining order, (Dkt. No. 8), and this Court's order denying motion to dismiss (Dkt. No. 219), accepting the FTC's factual allegations as true, the FTC has pled sufficient facts to establish that Defendants violated Section 5 of the FTC Act and is, therefore, entitled to relief under Section 13(b) of the FTC Act. Accordingly, the Court should strike this defense.

3

**B. Defendants' 2nd, 3rd, 4th, 5th, 6th, 9th, 10th, 15th, 22nd, 24th, 30th, and 33rd Defenses Are Negative Not Affirmative Defenses**

Defendants' 2nd, 3rd, 4th, 5th, 6th, 9th, 10th, 15th, 22nd, 24th, 30th, and 33rd defenses also should be stricken. A valid affirmative defense is one that "raises matters outside the scope of a plaintiff's prima facie case" and "will defeat an otherwise legitimate claim for relief." *Crow*, 2007 U.S. Dist. LEXIS 31356 at *8. An affirmative defense "generally admits the matters in a complaint but suggests some other reason why there is no right of recovery" or "raises a matter outside the scope of plaintiff's prima facie case and is thus a matter not raised by a simple denial." *Bobbin v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982); *see also Minnesota Supply Co. v. Raymond Corp.*, 2003 U.S. Dist. LEXIS 5181, at *4 (D. Minn. Mar. 21, 2003) ("An affirmative defense is one in which the defendant accepts, rather than contradicts the plaintiff's allegations."). Thus, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Rawson Food Svc.*, 846 F.2d at 1349; *see Resolution Trust Corp. v. Gibson*, 829 F. Supp. 1103, 1107 (W.D. Mo. 1993) (striking defense alleging failure to show causation as "simply an argument that [plaintiff] has failed to make a prima facie case . . . and not an affirmative defense").

Here, Defendants' 2nd, 3rd, 4th, 5th, 6th, 9th, 10th, 15th, 22nd, 24th, 30th, and 33rd defenses do not "raise matters outside the scope" of the FTC's complaint. Instead, they are negative defenses – merely repetitions of their general denial that they engaged in the acts and practices alleged in the FTC's complaint – and not affirmative defenses. Accordingly, the Court should strike these defenses.

**C. Defendants' 7th, 26th, 27th, 34th, 35th, 36th, and 39th Defenses Are Inadequately Pled**

As discussed above, courts in this District require affirmative defenses to contain more

4

than "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, more than "textbook examples of labels and conclusions." *Smithville 169*, 2012 U.S. Dist. LEXIS 512, at *7. Defendants "must simply provide a short, plain statement of facts giving rise to the affirmative defense." *Jerusalem Café*, 2011 U.S. Dist. LEXIS 88684, at *2. Defendants' 7th, 26th, 27th, 34th, 35th, 36th, and 39th defenses are just such a "textbook example of labels and conclusions." Their bare assertions that the FTC's requested relief "is not in the public interest" (7th) or is unconscionable (26th) provides no notice to the FTC as to how or why that is so, making it impossible to negate. Likewise their "threadbare" assertions that the FTC's claims are barred based on "the doctrine of election of remedies" (27th), "the doctrine of justification" (34th), "the doctrine of ratification" (35th), "the doctrines of repudiation and anticipatory breach" (36th), and "the doctrine of mistake" (39th) are nothing but "bare bones conclusory allegations," "omit[ting] any short and plain statement of facts," and "fail[ing] totally to allege the necessary elements" of the asserted defenses. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Accordingly, the Court should strike these defenses.

### D. Defendants 8th and 11th Defenses Are Legally Insufficient as a Defense to FTC Act Liability

Defendants' 8th and 11th defenses are premised on their purported "good faith" – they acted in good faith and informed consumers of shipping updates (8th) and they acted in good faith towards consumers (11th). These defenses are legally insufficient because good faith is not a defense to liability for violating Section 5 of the FTC Act. *See, e.g.*, *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 779 (8th Cir. 2010) (noting consensus that "a defendant's good faith is immaterial to whether a 'deceptive act' has occurred under § 5 of the Federal Trade Commission Act because that statute does not require an intent to deceive"); *FTC v.*

5

*Cyberspace.com, LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006); *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 635 (7th Cir. 2005); *Removatron Int'l Corp. v. FTC*, 884 F.2d 1489, 1495 (1st Cir. 1989); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) ("To be actionable under Section 5, these misrepresentations or practices need not be made with an intent to deceive"); *Chrysler Corp. v. FTC*, 561 F.2d 357, 363 (D.C. Cir. 1977) ("An advertiser's good faith does not immunize it from responsibility for its misrepresentations"); *FTC v. Hope Now Modifications*, 2009 U.S. Dist. LEXIS 102596, at *3 (D.N.J. Nov. 4, 2009) *FTC v. CEO Group, Inc.*, 2007 U.S. Dist. LEXIS 10619, at *4 (S.D. Fla. Feb. 15, 2007); *FTC v. Sabal*, 32 F. Supp. 2d 1004, 1007 (N.D. Ill. 1998) ("the subjective good faith of the advertiser is not a valid defense to an enforcement action brought under [FTC Act] section 5"); *FTC v. NCH, Inc.*, 1995 U.S. Dist. LEXIS 21098, at *20-21 (D. Nev. May 25, 1995) ("As a matter of law, a defendant's good faith is not a defense to liability for a violation of 15 U.S.C. § 45(a)").[1] Accordingly, the Court should strike these defenses.

### E. Defendants' 12th, 13th, 16th, 17th, 20th, 21st, 28th, 32nd, 37th, 38th, and 40th Defenses Are Not Applicable in an Action by the FTC

Defendants next assert several vague defenses (12th, 13th, 16th, 17th, 20th, 21st, 28th, 32nd, 37th, 38th, and 40th) that appear to be based on the misapprehension that the FTC represents consumers as parties in this suit. The Complaint makes clear that the FTC brings this enforcement action in its own name. Nor does the FTC stand in the shoes of consumers when bringing enforcement actions. Although the FTC acts to protect consumers, its mission is

---

[1] At best, good faith may be relevant when offered against the scope of injunctive relief. *See FTC v. Magazine Solutions, LLC*, 2009 U.S. Dist. LEXIS 23708, at *3 (W.D. Pa. Mar. 20, 2009); *CEO Group*, 2007 U.S. Dist. LEXIS 10619, at *4; *FTC v. Hang-Up Art Enter.*, 1995 U.S. Dist. LEXIS 21444, at *11 (C.D. Cal. Sep. 27, 1995). When offered as an affirmative defense to liability, however, this defense should be stricken. *Hang-Up Art Enter.*, 1995 U.S. Dist. LEXIS 21444, at *11 ("To the extent good faith is offered as an affirmative defense to violation of section 5 of the FTC Act, the second affirmative defense should be stricken").

distinct from that of a private party. *Elmo Co. v. FTC*, 389 F.2d 550, 552 (D.C. Cir. 1967). The FTC is a body charged with protection of the public and does not act in a representative capacity for consumers. *FTC v. Sec. Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1316 (8th Cir. 1991); *United States ex rel. FTC v. Larkin & Hoffman*, 841 F. Supp. 899, 907 (D. Minn. 1993). Thus, defenses that may be available to Defendants in an action by consumers have no application in this law enforcement action by the FTC. *FTC v. U.S. Oil & Gas Corp.*, 1987 U.S. Dist. LEXIS 16137, at *77-78 (S.D. Fla. Jul. 10, 1987) ("In a government enforcement action, enforcing releases executed by individual customers of a fraudulent scheme who receive partial refunds would only serve to encourage their use in similar fraudulent schemes and thereby permit the retention of the bulk of the fraudulent proceeds without liability. . . [accordingly] they do not apply in a section 13(b) restitution action"); *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) (holding that employee's entry into mandatory arbitration agreement with employer does not limit EEOC enforcement authority); *Herman v. South Carolina Nat'l Bank*, 140 F.3d 1413, 1424-28 (11th Cir. 1998) (holding government in ERISA action not barred by private litigation or settlements under principles of *res judicata* or release from obtaining equitable relief, including disgorgement, rescission, and restitution).[2] Accordingly, the Court should strike these defenses.

## F. Defendants' 14th Defense Has Been Waived

In their 14th defense, Defendants assert that the Court "lacks personal jurisdiction over some or all of the Defendants." First, Defendants fail to identify over which Defendant or Defendants the Court lacks jurisdiction. On that basis alone the defense should be struck as a

---

[2] In addition, these defenses are so conclusory that the FTC has no fair notice or ability to meaningfully respond to them. Instead, they are nothing but "bare bones conclusory allegations," "omit[ing] any short and plain statement of facts," and "fail[ing] totally to allege the necessary elements" of the asserted defenses. *Midwhey Powder*, 883 F.2d at 1295.

7

mere "textbook example[] of labels and conclusions." *Smithville 169*, 2012 U.S. Dist. LEXIS 512, at *7. More importantly, by failing to assert lack of personal jurisdiction in their earlier motion to dismiss, Defendants have waived that defense. Federal Rule of Civil Procedure 12(h)(1)(A) clearly states that a party "waives any defense listed in Rule 12(b)(2) – (5) [including lack of personal jurisdiction] by omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). Indeed, the Advisory Committee Notes to Rule 12(h)(1) state that "[a]mended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. . . A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job." By failing to raise lack of personal jurisdiction in their motion to dismiss, Defendants have waived it. *See Metro. Cas. Ins. Co. v. Combs*, 2014 U.S. Dist. LEXIS 32594, at *6 (E.D. Mo. Mar. 14, 2014) (citing to Moore's Federal Practice, the waiver provisions of Rule 12 "make clear that to avoid waiving most available Rule 12 defenses or objections, a party must raise them in one initial motion or, if none is filed, in the first responsive pleading"). Accordingly, the Court should strike this defense.

### G. Defendants' 18th Defense Is Insufficient

In their 18th defense, Defendants assert that the FTC's Complaint infringes upon their First Amendment rights. This affirmative defense should be stricken because it is insufficient. The FTC has challenged the marketing of Defendants' Bitcoin mining machines as false and misleading commercial speech and has alleged in the Complaint that the marketing violates the FTC Act. The law is well-settled that the government may prevent the dissemination of false or misleading commercial speech. *See United States v. Schiff,* 379 F.3d 621, 629-30 (9th Cir. 2004);

8

*United States v. Raymond*, 228 F.3d 804, 815-16 (7th Cir. 2000). Commercial speech receives

protection under the First Amendment only if it concerns lawful activity and is not misleading.[3]

Thus, Defendants' deceptive marketing practices are not privileged or protected by the First

Amendment. *See, e.g., Bristol- Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984)

("[D]eceptive advertising enjoys no constitutional protection and it may be regulated.... Even in

the absence of a finding of actual deception, agencies may properly regulate speech that is

merely potentially deceptive"); *FTC v. Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at *4-5 (W.D.

Wash. Nov. 12, 2004) ("The law is well settled that, once speech is deemed to be false,

misleading, and commercial, it is not constitutionally protected."). The First Amendment does

not prohibit the government from "insuring that the stream of commercial information flow

cleanly as well as freely." *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer

Council, Inc.,* 425 U.S. 748, 772 (1976).

Appropriate time, place, and manner restrictions may be imposed on commercial speech,

and false or misleading advertisements may be forbidden, as long as the restrictions are justified

and leave open ample alternative channels for communicating the information.[4] Commercial

---

[3] *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York*, 447 U.S. 557, 563-64 (1980) ("The government may ban forms of communication more likely to deceive the public than to inform it, or commercial speech related to illegal activity.") (citation omitted); *see Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 554 (2001) ("For commercial speech to come [under the protection of the First Amendment], it at least must concern lawful activity and not be misleading."); *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 638 (1985) ("The States and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive, or misleading.") (citation omitted); *see also Novartis Corp. v. FTC*, 223 F.3d 783, 789 (D.C. Cir. 2000) (finding no First Amendment impediment to the FTC's cease and desist order).
[4] *See United States v. Reader's Digest Ass'n, Inc.*, 464 F. Supp. 1037, 1049 (D. Del. 1978) ("Appropriate time, place, and manner restrictions may be imposed on commercial speech, and false or misleading advertisements may be forbidden."), *aff'd*, 662 F.2d 955 (3d Cir. 1981); *Virginia,* 425 U.S. at 771 ("We have often approved restrictions [on advertising] provided ... they leave open ample alternative channels for communication of the information."); *Bates v. State

speech has a "hardiness" and durability that makes it unlikely to be "chilled by proper regulation." *Virginia,* 425 U.S. at 772, n.24. Indeed, courts have stricken this defense in cases brought under Section 13(b) of the FTC Act. *N. Am. Mktg. & Assocs.*, 2012 U.S. Dist. LEXIS 150102, at *6-7; *Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at *4-5; *see also In re Metagenics, Inc.*, 1995 FTC LEXIS 2, at *2-3 (1995) (striking affirmative defense that claimed proposed FTC order would violate the defendant's free speech rights). Accordingly, the First Amendment defense is inappropriate and should be stricken.

### H. Defendants' 19th and 41st Defenses Are Legally Insufficient

Next, Defendants' 19th and 41st defenses are premised on the argument that voluntary cessation of the alleged violative activity moots the case. This argument is without merit. Even if Defendants ceased all illegal conduct before initiation of this case (and they did not), "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant . . . free to return to his old ways. " *United States v. Concentrated Phosphate Export Ass'n, Inc.,* 393 U.S. 199, 203 (1968) (internal quotations omitted). On the contrary, the test for mootness "is a stringent one" and defendants must show that "subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur." *FTC v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir. 1999). Thus, "[e]ven if the defendants have altered some of their deceptive practices, injunctive relief is still appropriate when there is a 'cognizable danger of recurrent violation.'" *FTC v. Kitco of Nevada, Inc.*, 612 F. Supp. 1282, 1296 (D. Minn. 1985) (citation omitted); *see also FTC v. Sec. Rare Coin & Bullion Corp.*, 1989 U.S. Dist. LEXIS 15958, at *19 (D. Minn. Sept. 11, 1989), *aff'd* 931 F.2d 1312 (8th Cir. 1991); *FTC v. Bay Area Bus. Council, Inc.*, 2003

---

*Bar of Arizona*, 433 U.S. 350, 384 (1977) ("[T]here may be reasonable restrictions on the time, place, and manner of advertising.").

U.S. Dist. LEXIS 7261, at *8 (N.D. Ill. May 1, 2003) (striking mootness defense in FTC action).[5]  Accordingly, the Court should strike these defenses.

## I.  Defendants' 23rd Defense Is Irrelevant to this Case

Defendants' 23rd defense, that their Bitcoin mining machines were designed and manufactured in accordance with industry standards is completely irrelevant to the FTC's case. The FTC's Complaint alleges that Defendants engaged in deceptive marketing practices – specifically that they made material misrepresentations regarding the timing of delivery of their mining machines and the profitability of those machines.  Nowhere in the FTC's Complaint are there any allegations depending on whether the machines were designed or manufactured according to industry standards.  Thus, this defense is "immaterial" to the case at hand. Accordingly, the Court should strike this defense.

## J.  Defendants' 25th Defense Is Unavailable in a Government Law Enforcement Action

Defendants' 25th defense asserts the estoppel, laches, and waiver defenses.  First, Defendants simply refer to these legal doctrines without setting forth the elements of each and without alleging any facts to support these defenses.  Moreover, estoppel, laches, and waiver are generally unavailable as defenses against a government agency in a civil suit to enforce a public right or protect a public interest.

The law is well settled that the principles of equitable estoppel are generally not available as defenses in a suit brought by the government to enforce a public right or a public interest.  *See INS v. Habibi*, 414 U.S. 5, 8 (1973).  Courts have long held that the government may not be estopped when it acts in its sovereign capacity for the benefit of the public unless some egregious

---

[5] In addition, these defenses are negative, not affirmative defenses, as they do not "raise matters outside the scope" of the FTC's complaint.  *See Crow*, 2007 U.S. Dist. LEXIS 31356 at *8.

injustice would result.  *Sanz v. United States Sec. Ins. Co.*, 328 F.3d 1314, 1319-20 (11th Cir. 2003) (equitable estoppel available only if affirmative and egregious conduct by the government exists).  In the Eighth Circuit, in order to establish a claim of equitable estoppel against the government, a party must prove: (1) a false representation by the government; (2) the government's intent to induce the party to act on the misrepresentation; (3) the party's lack of knowledge or inability to obtain the true facts; (4) the party's detrimental reliance; and (5) affirmative misconduct by the government.  *Mejia-Perez v. Gonzales*, 490 F.3d 1011, 1012 (8th Cir. 2007).  Further, affirmative misconduct "requires something more than mere negligence." *Bartlett v. United States Dep't of Agric.*, 716 F.3d 464, 476 (8th Cir. 2013).  *See also Fano v. O'Neill*, 806 F.2d 1262, 1265 (5th Cir. 1987) (holding that "to state a cause of action for estoppel against the government, a private party must allege more than mere negligence, delay, inaction, or failure to follow an internal agency guideline"); *FTC v. Accusearch, Inc.*, 2007 U.S. Dist. LEXIS 74905, at *27 (D. Wyo. Sep. 28, 2007) ("Erroneous advice by a government official is insufficient") (*citing FDIC v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994)).  Thus, courts have stricken estoppel defenses asserted against the FTC.  *See, e.g., United States v. Global Mortg. Funding*, 2008 U.S. Dist. LEXIS 102897, at *10-11 (C.D. Cal. May 15, 2008); *Accusearch*, 2007 U.S. Dist. LEXIS 74905, at *27; *FTC v. American Microtel, Inc.*, 1992 U.S. Dist. LEXIS 11046, at *3 (D. Nev. June 10, 1992); *Reader's Digest Ass'n*, 464 F. Supp. at 1043.

It is a general rule that laches is no defense against the government in a civil suit to enforce a public right or protect a public interest.  *See Habibi*, 414 U.S. at 8; *United States v. Summerlin*, 310 U.S. 414, 416 (1939); *Bostwick Irrigation District v. United States*, 900 F.2d 1285, 1291 (8th Cir. 1990); *United States v. One 1973 Buick Riviera Auto.*, 560 F.2d 897, 899 (8th Cir. 1977) ("It is the general rule . . . that the defense of laches may not be asserted against

12

the United States when it acts in its sovereign capacity."). Numerous courts have stricken the defense of laches when asserted in FTC actions. *See, e.g., FTC v. Moneymaker*, 2011 U.S. Dist. LEXIS 83913, at \*5-6 (D. Nev. July 28, 2011); *Global Mortg. Funding*, 2008 U.S. Dist. LEXIS 102897, at \*6-7; *FTC v. Magazine Solutions, LLC*, 2007 U.S. Dist. LEXIS 70977, at \*4 (W.D. Pa. Sep. 25, 2007); *FTC v. Bronson Partners, LLC,* 2006 U.S. Dist. LEXIS 3315, at \*3-4 (D. Conn. Jan. 25, 2006); *FTC v. Crescent Publ'g Group, Inc.*, 129 F. Supp. 2d 311, 324 (S.D.N.Y. 2001); *FTC v. N.E. Telecomms., Ltd.*, 1997 U.S. Dist. LEXIS 10531, at \*9(S.D. Fla. Jun. 23, 1997); *Am. Microtel, Inc.*, 1992 U.S. Dist. LEXIS 11046, at \*3; *U.S. Oil & Gas*, 1987 U.S. Dist. LEXIS 16137, at \*81; *Reader's Digest Ass'n.*, 464 F. Supp. at 1043.

Finally, waiver is unavailable as a defense when the FTC is enforcing an act of Congress. *Bronson Partners, LLC*, 2006 U.S. Dist. LEXIS 3315, at \*6 ("The FTC may not waive the requirement of an act of Congress"); *Reader's Digest Ass'n.*, 464 F. Supp. at 1043. Thus, the FTC cannot relinquish its right, and its duty, to enforce the laws of the United States prohibiting unfair or deceptive acts or practices. Moreover, the FTC's right to bring this action is not derivative of the rights of individual consumers, and thus whether any consumer "waived" his or her own claim is irrelevant to this case. *Bronson Partners*, 2006 U.S. Dist. LEXIS 3315, at \*6 ("[t]he FTC's authority to bring an action under section 13(b) of the FTC Act is not derived from the defendants' contracts with individual consumers . . . ."). Accordingly, the Court should strike this defense.

### K. Defendants' 29th Defense Is Legally Indefensible

For their 29th defense, Defendants assert that their business practices were economically justified. First, this defense is so conclusory that the FTC has no fair notice or ability to meaningfully respond to it. Moreover, this defense, while it may have possible merit against a

consumer's lawsuit, is without merit in a government law enforcement action. When Congress enacted Section 5 of the FTC Act, it prohibited unfair and deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a). But Section 5 contains no safe harbor and the FTC is unaware of any judicially-created exemption that would allow a party to engage in deceptive practices if it was "economically justified." Thus, this defense fails. At best, it is merely a repetition of Defendants' general denial, in which case the defense still fails (because it is a negative not an affirmative defense). Accordingly, the Court should strike this defense.

### L. Defendants' 31st Defense Is Inadequately Pled, Immaterial, and a Negative Defense

Defendants' 31st defense claims that the FTC's Complaint is not recoverable under Missouri, Kansas, or federal law. First, this defense is yet another "textbook example[] of labels and conclusions," *Smithville 169*, 2012 U.S. Dist. LEXIS 512, at *7, and fails to provide the FTC with any notice of how to respond to this defense. Even a cursory review of the Missouri Revised Statutes, Kansas Statutes Annotated, and United States Code reveals thousands of laws on the books. Which laws or law do Defendants claim are applicable? Second, the defense, as it relates to Missouri and Kansas law, is immaterial. The FTC's Complaint is based solely on federal law – the FTC Act. Indeed, the FTC has no authorization to enforce state law. And to the extent Defendants believe that there is some state law that preempts the FTC Act they are equally misguided. The Supremacy Clause of the Constitution establishes that the laws of the United States are supreme over the laws of the states. U.S. Const. art. VI, cl. 2. And there are no provisions in the FTC Act itself providing for even partial preemption by state law. Finally, the defense, as it relates to federal law, is nothing but a repeat of their general denial that they did not violate federal law (namely, the FTC Act). Accordingly, the Court should strike this defense.

14

## M. Defendants 42nd Defense Is an Improper Attempt to Circumvent Federal Rule of Civil Procedure 15

In their final defense, Defendants reserve the right to "amend their Answer to assert additional defenses" that might arise later in this proceeding. This is not a proper defense but at best an attempt to circumvent the amendment procedures set forth in Federal Rule of Civil Procedure 15. It also violates the fair notice requirements of Rule 8(b), and Rule 12(b)'s requirement that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). As such, courts routinely have struck down similar attempts, finding that Rule 15 provides the proper avenue by which a defendant may add defenses to his answer. *See, e.g., N. Am. Mktg. & Assocs*, 2012 U.S. Dist. LEXIS 150102, at *10-11; *County Vanlines Inc. v. Experian Info. Solutions Inc.*, 205 F.R.D. 148, 157-158 (S.D.N.Y. 2002); *Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at *7-8; *Bay Area Business Council*, 2003 U.S. Dist. LEXIS 7261, at *10 ("[i]t is not listed in Rule 8(c) of the Federal Rules of Civil Procedure as an affirmative defense; and pursuant to Rule 15(a), only the Court may grant leave to amend pleadings"); *Krisa v. Equitable Life Assurance Society*, 113 F. Supp. 2d 694, 708 (M.D. Pa. 2000) ("There is neither a need nor a right to express such a 'reservation' in an affirmative defense."); *Liberty Motor & Mach. Co. v. The Hartford Accident & Indem. Co.*, 1992 U.S. Dist. LEXIS 22529, at *6-7 (S.D. Ill. Mar. 18, 1992) ("This general attempt to reserve the right to set forth further affirmative defenses does not satisfy the requirement of Rule 8(c)"). Accordingly, the Court should strike Defendants' final defense.

## III. CONCLUSION

Accordingly, for the reasons set forth herein, the Court should strike, pursuant to pursuant to Federal Rule of Civil Procedure 12(f), all of Defendants' affirmative defenses.

15

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated:  January 30, 2015

*/s/ Gregory A. Ashe*
Helen Wong, DC Bar # 997800
Teresa N. Kosmidis, NY Bar# 4533824
Leah Frazier, DC Bar# 492540
Gregory A. Ashe, VA Bar #39131
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-3216 (Kosmidis)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
Facsimile: 202-326-3768
hwong@ftc.gov
tkosmidis@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: January 30, 2015

*/s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
Telephone: (816) 426-3130
Facsimile:  (816) 426-3165
E-mail:  charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

16