IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| BF LABS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA DRAKE'S
SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
<u>AFFIRMATIVE DEFENSES</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. ii

I.      LEGAL STANDARD ........................................................................... 1

II.      ARGUMENT ......................................................................................... 2

     A.     The FTC Has Not Fulfilled Its Burden of Demonstrating Prejudice. ..................... 2

     B.     Defendants Properly Pled Affirmative Defense No. 1 – "Failure to State a Claim." ............................................................................................................ 3

     C.     Defendants' Affirmative Defenses No. 2, 3, 4, 5, 6, 9, 10, 15, 22, 24, 30, and 33 Defenses Are Valid Affirmative Defenses. .................................................. 5

     D.     Defendants Pled Their Affirmative Defenses Adequately. ..................................... 6

     E.     Defendants' Good Faith is Relevant to Determine Whether Defendants Are Subject to Injunctive Relief. ............................................................................ 7

     F.     Defendants' Affirmative Defenses No. 12, 13, 16, 17, 20, 21, 28, 32, 37, 38, and 40 Are Applicable. ................................................................................... 7

     G.     Defendants Have Not Waived The Defense of Lack of Personal Jurisdiction By Not Including it in Their Motion to Dismiss. ................................ 8

     H.     First Amendment Rights Are At Issue Here. ........................................................ 8

     I.     Defendants' Voluntary Cessation of Allegedly-Violative Activity Is Relevant to the Court's Analysis. ........................................................................ 9

     J.     BF Labs Designed and Manufactured its Products Consistent with Industry Standards. ............................................................................................. 10

     K.     Estoppel, Laches, Waiver Are Valid Issues for This Court's Consideration ......... 10

     L.     BF Labs' Business Practices Are Relevant to this Court's Consideration. ........... 13

     M.     BF Labs May Amend its Answer to Present Additional Defenses. ...................... 14

III.      CONCLUSION ................................................................................... 14

CERTIFICATE OF SERVICE ........................................................................ 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Home Assurance v. Pope*,
  No. 02-4057, 2005 WL 1312975 (W.D. Mo. Jun. 1, 2005)...............................1, 2, 5, 6, 7, 13

*Armstrong v. Snyder*,
  103 F.R.D. 96 (E.D. Wis. 1984) ...........................................................................................2

*Bartram, LLC v. Landmark Am. Ins. Co.*,
  No. 10-28, 2010 WL 4736830 (N.D. Fla. Nov. 16, 2010)......................................................14

*Centex Homes v. Mr. Stucco, Inc.*,
  No. 07-365, 2008 WL 793587 (M.D. Fla. Mar. 25, 2008) ....................................................14

*Chavez v. Weber*,
  497 F.3d 796 (8th Cir. 2007) ...............................................................................................4

*In re Coleman Enters., Inc.*,
  275 B.R. 533 (B.A.P. 8th Cir. 2002).....................................................................................4

*Compliance Review Serv's, Inc. v. Callista Davis-Osuawu*,
  No. H-04-3635, 2006 WL 2385291 (S.D. Tex. Aug. 17, 2006) ..............................................9

*Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*,
  618 F.3d 762 (8th Cir. 2010) ...............................................................................................7

*Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*,
  No. 4:08-CV-243, 2008 WL 2817106 (E.D. Mo. Jul. 21, 2008)..............................................1

*F.T.C. v. Bronson Partners, LLC*,
  No. 04-1866, 2006 WL 197357 (D. Conn. Jan. 25, 2006).......................................3, 9, 10, 14

*F.T.C. v. Ivy Capital, Inc.*,
  No. 2:11-CV-283, 2011 WL 2470584 (D. Nev. June 20, 2011) ..............................................9

*F.T.C. v. Mazzoni & Son, Inc.*,
  No. 06-15766, 2007 WL 2413086 (E.D. Mich. Aug. 14, 2007)...........................................2, 4

*F.T.C. v. Think All Pub. L.L.C.*,
  564 F.Supp.2d 663 (E.D. Tex. 2008)..............................................................................5, 6, 14

*Fleishour v. Stewart Title Guar. Co.*,
  640 F.Supp.2d 1088 (E.D. Mo. 2009)..............................................................................6, 7, 13

ii

*FTC v. Affordable Media, LLC*,
  179 F.3d 1228 (9th Cir. 1999) ...............................................................................10

*FTC v. Hang-Ups Art Enters., Inc., et al.*,
  No. 95-27, 1995 WL 914179 (C.D. Cal. Sept. 27, 1995) .......................................12

*FTC v. Hope Now Modifications*,
  No. 09-1204, 2011 WL 883202 (D.N.J Mar. 10, 2011) ...........................................2

*FTC v. Medicor LLC*,
  No. 01-1896, 2001 WL 765628 (C.D. Cal. June 26, 2001) .................................7, 10

*FTC v. Sage Seminars, Inc.*,
  No. 95-2854, 1995 WL 798938 (N.D. Cal. Nov. 2, 1995) .......................................9

*FTC v. U.S. Oil & Gas Corp.*,
  1987 U.S. Dist. LEXIS 16137 (S.D. Fla. Jul. 10, 1987) ..........................................7

*Heckler v. Community Health Svs of Crawford County, Inc.*,
  467 U.S. 51 (1984) ...................................................................................................11

*In re Hoechst Marion Roussel, Inc.*,
  Dkt. No. 9293, 2000 WL 33944047 (F.T.C. Sept. 14, 2000) .................................12

*Hughes v. Lavender*,
  No. 2:10—cv-674, 2011 WL 2945843 (S.D. Ohio July 20, 2011)............................4

*Joseph v. Allen*,
  712 F.3d 1222 (8th Cir. 2013) ..................................................................................8

*U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*,
  756 F.3d 1075 (8th Cir. 2014) ..................................................................................8

*Lane v. Page*,
  272 F.R.D. 581 (D.N.M. 2011)..................................................................................4

*Lankford v. Webco, Inc.*,
  No. 06-3339, 2007 WL 465637 (W.D. Mo. Feb. 8, 2007) ...................................1, 2

*Lucas v. Jerusalem Café, LLC*,
  No. 4:10-cv-00582, 2011 WL 1364075 (W.D. Mo. Aug. 29, 2011) ........................6

*Lunsford v. United States*,
  570 F.2d 221 (8th Cir. 1977) .................................................................................1, 6

*Mo-Kan Iron Workers Welfare Fund v. Metropolitan Life Ins. Co.*,
  No. 06-4095, 2006 WL 2311833 (W.D. Mo. Aug. 9, 2006) ....................................1

iii

*Occidental Life Ins. Co. of California v. E.E.O.C.*,
    432 U.S. 355 (1977).............................................................................................................13

*Oppel v. Empire Mutual Ins. Co.*,
    92 F.R.D. 494 (S.D.N.Y. 1981) ..........................................................................................5

*Pauly v. United States Dept. of Agri.*,
    348 F.3d 1143 (9th Cir. 2003) ...........................................................................................11

*S.E.C. v. Toomey*,
    866 F. Supp. 719 (S.D.N.Y. 1992) ..................................................................................4, 5

*Sanz v. United States Sec. Ins. Co*.,
    328 F. 3d 1314 (11th Cir. 2003) ........................................................................................12

*Schlosser v. Metro. Prop. & Cas. Ins. Co.*,
    2012 U.S. Dist. LEXIS 126526 (E.D. La. Sept. 6, 2012) ......................................................4

*Scott v. City of Sioux City, Iowa*,
    23 F.Supp.3d 1017, 1021-22 (N.D. Iowa 2014) .....................................................................6

*Sentinel Ins. Co. v. Haines*,
    No. 07-0690, 2008 WL 4247788 (W.D. Mo. Sept. 10, 2008) ..................................................4

*Sherman v. Winco Fireworks, Inc.*,
    532 F.3d 709 (8th Cir. 2008) .................................................................................................8

*Stanbury Law Firm v. Internal Rev. Serv.*,
    221 F.3d 1059 (8th Cir. 2000) ...............................................................................................1

*Strauss v. Centennial Precious Metals, Inc.*,
    291 F.R.D. 338 (D. Neb. 2013).............................................................................................6

*Symbol Techs., Inc., v. Aruba Networks, Inc.*,
    609 F.Supp.2d 353 (D. Del. 2009)........................................................................................2

*U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co*.,
    422 F.Supp.2d 698 (N.D. Tex. 2006) ...................................................................................5

*U.S. v. Philip Morris, Inc.*,
    300 F. Supp. 2d 61 (D.C. Cir. 2004)...............................................................................11, 12

*U.S. v. Ruby Co.*,
    588 F. 2d 697 (9th Cir. 1978) ..............................................................................................12

*U.S. v. Weathers*,
    186 F. 3d 948 (D.C. Cir. 1999) ............................................................................................12

iv

*United States v. Am. Elec. Power Serv. Corp.*,
218 F. Supp. 2d 931 (S.D. Ohio 2002) .................................................................11

*United States v. Concentrated Phosphate Export Ass'n, Inc.*,
393 U.S. 199 (1968).................................................................................................10

*Wells Fargo & Co. v. United States*,
750 F.Supp.2d 1049 (D. Minn. 2010) .....................................................................6

*Wood v. Milyard*,
132 S.Ct. 1826 (2012)..............................................................................................8

**Statutes and Other Authorities**

FTC Act .......................................................................................................7, 10, 12

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
1271, at 585 (3d ed. 2004) ......................................................................................5

5C Charles Alan Wright, et al., *Fed. Prac. and Proc.* § 1380-81 .........................2, 6, 13

First Amendment .........................................................................................................8, 9

Fed. R. Civ. P. 8 ........................................................................................................3, 6

Fed. R. Civ. P. 8, 12 .....................................................................................................3

Fed. R. Civ. P. 12(f) ....................................................................................................1, 2

Fed. R. Civ. P. 8(a) .......................................................................................................6

Fed. R. Civ. P. 12(h)(2)(A) ..........................................................................................3

Fed. R. Civ. P. 12(f) .....................................................................................................1

Fed. R. Civ. P. 7(a) .......................................................................................................3

Fed. R. Civ. P. 8(c) ............................................................................................5, 6, 8, 14

Fed. R. Civ. P. 15(a) ...................................................................................................14

v

Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake ("Defendants") oppose the FTC's Motion to Strike BF Labs' Affirmative Defenses. The FTC argues that all of the Defendants' affirmative defenses lack merit and "will needlessly prolong the litigation and waste assets that otherwise would be available to compensate injured consumers." Pl's Sugg., p. 1[1]. This Court should deny the FTC's motion because Defendants pled their defenses properly and the FTC fails explain or support its claim that it will be prejudiced by the defenses.

## I.    LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike defenses, however, "are viewed with disfavor and rarely granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). This is "'because they propose a drastic remedy.'" *Lankford v. Webco, Inc*., No. 06-3339, 2007 WL 465637, at *2 (W.D. Mo. Feb. 8, 2007) (*quoting Stanbury Law Firm v. Internal Rev. Serv*., 221 F.3d 1059, 1063 (8th Cir. 2000)); *Mo-Kan Iron Workers Welfare Fund v. Metropolitan Life Ins. Co*., No. 06-4095, 2006 WL 2311833, at *1 (W.D. Mo. Aug. 9, 2006); *American Home Assurance v. Pope*, No. 02-4057, 2005 WL 1312975, at *1 (W.D. Mo. Jun. 1, 2005). A motion to strike will not be granted unless the insufficiency of the defense is clearly apparent or it raises factual issues that should be determined on a hearing on the merits. *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc*., No. 4:08-CV-243, 2008 WL 2817106, at *2 (E.D. Mo. Jul. 21, 2008). In determining a motion to strike, the Court must view the pleadings in the light most favorable to the pleader. *Id*. Even improperly designated affirmative defenses should not be stricken.

---

[1]     "Pl's Sugg.," as cited herein, refers to the FTC's Suggestions in Support of its Motion to Strike Affirmative Defenses.

1

*American Home*, 2005 WL 1312975, at *1. If there is any doubt whether the matter may raise an issue, the motion should be denied. *Lankford,* 2007 WL 465637, at *2.

A matter will *not* be stricken unless the movant shows that the challenged allegations "are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *American Home*, 2005 WL 1312975 at *1 (citing 5C Charles Alan Wright, et al., *Fed. Prac. and Proc*. § 1380-81). "[E]ven when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." *Id*.; *see also Lankford,* 2007 WL 465637, at *2 (if the allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party); *Symbol Techs., Inc., v. Aruba Networks, Inc*., 609 F.Supp.2d 353, 359 (D. Del. 2009) (even if Rule 12(f) is satisfied, motion to strike not granted absent prejudice) (quotations omitted). *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984) (motion to strike not granted absent showing of real prejudice). Because the FTC has failed to make the requisite showing of any prejudice caused by any of the Defendants' asserted Affirmative Defenses, the FTC's Motion to Strike should be denied.

## II.    ARGUMENT

### A.    The FTC Has Not Fulfilled Its Burden of Demonstrating Prejudice.

This Court should summarily deny the FTC's motion to strike because it has not met its burden to show that it would be prejudiced by the affirmative defenses if they were to remain in the case. The FTC has not provided the Court with any evidence to suggest that it will suffer any undue burden from litigating these affirmative defenses. Because the FTC has not met this burden, its motion must fail. *See FTC v. Hope Now Modifications*, No. 09-1204, 2011 WL 883202, at *4 (D.N.J Mar. 10, 2011) (refusing to strike affirmative defenses absent "real" prejudice); *F.T.C. v. Mazzoni & Son, Inc*., No. 06-15766, 2007 WL 2413086 (E.D. Mich. Aug.

2

14, 2007) (reserving judgment until motion for summary judgment stage since no prejudice to FTC in refusing to strike failure to state claim defense in early stages of litigation); *F.T.C. v. Bronson Partners, LLC*, No. 04-1866, 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (denying motion to strike where there may be a set of facts to support the defendants' claim even though the defense may ultimately prove unsuccessful).

Each of the defenses asserted by Defendants are is related to the claims asserted by the FTC in its Complaint. Moreover, the defenses raise significant factual and legal issues which have not been fully developed (or developed at all in discovery which is yet to begin in earnest). Defendants have adequately placed the FTC on notice regarding the defenses that it intends to pursue in the course of this litigation. For these reasons, the Court should deny the FTC's motion without further analysis.

### B.   Defendants Properly Pled Affirmative Defense No. 1 – "Failure to State a Claim."

Defendants have properly pled their first affirmative defense, which asserts that the FTC has not stated a claim upon which relief can be granted.  The Federal Rules of Civil Procedure govern what content belongs in a Complaint and what content belongs in an Answer. Fed. R. Civ. P. 8, 12.  Defendants are required to raise certain defenses in their Answer irrespective of whether those defenses are consistent with the FTC's allegations in the Complaint.  *See, e.g.*, Fed. R. Civ. P. 8.  Indeed, Federal Rule 12(h)(2)(A), not cited by the FTC in its Motion, permits a party to raise "failure to state a claim" in "any pleading allowed or ordered under Rule 7(a)," which includes the Answer.  Such a defense must be stated affirmatively in a responsive pleading or else it is waived.

The FTC argues that Defendants are collaterally estopped from raising "failure to state a claim" as an affirmative defense because this Court denied Defendants' motion to dismiss.  "The

3

doctrine of collateral estoppel" applies "'when an issue of ultimate fact has been determined by a valid and final judgment.'" *Chavez v. Weber*, 497 F.3d 796, 804 (8th Cir. 2007). "A denial of a motion to dismiss is not a final judgment." *Sentinel Ins. Co. v. Haines*, No. 07-0690, 2008 WL 4247788, *2 (W.D. Mo. Sept. 10, 2008). *See also In re Coleman Enters., Inc.*, 275 B.R. 533, 538 (B.A.P. 8th Cir. 2002) (concluding that the denial of a motion to dismiss is not a final order because the case proceeds). Because this Court's denial of Defendant's motion to dismiss is not a final judgment on the merits, collateral estoppel does not apply.

If the FTC's argument were correct, then the "failure to state a claim" affirmative defense would be stricken in every case. On its face, that affirmative defense challenges the sufficiency of a plaintiff's allegations. Yet courts routinely refuse to strike the "failure to state a claim" affirmative defense because the precise purpose of that defense is to challenge the propriety of the claims made in the Complaint. *Schlosser v. Metro. Prop. & Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 126526, at *6-7 (E.D. La. Sept. 6, 2012); *See Hughes v. Lavender*, No. 2:10—cv-674, 2011 WL 2945843, at *4 (S.D. Ohio July 20, 2011) (citing *S.E.C. v. Toomey*, 866 F. Supp. 719, 723 (S.D.N.Y. 1992) ("[I]t is well-settled that the failure-to-state-a-claim defense is a perfectly appropriate defense to include in [an] answer."). In the relatively few cases in which a court has stricken this defense, the court has made clear that it does so without prejudice to the defendant's ability to raise the issue later in the case. *See Mazzoni & Son,* 2007 WL 2413086 (reserving judgment until motion for summary judgment stage since no prejudice to FTC in refusing to strike failure to state claim defense in early stages of litigation); *Lane v. Page*, 272 F.R.D. 581, 597 (D.N.M. 2011).

The inclusion of the affirmative defense clearly does not prejudice the FTC; it has not even alleged harm by its inclusion. Although the "failure to state a claim" defense amounts to a

general denial of the Complaint's allegations, there is "no prejudicial harm" which would require the defense to be stricken. *Toomey*, 866 F. Supp. at 723 (quoting *Oppel v. Empire Mutual Ins. Co.*, 92 F.R.D. 494, 498 (S.D.N.Y. 1981)); *see also County Vanlines*, 205 F.R.D. at 154. Accordingly, the FTC has failed to make the required showing to have strike this defense.[2]

### C. Defendants' Affirmative Defenses No. 2, 3, 4, 5, 6, 9, 10, 15, 22, 24, 30, and 33 Defenses Are Valid Affirmative Defenses.

Affirmative defenses are valid where they seek to define the scope of the relief to which a plaintiff is entitled, even if they do not also permit the defendants to avoid liability. *See F.T.C. v. Think All Pub. L.L.C.*, 564 F.Supp.2d 663, 666 (E.D. Tex. 2008). Defenses should not be struck unless the party moving to strike can show that it will be prejudiced if the defenses are not struck. *American Home*, 2005 WL 1312975 at *1.

The affirmative defenses that the FTC attacks as being inadequately pled relate to "allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer." *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 705 n. 13 (N.D. Tex. 2006); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1271, at 585 (3d ed. 2004). Rule 8(c) does not prevent Defendants from affirmatively asserting the defenses pled in the Answer. These defenses are thus properly pled under Rule 8(c).

These defenses also give the FTC notice of the defenses the Defendants plan to invoke. Though not all these defenses would, if proved, permit Defendants to avoid liability, they would at least affect the scope of the relief to which the FTC is entitled. They therefore "fit comfortably within" Rule 8(c). *See Think All Pub. L.L.C.*, 564 F.Supp.2d at 666. The FTC has

---

[2] Defendants' Affirmative Defense No. 31 is substantially similar to Affirmative Defense No. 1, and Defendants, therefore, do not oppose striking Affirmative Defense No. 31.

5

also failed to demonstrate any prejudice it would suffer by the inclusion of these affirmative defenses. *American Home*, 2005 WL 1312975 at *1.

### D. Defendants Pled Their Affirmative Defenses Adequately.

An affirmative defense "should not be struck if it is 'sufficient as a matter of law' or 'presents a question of law or fact which the court ought to hear.'" *Fleishour v. Stewart Title Guar. Co.*, 640 F.Supp.2d 1088, 1090 (E.D. Mo. 2009) (*quoting Lunsford v. United States*, 570 F.2d 221, 228 (8th Cir. 1977)). "[T]he purpose of pleading an affirmative defense is to provide a plaintiff with notice and avoid surprise." *Id*. Even where a defense is inadequately pled, a party moving to strike must show that it will be prejudiced by the defense's continued presence in the pleadings. *See American Home*, 2005 WL 1312975 at *1; 5C Charles Alan Wright, et al., *Fed. Prac. and Proc*. § 1380-81.

The FTC contends that Affirmative Defenses 7, 26, 27, 34, 35, 36, and 39 are "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements." Pl's Sugg. at p. 5.[3] These defenses, however, have performed Rule 8's purpose of providing the plaintiff with notice of the defenses Defendants intend to pursue. *See Fleishour*, 640 F.Supp.2d at 1090. The defenses present questions of law and fact that this Court ought to hear. *Id*. The FTC has not shown how it will be prejudiced by the continued presence of these

---

[3]     The FTC presupposes, incorrectly, that the Court will hold the Defendants, asserting affirmative defenses under Federal Rule 8(c), to the same pleading standards that the Supreme Court imposed on the plaintiffs in *Twombly* under Federal Rule 8(a). The only authority the FTC cites in support of this contention acknowledges a divide among courts as to whether *Twombly*'s heightened standard applies to affirmative defenses. *See Lucas v. Jerusalem Café, LLC*, No. 4:10-cv-00582, 2011 WL 1364075, *1 (W.D. Mo. Aug. 29, 2011). No reported case of this Court has forced defendants to plead facts in support of affirmative defenses. *Cf. Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 343 (D. Neb. 2013) ("the Eighth Circuit … [holds] that a minimal pleading standard applies to affirmative defenses [and] these rulings do not appear to have been changed by *Iqbal* and *Twombly*"). *See also Scott v. City of Sioux City, Iowa*, 23 F.Supp.3d 1017, 1021-22 (N.D. Iowa 2014); *Wells Fargo & Co. v. United States*, 750 F.Supp.2d 1049, 1050-51 (D. Minn. 2010).

6

defenses in this litigation, and the FTC has conceded that they raise factual issues upon which it is clear the Defendants will rely. *See American Home*, 2005 WL 1312975 at *1. The FTC's objections to these defenses therefore lack merit and should be denied.

### E. Defendants' Good Faith is Relevant to Determine Whether Defendants Are Subject to Injunctive Relief.

The FTC argues that good faith is not a defense to liability for violating Section 5 of the FTC Act, citing *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 779 (8th Cir. 2010). Nevertheless, if there has been a violation, the Defendants' intent is relevant to the Court's determination of appropriate relief. *See FTC v. Medicor LLC*, No. 01-1896, 2001 WL 765628, *2 (C.D. Cal. June 26, 2001) (denying motion to strike because good faith is relevant for determining whether to issue a permanent injunction and whether to hold defendants individually liable). Although Defendants' good faith may not immunize them from liability, it may be relevant to the determination of appropriate relief, and the affirmative defense of good faith should not be stricken.

### F. Defendants' Affirmative Defenses No. 12, 13, 16, 17, 20, 21, 28, 32, 37, 38, and 40 Are Applicable.

The FTC argues that defenses that may be available to Defendants such as set-off, election of remedies, prior settlement and release, and offset (among others) do not apply here because the FTC does not represent consumers as parties in this suit. The FTC cites *FTC v. U.S. Oil & Gas Corp.*, 1987 U.S. Dist. LEXIS 16137, at *77-78 (S.D. Fla. Jul. 10, 1987) stating "in a government enforcement action, enforcing releases executed by individual customers of a fraudulent scheme who receive partial refunds would only serve to encourage their use in similar fraudulent schemes and thereby permit the retention of the bulk of the fraudulent proceeds without liability . . . [accordingly] they do not apply in a section 13(b) restitution action." But the FTC fails to mention that there was no fraudulent scheme in this case, nor did BF Labs'

7

customers receive partial refunds. BF Labs has paid out multi-millions in refunds for the full amount and has similarly settled many cases with its customers. The Court should not strike these legitimate affirmative defenses.

### G. Defendants Have Not Waived The Defense of Lack of Personal Jurisdiction By Not Including it in Their Motion to Dismiss.

A waived defense "is one that a party has knowingly and intelligently relinquished." *Wood v. Milyard*, 132 S.Ct. 1826, 1832 (2012). "[T]echnical failure to comply with Rule 8(c) is not fatal when the defense is raised in the trial court in a manner that does not result in unfair surprise." *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014). *See also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Even if a defense is waived by failure to include it in previous pleadings, such error can be corrected by amendment. *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013).

Defendants have not knowingly and intelligently relinquished their objection as to lack of personal jurisdiction. *See Wood*, 132 S.Ct. at 1832. To the extent that the FTC claims that Defendants have forfeited this claim, the FTC has not pled and cannot show any prejudice or unfair surprise resulting from any failure to plead it previously. *See U.S. ex rel. Kraxberger*, 756 F.3d at 1082. This defense is thus procedurally adequate and should not be struck.

### H. First Amendment Rights Are At Issue Here.

The FTC contends that the Court should strike Affirmative Defense No. 18, which is based on the First Amendment. Pl's Sugg. at pp. 8-9. It argues that this Affirmative Defense is improper because the FTC has the authority to protect the public against deceptive commercial speech, which, the FTC posits, is outside the protections provided by the Constitution. *Id.*

The FTC's argument lacks merit. The FTC presumes that the Court will rule in the FTC's favor by finding that the Defendants engaged in unprotected commercial speech, which

8

was deceptive. Assuming for the sake of argument that the FTC were to prevail – which the Defendants vigorously dispute – that result would come at the end of this case, not at the preliminary pleading stage. Documents have yet to be produced. Depositions have yet to be taken. Rather than assume the FTC will prevail, the correct question at this juncture is whether there is any chance that the Defendants' Affirmative Defenses could have merit. To deny the FTC's motion, the Court need only find that facts could exist that disprove the FTC's allegations. *See, e.g., Bronson Partners,* 2006 WL 197357, at *2 (denying the FTC's motion to strike an affirmative defense for First Amendment protection); *F.T.C. v. Ivy Capital, Inc.*, No. 2:11-CV-283, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) (same).

Courts assume that affirmative defenses are valid unless the movant can prove otherwise. *Compliance Review Serv's, Inc. v. Callista Davis-Osuawu*, No. H-04-3635, 2006 WL 2385291, at *7 (S.D. Tex. Aug. 17, 2006) (denying the plaintiff's motion to strike the defendant's affirmative defenses because the plaintiff did not meet its burden of demonstrating the affirmative defenses had no chance of success). Here, the FTC's allegations alone do not suffice to defeat this constitutionally-based affirmative defense given the absence of any evidence adduced by the Government that the Defendants actually intended to deceive any consumers.

## I.    Defendants' Voluntary Cessation of Allegedly-Violative Activity Is Relevant to the Court's Analysis.

Contrary to the FTC's assertions, the affirmative defense of mootness is valid. As a general matter, "[p]ast wrongs are not enough for the grant of an injunction." *FTC v. Sage Seminars, Inc.*, No. 95-2854, 1995 WL 798938 at *6 (N.D. Cal. Nov. 2, 1995). Courts have recognized the availability of the mootness defense in FTC actions particularly as it relates to the appropriateness of the remedy. Indeed, in the decision cited by the FTC at bar, *FTC v. Bronson*, *supra*, the district court refused to strike the mootness affirmative defense. *Bronson, supra*, 2006

9

WL 197357 at * 3 ("Although cessation of conduct is not a defense to a violation of the FTC Act, like the good faith defense, it may be relevant with respect to an appropriate remedy."); *see also FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1238 (9th Cir. 1999) (citing *United States v. Concentrated Phosphate Export Ass'n, Inc*., 393 U.S. 199, 203 (1968)). While the Supreme Court also said that "the test for mootness [. . .] is a stringent one," *Concentrated Phosphate Export Ass'n*, 393 U.S. at 203, this does not preclude Defendants from asserting the defense and attempting to meet their burden of proof.

**J.**     **BF Labs Designed and Manufactured its Products Consistent with Industry Standards.**

The FTC argues that Defendants' 23rd affirmative defense – Bitcoin mining machines were designed and manufactured in accordance with industry standards – is completely irrelevant to the FTC's case because the FTC's case is about material misrepresentations regarding the delivery and profitability of those machines. But contrary to the FTC's argument, manufacturing issues in the industry do impact the FTC's claims. The FTC also fails to acknowledge that this affirmative defense is not merely a denial of the allegations in the Complaint, but is also relevant in the same manner that the good faith defense is relevant. Even if the defense does not eviscerate the liability of the Defendants entirely, it is still relevant to the type of equitable relief the Court may consider. *See Medicor*, 2001 WL 765628, *203.

**K.**     **Estoppel, Laches, Waiver Are Valid Issues for This Court's Consideration.**

The FTC next argues that estoppel, laches, and waiver defenses do not apply in a government enforcement action. (Pl's Sugg. p. 11). But neither the Supreme Court nor the Eighth Circuit has established an absolute bar to these defenses in cases against the government. In addition, the FTC again fails to meet its burden of showing: 1) any prejudice by inclusion of the

10

asserted defense; and, 2) that the defense is so unrelated to its claims as to be unworthy of any consideration as a defense.

Regarding the FTC's argument that estoppel cannot apply to the government, a party seeking to estop the government may show that the government has engaged in affirmative misconduct going beyond mere negligence and the government's act will cause a serious injustice. *See, e.g., Pauly v. United States Dept. of Agri*., 348 F.3d 1143, 1149 (9th Cir. 2003). This establishes a burden of proof, but here the FTC has not shown that Defendants will be unable to meet this burden. Various courts have permitted defendants to assert estoppel and waiver defenses against the federal government. *See, e.g., Sands*, 902 F. Supp. at 1166 (finding that the defendants asserted viable estoppel and waiver defenses against the SEC because the defendants alleged that the SEC tacitly approved the defendants' conduct); *United States v. Am. Elec. Power Serv. Corp*., 218 F. Supp. 2d 931, 937 (S.D. Ohio 2002) (denying the federal government's motion to strike the defendants' estoppel and waiver defenses).

Equitable estoppel is, in fact, available as an affirmative defense against the government under appropriate circumstances because the fundamental principal of equitable estoppel applies to government agencies, as well as private parties. *U.S. v. Philip Morris, Inc*., 300 F. Supp. 2d 61, 70 (D.C. Cir. 2004). The Supreme Court has stated that it is "hesitant . . . to say that there are no cases in which the public interest in ensuring that the Government can enforce the law free from estoppel might be outweighed by the countervailing interest of citizens in some minimum standard of decency, honor, and reliability in their dealings with their Government." *Heckler v. Community Health Svs of Crawford County, Inc*., 467 U.S. 51, 60-61 (1984).

A party that asserts the equitable estoppel defense against the government must show that it engaged in "affirmative and egregious misconduct." *Sanz v. United States Sec. Ins. Co*., 328 F.

11

3d 1314, 1320 (11th Cir. 2003). The FTC's prelitigation behavior raises questions of misconduct which discovery may confirm and other facts may be revealed in discovery which would indicate that equitable estoppel is applicable. *See FTC v. Hang-Ups Art Enters., Inc., et al.*, No. 95-27, 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995); *In re Hoechst Marion Roussel, Inc.*, Dkt. No. 9293, 2000 WL 33944047 (F.T.C. Sept. 14, 2000). Consequently, this affirmative defense is certainly worthy of consideration as a defense and should not be stricken.

Defendants have also asserted the affirmative defense of waiver which is the "intentional relinquishment or abandonment of a known right." *Philip Morris, Inc.*, 300 F. Supp. 2d at 68 (quoting *U.S. v. Weathers*, 186 F. 3d 948, 955 (D.C. Cir. 1999)). In this case, Defendants have included the affirmative defense of waiver based upon the FTC's delay between its initial investigation and the filing of this litigation *ex parte* on September 15, 2014, months after BF Labs began refunding customers and ended its preorders. This period of time creates a factual issue as to whether the FTC has waived its right to pursue its claims under the FTC Act.

The FTC also seeks to strike Defendants' laches defense on the basis that laches is usually not an available defense in an action by the government to enforce a public right or the public interest. (Pl's Sugg. pp. 12-13). The FTC is correct as a general matter. However, laches is an available defense if "affirmative misconduct" by the government is shown. *Hang-Ups Art*, 1995 WL 914179 * 4 (quoting *U.S. v. Ruby Co.*, 588 F. 2d 697, 705 n.10 (9th Cir. 1978)). Likewise, laches may be available if the government's action was not undertaken in the public interest. *Hoechst Marion Roussel,* 2000 WL 33944047. In light of these principles, the applicability of laches should be determined based upon the facts of each individual case. *Hang-Ups Art*, 1995 WL 914179 * 4; *See also Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 373 (1977) (laches determined on a case-by-case basis). As discussed above, the FTC

12

must show: 1) prejudice by inclusion of the asserted defense; and, 2) that the defense is so unrelated to the FTC's claims as to be unworthy of consideration as a defense. The FTC has failed to make this required showing.

Given the above-described events, coupled with the FTC's extensive delay, it would be improper at this stage to strike Defendants' affirmative defense of laches because it is not beyond dispute that the facts to be developed could provide Defendants with a successful laches defense to the FTC's claims. Moreover, discovery is necessary on whether the FTC's efforts during this period were undertaken in good faith. Such discovery would focus on whether the FTC has engaged in "affirmative misconduct" sufficient to support Defendants' laches defense. Accordingly, the FTC's Motion to Strike should be denied for this affirmative defense.

### L. BF Labs' Business Practices Are Relevant to this Court's Consideration.

An affirmative defense is valid "if it is sufficient as a matter of law or presents a question of law or fact which the court ought to hear." *Fleishour*, 640 F.Supp.2d at 1090 (internal quotation omitted). An affirmative defense raised in an answer exists to notify the opposing party as to the issues and arguments that the pleading party intends to pursue, and they should remain in the pleadings unless the opposing party shows it will be prejudiced by their continued inclusion in the litigation. *See American Home*, 2005 WL 1312975 at *1; 5C Charles Alan Wright, et al., *Fed. Prac. and Proc*. § 1380-81. The FTC argues that Defendants' business practices' economic justification will not permit Defendants to escape liability. Pl's Sugg. at pp. 13-14. But affirmative defenses are valid where they seek to define the scope of the relief to which a plaintiff is entitled, even if they do not also permit the defendants to avoid liability. *See Think All Pub. L.L.C.*, 564 F.Supp.2d at 666. The FTC's argument for striking this defense therefore fails.

13

**M.  BF Labs May Amend its Answer to Present Additional Defenses.**

The FTC claims that the Defendants' reservation of their right to allege additional affirmative defenses is "not a proper defense," which should be stricken.  (*See* Pl's Sugg. at p. 15).  The FTC contends that this defense is not listed in Federal Rule 8(c), and that, in any event, the Defendants would have to seek leave of Court to assert any additional affirmative defenses. *See id.*

The FTC is once again mistaken.  Courts routinely deny motions to strike the "reservation of rights" affirmative defense precisely for the reason stated by the FTC – the Federal Rules permit defendants the opportunity to amend their answers under Rule 15(a).  *See, e.g., Bronson Partners*, 2006 WL 197357, at *3 (denying "motion to strike the reservation of right to add affirmative defenses because the defendants do retain the right [under Rule 15(a)) to seek leave of the court to amend their answer"); *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 10-28, 2010 WL 4736830, at *7 (N.D. Fla. Nov. 16, 2010) (denying a "motion to strike the reservation of right to add affirmative defenses because Defendant does retain the right [under Rule 15(a)) to seek leave of the Court to amend Defendant's pleading"); *Centex Homes v. Mr. Stucco, Inc.*, No. 07-365, 2008 WL 793587, at *2 (M.D. Fla. Mar. 25, 2008) (finding "Defendant's motion to strike the reservation [to be] unnecessary").

Because Defendants retain the right to amend their Answer under Rule 15(a), and because district courts have found that a reservation of this right in an affirmative defense is appropriate, the Court should deny FTC's motion to strike Affirmative Defense No. 42.

## III.  CONCLUSION

For these reasons, the FTC's Motion to Strike is without merit. The FTC trying to prevent Defendants from mounting a defense. The FTC is by seeking to prematurely foreclose Defendants from pursuing legally cognizable defenses without the benefit of any discovery.

14

Striking any of the defenses asserted by the Defendants at this early stage in the proceeding is premature and inappropriate. For all the reasons stated above, the Court should deny the motion to strike in its entirety.

Respectfully submitted,

/s/ James M. Humphrey
James M. Humphrey          MO # 50200
Michael S. Foster           MO # 61205
Miriam E. Bailey            MO # 60366
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry            MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendant BF Labs Inc., Sonny Vleisides, and Darla Drake

15

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of February 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ James M. Humphrey
Attorney for Defendants BF Labs Inc., Sonny
Vleisides, and Darla Drake
