UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BF LABS, INC., *et al.*<br><br>　　　Defendants. | CASE NO. 4:14-cv-00815-BCW |

**FTC'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO STRIKE
AFFIRAMTIVE DEFENSES**

**I.　　Introduction**

As discussed in the FTC's Suggestions in Support of its Motion to Strike (DE 255), Defendants cannot prevail on any of their affirmative defenses. Allowing those defenses to survive into discovery would only waste resources and thereby reduce money available for consumer redress. In response to the FTC's motion, Defendants concede that many of the defenses are not valid defenses to liability for violating Section 5. For the remainder, Defendants fail to rebut the FTC's arguments that the defenses are improper. Therefore, the Court should exercise its discretion to strike these defenses because litigation regarding them would prejudice the FTC and consumers harmed by Defendants' scheme.

**II.　　The Court Can Strike Legally Insufficient, Irrelevant, And Redundant Defenses**

Throughout their Suggestions in Opposition (DE 261)[1], Defendants attempt to deflect from their defenses' inadequacies by noting that courts rarely grant motions to strike. The case

---

[1] Defendant Ghoseiri's opposition incorporates by reference the opposition filed by the other Defendants. (DE 262.)

1

law is clear, however, that legally insufficient or impertinent defenses should be stricken to "'streamline the ultimate resolution of the action.'" *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 2012 U.S. Dist. LEXIS 128230, at *4 (W.D. Mo. Sept. 10, 2012) (citation omitted); *accord EEOC v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012). Moreover, "[t]he district court enjoys liberal discretion in ruling on a motion to strike." *Kraxberger*, 2012 U.S. Dist. LEXIS 128230 at *3. The Court's "liberal discretion" to strike affirmative defenses is particularly justified here because the FTC has already filed extensive evidence regarding Defendants' operation, and streamlining this action would further the Court's goal of preserving the limited funds available for consumer redress.

### III. Allowing The Affirmative Defenses To Remain Will Prejudice The FTC

Defendants assert that the FTC has not made the requisite showing of prejudice to justify striking their insufficient affirmative defenses. On the contrary, as discussed in its Suggestions in Support, litigation regarding Defendants' forty-two affirmative defenses would prejudice the FTC and consumers harmed by Defendants' scheme. For example, because many of Defendants' defenses are nothing but "threadbare recitals," "bare bones conclusory allegations," and "textbook examples of labels and conclusions," the FTC will be forced to expend considerable resources in discovery just to be put on fair notice of what Defendants are alleging. And because Defendants' affirmative defenses fail as a matter of law, allowing them to remain will needlessly prolong the litigation, require the FTC to expend its limited resources, and waste assets that otherwise would be available to compensate injured consumers. This is the very prejudice that courts have found justify striking insufficient defenses. *See, e.g., Lakeside Roofing Co. v. Nixon*, 2011 U.S. Dist. LEXIS 69913, at *4 (E.D. Mo. Jun. 29, 2011) ("The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from

2

engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome"); *Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (striking affirmative defenses appropriate where an "irrelevant affirmative defense . . . 'result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery'"); *Izzard v. Credit Fin. Servs.*, 2014 U.S. Dist. LEXIS 45215, at *4 (M.D.N.C. Apr. 2, 2014) (same).

### IV. Defendants' Defenses Fail To Meet The Pleadings Standards Of *Iqbal* And *Twombly*

Defendants do not deny that many of their affirmative defenses are nothing but "threadbare recitals," "bare bones conclusory allegations," and "textbook examples of labels and conclusions." Instead, they argue that the heightened pleading requirements of *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), do not apply to affirmative defenses. In reliance for that claim, they cite to cases outside of the Western District of Missouri. The FTC acknowledges that it is not aware of any Circuit Court opinion, including any Eighth Circuit opinion, that holds that *Iqbal* applies to affirmative defenses.[2] The FTC finds it incredulous, however, that Defendants claim that "[n]o reported case of this Court has forced defendants to plead facts in support of affirmative defenses." (DE 261 at 6 n.3.) On the contrary, every reported district court decision from the Western District of Missouri that the FTC has found holds that *Iqbal* in fact applies to affirmative defenses.[3] *See Folk v. Target*

---

[2] Nor has the FTC found any reported Circuit Court case holding that *Iqbal* does *not* apply. Contrary to Defendants' implication otherwise, the parenthetical quote to their citation to *Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 343 (D. Neb. 2013) is not a statement of the Eighth Circuit's views on the applicability of *Iqbal*. Instead, the case reflects the opinion of the Nebraska district court judge noting that "[i]n light of the lack of binding authority," the court would rely upon the older minimal pleading standing. But *Strauss* is not controlling in this District.

[3] The only cases the FTC could find in this District holding that *Iqbal* does not apply were that of

3

*Corp.*, 2012 U.S. Dist. LEXIS 77100, at *2 (W.D. Mo. Jun. 4, 2012); *Smithville 169 v. Citizens Bank & Trust Co.*, 2012 U.S. Dist. LEXIS 512, at *3 (W.D. Mo. Jan. 4, 2012); *Shaw v. Prudential Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 136163, at 9 (W.D. Mo. Nov. 28, 2011); *Lucas v. Jerusalem Café, LLC*, 2011 U.S. Dist. LEXIS 88684, at *2 (W.D. Mo. Aug. 10, 2011); *Semco, LLC v. Huntair, Inc.*, 2011 U.S. Dist. LEXIS 82795, at *3-4 (W.D. Mo. Jul. 28, 2011); *Openmethods, LLC v. Mediu, LLC*, 2011 U.S. Dist. LEXIS 60980, at *5 (W.D. Mo. Jun. 8, 2011); *Lucas v. Jerusalem Cafe, LLC*, 2011 U.S. Dist. LEXIS 39504, at *4 (W.D. Mo. Apr. 11, 2011); *Sch. of the Ozarks, Inc. v. Greatest Generations Foundation*, 2011 U.S. Dist. LEXIS 37850, at *2-3 (W.D. Mo. Apr. 7, 2011); *Tamica Shaw v. Prudential Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 29203, at *7 (W.D. Mo. Mar. 21, 2011). Indeed, the majority of district courts throughout the United States have reached the same conclusion. *See, e.g., Hiramanek v. Clark*, 2015 U.S. Dist. LEXIS 19985, at *3 (N.D. Cal. Feb. 18, 2015) (noting that although no Circuit Court has ruled on the issue, the majority of district courts have ruled that *Iqbal* applies to affirmative defenses); *Smithville 169*, 2012 U.S. Dist. LEXIS 512 at *3 (noting that the majority of district courts that have considered the issue hold that *Iqbal* applies to affirmative defenses).

Here, as discussed previously, Defendants' 7th, 12th, 13th, 14th, 16th, 17th, 20th, 21st, 25th, 26th, 27th, 28th, 29th, 31st, 32nd, 34th, 35th, 36th, 37th, 38th, 39th, and 40th defenses are the exact type of "threadbare recitals" that numerous district courts have struck. Their inclusion will prejudice the FTC as they provide no notice that there is "some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case." *Smithville 169*, 2012 U.S. Dist. LEXIS 512 at *3. Indeed, when Judge Ortrie Smith saw similar defenses in *Sch. of the*

---

a magistrate court judge. *Southard v. City of Oronogo*, 2013 U.S. Dist. LEXIS 11395, at *5 (W.D. Mo. Jan. 29, 2013) (decision of Magistrate Judge Sarah Hays); *Willis v. Quad Lakes Enters., LLC*, 2011 U.S. Dist. LEXIS 100536, at *4 (W.D. Mo. Sep. 7, 2011) (same).

*Ozarks*, he ruled that defendants "simply list the names of defenses. There are no factual allegations contained. These defenses were not adequately pled as required by *Iqbal* and *Twombly*, and the motion to strike them is granted." *Sch. of the Ozarks*, 2011 U.S. Dist. LEXIS 37850 at *5. This Court should follow the other district court judges of this District and the majority of district court judges in the United States and strike Defendants' defenses as well.

**V.      Defendants Concede That Many Of Their Defenses Are Not Viable As To Liability**

For a number of defenses, Defendants concede that the asserted defense is not viable as to whether they should be held liable for violating Section 5 of the FTC Act.[4] In particular, Defendants admit that:

● with respect to their 2nd, 3rd, 4th, 5th, 6th, 9th, 10th, 15th, 22nd, 24th, 30th, and 33rd defenses, "not all of these defenses would, if proved, permit Defendants to avoid liability." (DE 261 at 5.)

● their 8th and 11th defenses "may not immunize them from liability." (*Id.* at 7.)

● their 19th and 41st defense "is not a defense to a violation of the FTC Act." (*Id.* at 10 (quoting *FTC v. Bronson Partners, LLC*, 2006 U.S. Dist. LEXIS 3315, at *8 (D. Conn. Jan. 25, 2006).)

● their 23rd defense "does not eviscerate the liability of Defendants entirely." (DE 261 at 10.)

● their 29th defense should remain "even if [it] do[es] not also permit defendants to avoid liability." (*Id.* at 13.)

Thus, Defendants concede that these defenses have no bearing on liability. At best, these defenses *may* be relevant when offered against the scope of injunctive, but not monetary, relief.

---

[4] Further, they do not oppose the Court striking their 31st affirmative defense. (DE 261 at 5 n.2.)

*See FTC v. Magazine Solutions, LLC*, 2009 U.S. Dist. LEXIS 23708, at *3 (W.D. Pa. Mar. 20, 2009) *FTC v. CEO Group*, 2007 U.S. Dist. LEXIS 10619, at *4 (S.D. Fla. Feb. 15, 2007); *FTC v. Hang-Up Art Enter.*, 1995 U.S. Dist. LEXIS 21444, at *10-11 (C.D. Cal. Sep. 27, 1995).[5] Accordingly, even though the Court should strike these defenses in their entity for the reasons set forth herein and in the FTC's Suggestions in Support of the Motion to Strike, at the very least the Court should strike them as they relate to both Defendants' liability and whether (and to what amount) equitable monetary relief is warranted.

## VI. The Court Has Already Ruled That The FTC's Complaint States A Claim For Which Relief May Be Granted

The FTC does not dispute that Fed. R. Civ. P. 12(h) provides that the defense of failure to state a claim can be asserted at various stages of litigation. Defendants appear to forget, however, both that they have already raised this defense (DE 80) and that the Court has denied that motion. (DE 219.) In so doing, this Court expressly found that the FTC "sufficiently alleged its Section 5(a) claims" (DE 219 at 3), that the FTC "has plausibly stated a claim to relief under Section 5(a)" (*id.* at 4), and that the FTC "has sufficiently stated a Section 5(a) violation based on each theory" alleged in its Complaint. (*Id.*) Defendants had their bite at the apple and lost. Their first defense should be stricken. *FTC v. Hayes*, 1997 U.S. Dist. LEXIS 7883, at *2 (E.D. Mo. May 7, 1997) (striking affirmative defense where court had previously denied Rule 12(b)(6) motion to dismiss).

---

[5] In order to obtain a permanent injunction against a defendant, the FTC must show that "there exists some cognizable danger of recurrent violation." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). To determine whether violations are likely to recur, courts look to two factors: (1) the deliberateness and seriousness of the present violation, and (2) the violator's past record with respect to unfair advertising practices. *Sears, Roebuck and Co. v. FTC*, 676 F.2d 385, 392 (9th Cir. 1982). Good faith on the part of a defendant *could* be relevant to the first factor. *Hang-Up Art. Enter.*, 1995 U.S. Dist. LEXIS 21444 at *10-11.

6

### VII. Defendants Do Not Refute That Defenses That May Be Available To Them In Consumer Actions Have No Application In Government Law Enforcement

Defendants offer no opposition to the well-established principal that defenses that may be available in private consumers suits (*e.g.*, Defendants' 12th, 13th, 16th, 17th, 20th, 21st, 28th, 32nd, 37th, and 40th defenses), have no application in government law enforcement actions. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002); *Herman v. South Carolina Nat'l Bank*, 140 F.3d 1413, 1424-28 (11th Cir. 1998); *FTC v. U.S. Oil & Gas Corp.*, 1987 U.S. Dist. LEXIS 16137, at *77-78 (S.D. Fla. Jul. 10, 1987). Their only defense is that *U.S. Oil & Gas* mentions the phrase "fraudulent scheme" and they insist there was no such scheme here. (DE 261 at 7.) That fact is immaterial. The fact that *U.S. Oil & Gas* involved a fraudulent scheme was not critical to the holding cited by the FTC. Indeed, nothing in the *Waffle House* or *Herman* cases suggest that the unavailability of consumer defenses is dependent on a fraudulent scheme. The common denominator of these cases is government law enforcement action. Accordingly, these defenses should be struck.

### VIII. Defendants Fail To Refute That The First Amendment Does Not Protect Deceptive Speech

Again, Defendants offer no rebuttal to the well-established law that deceptive marketing practices are not privileged or protected by the First Amendment. *See Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 772 (1976); *United States v. Schiff*, 379 F.3d 621, 629-30 (9th Cir. 2004); *Bristol-Meyers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984); *FTC v. N. Am. Mktg. & Assocs.*, 2012 U.S. Dist. LEXIS 15012, at *6-7 (D. Ariz. Oct. 17, 2012); *FTC v. Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at *4-5 (W.D. Wash. Nov. 12, 2004). Their only argument is that the FTC "presumes that the Court will rule in the FTC's

7

favor." (DE 261 at 8.) But that is the very presumption the Court must make when evaluating an affirmative defense.

The term "affirmative defense" is defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." *PNC Bank, N.A. v. El Tovar, Inc.*, 2014 U.S. Dist. LEXIS 16921, at *20 (E.D. Mo. Feb. 11, 2014) (citing Black's Law Dictionary 430 (7th ed. 1999)). "Affirmative defenses, if accepted by the court, will defeat an otherwise legitimate claim for relief." *Id.* (citing 2 James Wm. Moore, et al., Moore's Federal Practice § 8.08[1] (3d ed. 2013)). In other words, in evaluating whether an affirmative defense is legally sufficient, the Court must accept that the FTC will prevail on the merits of the action (*i.e.,* that Defendants engaged in deceptive practices). Then, the Court determines whether, notwithstanding the FTC proving its case, some extrinsic factor (*i.e.,* the affirmative defense) defeats that claim.

Here, it does not. If the FTC prevails, then the First Amendment cannot protect Defendants. While some courts may have denied similar motions to strike, it does not change the fact that the First Amendment does not provide a proper affirmative defense. The Court should follow the lead of *N. Am. Mktg.* and *Stefanchik* and strike Defendants' 18th defense.

### IX. Defendants Fail To Establish The Estoppel, Laches, Or Waiver Are Applicable In A Government Law Enforcement Action

Again, Defendants fail to rebut the long-held position that laches, waiver, and estoppel are unavailable as defenses against a government agency in a civil suit to enforce a public right or protect a public interest. With respect to waiver, Defendants merely define waiver. (DE 261 at 12.) The FTC does not disagree with their definition, but Defendants offer no authority for their proposition that waiver can apply against the FTC. Indeed, they ignore the controlling law of the Eighth Circuit that has long held that a government agency may not waive violations of

federal law. *Capital Funds, Inc. v. SEC*, 348 F.2d 582, 588 (8th Cir. 1965); *see also SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953); *Bronson Partners*, 2006 U.S. Dist. LEXIS 3315 at *6 ("The FTC may not waive the requirement of an act of Congress"); *United States v. Reader's Digest Ass'n, Inc.*, 464 F. Supp. 1037, 1043 (D. Del. 1978), *aff'd*, 662 F.2d 955 (3d Cir. 1981). Thus, this defense should be struck.

Similarly, with their opposition to strike the laches defenses, they rely on outdated, non-controlling case law. (DE 261 at 12.) The Eighth Circuit, however, has stated without qualification that "[w]hatever the application of this doctrine to private parties, we have recognized the long-standing rule that laches does not apply in actions brought by the United States*.*" *Bostwick Irrigation District v. United States*, 900 F.2d 1285, 1291 (8th Cir. 1990); *Lee v. Spellings*, 447 F.3d 1087, 1090 (8th Cir. 2006) ("a laches defense may not be asserted against the government"); *Baker v. Veneman*, 256 F. Supp. 2d 999, 1007 (E.D. Mo. 2003). And as discussed in the FTC's Suggestions in Support, numerous courts have struck this defense. (DE 255 at 13.) This Court should do so as well.

Finally, as to estoppel, the FTC does not disagree that the Supreme Court has never categorically stated that "the government may not be estopped as a matter of law." *Chien-Shih Wang v. Attorney Gen. of United States*, 823 F.2d 1273, 1276 (8th Cir. 1987). However, the burden is extremely high. In addition to the traditional elements of estoppel, a defendant must prove "affirmative misconduct" by the government. *Bartlett v. United States Dep't of Agric.*, 716 F.3d 464, 475 (8th Cir. 2013). Further, affirmative misconduct is something more than mere negligence. *Id.* at 476. The burden is so high that the Supreme Court and the Eighth Circuit have warned "that courts should be cautious when evaluating estoppel claims against the government." *Id.* at 475 (citing *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990)

9

("Courts of Appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed")); *see also Volvo Trucks of N. Am., Inc. v. United States*, 367 F.3d 204, 211-12 (4th Cir. 2004) ("If equitable estoppel ever applies to prevent the government from enforcing its duly enacted laws, it would only apply in extremely rare circumstances"). Thus, this Court should strike this likely futile defense.

### X.    Defendants Cannot Use Affirmative Defenses To Subvert The Federal Rules Or This Court's Scheduling Order

The FTC does not dispute that Defendants have the right to amend their Answers to assert additional affirmative defenses if the facts warrant. If Defendants discover an additional affirmative defense during the course of discovery, they must petition the Court for leave to amend the answer pursuant to Federal Rule of Civil Procedure 15(a)(2). And do so by March 13, 2015, the deadline set forth in the Court's Amended Scheduling Order to amend pleadings. (DE 238.) They cannot be allowed, however, to use their so-called 42nd affirmative defense to flaunt these procedural rules. *See, e.g., Handi-Craft Co. v. Travelers Cas. & Sur. Co.*, 2012 U.S. Dist. LEXIS 57911, at *19 (E.D. Mo. Apr. 25, 2012) (striking "reservation of rights" defense as "insufficient as a matter of law").

### XI.    Conclusion

Accordingly, for the reasons set forth herein and in the FTC's Suggestions in Support, the Court should strike, pursuant to pursuant to Federal Rule of Civil Procedure 12(f), all forty-two of Defendants' affirmative defenses.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: March 6, 2015  */s/ Gregory A. Ashe*
Helen Wong, DC Bar #997800
Leah Frazier, DC Bar #492540
Gregory A. Ashe, VA Bar #39131
Jason M. Adler, IL Bar #6295738
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
202-326-3231 (Adler)
Facsimile: 202-326-3768
hwong@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov
jadler@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: March 6, 2015  */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on March 6, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                             */s/ Gregory A. Ashe*
                                             Attorney for Plaintiff Federal Trade Commission

12

Case 4:14-cv-00815-BCW   Document 271   Filed 03/06/15   Page 12 of 12