UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

FEDERAL TRADE COMMISSION,

        Plaintiff – Counterclaim Defendant,

        v.

BF LABS INC.,

        Defendant – Counterclaim Plaintiff.

CASE NO. 4:14-cv-00815-BCW

**FTC'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS
COUNTERCLAIMS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.    BACKGROUND ...................................................................................................... 1

II.   LEGAL STANDARD .............................................................................................. 3

III.  THE COUNTERCLAIMS ARE BARRED BY SOVEREIGN IMMUNITY ............ 4

  A.  Sovereign Immunity Protects the FTC From the Damages Claims ............................. 5

  B.  BF Labs' Counterclaims Fall Within the FTCA's Exceptions to the Waiver of
  Sovereign Immunity ................................................................................................. 6

    1.   BF Labs' First Counterclaim - Wrongful Injunction - Is Barred By
    28 U.S.C. § 2680(a) and (h) .................................................................................. 7

      a.   BF Labs' First Counterclaim Is Barred By the Intentional Tort
      Exception - § 2680(h) ........................................................................................ 7

      b.   BF Labs' First Counterclaim Is Barred By the Discretionary Function
      Exception - § 2680(a) ........................................................................................ 9

    2.   BF Labs' Second Counterclaim - Defamation - Is Barred By
    28 U.S.C. § 2680(h) ............................................................................................ 12

  C.  BF Labs Has Not Satisfied the Jurisdictional Prerequisite of Exhaustion of
  Administrative Remedies ......................................................................................... 13

IV.   CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Allen v. Veterans Admin.*,
    749 F.2d 1386 (9th Cir. 1984) ................................................................. 5

*Ames v. United States*,
    600 F.2d 183 (8th Cir. 1979) ................................................................. 7

*Baer v. United States*,
    722 F.3d 168 (3d Cir. 2013) ................................................................. 11

*Bailey v. Potter*,
    2007 U.S. Dist. LEXIS 20436 (W.D. Mo. Mar. 21, 2007) ......................... 12

*Bd. of Trade v. SEC*,
    883 F.2d 525 (7th Cir. 1989) ................................................................. 11

*Berkovitz v. United States*,
    486 U.S. 531 (1988) ................................................................. 9, 10

*Blackmar v. Guerre*,
    342 U.S. 512 (1952) ................................................................. 5

*Block v. Neal*,
    460 U.S. 289 (1983) ................................................................. 8, 9

*Bor-Son Building Corp. v. Heller*,
    572 F.2d 174 (8th Cir. 1978) ................................................................. 6, 9

*Chayoon v. Chao*,
    355 F.3d 141 (2d Cir. 2004) ................................................................. 4

*Coolman v. United States*,
    117 F. Supp. 2d 943 (D. Neb. 2000) ................................................... 5

*Davis v. Strother*,
    2007 U.S. Dist. LEXIS 665 (W.D. Mo. Jan. 3, 2007) ............................. 8

*Dep't of the Army v. Blue Fox*,
    525 U.S. 255 (1991) ................................................................. 4

*Deuser v. Vecera*,
    139 F.3d 1190 (8th Cir. 1998) ................................................................. 6, 7

ii

*Downum v. Long*,
    2009 U.S. Dist. LEXIS 87370 (W.D. Mo. Aug. 4, 2009).......................................................... 14

*Dunn & Black, P.S. v. United States*,
    492 F.3d 1084 (9th Cir. 2007) ........................................................................................ 5

*Ecco Plains, LLC v. United States*,
    728 F.3d 1190 (10th Cir. 2013) ................................................................................. 8, 12

*Eubank v. Kan. City Power & Light*,
    2009 U.S. Dist. LEXIS 33030 (W.D. Mo. Apr. 17, 2009) ................................................. 4

*Evans v. U.S. Veterans Admin. Hosp.*,
    391 F.3d 261 (2d Cir. 1968)........................................................................................... 5

*Exxon Mobil Corp. V. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005)...................................................................................................... 6

*FDIC v. Corning Sav. & Loan Ass'n*,
    696 F. Supp. 1245 (E.D. Ark. 1988) ............................................................................. 13

*FDIC v. Meyer*,
    510 U.S. 471 (1993)...................................................................................................... 4

*Finley v. United States*,
    490 U.S. 545 (1989)...................................................................................................... 6

*Forrest City Machine Works, Inc. v. United States*,
    953 F.2d 1086 (8th Cir. 1992) ................................................................................. 8, 13

*Franklin Sav. Corp. v. United States*,
    180 F.3d 1124 (9th Cir. 1999) ....................................................................................... 6

*FTC v. Commonwealth Mktg. Grp.*,
    72 F. Supp. 2d 530 (W.D. Pa. 1999)............................................................................. 15

*FTC v. H.N. Singer, Inc.*,
    668 F.2d 1107 (9th Cir. 1982) ..................................................................................... 10

*FTC v. Kuykendall*,
    466 F.3d 1149 (10th Cir. 2006) ..................................................................................... 4

*FTC v. Univ. Health*,
    938 F.2d 1206 (11th Cir. 1991) ................................................................................... 11

Case 4:14-cv-00815-BCW   Document 273   Filed 03/10/15   Page 4 of 25

*FTC v. U.S. Oil & Gas Corp.*,
   748 F.2d 1431 (11th Cir. 1984) ................................................................... 10

*FTC v. World Travel Vacation Brokers, Inc.*,
   861 F.2d 1020 (7th Cir. 1988) ..................................................................... 11

*General Dynamics Corp. v. United States*,
   139 F.3d 1280 (9th Cir. 1998) ..................................................................... 12

*Granse v. United States*,
   932 F. Supp. 1162 (D. Minn. 1996) ............................................................... 5

*Hackworth v. Kan. City VA Med. Ctr.*,
   2015 U.S. Dist. LEXIS 14389 (W.D. Mo. Feb. 6, 2015) ................................... 4

*Hall v. United States*,
   274 F.2d 69 (10th Cir. 1959) ......................................................................... 8

*Hartje v. FTC*,
   106 F.3d 1406 (8th Cir. 1997) ....................................................................... 9

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1994) ...................................................................................... 3

*Kosak v. United States*,
   465 U.S. 848 (1984) ...................................................................................... 7

*Lane v. Peterson*,
   899 F.2d 737 (8th Cir. 1990) ....................................................................... 14

*Lehman v. Nakshian*,
   453 U.S. 156 (1981) ................................................................................. 4, 15

*Lonsdale v. United States*,
   919 F.2d 1440 (10th Cir. 1990) ..................................................................... 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ...................................................................................... 3

*Mattes v. ABC Plastics, Inc.*,
   323 F.3d 695 (8th Cir. 2003) ......................................................................... 3

*Millbrook v. United States*,
   133 S.Ct. 1441 (2013) ................................................................................... 7

iv

*Moessmer v. United States,*
    760 F.2d 236 (8th Cir. 1985) ............................................................................ 12

*Morningstar v. Universal Mortg. Co.,*
    2006 U.S. Dist. LEXIS 21089 (W.D. Mo. Apr. 7, 2006) ........................................ 9

*Morris v. Blue Sky Mgmt., LLC,*
    2012 U.S. Dist. LEXIS 19731 (W.D. Mo. Feb. 16, 2012) ...................................... 14

*Northridge Bank v. Cmty. Eye Care Ctr., Inc.,*
    655 F.2d 832 (7th Cir. 1981) ............................................................................ 13

*Osburn v. United States,*
    918 F.2d 724 (8th Cir. 1990) .............................................................................. 3

*Retro Television Network, Inc. v. Luken Commc'ns, LLC,*
    696 F.3d 766 (8th Cir. 2012) .............................................................................. 3

*Sanders v. United States,*
    760 F.2d 869 (8th Cir. 1985) ............................................................................ 13

*Schlotman v. Citibank, N.A.,*
    2007 U.S. Dist. LEXIS 34377 (W.D. Mo. May 10, 2007) ...................................... 3

*Smallwood v. United States,*
    358 F. Supp. 398 (E.D. Mo. 1973) ...................................................................... 5

*Spawr v. United States,*
    796 F.2d 279 (9th Cir. 1986) ............................................................................ 13

*Stephens v. Dep't of Veteran Affairs,*
    2003 U.S. Dist. LEXIS 12318 (D. Minn. Jul. 15, 2003) .......................................... 5

*Tech. Ordnance v. United States,*
    244 F.3d 641 (8th Cir. 2001) ............................................................................ 15

*Thompson v. Miles,*
    1990 U.S. Dist. LEXIS 3464 (W.D. Mo. Mar. 21, 1990) ...................................... 13

*Titus v. Sullivan,*
    4 F.3d 590 (8th Cir. 1993) .................................................................................. 3

*Tullos v. Parks,*
    915 F.2d 1192 (8th Cir. 1990) .......................................................................... 14

*United States v. 8,800 Pounds of Powdered Egg White*,
   2007 U.S. Dist. LEXIS 74999 (E.D. Mo. Oct. 5, 2007) ........................................................ 13

*United States v. Gaubert*,
   499 U.S. 315 (1991) ........................................................................................................ 9, 10

*United States v. Green*,
   33 F. Supp. 2d 203 (W.D.N.Y. 1998) .................................................................................... 15

*United States v. Longo*,
   464 F.2d 913 (8th Cir. 1972) ................................................................................................... 9

*United States v. Neustadt*,
   366 U.S. 696 (1961) .................................................................................................................. 9

*United States v. Rubin*,
   573 F. Supp. 1123 (D. Colo. 1983) ......................................................................................... 7

*United States v. Taylor*,
   342 F. Supp. 715 (D. Kan. 1972) ........................................................................................... 15

*United States v. Varig Airlines*,
   467 U.S. 797 (1984) ................................................................................................................ 10

*United States Dep't of Energy v. Ohio*,
   503 U.S. 607 (1992) .................................................................................................................. 6

*Westcott v. City of Omaha*,
   901 F.2d 1486 (8th Cir. 1990) .................................................................................................. 3

*Wilkerson v. United States*,
   67 F.3d 112 (5th Cir. 1995) ...................................................................................................... 5

## Statutes

15 U.S.C. § 45(a) .......................................................................................................................... 1, 14

15 U.S.C. § 53(b) ............................................................................................................................. 10

28 U.S.C. §§ 1346(b), 2671-80 .......................................................................................................... 4

28 U.S.C. § 1346(b) ....................................................................................................................... 5, 6

28 U.S.C. § 1367 .......................................................................................................... 6

28 U.S.C. § 1367(a) ................................................................................................... 3, 5

28 U.S.C. § 2402 ........................................................................................................ 15

28 U.S.C. § 2674 .......................................................................................................... 7

28 U.S.C. § 2675(a) .................................................................................................... 13

28 U.S.C. § 2679(a) ...................................................................................................... 5

28 U.S.C. § 2680 .......................................................................................................... 6

28 U.S.C. § 2680(a) ...................................................................................................... 9

28 U.S.C. § 2680(h) ............................................................................................. 7, 9, 12

Fed. R. Civ. P. 12(b)(1) ............................................................................. 1, 6, 7, 11, 12, 15

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 6, 7, 11, 12, 15

Fed. R. Civ. P. 13(d) ..................................................................................................... 4

Plaintiff-Counterclaim Defendant, the Federal Trade Commission ("FTC"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss, with prejudice, both counterclaims filed by Defendant-Counterclaim Plaintiff BF Labs Inc. ("BF Labs"). Because the United States has not waived sovereign immunity with respect to the counterclaims asserted by BF Labs, this Court lacks subject matter jurisdiction to hear its counterclaims, which thus must be dismissed under Fed. R. Civ. P. 12(b)(1). Similarly, the counterclaims fail to state a claim upon which relief may be granted and thus must be dismissed under Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

On September 15, 2014, the FTC filed a civil enforcement action against BF Labs and other Defendants alleging violations of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). (DE 1.) The complaint alleged, *inter alia*, that BF Labs sold products and services that it claimed could be used to generate Bitcoins, a form of virtual currency worth hundreds of dollars per unit. BF Labs allegedly misrepresented to consumers that its Bitcoin mining machines and services would allow consumers to generate a profitable or substantial amount of Bitcoins and that BF Labs would deliver these products or services to consumers in a timely fashion.

On September 17, 2014, the FTC sought an *ex parte* temporary restraining order ("TRO") that included an asset freeze and appointment of a receiver. (DE 7.) The Court granted the TRO (DE 9) the following day and, subsequently, granted the parties' stipulated interim order that included several of the same provisions. (DE 54.)

The Court held a two-day hearing on the FTC's motion for a preliminary injunction on November 24 and 25, 2014. On December 12, 2014, the Court entered an order denying the

1

FTC's motion for a preliminary injunction, lifting the asset freeze, and directing the wind-down of the receivership.  (DE 201.)  The parties held their Rule 26(f) conference on December 16, 2014 (DE 209), and the Court entered its Scheduling Order on January 13, 2015.  (DE 234.)  The FTC intends to prove at trial that BF Labs –as well as the other Defendants – have violated the FTC Act.

Meanwhile, on October 10, 2014, BF Labs filed a motion to dismiss the FTC's complaint for failure to state a claim.  (DE 80.)  The Court denied the motion on December 23, 2014.  (DE 219.)  On January 6, 2015, BF Labs filed its answer and counterclaims against the FTC.  (DE 227.)[1]  The counterclaims allege, *inter alia*, that the FTC "had no grounds for seeking to enjoin BF Labs' business operations, freeze its assets or to have a temporary receiver appointed . . . ." (DE 227 ¶ 76.)  The counterclaims also allege that the FTC acted with an "improper purpose," and with "animus," toward BF Labs when it issued the press release announcing the TRO in order "to discredit BF Labs and to injure its ability to operate a successful business well in advance of ever proving the claims asserted in the Complaint."  (*Id.* ¶ 79.)

BF Labs asserts two causes of action.  In the first (labelled "Wrongful Injunction"), it alleges that, by seeking and obtaining the TRO without proper grounds, the FTC engaged in "[w]rongful entry of the TRO and imposition of the asset freeze and receivership."  (*Id.* ¶¶ 87-92.)  Its second cause of action (labelled "Defamation") alleges that the FTC "defamed BF Labs in the [press] [r]elease," which resulted in injury to BF Lab's reputation and thereby deprived them of "a property interest protected by the Fifth and Fourteenth Amendments."  (*Id.* ¶¶ 93-101.)  For both counts, BF Labs seeks actual and punitive damages and prejudgment interest.

---

[1] The Answers of Defendants Darla Drake, Sonny Vleisides, and Nassar Ghoseiri do not assert any counterclaims against the FTC.  (DE 226, 227.)

2

(*Id.* Prayer for Relief ¶¶ 1, 2.)  It alleges that the Court has supplemental jurisdiction over the counterclaims under 28 U.S.C. § 1367(a).  (*Id.* ¶ 4.)

## II.  LEGAL STANDARD

In evaluating an assertion of failure to state a claim under Rule 12(b)(6), the Court must accept all of the plaintiff's factual allegations as true and construe all reasonable inferences in favor of the plaintiff.  *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012).  However, legal conclusions in the guise of factual allegations should not be given a presumption of truthfulness.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (the court does not "blindly accept the legal conclusions drawn by the pleader from the facts"); *Schlotman v. Citibank, N.A.*, 2007 U.S. Dist. LEXIS 34377, at *1-2 (W.D. Mo.  May 10, 2007).

Meanwhile, an action should be dismissed under Rule 12(b)(1) if subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  No presumption of truthfulness attaches to a plaintiff's allegations relating to subject matter jurisdiction.  *Id.* at 593 n.1; *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).  The existence of disputed material facts will not preclude a court from evaluating for itself the merits of jurisdictional claims.  *Titus*, 4 F.3d at 593.  It is to be presumed that a cause lies outside a federal court's jurisdiction, and the burden of establishing the contrary is on a party who invokes jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  That burden never shifts, even when facts must be resolved by the court to decide jurisdictional challenges.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992); *Osborn*, 918 F.2d at 730.  Hence, when the United States invokes sovereign immunity as a ground for dismissal for lack of subject matter jurisdiction, the party suing the United States

3

bears the burden of proving that jurisdiction exists. *Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004); *Eubank v. Kan. City Power & Light*, 2009 U.S. Dist. LEXIS 33030, at *5 (W.D. Mo. Apr. 17, 2009). All waivers of sovereign immunity must be strictly construed in favor of the government. *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 261 (1991).

### III. THE COUNTERCLAIMS ARE BARRED BY SOVEREIGN IMMUNITY

It is axiomatic that, absent a waiver, suits against the United States and its agencies are barred by sovereign immunity. *Blue Fox*, 525 U.S. at 260 (quoting *FDIC v. Meyer,* 510 U.S 471, 475 (1993)). Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotation omitted). Waivers of sovereign immunity must be "strictly construed, in terms of its scope, in favor of the sovereign" and "must also be 'unequivocally expressed' in the statutory text." *Blue Fox*, 525 U.S. at 261 (citations omitted); *FTC v. Kuykendall*, 466 F.3d 1149, 1154 (10th Cir. 2006); *Hackworth v. Kan. City VA Med. Ctr.*, 2015 U.S. Dist. LEXIS 14389, at *9 (W.D. Mo. Feb. 6, 2015). The fact that a claim against the United States is brought as a counterclaim does not change this basic principle of sovereign immunity. *See* Fed. R. Civ. P. 13(d) ("These rules do not expand the right to assert a counterclaim – or to claim a credit – against the United States or a United States officer or agency.").

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides a limited waiver of the federal government's sovereign immunity from private suits for claims sounding in tort and provides the exclusive procedure for asserting such claims against the United States or one of its employees. In the FTCA, Congress provides generally that the United States is liable to the same extent as a private party for "injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting

4

within the scope of his office or employment * * *." 28 U.S.C. § 1346(b). The FTCA's waiver of sovereign immunity is subject, however, to important limitations, both procedural and substantive, each of which suffices to deny the Court jurisdiction over BF Labs' counterclaims.[2]

### A. Sovereign Immunity Protects the FTC From the Damages Claims

BF Labs sued the FTC, a federal agency, in its counterclaim. By its very terms, however, the FTCA only provides jurisdiction and a waiver of sovereign immunity "against the United States," not suits against a federal agency *eo nomine*. *See* 28 U.S.C. §§ 1346(b), 2679(a); *see, e.g., Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984); *Evans v. U.S. Veterans Admin. Hosp.*, 391 F.2d 261, 262 (2d Cir. 1968) (per curiam); *Stephens v. Dep't of Veteran Affairs*, 2003 U.S. Dist. LEXIS 12318, at *9 (D. Minn. Jul. 15, 2003); *Smallwood v. United States*, 358 F. Supp. 398, 407 (E.D. Mo. 1973); *see also Blackmar v. Guerre,* 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity"). Indeed, Section 2679(a) expressly states that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a); *accord Bor-Son Building Corp. v.*

---

[2] BF Labs does not cite to the FTCA for jurisdiction. Rather, it relies solely on this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). (DE 227 ¶ 4.) Section 1367(a), however, does not itself provide a waiver of sovereign immunity. *Dunn & Black, P.S. v. United States,* 492 F.3d 1084, 1088 n.3 (9th Cir. 2007); *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995). As shown below, the FTCA does not waive sovereign immunity or provide subject matter jurisdiction over the counterclaims, and the general jurisdictional provisions invoked in the FTC's enforcement action and cited by BF Labs (DE 227 ¶ 3), also do not waive sovereign immunity. *See Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990) (holding that general jurisdictional statutes do not waive sovereign immunity); *Coolman v. United States*, 117 F. Supp. 2d 943, 949 (D. Neb. 2000); *Granse v. United States*, 932 F. Supp. 1162, 1166 (D. Minn. 1996).

*Heller*, 572 F.2d 174, 177 (8th Cir. 1978) (the FTCA is the exclusive remedy for tort claims asserted against the government notwithstanding an agency's authority "to sue and be sued.").

Because the FTCA only confers jurisdiction over tort claims asserted against "the United States" and no one else, *Finley v. United States,* 490 U.S. 545, 552-53 (1989), *superseded on other grounds by statute,* 28 U.S.C. §1367*, as recognized in Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 565 (2005), and BF Labs sued only the FTC, the Court lacks jurisdiction over the counterclaims. *See, e.g., Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1142 (10th Cir. 1999) (holding that plaintiff cannot sue federal agency under the FTCA). Accordingly, and on this ground alone, the Court should dismiss both of BF Labs' counterclaims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**B. BF Labs' Counterclaims Fall Within the FTCA's Exceptions to the Waiver of Sovereign Immunity**

Even construing the counterclaim liberally to be against the United States, which is the proper party under the FTCA, the counterclaims would still be barred as falling within exceptions to the FTCA. Although Congress has waived the government's immunity with respect to damages or injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," *see* 28 U.S.C. § 1346(b), it has not waived immunity for every type of tort. Rather, there are a number of exceptions to the government's waiver of immunity for tort claims listed in 28 U.S.C. § 2680. Because the exceptions qualify a waiver of sovereign immunity, they must be construed strictly in favor of the United States. *United States Dep't of Energy v. Ohio,* 503 U.S. 607, 615 (1992). Where an exception applies to a claim, the court is without subject matter jurisdiction. *Deuser v. Vecera,* 139 F.3d 1190, 1191 n.3 (8th Cir. 1998). Here, both of BF Labs'

6

counterclaims fall within exceptions to the waiver of sovereign immunity. [3]  And because the counterclaims fall within exceptions to the FTCA, there is no waiver of sovereign immunity, and the counterclaims must be dismissed under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction.  *See Deuser*, 139 F.3d at 1191 n.3.  For similar reasons, because the counterclaims as alleged fail to state a claim upon which relief may be granted, they must be dismissed under Fed. R Civ. P. 12(b)(6).

### 1. BF Labs' First Counterclaim - Wrongful Injunction - Is Barred By 28 U.S.C. § 2680(a) and (h)

#### a. BF Labs' First Counterclaim Is Barred By the Intentional Tort Exception - § 2680(h)

Except as to "investigative or law enforcement officers of the United States Government," the waiver of sovereign immunity under the FTCA does not apply to "[a]ny claim arising out of * * * malicious prosecution, abuse of process, * * * misrepresentation, deceit * * * *." 28 U.S.C. § 2680(h).[4]  Section 2680(h) is the intentional torts exception to the FTCA. *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013).

As used in § 2680(h), the phrase "arising out of" is broadly construed to include "all injuries associated in any way" with the exceptions identified in that section.  *See Kosak v. United States*, 465 U.S. 848, 854 (1984) (holding that the phrase "arising in respect of," as used

---

[3] Further, BF Labs' request for punitive damages and interest (DE 227 Prayer for Relief ¶¶ 1, 2) should be rejected for the additional reason that such relief is expressly barred under the terms of the FTCA.  *See* 28 U.S.C. § 2674 ("The United States * * * shall not be liable for interest prior to judgment or for punitive damages.").

[4] Under Section 2680(h), an "investigative or law enforcement officer" is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  Because FTC employees are not authorized under the FTC Act (or any other statute) "to execute searches, to seize evidence, or to make arrests," they are not "investigative or law enforcement officers" for purposes of the FTCA.  *See, e.g., Ames v. United States*, 600 F.2d 183, 185 n.3 (8th Cir. 1979) (federal attorneys are not "investigative or law enforcement officers" under Section 2680(h)); *United States v. Rubin*, 573 F. Supp. 1123, 1124-25 (D. Colo. 1983).

in 28 U.S.C. § 2860(c), must be construed as broadly as the phrase "arising out of," as used in 28 U.S.C. § 2680(h)). The exceptions created in § 2680(h) deprive a court of jurisdiction over any claim based on the intentional torts delineated in that section. *See Block v. Neal*, 460 U.S. 289, 297 (1983). BF Labs cannot plead around these exceptions to the FTCA, and courts will look at the substance of the claim -- not the particular state law theory on which a party purports to rely or the appellation the party gives the claim -- to determine if the exception applies. *See Ecco Plains, LLC v. United States,* 728 F.3d 1190, 1195 (10th Cir. 2013) (courts "must . . . look beyond the literal meaning of the [claim] language to ascertain the real cause of complaint.") (*citing Hall v. United States*, 274 F.2d 69, 71 (10th Cir. 1959) (ellipses in original)).

Here, BF Labs' first claim falls squarely within the intentional torts exception to the FTCA. The substance of its "wrongful injunction" claim fundamentally involves and arises out of the allegedly malicious prosecution and abuse of process that supposedly occurred when the FTC submitted its motion for a TRO with an "improper purpose," which resulted in temporarily shutting down BF Labs' business and temporarily freezing its assets. (*See* DE 227 ¶ 79 (alleging that the FTC acted with "an improper purpose" and "animus" in seeking an injunction).) And because claims arising out of malicious prosecution or abuse of process are exempt from the FTCA's waiver of sovereign immunity, they are barred. *See Forrest City Machine Works, Inc. v. United States*, 953 F.2d 1086, 1087 (8th Cir. 1992); *Davis v. Strother*, 2007 U.S. Dist. LEXIS 665, at *3 (W.D. Mo. Jan. 3, 2007).

The first counterclaim could also arise out of BF Labs' allegations that the FTC obtained the TRO supposedly by using misrepresentations and deceit. (*See* DE 227 ¶¶ 78, 88) (accusing the FTC of "omitting critical facts, using imprecise and misleading pleadings" and filing its motion for TRO based upon "fundamentally flawed, incomplete, misleading, an ultimately

incorrect allegations . . .").) But claims arising out of misrepresentation or deceit are also excluded from the FTCA's waiver of sovereign immunity and thus barred. 28 U.S.C. § 2680(h); *United States v. Neustadt*, 366 U.S. 696, 701-02 (1961); *Block*, 460 U.S. at 296-97; *United States v. Longo*, 464 F.2d 913, 915-16 (8th Cir. 1972); *Morningstar v. Universal Mortg. Co.*, 2006 U.S. Dist. LEXIS 21089, at *5 (W.D. Mo. Apr. 7, 2006). Further, Section 2680(h) excludes liability for both negligent and willful misrepresentations. *Neustadt*, 366 U.S. at 702; *Morningstar*, 2006 U.S. Dist. LEXIS 21089 at *5. "Even if a claim purports to be grounded in theories other than misrepresentation, the exception set out in 28 U.S.C. § 2680(h) bars the action if deceit or misrepresentation is a factor relied upon to maintain the suit." *Bor-Son Building*, 572 F.2d at 178. Thus, BF Lab's first counterclaim is barred by the intentional torts exception.

### b. BF Labs' First Counterclaim Is Barred By the Discretionary Function Exception - § 2680(a)

In addition to the intentional torts exception, sovereign immunity is not waived for "[a]ny claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency * * *, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Where the "discretionary function" exception applies, district courts lack subject matter jurisdiction. *See Berkovitz v. United States*, 486 U.S. 531, 535 (1988); *Hartje v. FTC*, 106 F.3d 1406, 1408 (8th Cir. 1997).

In determining whether the discretionary function exception applies, courts apply a two-part test. First, the challenged conduct must involve an "element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). The first part is satisfied when no federal statute, regulation, or policy prescribes a specific course of action for the agency to follow. *Id.* Second, the challenged conduct must involve policy considerations. *Id.* After all, "[t]he basis for the discretionary function exception was Congress' desire to 'prevent judicial "second-guessing" of

9

legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Berkovitz*, 486 U.S. at 536-37 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Notably, it does not matter whether the agency *actually* considered policies; rather, the inquiry is objective: whether the conduct is *susceptible to* policy analysis. *Gaubert*, 499 U.S. at 325.

Here, the FTC's seeking a TRO against BF Labs satisfies both prongs. The first prong is met because the FTC has broad discretion in deciding how to conduct its enforcement actions, including whether to seek preliminary relief, such as injunctions or asset freezes, during the pendency of the case. The second proviso of Section 13(b) of the FTC Act, pursuant to which the FTC sought the TRO, provides that "in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction." 15 U.S.C. § 53(b). This provision also gives the FTC the authority to seek, and the district court to grant, any preliminary and ancillary relief necessary during the course of proceedings to accomplish complete justice. *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1434 (11th Cir. 1984) ("Congress did not limit the court's powers under the final proviso of § 13(b) and as a result this Court's inherent equitable powers may be employed to issue a preliminary injunction, including a freeze of assets, during the pendency of an action for permanent injunctive relief"); *FTC v. Singer*, 668 F.2d 1107, 1111-13 (9th Cir. 1982). Nothing in the statute, however, mandates that the FTC seek preliminary relief in every case; instead, the FTC Act left that decision to the agency's discretion.

Second, the decision whether to seek preliminary relief requires policy analysis. There is a presumption that policy analysis is necessarily involved whenever an agency has discretion to act. *Gaubert*, 499 U.S. at 324 ("When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it

10

must be presumed that the agent's acts are grounded in policy when exercising that discretion"). Further, given the extent of staff effort and time devoted to seek preliminary relief, the decision to seek it necessarily involves agency policy considerations of, among other things, resource allocation and opportunity costs. *See generally Baer v. United States*, 722 F.3d 168, 175 (3d Cir. 2013); *Bd. of Trade v. SEC*, 883 F.2d 525, 531 (7th Cir. 1989) ("Courts cannot intelligently supervise the Commission's allocation of its staff's time, because although judges see clearly the claim the Commission has declined to redress, they do not see at all the tasks the staff may accomplish with the time released").

Finally, in determining whether to issue preliminary relief, courts consider a balance of the equities. *See, e.g., FTC v. Univ. Health*, 938 F.2d 1206, 1217 (11th Cir. 1991); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988). This determination also requires the FTC to exercise policy judgment, before applying to the court, to consider whether the public interest in immediately halting a defendant's unlawful conduct or in preserving assets to redress consumers outweighs any interest that defendant may have in continuing to operate its illegal business or in continuing to control consumer funds. Thus, the FTC's decision to seek a TRO falls within the discretionary function exception.

* * *

For each of these reasons, there is no waiver of sovereign immunity for this claim, and BF Labs' first counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction. For similar reasons, this counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## 2. BF Labs' Second Counterclaim - Defamation - Is Barred By 28 U.S.C. § 2680(h)

In addition to claims arising out of malicious prosecution or abuse of process, the intentional torts exception to the FTCA, bars claims "arising out of * * * libel, slander * * *." 28 U.S.C. § 2680(h). Unlike malicious prosecution or abuse of process, however, there is no exemption to the exception for acts of investigative or law enforcement officers. *Id.* BF Lab's second claim for "defamation" clearly relates to, and arises out of, a claim for "libel" or "slander" that is expressly exempted under 28 U.S.C. § 2680(h); *see Moessmer v. United States*, 760 F.2d 236, 237-38 (8th Cir. 1985) (dissemination of false information/defamation claim falls within libel and slander exception to FTCA waiver of sovereign immunity); *Bailey v. Potter*, 2007 U.S. Dist. LEXIS 20436, at *27 n.10 (W.D. Mo. Mar. 21, 2007).

BF Labs cannot plead around this exception to the FTCA with vague references to the Fifth or Fourteenth Amendments. *See Ecco Plains,* 728 F.3d at 1195 (courts "must . . . look beyond the literal meaning of the [claim] language to ascertain the real cause of complaint"). "Courts are not required to, and should not, simply look at the surface of a complaint for the purpose of ascertaining the true basis of an attack upon something the government has done." *General Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998) (For example, "a party might choose to say that he is suing for infliction of emotional distress so that he can avoid the bar against slander claims. Again, the courts need not accept the label"). Accordingly, there is no waiver of sovereign immunity for this claim, and BF Labs' second counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction. For similar reasons, this counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

12

### C. BF Labs Has Not Satisfied the Jurisdictional Prerequisite of Exhaustion of Administrative Remedies

The FTCA requires, prior to commencement of a tort action against the United States, that a claimant file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). This notice requirement must be construed strictly and cannot be waived as it is jurisdictional. *Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985) ("The timely filing of an administrative claim and exhaustion of administrative remedies are jurisdictional prerequisites to suit under the [FTCA]"); *Forrest City Machine Works*, 953 F.2d at 1087 n.3; *Thompson v. Miles*, 1990 U.S. Dist. LEXIS 3464, at *5 (W.D. Mo. Mar. 21, 1990). BF Labs never filed such an administrative claim against the United States. (*See* Declaration of G. Richard Gold ¶ 3, attached hereto at Exhibit A.) Indeed, BF Labs does not even allege that it did so.

The sole exception from the requirement of administrative exhaustion is that it does not apply to a "third party complaint, cross-claim, or counterclaim." *See* 28 U.S.C. § 2675(a). Courts have consistently interpreted this exception as applying only to counterclaims that are compulsory when asserted against the United States. *See, e.g., Spawr v. United States*, 796 F.2d 279, 280-81 (9th Cir. 1986); *Northridge Bank v. Cmty. Eye Care Ctr., Inc*., 655 F.2d 832, 835-36 (7th Cir. 1981); *United States v. 8,800 Pounds of Powdered Egg White*, 2007 U.S. Dist. LEXIS 74999, at *24 (E.D. Mo. Oct. 5, 2007); *FDIC v. Corning Sav. & Loan Ass'n*, 696 F. Supp. 1245, 1249 (E.D. Ark. 1988).

In the Eighth Circuit, there are four tests for determining whether counterclaims are compulsory: (1) the issues of fact and law raised by the claim and counterclaim are largely the same; (2) res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) there is a logical relation between the claim and the

13

counterclaim. *Tullos v. Parks*, 915 F.2d 1192, 1195 & n.8 (8th Cir. 1990); *Morris v. Blue Sky Mgmt.*, LLC, 2012 U.S. Dist. LEXIS 19731, at *7 (W.D. Mo. Feb. 16, 2012).

BF Labs' claims are not compulsory and therefore do not fall outside of the FTCA's administrative exhaustion requirement. The factual and legal issues presented in the two sets of claims, the FTC's complaint and BF Labs' counterclaims, are distinct, and the resolution of the FTC's case has no bearing on the disposition of the counterclaims. If the FTC succeeds in proving that BF Labs violated the FTC Act, BF Labs could still prevail, in whole or in part, on the counterclaims because the counterclaims address the FTC's allegedly improper acts, omissions, and motives in seeking, obtaining, and publicizing preliminary injunctive relief. It does not seek adjudication of the final merits of the FTC's action.

For similar reasons, the FTC's complaint and BF Labs' counterclaims are not so logically connected that they have to be resolved in one proceeding. Assuming that the counterclaims are legally cognizable, they would not be barred by *res judicata* because the two sets of claims do not "arise[] out of the same nucleus of operative facts." *See, e.g., Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990) (discussing elements of *res judicata* and holding that doctrine applies only if claims arise from same occurrence); *Downum v. Long*, 2009 U.S. Dist. LEXIS 87370, at *3 (W.D. Mo. Aug. 4, 2009). Rather, the FTC's claims against BF Labs concern statutory violations of Section 5(a) of the FTC Act. 15 U.S.C. § 45(a). These claims arise, in part, from BF Labs' representations and practices regarding its provision of Bitcoin mining products and services, and other similar matters that occurred from approximately June 2012 to the filing of the complaint on September 15, 2014. On the other hand, BF Labs' claims against the FTC arise from a different set of events. BF Labs' claims arise from the alleged acts and omissions of the FTC in seeking, obtaining, and publicizing a temporary restraining order against it and others

14

that occurred after the complaint was filed. The factual foundations of the complaint and counterclaims are not the same. They arise from different transactions, events, and occurrences. Finally, the relief sought by the FTC (equitable monetary relief to provide redress to consumer victims) is wholly different from the relief sought by the counterclaims (legal relief in the form of money damages).

Courts addressing counterclaims of a similar nature to those raised here have dismissed those claims as not compulsory and held that the counterclaimants had thus failed to exhaust their administrative remedies under § 2675(a). *See, e.g., FTC v. Commonwealth Mktg. Grp.* 72 F. Supp. 2d 530, 540-41 (W.D. Pa. 1999) (dismissing counterclaim alleging improprieties relating to the FTC's TRO filing); *United States v. Green*, 33 F. Supp. 2d 203, 218-221 (W.D.N.Y. 1998) (dismissing counterclaim alleging negligent actions of federal agency at remediation site after enforcement case filed); *United States v. Taylor*, 342 F. Supp. 715, 717 (D. Kan. 1972) (dismissing counterclaims sounding in tort alleging wrongful acts of agency employees to recover on a guaranty). In sum, BF Labs' counterclaims are not compulsory, and its failure to exhaust its administrative remedies is an additional reason to bar its tort claims against the FTC.[5]

## IV. CONCLUSION

Accordingly, for each of the foregoing reasons, the Court should grant the FTC's motion and, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), dismiss with prejudice both BF Lab's counterclaims.

---

[5] Finally, assuming any of BF Labs' claims did survive, its request for a jury trial should also be struck. When Congress waives the sovereign immunity of the United States, it almost always conditions that waiver upon a plaintiff's relinquishing any claim to a jury trial. *Lehman*, 453 U.S. at 161. In particular, in tort actions against the United States pursuant to the FTCA, Congress has expressly provided that trials shall be to the court without a jury. 28 U.S.C. § 2402; *Tech. Ordnance v. United States*, 244 F.3d 641, 646 n.2 (8th Cir. 2001).

15

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated:  March 10, 2015                     /s/ Gregory A. Ashe
                                            Helen Wong, DC Bar #997800
                                            Leah Frazier, DC Bar #492540
                                            Gregory A. Ashe, VA Bar #39131
                                            Jason M. Adler, IL Bar #6295738
                                            Federal Trade Commission
                                            600 Pennsylvania Ave., N.W.
                                            Mail Stop CC-10232
                                            Washington, D.C. 20580
                                            202-326-3779 (Wong)
                                            202-326-2187 (Frazier)
                                            202-326-3719 (Ashe)
                                            202-326-3231 (Adler)
                                            Facsimile: 202-326-3768
                                            hwong@ftc.gov
                                            lfrazier@ftc.gov
                                            gashe@ftc.gov
                                            jadler@ftc.gov


                                            TAMMY DICKINSON
                                            United States Attorney

Dated: March 10, 2015                      /s/ Charles M. Thomas
                                            Charles M. Thomas, MO Bar #28522
                                            Assistant United States Attorney
                                            Charles Evans Whittaker Courthouse
                                            400 East Ninth Street, Room 5510
                                            Kansas City, MO  64106
                                            Telephone: (816) 426-3130
                                            Facsimile:  (816) 426-3165
                                            E-mail:  charles.thomas@usdoj.gov

                                            Attorneys for Plaintiff
                                            FEDERAL TRADE COMMISSION

Case 4:14-cv-00815-BCW   Document 273   Filed 03/10/15   Page 24 of 25

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 10, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Gregory A. Ashe*
Attorney for Plaintiff – Counterclaim Defendant
Federal Trade Commission

17