UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BF LABS, INC., *et al.*<br><br>　　　　Defendants. | CASE NO. 4:14-cv-00815-BCW |

**FTC'S MOTION AND SUGGESTIONS IN SUPPORT TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff Federal Trade Commission ("FTC") hereby moves for leave to file its First Amended Complaint for Permanent Injunction and Other Equitable Relief ("First Amended Complaint"). The FTC seeks leave to amend its original complaint to amend its first count and add two counts against Defendants, BF Labs, Inc., Darla Drake, Nasser Ghoseiri, and Sonny Vleisides (collectively, "Defendants").

**I.　BACKGROUND**

On September 15, 2014, the FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), filed its Complaint for Permanent Injunction and Other Equitable Relief and Motion for Temporary Restraining Order ("TRO") against Defendants. The original complaint contained one count alleging that Defendants violated Section 5 of the FTC Act by misrepresenting to consumers that their Bitcoin mining machines or services would: (1) generate a profitable or substantial amount of bitcoins, or (2) be delivered in a timely manner.

This Court granted the TRO on September 18, 2015 and the parties entered into a Stipulated Interim Order extending the terms of the TRO on October 2, 2014. On December 12,

1

2014, after a preliminary injunction hearing, this Court denied the FTC's Motion for a Preliminary Injunction, while ordering Defendants to submit periodic reports to the Court on order fulfillment and refunds to consumers. The Court entered a scheduling order on January 13, 2015, which among other things, required that the parties amend all pleadings on or before February 9, 2015. On January 16, 2015, upon the FTC's motion, the Court amended the scheduling order to allow the parties until March 13, 2015, to amend their pleadings.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that a party may amend its pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jameson v. State Farm Mut. Auto. Ins. Co.,* 871 F.Supp. 2d 862, 867 (W.D. Mo. 2012). Whether to grant leave to amend falls within the discretion of the district court. *Popoalii v. Correctional Medical Servs.,* 512 F.3d 488, 497 (8th Cir.2008). However, the Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. District courts therefore must grant leave to amend unless there is "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Popoalii,* 512 F.3d at 497; *see also Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

## III. ARGUMENT

The FTC meets the standard for leave to file an amended complaint under Federal Rule of Civil Procedure 15. In light of the significant factual and procedural developments since the FTC filed suit in September 2014, there is good reason to grant the motion to amend, and there is

2

no sufficient reason to deny it. This is the FTC's first motion to amend its complaint and the motion is filed within the time frame set out by this Court's scheduling order. Discovery commenced in December 2014, and does not close until June 1, 2015. Defendants have not yet served any discovery requests on the FTC. Thus, granting the FTC leave to file its First Amended Complaint will not result in undue delay in this action, nor will it cause undue prejudice to the Defendants. The FTC has uncovered additional evidence during the course of these proceedings. *See, e.g.,* Proposed First Amended Complaint at ¶¶32 – 35; 42 – 49. Therefore, the instant motion is not the result of bad faith or dilatory motive.

Nor would amendment be futile. The Eighth Circuit has held that denying a motion to amend a complaint as futile is appropriate only when the proposed complaint could not survive a motion to dismiss. *See, e.g., In re Senior Cottages of Am., LLC,* 482 F.3d 997, 1001 (8th Cir.2007); *see also Jameson,* 871 F.Supp. 2d 862 at 867. As with a motion to dismiss, courts must accept all of the plaintiff's factual allegations as true and construe all reasonable inferences in favor of the plaintiff. *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012). Leave to amend based on futility should be denied "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. Spaulding*, 467 U.S. 69, 73 (1984); *Cmty. Voice Line, LLC v. Great Lakes Commc'n Corp.*, 295 F.R.D. 313, 321 (N.D. Iowa 2013) *aff'd sub nom. Cmty. Voice Line, L.L.C. v. Great Lakes Commc'n Corp*., No. C 12-4048-MWB, 2014 WL 272646 (N.D. Iowa Jan. 23, 2014) (holding that a Rule 15 futility analysis does not requires "full-blown Rule 12 analysis," and that even if there are doubts about a particular claim that *might* be dismissed upon a Rule 12 motion, it will still not be deemed "'futile' for purposes of Rule 15").

The proposed First Amended Complaint more than satisfies the futility standard. The

3

FTC seeks to amend its first count and add two counts against Defendants. Count I is amended to state that Defendants' representations to consumers about the profitability and timely delivery of their Bitcoin mining machines or services are either false or misleading or were not substantiated, and thus are deceptive under Section 5 of the FTC Act. The revised count alleges each of the elements of deception. *See FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 959 (N.D. Ill. 2006).

Count II would allege that Defendants failed to disclose to consumers that they were using the Bitcoin mining machines for their own profit prior to providing them to consumers, and that this representation was materially misleading. Count II alleges each of the elements of deception: (1) a representation, omission, or other practice occurred, (2) the representation, omission, or practice is likely to mislead consumers acting reasonably under the circumstances, and (3) the representation, omission, or other practice is material. *See generally FTC v. Real Wealth, Inc.*, 2011 WL 1930401 at *3 (W.D. Mo. May 2011).

Count III would allege that Defendants failed to return or return promptly consumers' upfront payments for mining products or services that were either not delivered at all, or delivered only after a substantial delay, or have delivered machines that were damaged or did not meet the specifications that Defendants promised. The proposed First Amended Complaint alleges that this practice is unfair under Section 5 of the FTC Act because it causes substantial injury to consumers that is not reasonably avoidable and that does not provide offsetting benefits to consumers or competition. Thus, Count III states a claim for all the elements of unfairness. *See FTC v. Neovi, Inc.*, 604 F.3d 1150, 1157 (9th Cir. 2010).

The proposed First Amended Complaint also alleges additional facts to support the amendment of Count I and the two new counts. Taking the FTC's allegations as true, the

4

proposed First Amended Complaint states claims for relief that are facially plausible and far exceeds the futility standard. Accordingly, for the reasons set forth herein, the FTC respectfully requests leave to file the attached proposed First Amended Complaint.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: March 13, 2015   */s/ Helen Wong*
Helen Wong, DC Bar # 997800
Leah Frazier, DC Bar# 492540
Gregory A. Ashe, VA Bar #39131
Jason M. Adler, IL Bar #6295738
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
202-326-3231 (Adler)
Facsimile: 202-326-3768
hwong@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov
jadler@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: March 13, 2015   */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

5

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on March 13, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                  */s/ Helen Wong*
                                  Attorney for Plaintiff Federal Trade Commission