## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| BF LABS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BF LABS INC. SUGGESTIONS IN OPPOSITION
## TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................. ii

I.    BACKGROUND ........................................................................................................... 1

II.   LEGAL STANDARD ................................................................................................... 2

III.  ARGUMENT ................................................................................................................ 3

      A.    Congress Has Waived Sovereign Immunity To Claims For Fees and Expenses
            Resulting From a Wrongful TRO. ............................................................................ 4

            1.    Receivership Costs Are Awardable Under 28 U.S.C. § 2412(a). ........................ 4

            2.    Attorney Fees Related to Contesting Receivership Are Awardable Under 28
                  U.S.C. § 2412(b). ............................................................................................ 6

            3.    BF Labs is a Prevailing Party For EAJA Purposes. ......................................... 7

      B.    BF Labs Has Stated a "Stigma-Plus" Claim Sufficiently to Avoid Dismissal. ............. 9

      C.    BF Labs is Not Required to Pursue Administrative Remedies With the FTC. ........... 10

      D.    In the Alternative, This Court Should Transfer BF Labs' Wrongful Injunction
            Counterclaim to the Court of Federal Claims. ........................................................ 11

            1.    BF Labs' Wrongful Injunction Counterclaim Could Have Been Timely
                  Filed in the Court of Federal Claims at the Time the it was Filed. ..................... 12

            2.    Transferring BF Labs' Wrongful Injunction Counterclaim is in the Interest
                  of Justice. ...................................................................................................... 13

IV.   CONCLUSION ........................................................................................................... 14

50064063.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advantage Media, L.L.C. v. City of Hopkins*,
    511 F.3d 833 (8th Cir. 2008) .......................................................................................8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................2

*Bertuglia v. City of New York*,
    839 F.Supp.2d 703 (S.D.N.Y. 2012) .........................................................................10

*Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    910 F.2d 1049 (2d Cir. 1990) ...............................................................................7, 13

*Bramlet v. Wilson*,
    495 F.2d 714 (8th Cir. 1974) .....................................................................................3

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*,
    532 U.S. 598 (2001) ..................................................................................................8

*Cochrane v. Ia. Beef Processors, Inc.*,
    596 F.2d 254 (8th Cir. 1979) ...................................................................................11

*Com'r, Immigration and Naturalization Serv. v. Jean*,
    496 U.S. 154 (1990) ..................................................................................................4

*Commodity Futures Trading Com'n v. Frankwell Bullion Ltd.*,
    99 F.3d 299 (9th Cir. 1996) .......................................................................................5

*Coons v. Mineta*,
    410 F.3d 1036 (8th Cir. 2005) ...................................................................................2

*Dir. Of Office of Thrift Supervision v. Lopez*,
    141 F.R.D. 165 (S.D. Fla. 1992) ...............................................................................5

*Gurley v. Peake*,
    528 F.3d 1322 (Fed. Cir. 2008) .................................................................................8

*Guzman v. Local 32B-32J Service Employees Intern. Union*,
    72 F.3d 260 (2d Cir. 1995) ........................................................................................7

*Hernandez v. State Bd. of Registration for Healing Arts*,
    936 S.W.2d 894 (Mo. App. 1997) .............................................................................4

*Jones v. United States,*
727 F.3d 844 (8th Cir. 2013) ..................................................................3

*LaForgia v. Davis,*
2004 WL 2884524 (S.D.N.Y. Dec. 14, 2004) .......................................10

*Little Earth of the United Tribes, Inc. v. Dep't of Housing and Urban Development,*
807 F.2d 1433 (8th Cir. 1986) .............................................................5, 6

*Lopez v. Heinauer,*
332 F.3d 507 (8th Cir. 2003) ...........................................................11, 12

*Lorillard Tobacco Co. v. Engida,*
611 F.3d 1209 (10th Cir. 2010) ..............................................................8

*Maine Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R.,*
321 F.3d 9 (1st Cir. 2003) .......................................................................8

*Marine Const. & Dredging, Inc. v. U.S. Army Corps of Engineers,*
892 F.2d 83 (9th Cir. 1989) (unpublished) ......................................12, 13

*Matrixx Initiatives, Inc. v. Siracusano,*
131 S.Ct. 1309 (2011) ..............................................................................2

*McLarty v. United States,*
6 F.3d 545 (8th Cir. 1993) .......................................................................4

*Miner v. Brackney,*
710 F.2d 954 (8th Cir. 1983) ...................................................................9

*N. Cheyenne Tribe v. Jackson,*
433 F.3d 1083 (8th Cir. 2006) .............................................................7, 8

*Norco Constr., Inc. v. King Cnty.,*
721 P.2d 511 (Wash. 1986) (en banc) ...................................................12

*Parker v. Matthews,*
411 F.Supp. 1059 (D.D.C. 1976) .............................................................9

*Resolution Trust Corp. v. Eason,*
17 F.3d 1126 (8th Cir. 1994) ...................................................................4

*Rogers Group, Inc. v. City of Fayetteville,*
683 F.3d 903 (8th Cir. 2012) ...............................................................8, 9

*Sadallah v. City of Utica,*
383 F.3d 34 (2d Cir. 2004) .......................................................................9

50064063.1

*Satz v. ITT Financial Corp.*,
    619 F.2d 738 (8th Cir 1980) ...................................................................................3

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974)...........................................................................................3

*Select Milk Producers, Inc. v. Johanns*,
    400 F.3d 939 (D.C. Cir. 2005) ...........................................................................8

*Spinale v. U.S. Dept. of Agriculture*,
    621 F.Supp.2d 112 (S.D.N.Y. 2009)..............................................................9, 11

*State of Kan. ex rel. Stephan v. Adams*,
    705 F.2d 1267 (10th Cir. 1983) ........................................................................12

*Topchian v. JPMorgan Chase Bank, N.A.*,
    760 F.3d 843 (8th Cir. 2014) .............................................................................3

*Tower Village, Inc. v. Service Employees Intern. Union, AFL-CIO, CLC Local 2000*,
    277 F.Supp.2d 733 (E.D. Mo. 2005)..................................................................3

*Travelers Mut. Cas. Co. of Des Moines v. Skeer*,
    24 F.Supp. 805 (W.D. Mo. 1938) ..................................................................6, 13

*Tullock v. Mulvane*,
    184 U.S. 497 (1902)........................................................................................12

*U.S. Steel Corp. v. United Mine Workers of Am.*,
    456 F.2d 483 (3d Cir. 1972).............................................................................12

*United States for Heydt v. Citizens State Bank*,
    668 F.2d 444 (8th Cir. 1982) .............................................................................9

*United States v. Guess*,
    No. 04CV2184, 2005 WL 1819382 (S.D. Cal. June 28, 2005) ...........................5, 6

*Vankempen v. McDonnell Douglas Corp.*,
    923 F.Supp. 146 (E.D. Mo. 1996).....................................................................3

**Statutes**

15 U.S.C. § 45(a) ..................................................................................................1

28 U.S.C. § 1491 ................................................................................................12

28 U.S.C. § 2412................................................................................................3, 4, 11

28 U.S.C. § 2412(a) .......................................................................................4, 6, 9, 13

iv

28 U.S.C. § 2412(b) ................................................................................................4, 6, 7, 9, 13

28 U.S.C. § 1631 ....................................................................................................11, 12, 13, 14

28 U.S.C. § 1920 ..................................................................................................................4

28 U.S.C. § 2675(a) ........................................................................................................10, 11

28 U.S.C. § 2680(h) ..............................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 65 ............................................................................................................6, 7

Fed. R. Civ. P. 65(c) ......................................................................................................6, 7, 12

Fed. R. Civ. P. 12(b) ........................................................................................................2, 3

# I.	BACKGROUND

On September 15, 2014, the FTC filed its Complaint for Permanent Injunction and Other Equitable Relief (the "Complaint") in this Court, asserting claims against Defendants under 15 U.S.C. § 45(a).  *See* Dkt. 2.  On September 17, 2014, the FTC filed its Motion for *Ex Parte* Emergency Temporary Restraining Order, With Asset Freeze, Appointment of Receiver, Limited Expedited Discovery, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and related Suggestions in Support (the "TRO Motion").  Dkts. 7, 8.  The FTC's unnoticed TRO Motion contained numerous misrepresentations and omissions of critical facts.  *See* Dkt. 227, pp. 18-21.  For example, the FTC construed a standard business accounting practice—moving incoming revenue into savings accounts, rather than keeping it in a checking account—as "misusing corporate funds."  Dkt. 8 at 43.  The FTC likewise claimed that a TRO was necessary "[t]o immediately halt Defendants' illegal practices," even though the FTC was aware that BF Labs had already ceased accepting pre-orders and begun refunding dissatisfied customers.  Dkt. 8 at 24; Dkt. 227 at 18-19.

On September 18, 2014, this Court entered a TRO without notice based on the FTC's misrepresentations.  *See* Dkt. 9.  Among other remedies, the Court appointed a temporary receiver and ordered Defendants to show why a preliminary injunction should not issue.  *See id.* The next day, the FTC and the temporary receiver raided BF Labs' facilities unannounced.  They halted BF Labs' business operations and seized its assets, including products being prepared for shipment.  The FTC issued a press release disparaging BF Labs and its senior officers, using terms like "bogus," "scammers," and "ill-gotten gains."  *See* Dkt. 227 Ex. A.  Various national news publications reported the FTC's press release and echoed the release's deliberately inflammatory language.  *See id.* Dkt. 227 at 22.

1

During the temporary receivership, BF Labs was unable to maintain any regular business operations. The temporary receiver engaged in extensive interviews with BF Labs' officers and staff. For the receivership's first three weeks, no business activity occurred. Thereafter, the receiver frustrated every attempt BF Labs made to ship its products to consumers.

On November 28 and 29, 2014, this Court held a hearing on the FTC's request for preliminary injunction. The Court heard evidence and accepted post-hearing briefing from the parties. On December 12, 2014, the Court denied the FTC's Motion for Preliminary Injunction, finding that the FTC had not shown that it was likely to succeed on the merits. *See* Dkt. 201. On December 15, 2014, the Court ordered the temporary receiver to submit procedures for winding down the receivership. *See* Dkt. 208.

On January 6, 2015, BF Labs filed its Answer and Counterclaims, seeking to recover damages, costs, and fees associated with opposing the TRO and subsequent receivership. Dkt. 227. On March 10, 2015, the FTC filed its Motion to Dismiss BF Labs' Counterclaims. Dkts. 272-73. The FTC argues that BF Labs' counterclaims are barred by sovereign immunity and that BF Labs may not proceed until they exhaust administrative remedies. *See generally* Dkt. 272.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a party "need only allege 'enough facts to state a claim to relief that is plausible on its face.'" *Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1323 n.12 (2011) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When determining whether a claim is facially plausible, we 'accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" *Id*. (*quoting Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Claims "'should not be dismissed merely because a plaintiff's allegations do not support the legal theory

2

he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848-49 (8th Cir. 2014) (*quoting Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).

"The party seeking to invoke federal jurisdiction . . . carries the burden" to prove it. *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013). But the "standards applied to a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are the same as those applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Vankempen v. McDonnell Douglas Corp.*, 923 F.Supp. 146, 147 (E.D. Mo. 1996) (*citing Satz v. ITT Financial Corp.*, 619 F.2d 738, 7442 (8th Cir 1980)). Therefore, the "issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim." *Tower Village, Inc. v. Service Employees Intern. Union, AFL-CIO, CLC Local 2000*, 277 F.Supp.2d 733, 735 (E.D. Mo. 2005) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ARGUMENT

Contrary to the FTC's contention, this Court has jurisdiction to award BF Labs' expenses and fees resulting from the wrongful TRO this Court issued based on the FTC's misrepresentations. Two separate provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412, permit this Court to enter an award to BF Labs in this case. But even if this Court considers dismissing BF Labs' counterclaim, and it should not, it should instead transfer the claims or dismiss without prejudice and permit BF Labs to re-file in the Federal Court of Claims.

**A. Congress Has Waived Sovereign Immunity To Claims For Fees and Expenses Resulting From a Wrongful TRO.**

28 U.S.C. § 2412, the Equal Access to Justice Act, "operates as a limited waiver of the United States' sovereign immunity by permitting courts to award reasonable [costs and fees] to the prevailing party in any civil action brought by or against the federal government." *Resolution Trust Corp. v. Eason*, 17 F.3d 1126, 1134 (8th Cir. 1994).

> The purpose of the EAJA . . . is to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies. The statutes were designed to encourage relatively impecunious private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses.

*Hernandez v. State Bd. of Registration for Healing Arts*, 936 S.W.2d 894, 901-02 (Mo. App. 1997). "They were enacted to eliminate for the average person the financial disincentive to challenge unreasonable government actions." *Id.* (*citing Com'r, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 163 (1990)). Under the EAJA, the government is liable for an opposing party's expenses to the same extent as any other party under the common law. *McLarty v. United States*, 6 F.3d 545, 549 (8th Cir. 1993).

In this case, 28 U.S.C. § 2412(a)(1) and (b) each permit this Court to award BF Labs costs associated with the TRO and temporary receivership. Receivership costs are awardable under 28 U.S.C. 2412(a) as among the costs enumerated in 28 U.S.C. § 1920, and BF Labs' legal fees and expenses are awardable under 28 U.S.C. § 2412(b). These provisions, which the FTC overlooks, each waive sovereign immunity expressly.

        *1.    Receivership Costs Are Awardable Under 28 U.S.C. § 2412(a).*

28 U.S.C. § 2412(a)(1) permits a federal court to enter "a judgment for costs, as enumerated in section 1920 of this title [to] the prevailing party in any civil action brought by or against the United States or any agency" thereof. This includes costs to a party associated with a

4

court-ordered receivership. *See Commodity Futures Trading Com'n v. Frankwell Bullion Ltd.*, 99 F.3d 299, 304-07 (9th Cir. 1996); *Dir. Of Office of Thrift Supervision v. Lopez*, 141 F.R.D. 165, 167 (S.D. Fla. 1992). *See also United States v. Guess*, No. 04CV2184, 2005 WL 1819382, *7 (S.D. Cal. June 28, 2005). The Eighth Circuit, "although not explicitly discussing sovereign immunity, [agrees] that a district court has discretion to award receivership costs against the United States." *Id*. (*citing Little Earth of the United Tribes, Inc. v. Dep't of Housing and Urban Development*, 807 F.2d 1433, 1442 (8th Cir. 1986)). In *Little Earth*, the Eighth Circuit held that, "[a]fter submitting itself to the court's equitable authority [by asking the district court to appoint a receiver], HUD cannot successfully contend that the district court was powerless to direct the terms of the receivership." *Little Earth*, 807 F.2d at 1442.

Awarding receivership costs is appropriate in cases "where there can be no dispute that the Receiver should not have been appointed." *Guess*, 2005 WL 1819382 at *7. In *Guess*, the Commodity Futures Trading Commission "filed an unnoticed *ex parte* application for a TRO and the appointment of a temporary receiver." *Id*. at *1. The district court "entered the government's proposed TRO, without modification of its broad terms," and appointed a temporary receiver. *Id*. at *2. "After a lengthy hearing, this Court dissolved the TRO, denied the entry of any preliminary injunction, terminated the Temporary Receiver's appointment, and ordered the immediate return of all assets frozen or property seized pursuant to the TRO." *Id*. The temporary receiver bore his own expenses during the receivership and applied to the court for a reimbursement of costs. *Id*. The court, relying on *Frankwell Bullion*, granted the temporary receiver's application, highlighting the fact that, although "[t]he government represented that a receiver was needed because the defendants were allegedly dissipating fraudulently obtained assets," the "Court found that the government produced no evidence that

any of the defendants are dissipating their assets or that any of the assets seized under the TRO are traceable to criminal activity." *Id.* (internal quotations omitted).

The same reasoning applies here. The FTC filed an unnoticed *ex parte* application for TRO and specifically requested that the Court appoint a temporary receiver. Dkt. 8. The FTC's application misrepresented that BF Labs were dissipating corporate assets as part of "misusing corporate funds." *Id.* at 43. Though this Court initially granted the FTC's request, it later found that the FTC could not show a likelihood of success on the merits and quashed the temporary receivership. Dkts. 201, 208. Having availed itself of the district court's equitable jurisdiction by requesting the appointment of a temporary receiver, the FTC cannot now claim that the Court is powerless to award costs against it. *See Little Earth*, 807 F.2d at 1442. This Court therefore has jurisdiction to award BF Labs' receivership costs under 28 U.S.C. § 2412(a).

          2.    *Attorney Fees Related to Contesting Receivership Are Awardable Under 28 U.S.C. § 2412(b).*

This Court may also award attorney fees and related costs against the government under 28 U.S.C. § 2412(b). That statute states, "[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency" thereof "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." This subsection waives sovereign immunity to claims for fees. Fed. R. Civ. P. 65 provides for the award of "the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A party is wrongfully enjoined when the party obtaining the injunction fails to inform the court of facts that would have prevented the injunction's issuance. *See Travelers Mut. Cas. Co. of Des Moines v. Skeer*, 24 F.Supp. 805, 805

6

(W.D. Mo. 1938). *See also Guzman v. Local 32B-32J Service Employees Intern. Union*, 72 F.3d 260, 263 (2d Cir. 1995) ("a party has been wrongfully enjoined [if it has been] ordered to do something it had a right to refrain from doing or to cease doing something it had a right to continue doing"); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) ("A party has been 'wrongfully enjoined' . . . if it is ultimately found that the enjoined party had at all times the right to do the enjoined act"). A party may recover costs of a wrongful injunction from the government because it can recover them from a private party. *See* U.S.C. § 2412(b).

In this case, it is clear a private party would be liable to BF Labs under Rule 65(c). The FTC misrepresented and omitted critical facts in its TRO application. It claimed to have evidence of illegal activity requiring urgent action, despite the fact that the FTC knew that BF Labs (1) had ceased to accept pre-orders for their products; (2) were under an obligation to preserve documents and data due to a separate legal proceeding; and (3) were refunding dissatisfied customers before the TRO application was filed. Dkt. 227 at 18-19. In addition, the FTC failed to conduct a thorough (if any) investigation into the 307 consumer complaints the FTC alleges it received about BF Labs. When the FTC procured an *ex parte* TRO against BF Labs on this basis, BF Labs was forced to cease business activities that they had a right to continue. *See Guzman*, 72 F.3d at 263. Because BF Labs could recover costs from a private party for a wrongful injunction under Rule 65, they may also recover costs from the government. 28 U.S.C. § 2412(b).

### 3. BF Labs is a Prevailing Party For EAJA Purposes.

In general, a prevailing party is entitled to recover under a fee-shifting statute if it "obtain[s] a judicially sanctioned material alteration of the legal relationship of the parties to the lawsuit." *N. Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1085 (8th Cir. 2006). *See also*

50064063.1

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604-605 (2001). The Eighth Circuit has "recognized that a preliminary injunction can in some instances carry the judicial imprimatur required by *Buckhannon* to convey prevailing party status." *Advantage Media, L.L.C. v. City of Hopkins*, 511 F.3d 833, 837 (8th Cir. 2008). This can occur when three "core principles" are met:

> First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant.
>
> Second, a prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.
>
> Third, a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief.

*Rogers Group, Inc. v. City of Fayetteville*, 683 F.3d 903, 910 (8th Cir. 2012) (*quoting Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 946 (D.C. Cir. 2005)). *Cf. N. Cheyenne Tribe*, 433 F.3d at 1086 ("a preliminary injunction granting temporary relief that merely maintains the status quo does not confer prevailing party status"). These criteria may be met by a preliminary injunction ruling. *See id.* (holding that preliminary injunctions are judgments for fee-shifting purposes because they are appealable orders). *See also Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1216-17 (10th Cir. 2010) (recognizing that, although not applicable under the circumstances of that case, a party who defeats a preliminary injunction request on the merits can be a prevailing party for attorney fee purposes); *Maine Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R.*, 321 F.3d 9, 17 (1st Cir. 2003) (same).

Fees recovery under the EAJA also "requires 'some relief on the merits.'" *Gurley v. Peake*, 528 F.3d 1322, 1326 (Fed. Cir. 2008) (*citing Buckhannon*, 532 U.S. at 603). But "[t]he phrase 'prevailing party' should not be limited to a victory only after entry of a final judgment

50064063.1

following a full trial on the merits." *United States for Heydt v. Citizens State Bank*, 668 F.2d 444, 447 (8th Cir. 1982). A fee award may be "appropriate where the party has prevailed on an interim order which was central to the case." *Id.* (*citing Parker v. Matthews*, 411 F.Supp. 1059, 1064 (D.D.C. 1976)).

BF Labs in this case are a prevailing party for EAJA purposes because this Court denied the FTC's request for preliminary injunction and dissolved the TRO after the FTC was unable to prove that it was likely to succeed on the merits of the case. Dkts. 201, 208. The dissolution of the TRO materially altered the FTC's relationship with BF Labs and represented a judgment in BF Labs' favor accompanied by judicial relief, namely that BF Labs could resume business operations. *See Rogers Group*, 683 F.3d at 910 (holding that such parties are "prevailing parties" for fee-shifting statutes purposes, even if they do not receive money damages). BF Labs is thus a prevailing party under the EAJA, and their claim for recovery of fees and costs associated with the temporary receivership in this case may proceed. *See* 28 U.S.C. §2412(a), (b).

## B. BF Labs Has Stated a "Stigma-Plus" Claim Sufficiently to Avoid Dismissal.

The FTC argues that the Federal Tort Claims Act does not waive sovereign immunity for claims founded on libel, slander, and misrepresentation. *See* 28 U.S.C. § 2680(h); *Miner v. Brackney*, 710 F.2d 954, 956 (8th Cir. 1983). The "Stigma Plus" doctrine, however, "provides a remedy for government defamation under federal constitutional law." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). Defamation plus requires a party to "plead (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiffs [sic] status or rights." *Spinale v. U.S. Dept. of Agriculture*, 621 F.Supp.2d 112, 119 (S.D.N.Y. 2009). "[T]here must be a material, government-imposed burden

9

in addition to and temporally proximate to, the stigmatizing statement." *Bertuglia v. City of New York*, 839 F.Supp.2d 703, 725 (S.D.N.Y. 2012). Charges of dishonesty, immorality, or illegality establish stigmatization. *Id.* (*citing LaForgia v. Davis*, 2004 WL 2884524, *7 (S.D.N.Y. Dec. 14, 2004).

In this case, BF Labs' second counterclaim meets the pleading requirements of the Stigma-Plus doctrine. BF Labs has pled that the statements of the FTC in its press release, including using deliberately-inflammatory terms like "bogus," "scammers," and "ill-gotten gains" injured BF Labs' reputation, are false and resulted in a material state-imposed alteration of BF Labs' rights. *See* Dkt. 227 at 21-25, Ex. A. BF Labs has alleged that the FTC charged falsely that BF Labs and its officers acted dishonestly and illegally. Accepting BF Labs' allegations as true, as this Court must, they state a claim for relief under the Stigma-Plus doctrine. This Court therefore should deny the FTC's Motion to Dismiss BF Labs' second counterclaim.

### C. BF Labs is Not Required to Pursue Administrative Remedies With the FTC.

The FTCA's administrative-remedies requirement does "not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a). No decision of this Court or of the Eighth Circuit Court of Appeals has limited this rule's application to compulsory counterclaims only. To the extent that the rule is so limited, the Eighth Circuit has adopted four tests to determine whether a counterclaim is compulsory: whether (1) the issues of fact and law raised by the claim and counterclaim are largely the same; (2) *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence would support or refute plaintiff's claim and defendant's counterclaim; and (4) any logical relation

exists between the claim and counterclaim.  *Cochrane v. Ia. Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir. 1979).

In this case, the FTC's claims and BF Labs' counterclaims raise the same issues and are logically related.  BF Labs' wrongful injunction claim is grounded in the misrepresentations and omissions the FTC made in its Complaint.  *See* Dkt. 227 p.17-20, 25-26.  BF Labs is entitled to recovery because this Court determined that the FTC did not show a likelihood of success on the claims in its complaint.  *See* Dkt. 201, Dkt. 227.  The FTC's claims rest on its allegations that BF Labs' business practices violated the Federal Trade Commission Act.  *See* Dkt. 2.  BF Labs' Stigma-Plus counterclaim for defamation requires BF Labs to prove that those allegations are false.  *See Spinale*, 621 F.Supp.2d at 119.  This Court therefore must determine the legality of BF Labs' acts to resolve the FTC's claims and BF Labs' second counterclaim.  BF Labs' counterclaims are thus compulsory and within the exception to 28 U.S.C. § 2675(a)'s exhaustion requirement.

> **D.  In the Alternative, This Court Should Transfer BF Labs' Wrongful Injunction Counterclaim to the Court of Federal Claims.**

If this Court determines that BF Labs' counterclaims seek damages that do not fall under the immunity waiver in Section 2412, which it should not, it should transfer the counterclaims under 28 U.S.C. Section 1631 rather than grant the FTC's Motion to Dismiss.  When a court finds that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.  "The purpose of this transfer statute is to aid parties who might be confused about which court has subject matter jurisdiction, and to preserve their opportunity to presents the merits of the claim . . . ." *Lopez v. Heinauer*, 332 F.3d 507, 511 (8th Cir. 2003).  "The transfer statute is mandatory, indicating that a court '*shall*, if it is in the

interest of justice, transfer such action or appeal to *any other such court* in which the action or appeal could have been brought at the time it was filed." *Id.* (*citing* 28 U.S.C. § 1631).

   1. *BF Labs' Wrongful Injunction Counterclaim Could Have Been Timely Filed in the Court of Federal Claims at the Time the it was Filed.*

  Under the Tucker Act, 28 U.S.C. § 1491, the U.S. Court of Federal Claims has jurisdiction over cases involving "any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." BF Labs' wrongful injunction claim falls under this jurisdiction because "[a]lmost all states classify a wrongful injunction action as an action in contract," *Marine Const. & Dredging, Inc. v. U.S. Army Corps of Engineers*, 892 F.2d 83, at \*3 (9th Cir. 1989) (unpublished), meaning that "there is no liability in tort for the damages," *U.S. Steel Corp. v. United Mine Workers of Am.*, 456 F.2d 483, 492 (3d Cir. 1972). *See also Tullock v. Mulvane*, 184 U.S. 497, 516 (1902) (an injunction bond "is in the nature of a contract" between the party seeking relief and the court). Though the FTC was not required to post a bond in advance of the TRO, this implied contract still exists between the FTC, the Court, and BF Labs. *See Marine Const. & Dredging*, 892 F.2d 83, at \*3; *Norco Constr., Inc. v. King Cnty.*, 721 P.2d 511, 513-14 (Wash. 1986) (en banc). Failure to provide a bond does not absolve a governmental entity from liability for a wrongful injunction. *See State of Kan. ex rel. Stephan v. Adams*, 705 F.2d 1267, 1269 (10th Cir. 1983) (stating that where "the applicant opposes a motion for posting of security on the basis of its financial responsibility and does not seek to limit its liability, it may not avoid liability on the ground that a bond was not required." (internal quotation marks omitted)). BF Labs' wrongful injunction claim is accordingly an action on the FTC's implied bond under Federal Rule of Civil Procedure 65(c).

  BF Labs' counterclaim for wrongful injunction could have been filed as a separate action in the Court of Federal Claims. 28 U.S.C. § 1491 permits that court to hear all contract disputes

involving the federal government, including disputes over implied contracts. An injunction is an implied contract. *See Marine Const. & Dredging*, 892 F.2d at *3. Because there is no dispute that BF Labs' counterclaim would have been timely when it was filed, this Court may therefore transfer it to the Court of Federal Claims. 28 U.S.C. § 1631.

> 2. *Transferring BF Labs' Wrongful Injunction Counterclaim is in the Interest of Justice.*

As described above, a party is wrongfully enjoined when the party seeking the injunction fails to inform the court of facts that would have prevented the issuance of the injunction, or it is ultimately found that the enjoined party had the right to perform the enjoined act. *Travelers Mut.*, 24 F.Supp. at 805; *Blumenthal*, 910 F.2d at 1054. In this case, the FTC made misrepresentations and omissions in its Complaint and TRO application that led the Court to enter the TRO. Later, with more fulsome disclosures, the Court refused to grant the FTC's request for a preliminary injunction. BF Labs asserts that this Court can properly exercise jurisdiction over their Counterclaim because Sections 2412(a) and (b) waive the FTC's sovereign immunity. Given the language of these statutes and the other relevant legal authority, as discussed above, this position is a reasonable one.

Further demonstrating BF Labs' good faith is the lack of legal development in this area. There are very few cases addressing a governmental agency's liability for wrongful injunction. Though BF Labs maintains that such liability exists, there is little guidance in the law on avenues for asserting such liability. As a result, even assuming that this Court ultimately determines that it lacks jurisdiction, BF Labs' counterclaims were nevertheless filed in good faith given that it was not clear at the time of filing that the Court lacked jurisdiction. Thus, should this Court determine that BF Labs' counterclaims do not fall under the purview of Section 2412's immunity waiver, it should still deny the FTC's Motion.

50064063.1

## IV.    CONCLUSION

BF Labs' counterclaims seek recovery of costs and fees associated with the temporary receivership this Court entered based on misrepresentations and omissions in the FTC's Complaint and *ex parte* TRO application.  The EAJA waives sovereign immunity for such awards.  BF Labs also has pled sufficiently the elements of a Stigma-Plus defamation claim.  Both BF Labs' counterclaims raise the same issues as the FTC's claims and are logically related to those claims.  For that reason, no administrative exhaustion is necessary.  This Court therefore should deny the FTC's Motion to Dismiss or transfer BF Labs' counterclaims to the Court of Federal Claims under 28 U.S.C. § 1631.

Respectfully submitted,

/s/ Michael S. Foster
James M. Humphrey                  MO # 50200
Michael S. Foster                        MO # 61205
Miriam E. Bailey                         MO # 60366
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri  64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com


Braden M. Perry                         MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com


Attorneys for Defendant BF Labs Inc., Sonny
Vleisides, and Darla Jo Drake

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of March 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Michael S. Foster
Attorney for Defendants BF Labs Inc., Sonny Vleisides, and Darla Jo Drake

15

50064063.1