# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| BF LABS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND DARLA DRAKE'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake request respectfully that this Court deny the Federal Trade Commission (the "FTC")'s Motion to Amend its Complaint. Amendment is futile because the FTC's Amended Complaint fails to state a claim for relief and is based on allegations that are not entitled to a presumption of truth.

## I.  BACKGROUND

On September 15, 2014, the FTC filed its Complaint for Permanent Injunction and Other Equitable Relief and Motion for Temporary Restraining Order ("TRO") against Defendants. The FTC's Complaint contained one count, alleging that Defendants violated Section 5 of the Federal Trade Commission Act. On September 18, 2014, this Court granted the TRO. On December 12, 2014, after a preliminary injunction hearing this Court denied the FTC's Motion for Preliminary Injunction. On January 13, 2015, the Court entered a scheduling order requiring the parties to amend all pleadings on or before February 9, 2015. The Court later amended the scheduling order to allow the parties to amend their pleadings on or before March 13, 2015. On March 13, 2015, the FTC filed a Motion to Amend Complaint (the "Motion").

This Court should deny the FTC's Motion because amending the FTC's Complaint is futile and the new counts in the FTC's Amended Complaint are without any basis in fact.

## II. LEGAL STANDARD

"[P]laintiffs do not have an absolute or automatic right to amend" a complaint. *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). A court may properly deny a motion to amend a pleading if the amendment would be futile. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). An amendment is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation omitted).

## III. ARGUMENT

The FTC's Amended Complaint fails to state a claim upon which relief can be granted. Amendment is thus futile and should be barred. The FTC's Amended Complaint also fails because it is based on allegations that are not entitled to a presumption of truth.

### A. The FTC's Claims Fail as a Matter of Law.

Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate where it clearly appears that a plaintiff can prove no set of facts that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted). In considering a Rule 12(b)(6) motion, "the tenet that a court must accept as true all of the allegations contained in a complaint is

2

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to withstand a motion to dismiss for failure to state a claim. *Id*.

To state a claim for deceptive representations in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Plaintiff must allege facts establishing that BF Labs made a representation that was (1) material and (2) likely to mislead consumers, acting reasonably under the circumstances. *See FTC v. PayDay Fin. LLC*, 989 F. Supp. 2d 799, 816 (D.S.D. 2013) Ordinarily, the Court considers only the complaint and documents attached to the complaint in ruling on a motion to dismiss for failure to state a claim. *See Silver v. H&R Block,Inc*., 105 F.3d 394, 397 (8th Cir. 1997). But where a claim is based on a defendant's statements and the plaintiff does not dispute the content of those statements, the plaintiff "cannot defeat a motion to dismiss by choosing not to attach the full statements to the complaint." *Id*. This Court may thus consider, in ruling on this motion, "materials that are necessarily embraced by the pleadings." *Young v. Principal Fin. Group, Inc.*, 547 F. Supp. 2d 965, 973-74 (S.D. Iowa 2008).

Plaintiff's Complaint selectively cites from, but does not attach, certain BF Labs website pages and social media entries that Plaintiff alleges were materially misleading. *See* Doc. 274-1, ¶¶ 23-25, 29, 33, 39.

First, BF Labs' shipping-date and product-development representations – even standing alone – were not "material" or "misleading" as a matter of law. *See, e.g., In re Number Nine Visual Tech. Corp. Secs. Litig.*, 51 F. Supp. 2d 1, 28-29 (D. Mass. 1999) (holding that "anticipated" shipping-date representations were not material as a matter of law); *Borow v. nVIEW Corp.*, 829 F. Supp. 828, 834-35 (E.D. Va. 1993) (holding that shipping-date and product-development representations were not material or misleading as a matter of law). No

reasonable Bitcoin-mining consumer could have concluded that the anticipated shipping-date and product-development representations on which the FTC's Complaint is based were either material or misleading. The FTC's Complaint therefore fails to state a claim as a matter of law.

Second, the "net impression" of BF Labs' representations, in the context of BF Labs' regular shipping-date updates and extensive production-detail updates, was not materially misleading as a matter of law. The BF Labs website pages attached to Plaintiff's TRO pleadings instead show a pattern of consistently updated shipping projections, increasingly detailed production updates, and even day-by-day shipping updates. The BF Labs updates are even more detailed and frequently updated than the monthly to quarterly updates described in *Borow* that explained, for example, that shipping delays were due to "a delay in the Beta testing phase of product development" of the LCD units at issue. *Borow*, 829 F. Supp. at 834. To the extent the representations projected an anticipated or "scheduled" shipping date, the representations were mere "puffery." *Id*. at 835.

Finally, Plaintiff's Bitcoin-generating-and-profitability-representation allegations are merely repackaged extensions of Plaintiff's legally insufficient shipping-delay allegations and are, in any event, not materially misleading as a matter of law. The FTC acknowledges that Bitcoin values are subject to known and considerable fluctuation. Any reasonable Bitcoin-mining-equipment customer is aware that profitability "projections" dependent on a static Bitcoin exchange rate are inherently tenuous. Variables like "international currency exchange rate fluctuations . . . are hazards of business apparent to all serious observers and most casual ones." *In re Marion Merrell Dow Inc., Secs. Litig. II*, No. 93-0251-CV-W-6, 1994 WL 396187, at *6 (W.D. Mo. July 18, 1994). For this reason, to the extent that outcome projections are

dependent on variables like the Bitcoin exchange rate, the projections are not considered "material" as a matter of law. *See id.*

      **B.    The FTC's Amended Complaint Fails to State a Claim Because it is Based on Allegations That Are Not Entitled to a Presumption of Truth.**

"'[L]egal conclusions' and 'threadbare recitations of the elements of a cause of action supported by mere conclusory statements' are not entitled to a presumption of truth when considering the sufficiency of a complaint." *Zink v. Lombardi*, No. 14-2220, 2015 WL 968176, *4 (8th Cir. Mar. 6, 2015) (*quoting Iqbal*, 556 U.S. at 678). "A complaint must be plausible on its face and a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotations omitted). "Making a plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (internal quotations omitted).

In this case, the FTC's Amended Complaint is based on allegations that do not allow the court to draw a reasonable inference that Defendants are liable. The FTC alleges that Defendants used Bitcoin machines "to mine for Bitcoins for themselves before delivering them to consumers" and "have refused to return or return promptly consumers' upfront payments for the machines and services." *See* Am. Compl., Doc. 274-1 at ¶¶ 57, 59. Beyond these threadbare allegations, however, the FTC does not allege sufficient facts that would permit this Court to infer reasonably that Defendants are liable for this accused conduct. Without a theory of fact to support the FTC's claims, the FTC's claims are not facially plausible. *See Zink*, 2015 WL 968176 at *4. The FTC's Motion therefore should be denied.

5

## IV. Conclusion

The FTC's Amendment of its Complaint is futile because its Amended Complaint fails to state a valid claim for relief. It is based instead on conclusory allegations that are not entitled to a presumption of truth. For these reasons, this Court should deny the FTC leave to amend.

Respectfully submitted,

/s/ Michael S. Foster
| | |
|---|---|
| James M. Humphrey | MO # 50200 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry                    MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of March 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

    /s/ Michael S. Foster
Attorney for Defendants BF Labs Inc., Sonny Vleisides, and Darla Drake