UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff – Counterclaim Defendant,<br><br>　　v.<br><br>BF LABS INC.,<br><br>　　Defendant – Counterclaim Plaintiff. | CASE NO. 4:14-cv-00815-BCW<br><br>**FTC'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS** |

## I.  Introduction

The Federal Trade Commission ("FTC") showed in its Suggestions in Support of its motion to dismiss (DE 273) ("Suggestions") that sovereign immunity bars BF Labs' tort claims for multiple independent reasons.  In particular, (1) federal agencies may not be sued in their own names; (2) the United States has not waived its immunity for intentional torts or for torts arising from discretionary functions; and (3) BFL failed to exhaust mandatory administrative remedies.  BFL does not respond at all to most of the FTC's arguments, any one of which is fatal to its counterclaims.  Instead, it largely abandons Count One of its counterclaim and argues only that it is entitled to legal fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  But a counterclaim is not the appropriate procedural vehicle for a fee request, and BFL does not meet the statutory test in any event.  BFL also asserts that it can maintain a defamation claim under the so-called "Stigma Plus" doctrine.  That doctrine does not override the express exception in the Federal Tort Claims Act ("FTCA") for defamation claims against the United States government.  BFL's request that the Court transfer its claims to the Court of Federal Claims is untenable because that court also lacks jurisdiction over the counterclaim.  The Court should dismiss the counterclaim with prejudice.

1

## II. BFL's Claims Are Barred By Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 260 (1991). BFL can maintain a tort suit against the FTC only if Congress has waived that immunity. As the FTC has shown, the FTCA does not waive immunity here. Yet BFL does not even address the FTCA, let alone explain how it waives sovereign immunity here.

The limited waiver of sovereign immunity adopted by Congress in the FTCA does not apply to BFL's claims. BFL asserts that the FTC filed its TRO motion based on allegations that it knew to be untrue or had no reasonable basis to make, misrepresented or omitted critical facts, with an "improper purpose," with the objective of discrediting BFL, and with "animus." (DE 227 at ¶¶ 51, 52, 54, 57, 76, 78, 79.) Those claims allege intentional torts. But Congress excluded from the FTCA's waiver intentional tort claims arising out of "malicious prosecution," "abuse of process," "misrepresentation", or "deceit" – the very types of claims BFL asserts. *See* 28 U.S.C. § 2680(h). BFL does not respond. This Court therefore lacks jurisdiction to adjudicate Count One of the counterclaim and should dismiss it under Fed. R. Civ. P. 12(b)(1) and (b)(6). *See Forrest City Machine Works, Inc. v. United States*, 953 F.2d 1086, 1087 (8th Cir. 1992) (FTCA bars claims based on abuse of process or malicious prosecution); *United States v. Longo*, 464 F.2d 913, 915-16 (8th Cir. 1972) (FTCA bars claims based on misrepresentations or deceit).

Furthermore, the discretionary function exception of the FTCA, 28 U.S.C. § 2680(a), bars "[a]ny claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency * * *, whether or not the discretion involved be abused." *Id.; see Hartje v. FTC,* 106 F.3d 1406, 1408 (8th Cir. 1997). As discussed

2

in its Suggestions (DE 273 at 9-11), the FTC's seeking a TRO against BFL was just such an exercise of the agency's discretionary function. BFL does not contend otherwise. Thus, the Court lacks jurisdiction over Count One for this additional reason.

Similarly, the FTCA expressly excepts "libel" and "slander" from its waiver of immunity. 28 U.S.C. § 2680(h). The Court thus lacks jurisdiction over Count Two of the counterclaim.

Independently, federal agencies may not be sued in their own name; only the United States may be sued. 28 U.S.C. §§ 1346(b), 2679(a); *Franklin Sav. Corp. v. United State*s, 180 F.3d 1124, 1142 (10th Cir. 1999). BFL does not claim otherwise and its case is barred by that reason alone. Finally, BFL does not contest that it failed to file an administrative claim with the FTC, a prerequisite to asserting a FTCA claim.[1] (*See* DE 273 at 13-15.)

### III. The Equal Access To Justice Act Does Not Waive Sovereign Immunity With Respect To BFL's Wrongful Injunction Claim

Recognizing the futility of its wrongful injunction claim, BFL largely abandons it. Instead, it asserts that it is entitled to attorneys' fees under the EAJA. (DE 278 at 4-9.) Contrary to BFL's arguments, the EAJA neither waives sovereign immunity generally nor entitles BFL to fees.

The EAJA provides that in limited circumstances, the United States can be liable for certain fees and expenses incurred in civil actions brought by or against the government. In particular, Section 2412(a)(1) provides for "a judgment for costs, as enumerated in section 1920 of this title." 28 U.S.C. § 2412(a)(1). Section 1920, in turn, lists six categories of costs.[2]

---

[1] BFL's argument that exhaustion of administrative remedies is not required (DE 278 at 10-11) is wrong. As discussed more fully in the FTC's Suggestions (DE 273 at 14-15) and contrary to BFL's arguments otherwise, BFL's counterclaims are not compulsory.

[2] The categories are: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers; (5) docket fees; (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

3

Case 4:14-cv-00815-BCW   Document 291   Filed 04/13/15   Page 3 of 12

Section 2412(b) provides that a court may award "reasonable fees and expenses of attorneys" to a prevailing party "to the same extent that any other party would be liable under common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). Because the EAJA "amounts to a partial waiver of sovereign immunity," it "must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991). It may not be "enlarge[d] beyond what the language requires." *Ruckelhaus v. Sierra Club*, 463 U.S. 685-86 (1983) (citations omitted).

The EAJA is not a general waiver of sovereign immunity. By its express terms, the statute is limited to certain costs, expenses, and fees – it does not address liability of the government for tort or general damages claims such as BFL's wrongful injunction claim. Thus, even if BFL were continuing to press its wrongful injunction claim, the EAJA does not give the Court jurisdiction over it. *See FTC v. Apply Knowledge, LLC*, No. 2:14-cv-00088, slip op. at 3 (D. Utah April 9, 2015) (the EAJA does not provide a waiver of sovereign immunity for money damages based on allegations of malicious prosecution or wrongful use of civil proceedings) (attached as Exhibit 1).

Moreover, the EAJA does not permit the recovery of receivership costs and attorneys' fees via a counterclaim or an opposition to a motion to dismiss. The statute specifies that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). If BFL seeks such an award, it must file an appropriate application after final judgment.

BFL's EAJA claim is wrong in any event. First, the EAJA does not permit recovery of receivership costs. Section 2412(a) of the EAJA permits recovery only of those costs

4

specifically enumerated in Section 1920 (*see* n.2 *supra*), and receivership costs are not one of them. Thus, there is no waiver of sovereign immunity for the costs of a receiver. For that reason, courts have rejected assessing receivership costs against the government. *See, e.g., SEC v. Indep. Drilling Corp.*, 595 F. 2d 1006, 1008 (5th Cir. 1979); *CFTC v. Convest Trading Corp.*, 481 F. Supp. 438, 442 (D. Mass. 1979). Courts similarly have rejected assessment of other costs not expressly enumerated in Section 1920. *See, e.g., FTC v. Kuykendall,* 466 F.3d 1149, 1153-56 (10th Cir. 2006) (cost to obtain letter of credit as a condition for stay not covered by EAJA). BFL's contrary position would write the phrase "as enumerated in section 1920" out of the statute.[3]

Second, Section 2412(b) also does not provide the requisite waiver of sovereign immunity. That provision allows a court to award "reasonable fees and expenses of attorneys" against the United States "to the same extent that any other party would be liable under the common law." The provision effectively codifies the "American rule," under which each party pays its own costs, including attorneys' fees, unless one party has acted in bad faith. *See*, *e.g.*, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Therefore, the government may be liable for attorneys' fees only if it acted in bad faith, which can be found

---

[3] The cases relied upon by BFL do not support its cause. *Little Earth of the United Tribes, Inc. v. Dep't of Housing & Urban Dev.*, 807 F.2d 1433, 1442 (8th Cir. 1986), did not involve the EAJA at all, but concerned a district court's equitable authority under the National Housing Act. The court did not address sovereign immunity. Moreover, *Little Earth* was decided before *Ardestani*, which instructed that EAJA claims against the United States are precluded unless "unequivocally expressed" in the statute. 502 U.S. at 137. Both *CFTC v. Frankwell Bullion Ltd.*, 99 F.3d 299, 304-07 (9th Cir. 1996) and *Dir. Of Office of Thrift Supervision v. Lopez*, 141 F.R.D. 165, 167 (S.D. Fla. 1992), rely heavily on a Ninth Circuit decision (*Nat'l Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536 (9th Cir. 1987)) that predates *Ardestani*; those decisions are not consistent with the controlling Supreme Court precedent. Finally, *United States v. Guess*, 2005 WL 1819382, at *7 (S.D. Cal. June 28, 2005), did not involve an assertion of sovereign immunity by the government and relied upon *Frankwell Bullion* which (as described above) is inapplicable.

5

"only in exceptional cases and for dominating reasons of justice," such as where the government's conduct was "vexatious, wanton or oppressive." *SEC v. Zahareas*, 374 F.3d 624, 627, 630 (8th Cir. 2004). BFL has failed to establish that the FTC pursued this action in bad faith. "The mere fact that a party did not prevail . . . does not necessarily imply that its conduct was improper." *FDIC v. Schuchman*, 319 F.3d 1247, 1252 (10th Cir. 2003). Further, BFL's bald assertion that it may recover against the government any fees it could recover against a private party under Fed. R. Civ. P. 65(c) (DE 278 at 6-7) is flatly wrong. The United States and its agencies are expressly exempt from Rule 65.[4]

BFL's EAJA claims are separately barred because BFL is not a "prevailing party" under Sections 2412(a) and 2412(b). BFL claims that it is a "prevailing party" because the Court denied the preliminary injunction. (DE 278 at 7-9.) That is incorrect.

Payment of fees may be permitted "only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the 'substantial rights of the parties.'" *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). However, "it is apparent that a preliminary injunction that grants only temporary relief pendente lite is not, without more, a judicially sanctioned *material* alteration of the parties' legal relationship within the meaning of *Buckhannon*." *N. Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1086 (8th Cir. 2006).[5] BFL fails to show that the denial of the FTC's

---

[4] Because the EAJA does not give the Court jurisdiction over BFL's wrongful injunction claim, BFL's assertion that it is entitled to attorneys' fee amounts at most to a (premature) application for fees. The factual allegations in such an application are not presumed to be true, but must be proved.

[5] "It is of course literally true that every preliminary injunction effects some judicially sanctioned change in the parties' legal relationship. If that were all *Buckhannon* requires, then every recipient of a preliminary injunction becomes a prevailing party," *N. Cheyenne Tribe*, 433 F.3d at 1085, and "every denial of a preliminary injunction would similarly make each defendant a prevailing party." *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1217 (10th Cir. 2010). "The

6

preliminary injunction motion constituted the requisite determination of the "substantial rights of the parties" required by *Buckhannon* since it simply reverted the parties back to the status quo that existed when the case was filed, and there has been no final determination on the merits of any of the claims.

**IV. BFL's Defamation Claim Is Not Salvaged By The "Stigma Plus" Doctrine**

As BFL concedes (DE 278 at 9), the FTCA expressly bars claims "arising out of" "libel" and "slander." 28 U.S.C. § 2680(h); *see Moessmer v. United States*, 760 F.3d 236, 237-38 (8th Cir. 1985). And because any waiver of sovereign immunity must be strictly construed in favor of the government, BFL cannot plead around this exception with vague references to the Fifth or Fourteenth Amendments. *See, e.g., Ecco Plains*, 728 F.3d at 1195 (courts "must . . . look beyond the literal meaning of the [claim] language to ascertain the real cause of complaint").

BFL nevertheless asserts that its defamation claim against the FTC survives under the so-called "stigma-plus" or "defamation-plus" doctrine. (DE 278 at 9.) Its argument is meritless.

In *Paul v. Davis*, 424 U.S. 693, 708-10 (1976), the Supreme Court held that defamation by a state actor could amount to a constitutional violation only if it is accompanied by an alteration of legal status as a matter of state law (the "plus" factor). But *Paul* did not involve a claim against the United States, a waiver of sovereign immunity, or the FTCA. Rather, it involved a Section 1983 action against a state official. And Section 1983 claims cannot be asserted against the Federal government or its officials. *Williams v. Rogers*, 449 F.2d 513, 517 (8th Cir. 1971). Other courts have extended the stigma-plus doctrine to actions against Federal officers that are brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See,*

---

injunction standard of probable success on the merits is not equivalent to actual success on the merits[,]" therefore, "a party's claim to have succeeded at the preliminary injunction stage does not necessarily transform a party into a prevailing party." *Id.*

7

Case 4:14-cv-00815-BCW   Document 291   Filed 04/13/15   Page 7 of 12

*e.g., Boyd v. Angelica Textile Servs.*, 2012 U.S. Dist. LEXIS 90831 (D.S.C. May 18, 2012). But *Bivens* actions cannot be brought against the United States or its agencies, only its officers. *FDIC v. Meyer*, 510 U.S. 471, 473 (1994); *Sinclair v. Hawke*, 314 F.3d 934, 940 (8th Cir. 2003). Thus, the "stigma-plus" doctrine does not override the express exception in the FTCA for defamation claims against the United States or its agencies. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (defamation claim cannot be brought against the United States because of Section 2680(h) exception); *Washington v. DEA*, 183 F.3d 868, 873 (8th Cir. 1999) (constitutional tort claims can only be brought under *Bivens* not the FTCA); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (no waiver of sovereign immunity for constitutional tort claims against the United States). BFL cites no case to the contrary.[6]

Further, even if the "stigma-plus" doctrine did apply to federal agencies, BFL utterly fails to allege the "plus" – the requisite alteration of its legal status that arose from the allegedly defamatory press release. The only injury it alleged beyond reputational injury resulted from the allegedly wrongful entry of the TRO, not the issuance of the press release. (*See* DE 227 ¶¶60, 66, 68-69, 80, 84, 85.) Any ordinary "deleterious effects" that simply flowed from its allegedly sullied reputation due to the press release do not constitute the requisite additional state-imposed burden. *Sadallah*, 383 F.3d at 38.

---

[6] No case cited by BFL supports its theory. *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004), and *LaForgia v. Davis*, 2004 U.S. Dist. LEXIS 25143 (S.D.N.Y. Dec. 14, 2004), involved Section 1983 actions against a city and its mayor. *Bertuglia v. City of New York*, 839 F. Supp. 2d 703 (S.D.N.Y. 2012), similarly involved a Section 1983 action against the city, the New York Port Authority, and its employees. *Spinale v. U.S. Dep't of Agriculture*, 621 F. Supp. 2d 112 (S.D.N.Y. 2009), involved a case against a federal agency. The court dismissed the plaintiffs' claims, but noted in *dictum* that *Sadallah* allowed plaintiffs, in limited circumstances, to seek relief for government defamation under federal constitutional law. *Id.* at 118. That dictum is plainly wrong both because *Sadallah* did not involve the federal government and because it did not acknowledge the directly contrary command of the FTCA. The FTC is unaware of any other court permitting a "stigma-plus" claim against the United States or a federal agency.

## V. BFL Has Not Pleaded A Contract Claim Over Which The Court Of Federal Claims Has Jurisdiction Under The Tucker Act

As a last-ditch effort to salvage its counterclaims, BFL asks the Court to transfer its wrongful injunction claim to the Court of Federal Claims under 28 U.S.C. § 1631. That statute allows a court that lacks jurisdiction over a matter to transfer it to a court "in which the action … could have been brought." *Id*. Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over claims that exceed $10,000 in money damages and that are founded on "express or implied contract[s] with the United States." 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 215-17 (1983). That court does not have jurisdiction over contracts implied-in-law. *Hercules, Inc. v. United States*, 516 U.S. 417, 423-24 (1996).

Despite the allegations of intentionally tortious conduct in the counterclaim, BFL now argues that its wrongful injunction claim sounds in contract, and asks the Court to transfer its wrongful injunction claim to the Court of Federal Claims. (DE 278 at 11-13.) This Court may order such a transfer only if it determines that the Court of Federal Claims would have subject matter jurisdiction over the wrongful injunction claim. 28 U.S.C. § 1631; *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).

The Court of Federal Claims would not have jurisdiction over the wrongful injunction claim because it is a tort claim. 28 U.S.C. § 1491(a)(1). The counterclaim alleges that the FTC acted with "animus" and with an "improper purpose" when it filed its TRO motion. (DE 227 at ¶¶ 51, 52, 54, 57, 76, 78, 79.) These are allegations of intentionally tortious conduct not contract claims. *See Apply Knowledge*, slip op. at 2 (wrongful injunction claim does not sound in contract). The Court of Federal Claims lacks jurisdiction over such claims. 28 U.S.C. § 1491(a)(1).

9

Indeed, BFL's counterclaim does not plead a single fact that supports the existence of any type of contract, express or implied in fact. It alleges no written or oral agreement nor any conduct or tacit understandings showing a meeting of the minds. Instead, BFL appears to argue that by securing a TRO without posting a bond, the Court should impute the existence of a contract under equitable principles by which the FTC would indemnify BFL from any harm resulting from the TRO. But that is the very definition of a contract implied-in-law, and the Tucker Act grants the Court of Federal Claims no jurisdiction over contracts implied-in-law. BFL cites no authority for the proposition that an application for a TRO that is subsequently dissolved upon denial of a preliminary injunction constitutes a contract implied-in-fact for which the Tucker Act applies.[7] Thus, there is no valid ground to transfer this action, or any part of it, to the Court of Federal Claims under 28 U.S.C. § 1631.

## VI. Conclusion

Accordingly, for the reasons set forth herein and in the FTC's Suggestions, the Court should grant the FTC's motion and, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), dismiss with prejudice both of BF Labs' counterclaims.

---

[7] A contract implied-in-fact must be "founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties, showing, in the light of the surrounding circumstances, their tacit understanding" and, for contracts with the United States, "requires an authorized agent of the Government." *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997). A contract implied-in-law "is a 'fiction of law' where 'a promise is imputed to perform a legal duty, as to repay money obtained by fraud or duress.'" *Hercules*, 516 U.S. at 424 (citations omitted). The out-of-circuit cases cited by BFL either involved non-federal parties or applied state law not relevant here. And none of them involved the Tucker Act or whether an action for a TRO that is later dissolved upon denial of a preliminary injunction constitutes a contract implied-in-fact, rather than a contract implied-in-law. *Compare Hercules*, 516 U.S. at 424, *with Kansas ex rel. Stephan v. Adams*, 705 F.2d 1267, 1269-70 (10th Cir. 1983) ("a court, in considering the matter of damages, must exercise its equity power and must effect justice between the parties, avoiding an inequitable result").

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated:  April 13, 2015  */s/ Gregory A. Ashe*
Helen Wong, DC Bar #997800
Leah Frazier, DC Bar #492540
Gregory A. Ashe, VA Bar #39131
Jason M. Adler, IL Bar #6295738
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
202-326-3231 (Adler)
Facsimile: 202-326-3768
hwong@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov
jadler@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: April 13, 2015  */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
Telephone: (816) 426-3130
Facsimile:  (816) 426-3165
E-mail:  charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on April 13, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

              */s/ Gregory A. Ashe*
              Attorney for Plaintiff – Counterclaim Defendant
              Federal Trade Commission