IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br> vs. <br><br> **Apply Knowledge, LLC, et al.**, <br><br> Defendants. | Case No. 2:14-cv-00088 (DB) <br><br> ORDER GRANTING PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO DISMISS THE SONNENBERG COMPANIES' COUNTERCLAIM |

This matter comes before the Court on the Federal Trade Commission's Motion to Dismiss the Counterclaim of defendants Apply Knowledge, LLC, eVertex Solutions, LLC, Supplier Source, LLC, Kenneth Sonnenberg, and Babata Sonnenberg (collectively the "Sonnenberg Companies") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). [DE 146]. In their Counterclaim, the Sonnenberg Companies seek money damages from the FTC, alleging claims for wrongful injunction and intentional interference with contractual or business relations. On July 11, 2014, the Sonnenberg Companies voluntarily dismissed their claim for intentional interference with contractual or business relations. [DE 178 at ii n.1]. The parties fully briefed the Motion, and on January 30, 2015, the Court heard oral argument on the Sonnenberg Companies' remaining claim for wrongful injunction.

The FTC asserts that the Sonnenberg Companies' claim for wrongful injunction alleges an intentional tort over which this Court lacks jurisdiction based on sovereign immunity. The United States and its agencies may not be sued without congressional consent. Although the United States has waived its sovereign immunity for certain types of tort claims under the

Federal Tort Claims Act ("FTCA"), it has not done so for intentional torts, except in limited circumstances not applicable to this matter. 28 U.S.C. §§ 1346(b)(1) and 2680(h).

The Sonnenberg Companies assert that sovereign immunity does not bar their wrongful injunction claim because Congress waived the United States' sovereign immunity for such claims through the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(b) and (d)(1)(A), and Rule 65(c) of the Federal Rules of Civil Procedure and because their wrongful injunction claim sounds in contract rather than in tort.

Based on the legal arguments that the parties have presented to the Court in their respective memoranda of law and during oral argument, the Court, being fully advised, hereby finds as follows:

1. The FTC is an agency of the United States;

2. Sovereign immunity prohibits the assessment of damages, fees, or costs against the United States or its agencies without congressional consent;

3. If a claim is barred by sovereign immunity, the Court lacks jurisdiction over it;

4. Congress alone has the power to waive sovereign immunity and such waivers must be unequivocally expressed and strictly construed in favor of the United States;

5. The Sonnenberg Companies' wrongful injunction claim against the FTC does not sound in contract; it sounds in tort, resembling a claim for malicious prosecution or wrongful use of civil proceedings;

6. "The FTCA provides the exclusive avenue to bring a tort claim against the United States, notwithstanding other statutes that permit the government to be sued. . . ." *In re: Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004);

7. Through the FTCA, Congress has waived the United States' sovereign immunity from claims "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 1346(b)(1);

8. Congress has not waived through the FTCA the United States' sovereign immunity from claims for money damages based on allegations of malicious prosecution or wrongful use of civil proceedings, regardless of whether such claims are labeled wrongful injunction claims or otherwise. 28 U.S.C. § 2680(h);

9. The EAJA and Rule 65(c), whether read separately or in combination, are not express and unequivocal congressional waivers of the United States' sovereign immunity from claims for money damages based on allegations of malicious prosecution or wrongful use of civil proceedings.  28 U.S.C. § 2412 (b) and (d)(1)(A) and Fed. R. Civ. P. 65;

10. Accordingly, based on the United States' sovereign immunity, this Court has no jurisdiction over the Sonnenberg Companies' counterclaim for wrongful injunction; and

11. Nothing in this ruling, however, prevents the Sonnenberg Companies from bringing a claim against the FTC in the Court of Federal Claims under the Tucker Act.  The Court expresses no opinion on the viability of any such claim.

It is therefore ORDERED that:

12. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the FTC's Motion is GRANTED and the Sonnenberg Companies' wrongful injunction claim is DISMISSED without prejudice.

Dated this 9th day of April 2015.

BY THE COURT:

Dee Benson
United States District Judge