UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BF LABS, INC., et al.<br><br>    Defendants. | CASE NO. 4:14-cv-00815-BCW<br><br>PLAINTIFF'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT |

The Federal Trade Commission ("FTC") respectfully submits its brief in response to Defendants BF Labs, Inc., Sonny Vleisides, and Darla Drake's (collectively, "Defendants") opposition (DE #279) to the FTC's motion for leave to file an amended complaint (DE #274). Defendants' argument that the FTC's proposed amendment to Count I is futile merely repeats arguments the Court rejected in denying Defendants' Motion to Dismiss. Defendants' arguments with respect to the proposed Counts II and III consist solely of the conclusory statements that the FTC has not alleged sufficient facts to support its claims. As explained below, the amended complaint sets forth factual allegations that form a basis for the relief sought, and the motion to amend should be granted.

I. **The FTC's Amended Complaint States Claims for Violations of the FTC Act and is not Futile**

The Eighth Circuit has held that denying a motion to amend a complaint as futile is appropriate only when the proposed complaint could not survive a motion to dismiss. *See, e.g., In re Senior Cottages of Am., LLC,* 482 F.3d 997, 1001 (8th Cir. 2007). Leave to amend based

on futility should be denied "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. Spaulding*, 467 U.S. 69, 73 (1984).

### A. The Complaint Properly Alleges in Count I That Defendants Made False, Misleading, or Unsubstantiated Representations about Profitability and Delivery

Instead of addressing the FTC's proposed amendment to Count I—that Defendants' delivery date and yield claims were unsubstantiated—Defendants raise arguments that the Court previously rejected in denying their motion to dismiss. Count I of the FTC's original complaint alleged that Defendants violated Section 5 of the FTC Act by misrepresenting that consumers would be able to use Defendants' Bitcoin mining machines and services to generate a profitable or substantial number of Bitcoins and that Defendants would provide these machines or services in a timely fashion. The FTC's proposed amended complaint further alleges that these representations were unsubstantiated (Motion to Amend Complaint and Proposed Amended Complaint, DE #274). Unsubstantiated representations of material fact violate Section 5 of the FTC Act. *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 959 (N.D. Ill. 2006).

The proposed amended complaint alleges facts that support its claim for deception based on a representation lacking substantiation. To allege a violation of Section 5 of the FTC Act based on lack of substantiation, the FTC must allege: (1) a representation, (2) that the representation was made without a reasonable basis, and (3) that the representation is material. *Id*. Here, the proposed amended complaint alleges (1) that Defendants made representations about the profitability and delivery dates of their machines and services (FTC Am. Comp. at ¶¶ 27-41); (2) that these representations were made without a reasonable basis (*see, e.g., id.* (Defendants continued to make representations despite ongoing non-delivery and internal

2

admissions that promised timeline could not be met)); and (3) the representations were material (*see, e.g., id.* at ¶¶ 35-38 (explaining that delay in delivery Bitcoin mining machines would affect the number of Bitcoins consumers are able to mine).

Defendants do not address the allegations that their claims are unsubstantiated at all, and instead only argue—as they argued in their motion to dismiss (Def. Motion to Dismiss, DE # 81)—that their representations are not material as a matter of law (Opp. to Mot. to Amend at 2-3, DE # 279). The Court has already rejected this argument (Order denying MTD at 3, DE # 219). As the Court explained, the FTC's allegation that many consumers complained about late delivery "plausibly suggests that consumers likely would not have purchased Defendants' products or services" had they known that Defendants would provide them "after substantial delays that would render the Bitcoin mining machine or service unprofitable" (*Id.*). The proposed amended Count I alleges the same representations and alleges that those representations were material to consumers for the same reasons this Court previously recognized as sufficient. Defendants' futility argument fails.

### B. The Complaint Properly Alleges in Count II that Defendants Deceptively Failed to Disclose Use of the Machines For Their Own Profit

Contrary to Defendants' assertion, the FTC's allegations pertaining to Count II are not "legal conclusions" or "threadbare recitations of the elements of a cause of action" (Def. Opp. to Motion to Amend at 5, DE # 279). Count II alleges that Defendants' failure to disclose that they used the Bitcoin mining machines to mine Bitcoins, in light of Defendants' representation that they manufacture and sell the machines for consumers to mine Bitcoins for themselves, is a deceptive act or practice in violation of Section 5(a) of the FTC Act.

The proposed amended complaint sets forth the facts in support of each element of Count II. To state its claim, the FTC must allege that: (1) a representation, omission, or other practice

3

occurred, (2) the representation, omission, or practice is likely to mislead consumers acting reasonably under the circumstances, and (3) the representation, omission, or other practice is material. *See FTC v. Real Wealth, Inc.*, 2011 WL 1930401 at \*3 (W.D. Mo. May 2011). First, the proposed amended complaint alleges that Defendants represented that they manufacture and sell machines for consumers to use to mine Bitcoins, but failed to disclose that they used the machines to mine for Bitcoins for their own profit before delivering them (FTC Am. Comp. at ¶¶ 42-45). Second, it alleges Defendants' nondisclosure was likely to mislead reasonable consumers, and that Defendants even explicitly told consumers that Defendants were not using the machines (FTC Am. Comp. at ¶¶ 42-45). *See Peacock Buick*, 86 F.T.C. 1532 (1975), *aff'd*, 553 F.2d 97 (4th Cir. 1977) (finding consumers were likely to assume that cars had "not previously been used in a way that might substantially impair [their] value" and that "failure to disclose a disfavored prior use may tend to mislead"). Third, it alleges that the omitted information is material because using the machines to mine for Bitcoins decreases the number of overall Bitcoins for consumers to mine and can increase the complexity of the computational puzzle the machines must solve to mine additional Bitcoins (FTC Am. Comp. at ¶¶ 15–21, 42-45). This information is likely to affect consumers' conduct or choices concerning the product—if consumers had known that Defendants would use the machines first to mine Bitcoins for themselves, many may not have purchased them. *See Federal Trade Commission Policy Statement on Deception*, appended to *Cliffdale Associates, Inc.*, 103 F.T.C. 174, 182–183 (omitted information that relates to a "central characteristic" of the product—performance—should be presumed material).

### C. The Complaint Properly Alleges in Count III that Defendants Engaged in the Unfair Practice of Failing to Provide Machines and Services as Promised Yet Refusing to Provide Prompt Refunds

Defendants' argument that the FTC's allegations in support of Count III are "legal conclusions" or "threadbare recitations of the elements of a cause of action" is similarly incorrect (Def. Opp. to Motion to Amend at 5). Count III of the amended complaint alleges that Defendants' practice of failing to provide paid-for machines or services as promised and refusing to refund or refund promptly consumers' upfront payments is an unfair act or practice in violation of Section 5(a) of the FTC Act.

The proposed amended complaint alleges facts that support each element of the unfairness claim. To state its claim, the FTC must allege (1) that the injury was substantial; (2) that it is not reasonably avoidable; and (3) that the costs to consumers and competition are not outweighed by offsetting benefits. *Federal Trade Commission Policy Statement on Unfairness*, appended to *Int'l Harvester Co.*, 104 F.T.C. 949, 1070 (1984).

First, the proposed amended complaint alleges that Defendants' practices cause substantial injury to consumers. It alleges that thousands of consumers have been unable to obtain refunds for undelivered, damaged, or worthless machines, or for services that were never performed or not performed as promised (FTC Am. Comp. at ¶¶ 46-49). *See FTC v. Neovi, Inc.*, 604 F.3d 1150, 1157 (9th Cir. 2010), *amended*, 2010 WL 2365956 (9th Cir. June 15, 2010) (internal quotation marks omitted) ("[a]n act or practice can cause substantial injury by doing a small harm to a large number of people, or if it raises a significant risk of concrete harm.").

Second, the proposed amended complaint alleges that this injury is not reasonably avoidable. An injury is not reasonably avoidable unless consumers could have made a "free and informed choice" to avoid the harm. *Neovi*, 604 F.3d at 1158. The proposed amended complaint

5

alleges that Defendants accepted consumers' payments for a product or service and then later revealed that they would not provide the product or service for which consumers had paid (FTC Am. Comp. at ¶ 47). Consumers therefore did not have a free and informed choice to avoid the harm because they could not foresee that Defendants would fail to deliver the machines or provide the services as promised and nonetheless refuse to return or return promptly consumers' payments. *Cf. In re Orkin Exterminating Co.*, 108 F.T.C. 263, 321, *aff'd*, 849 F.2d 1354 (11th Cir. 1988) ("Since Orkin's consumers could not have foreseen that Orkin would increase the annual renewal fee at some future date, they could not have reasonably avoided the injury.").

Finally, the proposed amended complaint alleges that the costs to consumers and competition are not outweighed by offsetting benefits. It alleges that many consumers are out thousands of dollars for machines Defendants never delivered or delivered substantially later than promised. Non-delivery and late delivery imposed substantial costs on consumers without any accompanying benefits to consumers or competition. *See FTC v. Windward Marketing, Ltd.,* No. 1:96-cv-615, 1997 WL 33642380, at *11 (N.D. Ga. Sept. 20, 1997) (finding unfairness violation where practice did not "create a mixture of both beneficial and adverse consequences").

6

Case 4:14-cv-00815-BCW   Document 292   Filed 04/16/15   Page 6 of 8

**II. Conclusion**

For the reasons set forth herein and in the FTC's opening brief, this Court should grant the FTC's motion to amend its complaint.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: April 16, 2015         */s/ Leah Frazier*
Helen Wong, DC Bar # 997800
Leah Frazier, DC Bar# 492540
Gregory A. Ashe, VA Bar #39131
Jason Adler, IL Bar # 6295738
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Stop CC-10232
Washington, D.C. 20580
202-326-3779 (Wong)
202-326-2187 (Frazier)
202-326-3719 (Ashe)
202-326-3231 (Adler)
Facsimile: 202-326-3768
hwong@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov
jadler@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: April 16, 2015          */s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO  64106
Telephone: (816) 426-3130
Facsimile:  (816) 426-3165
E-mail:  charles.thomas@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 16, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Leah Frazier*
Attorney for Plaintiff Federal Trade Commission

8

Case 4:14-cv-00815-BCW   Document 292   Filed 04/16/15   Page 8 of 8