# EXHIBIT A

50237858.1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-0815-W-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

DEFENDANT/COUNTERCLAIM PLAINTIFF BF LABS INC.'S SUR-REPLY
IN OPPOSITION TO THE FTC'S MOTION
TO DISMISS DEFENDANTS' COUNTERCLAIMS

## I. INTRODUCTION

In the Federal Trade Commission's Reply Suggestions in Support of its Motion to Dismiss Defendants' Counterclaims, the FTC claims that "courts have rejected assessing receivership costs against the government." Doc. 291, p. 5. This statement disregards the present state of the law analyzing the Equal Access to Justice Act (the "EAJA") and ignores that federal courts are responding to the FTC's recent practice of hastily obtaining TROs by reducing receivership fees and holding the FTC accountable for the unnecessary costs it imposes on the businesses it targets. Because any theory of recovery pleaded in BF Labs' counterclaim is sufficient to defeat the FTC's Motion, that Motion fails.

## II. ARGUMENT

The FTC's Reply Suggestions erroneously state the law analyzing the EAJA. The FTC claims that receivership costs may not be assessed under 28 U.S.C. § 2412(a)(1), because those costs are not expressly listed under 28 U.S.C. § 1920. *See* Doc. 291 at 3–4. Section 2412(a)(1)'s language, however, "is not exclusive. Moreover, the legislative history indicates that the purpose

50237858.1

of section 2412(a) is to cause the United States to pay all costs that could be assessed an ordinary citizen." *National Organization for Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 545–46 (9th Cir. 1987). Such costs "need not be authorized by § 1920 . . . ." *Commodity Futures Trading Com'n v. Frankwell Bullion Ltd.*, 99 F.3d 299, 305–06 (9th Cir. 1996). *See also Little Earth of the United Tribes, Inc. v. Dept. of Housing and Urban Development*, 807 F.2d 1433, 1442 (8th Cir. 1986); *United States v. Guess*, No. 04CV2184, 2005 WL 1819382, *7 (S.D. Cal. June 28, 2005); *Dir. Of Office of Thrift Supervision v. Lopez*, 141 F.R.D. 165, 167 (S.D. Fla. 1992).

The FTC attempts to refute the federal courts' general consensus that receivership costs are awardable against the United States, citing *Ardestani v. INS*, 502 U.S.129, 137 (1991), which holds that the EAJA "must be strictly construed in favor of the United States." *See* Doc. 291 at 4. *Ardestani* did not address receivership costs at all. Since *Ardestani*, federal courts of appeal have continued to hold that receivership costs are assessable against the United States. *See*, *e.g.*, *Frankwell Bullion*, 99 F.3d at 305–06. Even if some of these cases have not applied specifically the EAJA, they prohibit dismissal of BF Labs' counterclaims in this case because claims "should not be dismissed merely because a [party's] allegations do not support the legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848–49 (8th Cir. 2014) (*quoting Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). The FTC's Motion to Dismiss therefore fails.

The FTC also mischaracterizes the District of Utah's recent ruling in a factually similar case, *FTC v. Apply Knowledge, LLC*, No. 2:14-cv-00088 (D. Utah April 9, 2015). The FTC summarily concludes that *Apply Knowledge* holds that "the EAJA does not give the Court jurisdiction over it." *Apply Knowledge*, slip op., p. 3. The court in *Apply Knowledge* expressed

2

50237858.1

Case 4:14-cv-00815-BCW   Document 293-1   Filed 04/17/15   Page 3 of 7

concern that the receiver in that case, just as is alleged in this case, had set rates unreasonably high and had performed duplicative work in order to drive up the fees to which it was entitled. *See* Hr'g Tr. at 45–46.[1] More importantly, the court expressed concern "that the F.T.C. was the reason for the overreaching," as well as regret that the court "was persuaded by the F.T.C. that these defendants were of that nature, that if I didn't do this ex parte that the money would be gone and the culprits would be mostly gone." *Id*. at 46, 48. For that reason, the court stated that "if I can find a way to require the Federal Trade Commission to pay these receivership fees, I will." *Id* at 49.

> I think they should pay them. They recommended the receiver. They persuaded me that this T.R.O. was proper. They should have to pay these fees if it is legally allowed. I have a case from Florida and I have a case from the Ninth Circuit that gives me some indication that a federal agency, such as the F.T.C., may be held responsible for the payment of those fees where the Court makes a finding that there was no real benefit to the receivership estate, which I can't find here, any benefit to the ongoing businesses that they took over.

*Id*. at 49–50. The court in *Apply Knowledge* was burdened by Tenth Circuit case law much more difficult to overcome than the law applicable in this Court. *Compare*, *e.g.*, *FTC v. Kuykendall*, 466 F.3d 1149, 1153–56 (10th Cir. 2006) (rejecting under the EAJA the award of costs associated with obtaining a letter of credit as a condition for stay) *with Frankwell Bullion*, 99 F.3d at 306 (noting that the Eighth Circuit has agreed "that a district court has discretion to award receivership costs against the United States"). This Court therefore may award receivership costs consistent with long-standing federal precedent and recent responses to the FTC's practice of obtaining *ex parte* TROs without presenting all material facts to the Court, as happened in this case. The FTC's Motion to Dismiss therefore fails.

---

[1] The transcript of the District of Utah's January 30, 2015 Motion Hearing in *Apply Knowledge*, abbreviated herein as "Hr'g Tr.," is attached hereto as **Exhibit A-1**.

### III. CONCLUSION

This Court should deny the FTC's Motion to Dismiss Defendants' Counterclaims. Federal courts have made clear that receivership costs are recoverable against the United States and its agencies under the EAJA and elsewhere. The FTC overlooks the present state of the law on this issue, and attempts to impose the Tenth Circuit's more restrictive analysis when other federal courts of appeal, including the Eighth Circuit, have disagreed. Because any viable theory of recovery is sufficient to bar dismissal, the FTC's Motion fails.

Respectfully submitted,

/s/ Mark A. Olthoff

| | |
|---|---|
| Mark A. Olthoff | MO # 38575 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
motlhoff@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry     MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendant/Counterclaim Plaintiff
BF Labs Inc.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 17th day of April, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                              /s/ Mark A. Olthoff
                                              Attorney for Defendant/Counterclaim Plaintiff
                                              BF Labs Inc.

# EXHIBIT A-1

50237858.1