**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-00815-BCW |
| | ) | |
| BF LABS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Before the Court is the parties' Stipulated Motion for Entry of Protective Order (Doc.
#294). After reviewing the premises of the motion, the record, and the applicable law, the Court
finds, with a few exceptions, that good cause exists for entry of the proposed protective order.

The first exception generally relates to the parties' stipulation concerning the filing of
designated information. The proposed protective order indicates that designated information
"shall only be filed with a motion to seal the material . . . ." A party seeking to file designated
information under seal should seek leave from the Court at least three business days before it
intends to file anything under seal. This timeline provides the Court sufficient time to review the
motion, determine whether the need to maintain the confidentiality of the designated information
outweighs the public's right of access to court filings,[1] and issue its ruling. The Court therefore
modifies Paragraph 10 of the proposed protective order.

The second exception relates to the parties' proposed procedure for resolving challenges
to designated information. Local Rule 37.1(a) provides that the Court will not entertain any
discovery motion until (1) the moving party has in good faith conferred or attempted to confer

___

[1] The Court cautions the parties that simply stating that the document is designated under the Protective
Order is unlikely to warrant filing under seal.

with opposing counsel, and (2) the Court has held a teleconference with the parties. The Court therefore modifies Paragraph 9 of the proposed protective order. Accordingly, the Court enters the following protective order:

1.    **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (collectively "documents"), are subject to this Protective Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Protective Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definition of Confidential Information.**  As used in this Protective Order, "Confidential Information" is defined as information that the producing party designates in good faith is information that contains (a) sensitive personal information, or (b) trade secret(s) or other confidential research, development, or commercial information.

3.    **Definition of "sensitive personal information."** As used in this Protective Order, "sensitive personal information" is defined as (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

**4.** For purposes of this Protective Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

**(a)** BF Labs customer information that contains "sensitive personal information";

**(b)** federal, state, and local tax returns of the parties, including all supporting schedules and documents;

**(c)** financial records, including financial statements, profit and loss reports, and other documents reflecting the income, expenses, and related sensitive financial information of the parties;

**(d)** documents containing trade secrets or other confidential, research, development, or commercial information;

**(e)** documents covered by contractual confidentiality provisions; and

**(f)** documents limited from disclosure by statute or court order.

If, upon review of documents or information called for in pending or future discovery, it becomes apparent that other categories of documents and information should be subject to a protective order, the parties will confer and seek an amendment to this Protective Order as appropriate.

Information or documents that are available to the public may not be designated as Confidential Information.

**5.** **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Protective Order by marking or placing the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

3

As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Protective Order.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within ten (10) business days after discovery of the inadvertent failure. Prior disclosure of material later designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" shall not constitute a violation of this Protective Order. However, if Confidential Information is disclosed prior to designation, the disclosing Party will cooperate with the designating Party to retrieve all materials so disclosed and otherwise take reasonable steps to mitigate the disclosure.

7. **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within twenty (20) business days after receipt of the deposition transcript. Prior to the expiration of the twenty (20) day period (or until a

designation is made by counsel, if such a designation is made in a shorter period of time), all deposition testimony shall be treated as Confidential Information. Such designation must be specific as to the portions of the transcript and any exhibits to be protected.

When documents or information disclosed during a deposition are designated as Confidential Information at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript as set forth above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents.

**8.      Protection of Confidential Information.**

**(a)      General  Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals. Provided, however, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose confidential material as provided by its Rules of Practice; Sections 6 and 21 of the Federal Trade Commission Act, 15 U.S.C. §§46(f) and 57b-2; or any other legal obligation imposed on the Commission.

**(b)      Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

**(i)**      The parties to this litigation,[2] including any employees, agents, and representatives of the parties;

**(ii)**      Counsel for the parties and employees and agents of counsel;

---

[2]   "[P]arties to this litigation" includes BF Labs Inc., Sonny Vleisides, Darla Drake, Nasser Ghoseiri, and the Federal Trade Commission.

**(iii)** The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

**(iv)** Court reporters, recorders, and videographers engaged for depositions;

**(v)** Any mediator appointed by the Court or jointly selected by the parties;

**(vi)** Any expert witness, outside consultant, or investigator retained in connection with this litigation, but only after such persons have completed the certification contained in Exhibit A, Acknowledgement and Agreement to be Bound, or that they agree in writing to abide by this Protective Order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

**(vii)** Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information might assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have agreed in writing to be bound by this Protective Order;

**(viii)** Any person who had prior access to the Confidential Information or participated in a communication that is the subject of the Confidential Information;

**(ix)** Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation who shall be provided a copy of this Protective Order; and

**(x)** Other persons only upon consent of the producing party and on such conditions as the parties may agree.

9. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Within ten (10) days of a written objection to the designation of Confidential Information, the designating party must move the Court to uphold the designation. Before filing any motion to uphold a confidential designation, the designating party must meet and confer in good faith to resolve the objection informally without judicial intervention and comply with the other provisions of Local Rule 37.1(a). The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Failure to seek timely an order upholding the designation terminates confidential treatment. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Protective Order.

10. **Filing of Confidential Information**. A party wanting to file Confidential Information shall seek leave to file the Confidential Information under seal. Before filing the motion to seal, the filing party and the designating party shall meet and confer to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal is warranted and the basis for sealing it.

11. **Use of Confidential Information at Trial or Hearing.** Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may

7

thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**12.** **Obligations on Conclusion of Litigation.**

**(a)** **Protective Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)** **Return of Confidential Information.** Within thirty (30) business days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, shall be destroyed or returned to the designating party, except that the FTC shall retain, return, or destroy Confidential Information in accordance with Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.

**13.** **Protections Extended to Third Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**14.** **Inadvertent Disclosure.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific

8

information or documents, the receiving party must return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege, work-product protection or both.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Protective Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

IT IS SO ORDERED.


DATED: <u>April 21, 2015</u>                    /s/ Brian C. Wimes
                                                JUDGE BRIAN C. WIMES
                                                UNITED STATES DISTRICT COURT