UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　Plaintiff – Counterclaim Defendant,<br><br>　　　v.<br><br>BF LABS, INC.,<br><br>　　　Defendant – Counterclaim Plaintiff. | CASE NO. 4:14-cv-00815-BCW |

**FTC'S SUGGESTIONS IN OPPOSITION TO DEFENDANT BF LABS INC.'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO THE FTC'S MOTION TO DISMISS BF LABS INC.'S COUNTERCLAIMS AND SUGGESTIONS IN OPPOSITION TO SURREPLY**

The Federal Trade Commission ("FTC") respectfully opposes Defendant-Counterclaim Plaintiff BF Labs, Inc.'s (BF Labs) motion for leave to file a surreply in opposition to the FTC's motion to dismiss counterclaims. (DE 293.) Surreplies are not favored in this district and there was no new argument raised in the FTC's reply brief that would justify a surreply in any event. If the court does grant leave and permit the filing of the surreply, the FTC respectfully requests the court consider the FTC's suggestions in opposition to the surreply and grant the FTC's motion to dismiss the counterclaims.

**I.　　The Court Should Deny BF Labs' Motion Because There Is No Right To File A Surreply In This District And It Fails To Meet The Strict Standards For Filing A Surreply**

Neither the Federal Rules of Civil Procedure nor the Local Rules in this district authorize the filing of surreplies. In fact, the Local Rules expressly permit only three pleadings when ruling on a motion: the motion and its supporting suggestions, opposing suggestions, and reply suggestions. L.R. 7.0(b), (c), (d), and (e). The filing of surreplies is disfavored because "[t]o

1

allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Northeast Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999). The decision to permit the filing of a surreply is wholly within the court's discretion and should be permitted only in very limited circumstances, such as when the movant raises new arguments in a reply brief. *Meraz-Camacho v. United States*, 417 Fed. Appx. 558, 559 (7th Cir. 2011); *Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1268-69 (10th Cir. 2007); *Koch v. County of Franklin*, 2010 U.S. Dist. LEXIS 57367, at *9 (S.D. Ohio June 10, 2010); *Franek v. Walmart Stores, Inc.*, 2009 U.S. Dist. LEXIS 20361, at *60 n.14 (N.D. Ill. Mar. 13, 2009); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003); *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001); *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001). Thus, courts routinely deny motions to file a surreply "'when the movant has had the opportunity to thoroughly brief the issues' and '[e]ach brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it.'" *In Re: Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, 2015 U.S. Dist. LEXIS 20408, at *47 (N.D. Ill. Feb. 20, 2015); *Phillips v. Nlyte Software Ams. Ltd.*, 2015 U.S. Dist. LEXIS 15405, at *30 (D. Md. Feb. 9, 2015) (striking plaintiff's surreply that **"**seeks once more merely to contest the basis for Defendant's motion for summary judgment and reiterates arguments he already made in his opposition brief"); *Hill v. England*, 2005 U.S. Dist. LEXIS 29357, at *3 (E.D. Cal. Nov. 8, 2005) (striking surreply where it "is merely posing the same or additional arguments in opposition to the motion to dismiss").

      Here, BF Labs does not assert it is addressing new issues raised by the FTC on reply. Instead, BF Labs simply seeks to rehash the same arguments it made (and cite to the same cases

2

it cited) in its Opposition Suggestions, claiming that the FTC "mischaracterized" cases discussing the Equal Access to Justice Act ("EAJA") and whether receivership costs are recoverable against the government under 28 U.S.C. § 2412(a)(1). (DE 293 at 1 ¶4, DE 293-1 at 1-2.) This Court is perfectly capable of reviewing the cited cases in adjudicating the FTC's motion to dismiss the counterclaim, and any questions or concerns it has can be addressed at oral argument if necessary. BF Labs simply provides no grounds to permit additional briefing and the Court should deny BF Labs' motion for leave. *See Rumsfeld*, 154 F. Supp. 2d at 61 (denying motion to file surreply where "contention does not involve a new matter but rather an alleged mischaracterization"); *Benton v. Cousins Properties, Inc.*, 230 F. Supp. 2d 1351, 1366-67 (N.D. Ga. 2002) (denying motion for leave to file surreply where party merely "wanted to repeat and expand her arguments made in her initial response briefs . . . and to get 'another bite at the apple'").

## II. If Leave Is Granted, Nothing In BF Labs' Surreply Justifies Denying The FTC's Motion To Dismiss The Counterclaims

If this Court does grant BF Labs' motion and consider its surreply, the FTC rests on the arguments it made in its Suggestions supporting its motion to dismiss (DE 273) and its reply suggestions (DE 291). In addition to repeating its arguments made in opposition, BF Labs also seeks to introduce the transcript from a January 30, 2015 hearing in *FTC v. Apply Knowledge, LLC*, Case No. 2:14-cv-00088-DB (D. Utah), regarding the FTC's motion to dismiss similar counterclaims asserted by the defendant in that case. (DE 293 at 2 ¶6; DE 293-1 at 2-3.)[1] Nothing in that hearing, however, supports BF Labs' contention that the EAJA gives this Court

---

[1] If the transcript was significant to its arguments, however, BF Labs provides no reason why it did not cite to this transcript that was available when it filed its opposition brief on March 27, 2015.

3

jurisdiction over its counterclaims. BF Labs claims that the transcript shows that "federal courts are . . . reducing receivership fees significantly and holding the FTC accountable" for such costs (DE 293 at 2 ¶6) and that certain statements made by the *Apply Knowledge* Court limit its written slip opinion granting the FTC's motion to dismiss the counterclaim (DE 293-1 at 2-3). In fact, the transcript does no such thing.

Judge Benson's oral findings at the conclusion of the hearing on the motion to dismiss fully support the written slip opinion cited by the FTC in its reply suggestions. After fulsome argument by counsel with active questioning from the bench, Judge Benson stated:

> The motion is granted. I find that there is no express and unequivocal waiver of governmental immunity as always has been required. I don't find it through a combination of Section 2412 in Title 28 or Rule 65(c) of the Federal Rules of Civil Procedure or a combination, nor am I persuaded that this was an action sounding in contract, a wrongful injunction claim.
>
> From my understanding of the basis upon which this claim is brought, it is one sounding in tort and resembling a malicious prosecution or wrongful use of civil proceedings claim. I am confident enough with that position that I will announce the ruling from the bench and ask the F.T.C. to prepare an order to that effect.

(Hr'g Tr. at 44, attached as Ex. A-1 to DE #293-1.)

Further, the portion of the transcript cited by BF Labs does not refer to the FTC's motion to dismiss, but to an entirely unrelated pending matter: the request of the receiver in that case to receive fees and expenses under its wind-up motion. (*Id*. at 45.) Judge Benson did not issue any formal judicial finding or ruling on that request, but rather expressed his preliminary thoughts on this issue. (*Id.* at 45 ("I am going to take it under advisement, but my present inclination is to keep it under advisement for quite some time. I don't think it is ripe yet."), 49 ("I won't rule on it until I know more. There are so many facts here to sift through, and I'm not in a position now where I feel comfortable in making a final ruling.").) While Judge Benson expressed concerns as to the amount of fees being requested by the receiver in that matter and whether the FTC

4

should be responsible for some portion of those costs, he was unsure if he had any legal authority to do so and emphasized that he was not rendering a final decision. (*Id.* at 49, 50 ("Did anyone want to ask a clarifying question or anything about what I have just said, because it is all an inclination. There is no final ruling on anything.").) Indeed, neither the FTC nor the Receiver had an opportunity at that point even to address the Court's concerns. (*Id.* at 50-51.) Preliminary thoughts and "inclinations" from an unrelated case cannot serve here as a basis to waive sovereign immunity; any such waiver must be "strictly construed, in terms of its scope, in favor of the sovereign" and "must also be 'unequivocally expressed' in the statutory text." *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 261 (1991).

## III.    Conclusion

For the reasons set forth herein, the FTC respectfully requests that the Court deny BF Labs' motion for leave to file a surreply. If the Court does grant motion for leave, the FTC respectfully requests that the Court consider its opposition to the surreply and grant the FTC's motion to dismiss the counterclaims.

    Respectfully submitted,

    JONATHAN E. NUECHTERLEIN
    General Counsel

Dated: April 28, 2015    */s/ Gregory A. Ashe*
    Helen Wong, DC Bar #997800
    Leah Frazier, DC Bar #492540
    Gregory A. Ashe, VA Bar #39131
    Jason M. Adler, IL Bar #6295738
    Federal Trade Commission
    600 Pennsylvania Ave., N.W.
    Mail Stop CC-10232
    Washington, D.C. 20580
    202-326-3779 (Wong)
    202-326-2187 (Frazier)
    202-326-3719 (Ashe)
    202-326-3231 (Adler)

Facsimile: 202-326-3768
hwong@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov
jadler@ftc.gov

TAMMY DICKINSON
United States Attorney

Dated: April 28, 2015

*/s/ Charles M. Thomas*
Charles M. Thomas, MO Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov

Attorneys for Plaintiff – Counterclaim Defendant
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 28, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Gregory A. Ashe*
Attorney for Plaintiff – Counterclaim Defendant
Federal Trade Commission