# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:14-CV-00815-BCW |
| BF LABS INC., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On December 12, 2014, the Court denied Plaintiff's motion for a preliminary injunction and other equitable relief ("the December Order"). In the instant motion, Plaintiff seeks reconsideration of the December Order under Federal Rule of Civil Procedure 60(b)(1) (Doc. #214). After considering the premises, the record, and the applicable law, the Court denies the motion.

## I. BACKGROUND

On September 15, 2014, Plaintiff filed this action under Section 13(b) and 19 of the Federal Trade Commission Act ("FTC Act") seeking injunctive and other equitable relief. Plaintiff alleges Defendants made delivery date and profitability representations that were false and misleading and in violation of Section 5(a) of the FTC Act.

Plaintiff moved for a preliminary injunction, and the Court held a hearing and received evidence on November 24 and 25, 2014. The Court subsequently issued the December Order denying Plaintiff's motion. In that order, the Court found Plaintiff failed to demonstrate a likelihood of success on the merits and did not show that the balance of the equities favored a

1

preliminary injunction. The Court further held that Plaintiff had not demonstrated that Defendants were violating or about to violate the law.

Plaintiff filed the instant motion on December 19, 2014. Plaintiff asks the Court to reconsider the December Order under Rule 60(b)(1) based of three instances of judicial inadvertence. Defendants oppose the motion.

## II. LEGAL STANDARD

In the Eighth Circuit, motions for reconsideration directed to non-final orders are construed as Rule 60(b) motions. Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b)(1) allows district courts to grant relief from an order based on a showing of "mistake, inadvertence, surprise, or excusable neglect." Under this rule, "mistake" includes judicial inadvertence but not judicial error. Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980).

## III. ANALYSIS

Plaintiff contends reconsideration of the December Order is warranted under Rule 60(b)(1) because the Court erred by: (1) requiring Plaintiff to prove that Defendants did not intend to meet their delivery dates to demonstrate a likelihood of success on the merits, (2) failing to address the necessity of preserving assets for consumer redress in balancing the equities, and (3) finding that the low likelihood of recurrence of illegal conduct precludes preliminary injunctive relief under the FTC Act. The Court must therefore determine whether any of the alleged errors rises to the level of judicial inadvertence.

### A. THE COURT PROPERLY EVALUATED LIKELIHOOD OF SUCCESS

First, Plaintiff contends the Court erroneously found that Plaintiff had not shown a likelihood of success on the merits. In this lawsuit, Plaintiff alleges Defendants violated Section 5(a) of the FTC Act, which prohibits "unfair or deceptive acts or practices in or affecting

commerce." 15 U.S.C. § 45(a). Specifically, Plaintiff contends Defendants engaged in deceptive acts or practices by making material representations that were false and misleading. See FTC v. Real Wealth, Inc., No. 10-CV-0060-FJG, 2011 WL 1930401, at *2 (W.D. Mo. May 17, 2011) (discussing elements). Plaintiff alleges the delivery date representations were material and were likely to mislead consumers acting reasonably under the circumstances because the representations were false and because the net impression of the representations was misleading.

In the December Order, the Court found Plaintiff had not shown that it was likely to succeed in demonstrating the delivery date representations were false. In reaching this conclusion, the Court noted that the delivery date representations involved statements of Defendants' intended future conduct. The Court analyzed the case law and determined that a statement regarding a defendant's intended future conduct is false when the defendant did not intend to perform at the time the statement was made. The Court then evaluated Plaintiff's evidence and concluded that Plaintiff had not made a sufficient showing that the delivery date representations were false.

Plaintiff argues this holding constitutes judicial inadvertence because it ignores Eighth Circuit precedent that representations are evaluated from the viewpoint of consumers and it erroneously imposes a scienter requirement. The Court disagrees. As the December Order acknowledges, Section 5(a) claims do not include an intent element. But Section 5(a) claims do require the plaintiff to show the representation is likely to mislead consumers. Here, Plaintiff alleges the delivery date representations were likely to mislead consumers because they were false. The delivery date representations concern statements about the defendant's intended future conduct. To show these forward-looking representations were false, Plaintiff must show Defendants did not intend to perform at the time the representations were made. This holding

3

does not impose a scienter element for Section 5(a) claims; rather it holds Plaintiff to its burden to establish the falsity of the forward-looking representations.

Plaintiff criticizes the December Order for relying on case law discussing other statutory claims that include scienter elements. The December Order acknowledges that the cited cases discuss claims that include a scienter element. The Court cited the cases, however, for the general proposition that a defendant's statement regarding his future conduct is false when it is not an honest statement of intention when made. To the extent Plaintiff argues the Court's interpretation of the cited cases is flawed, the Court simply disagrees.

The central shortcoming of Plaintiff's position is the seemingly broad scope it imports into Section 5(a) claims when the allegation is that a forward-looking representation is material and likely to mislead because it is false. If Plaintiff's position is accepted and the materiality of the representation is assumed, then any retailer that fails to deliver a product by a represented delivery date is automatically subject to liability under this statute. For example, a retailer that represents that it will deliver a product by Thursday and fully intends to deliver the product by that date at the time the representation is made but is subsequently unable to deliver the product by that date because its warehouse burns down appears to be liable under Plaintiff's interpretation. Indeed, when the Court posed a similar hypothetical during the preliminary injunction hearing, Plaintiff did not identify any limiting principle that would excuse liability in the above situation under its interpretation of falsity.

The Court also disagrees that the December Order affords the consumers in this case less protection. Plaintiff chose to bring this case and to allege that the delivery date representations (concerning forward-looking statements) were likely to mislead because they were false. It can either meet its burden for its chosen claim or bring a different case.

Finally, the December Order also found that Plaintiff failed to show a likelihood of success on its allegation that the net impression of the delivery date representations was likely to mislead consumers. This allegation is distinct and, in evaluating Plaintiff's claim, the Court concluded that the submitted evidence did not demonstrate a likelihood of success on the merit. Admittedly, the December Order focused more time and analysis on the falsity argument because this is the issue that, in the Court's view, required more discussion. But, in reaching its conclusion on the "net impression" issue, the Court reviewed all of the evidence submitted by both parties and found Plaintiff had not shown a likelihood of success. Ultimately, after considering all the evidence, the Court concluded that Plaintiff "has not established questions going to the merits so serious, substantial, difficult, and doubtful as to make them fair ground for thorough investigation, study, deliberation, and determination" by Plaintiff. Doc. #201 at 8–9. For all of these reasons, the Court finds Plaintiff's first challenge does not constitute judicial inadvertence.

### B. THE COURT PROPERLY BALANCED THE EQUITIES

Second, Plaintiff contends the Court failed to address the necessity of preserving assets for consumer redress in balancing the equities. In the December Order, the Court noted that "[t]he principal interest weighing in favor of a preliminary injunction is protecting consumers, which is obviously important." Id. at 10. One aspect of protecting consumers is preserving assets for consumer redress. And, in considering this specific interest, the Court scrutinized all available evidence including evidence concerning BF Labs Inc.'s financial state, balance sheet, and projections. Because the Court considered the need to preserve assets for consumer redress in balancing the equities, the Court finds Plaintiff's second argument does not warrant reconsideration.

5

### C. THE COURT PROPERLY FOUND THE RECORD DID NOT WARRANT INJUNCTIVE RELIEF

Third, Plaintiff contends the Court erroneously found that the FTC cannot obtain preliminary injunctive relief under Section 13(b) absent a showing that Defendants are "violating or about to violate" the law. This argument was raised, argued, and rejected at the preliminary injunction stage. Plaintiff offers nothing new in the instant motion that would warrant reconsideration at this time.

The principal issue with Plaintiff's previous argument is that it does not appear to explain or account for all of the statutory language. Further, although voluntary cessation of allegedly illegal conduct does not automatically render the need for an injunction moot, an injunction cannot be based solely on past actions with no showing of a possibility of recurrence. To the extent this argument is raised during dispositive motions, Plaintiff is free to develop and explain these issues.

### IV. CONCLUSION

The Court carefully considered Plaintiff's arguments and finds that none of the arguments warrant relief under Rule 60(b)(1). Accordingly, it is hereby

ORDERED Plaintiff's Motion for Reconsideration of Order Denying Preliminary Injunction and Suggestions in Support (Doc. #214) is DENIED.

IT IS SO ORDERED.

DATE: <u>May 12, 2015</u>  /s/Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

6

Case 4:14-cv-00815-BCW   Document 304   Filed 05/12/15   Page 6 of 6