IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00815-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's motion to amend complaint (Doc. #274). Plaintiff seeks leave to amend Count I and to add Counts II and III. Defendants oppose the motion and argue that each amendment is futile. After reviewing the premises of the motion, the record, and the applicable law, the Court grants the motion.

### I. BACKGROUND

On September 15, 2014, Plaintiff filed a single-count complaint alleging that Defendants violated Section 5(a) of the Federal Trade Commission Act ("FTC Act") by making false and misleading representations concerning the timely delivery and the profitability of their Bitcoin mining machines. After denying a preliminary injunction, the Court issued a Scheduling Order (Doc. #234). The Court subsequently amended the Scheduling Order and set March 13, 2015, as the deadline for amending pleadings and adding parties. Plaintiff filed the instant motion on March 13, 2015.

### II. LEGAL STANDARD

A motion for leave to amend filed before the deadline is analyzed under Federal Rule of Civil Procedure 15(a)(2). This rule states that leave to amend should be freely given when justice

1

so requires. Despite this permissive standard, courts may deny leave on the basis of futility. Cornelia I. Crowell GST Trust v. Possis Med. Inc., 519 F.3d 778, 782 (8th Cir. 2008). In this context, futility means a court has determined that the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Id.

### III. ANALYSIS

Plaintiff's amended complaint asserts three claims under Section 5(a) of the FTC Act. This section prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). An unfair act or practice is one that "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C. § 45(n). An act or practice is deceptive when it is material and likely to mislead consumers acting reasonably under the circumstances. See FTC v. Real Wealth, Inc., No. 10-CV-0060-FJG, 2011 WL 1930401, at *2 (W.D. Mo. May 17, 2011) (discussing elements).

After reviewing the record, the Court finds Plaintiff's proposed amended complaint adequately alleges each Section 5(a) claim. Plaintiff sufficiently alleges its amendment to Count I. First, Plaintiff alleges Defendants made profitability and timely delivery representations. Second, Plaintiff alleges these representations were likely to mislead consumers because Defendants made the representations without a reasonable basis. In support, Plaintiff alleges the ongoing non-delivery of machines and Defendants' internal communications indicating the timeline could not be met. Third, Plaintiff alleges these representations were material based on the nature of the industry and the number of consumer complaints and refund requests.

Plaintiff also adequately alleges Count II. First, Plaintiff alleges Defendants failed to disclose that they use the Bitcoin mining machines to mine for Bitcoins for their own profit

2

before delivering them. Second, Plaintiff alleges Defendants' nondisclosure was likely to mislead consumers. In support, Plaintiff alleges Defendants represented that the company does not mine for Bitcoins because it "would be a conflict of interest" and hardware is the "focus of [their] passion." Third, Plaintiff alleges the nondisclosure was material because using the machines reduces the number of Bitcoins available to be mined and increases the complexity of the computational puzzle.

Finally, Plaintiff plausibly alleges Count III. First, Plaintiff alleges Defendants' practices of failing to provide paid-for machines or services as promised and refusing to promptly refund payments caused substantial injury to consumers. Plaintiff alleges these practices injured consumers because they were unable to obtain refunds for undelivered, damaged, or worthless machines or for services not performed as promised. Second, Plaintiff alleges consumers did not have a free and informed choice to avoid harm because they could not foresee that Defendants would fail to deliver or provide the services and refuse refunds. Third, Plaintiff alleges the costs to consumers and competition are not outweighed by offsetting benefits.

The allegations for each count are sufficient and would survive a Rule 12(b)(6) challenge. See generally Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Defendants contend each amendment is futile. The Court disagrees. Rather, the Court finds that the amended complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The Court also finds the allegations do not fail as a matter of law. See, e.g., Doc. #219 (rejecting arguments and finding that "the principles discussed in each case do not establish that Plaintiff's claims should be dismissed as a matter of law" and that dismissal is inappropriate even

3

considering Defendants' additional excerpts). For all of these reasons, the Court grants Plaintiff's motion. Accordingly, it is hereby

ORDERED FTC's Motion and Suggestions in Support to Amend Complaint (Doc. #274) is GRANTED. Plaintiff is directed to file its amended complaint within three days. It is further

ORDERED FTC's Motion to Strike Affirmative Defenses (Doc. #254) is DENIED AS MOOT.

IT IS SO ORDERED.


Dated:  May 13, 2015               /s/Brian C. Wimes
                                   JUDGE BRIAN C. WIMES
                                   UNITED STATES DISTRICT COURT