# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 14-CV-0815-W-BCW |
| | ) |
| **BF LABS INC., et al.,** | ) |
| | ) |
| **BF Labs.** | ) |

## DARLA DRAKE'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Darla Drake, a/k/a Jody Drake ("Drake"), by and through undersigned counsel, hereby files her answer and affirmative defenses ("Answer") to the Plaintiff Federal Trade Commission's ("FTC") First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"). In support, Drake states as follows:

1. The allegations in paragraph 1 of the Complaint assert a legal conclusion as to which no response is required. To the extent a response may be required, Drake denies those allegations.

## JURISDICTION AND VENUE[1]

2. Drake admits the allegations contained in paragraph 2 of the Complaint, although Drake denies that the Plaintiff asserts any cognizable or viable claims.

3. Drake admits the allegations contained in paragraph 3 of the Complaint, although Drake denies that the Plaintiff asserts any cognizable or viable claims.

---

[1] The headings used in Plaintiff's Complaint are set forth in this Answer for the convenience of the reader only. To the extent any of the headings are construed to contain any allegations, they are denied.

1

## PLAINTIFF

4. Insofar as paragraph 4 of the Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Drake is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Insofar as paragraph 5 of the Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Drake is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

## DEFENDANTS

6. Drake admits the allegations contained in paragraph 6 of the Complaint.

7. Drake admits that she is the General Manager at Butterfly Labs but denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Drake admits that Nasser Ghoseiri is the President and Chief Technology Officer at Butterfly Labs, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Drake admits that Sonny Vleisides is a founder and Innovation Officer at Butterfly Labs, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the remaining allegations contained in paragraph 9 of the Complaint.

## COMMERCE

10. Paragraph 10 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Drake denies the allegations in paragraph 10 of the Complaint.

**DEFENDANTS' BUSINESS PRACTICES**

11. Drake admits that BF Labs sells Bitcoin mining machines and services but denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Drake denies the allegations in paragraph 12 of the Complaint.

13. Drake admits that BF Labs tested machines which resulted in mined Bitcoins but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint, and, therefore, denies those allegations.

14. Drake admits that BF Labs took prepayments for a time, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and, therefore, denies those allegations.

**Background on Bitcoins and Bitcoin Mining**

15. Drake admits the allegations contained in paragraph 15 of the Complaint.

16. Drake admits the allegations contained in paragraph 16 of the Complaint.

17. Drake denies that all Bitcoin "miners" are consumers but admits the remaining allegations contained in paragraph 17 of the Complaint.

18. Drake admits the allegations contained in paragraph 18 of the Complaint.

19. Drake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and, therefore, denies those allegations.

20. Drake admits the allegations contained in paragraph 20 of the Complaint.

21. Drake denies the allegations contained in paragraph 21 of the Complaint.

## Defendants' Sale of Bitcoin Mining Machines

22. Drake admits that Butterfly Labs manufactures and sells the latest generation of Bitcoin mining machines and provides services to consumers but denies the remaining allegations in paragraph 22 of the Complaint.

23. Drake denies that the butterflylabs.com website describes delivery dates but admits the remaining allegations contained in paragraph 23 of the Complaint.

24. Drake admits the allegations contained in paragraph 24 of the Complaint.

25. Drake admits that BF Labs, Inc. posted a link to a calculator on its Facebook, Twitter, and Tumblr social media pages and that on its Facebook page it posted a link to a calculator that read "Measure your ROI with this cool Bitcoin mining calculator" but denies the remaining allegations in paragraph 25 of the Complaint.

26. Drake denies that the calculator required a delivery date as an input data point but admits the remaining allegations contained in paragraph 26 of the Complaint.

## Defendants' Failure to Deliver Paid-For Bitcoin Mining Machines as Promised

27. Drake denies the allegations contained in paragraph 27 of the Complaint.

28. Drake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and, therefore, denies those allegations.

29. Drake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and, therefore, denies those allegations.

30. Drake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and, therefore, denies those allegations.

31. Drake admits that on November 28, 2013, BF Labs Inc. posted on its website that all the orders for BitForce mining machines had been shipped but lacks knowledge or

4

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint, and, therefore, denies those allegations.

32. Drake admits the allegations contained in paragraph 32 of the Complaint.

33. Drake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and, therefore, denies those allegations.

34. Drake admits the quoted portion of the allegation appears in a Skype log but denies the remaining allegations contained in paragraph 34 of the Complaint.

35. Drake admits that BF Labs did not ship a Monarch machine until at least August 2014, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint, and, therefore, denies those allegations.

36. Drake denies the allegations contained in paragraph 36 of the Complaint.

37. Drake denies the allegations contained in paragraph 37 of the Complaint.

38. Drake denies the allegations contained in paragraph 38 of the Complaint.

**Defendants' Failure to Provide Paid-For Bitcoin Mining Services as Promised**

39. Drake denies that in approximately December 2013, BF Labs began offering mining services. Drake admits the remaining allegations in paragraph 39 of the Complaint.

40. Drake denies the allegations contained in paragraph 40 of the Complaint.

41. Drake denies the allegations contained in paragraph 41 of the Complaint.

**Defendants' Undisclosed Use of Consumers' Machines to Mine for Bitcoins for Themselves**

42. Drake admits the allegations contained in paragraph 42 of the Complaint.

43. Drake denies the allegations contained in paragraph 43 of the Complaint.

44. Drake denies the allegations contained in paragraph 44 of the Complaint.

45. Drake admits that the quote "[h]ardware is the focus of our passion" appears on the BF Labs' website but denies the remaining allegations contained in paragraph 45 of the Complaint.

**Defendants' Failure to Provide or Provide Promptly Paid-For Bitcoin Mining Machines or Services While Refusing to Return or Promptly Return Consumers' Payments**

46. Drake denies the allegations contained in paragraph 46 of the Complaint.

47. Drake denies the allegations that Defendants often have refused to refund or refund promptly consumers' payments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint, and, therefore, denies those allegations.

48. Drake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and, therefore, denies those allegations.

49. Drake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and, therefore, denies those allegations.

**VIOLATIONS OF THE FTC ACT**

50. Paragraph 50 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Drake denies the allegations in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Drake denies the allegations in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Drake denies the allegations in paragraph 52 of the Complaint.

## COUNT I

53. Drake denies the allegations in paragraph 53 of the Complaint.

54. Drake denies the allegations in paragraph 54 of the Complaint.

55. Drake denies the allegations in paragraph 55 of the Complaint.

## COUNT II

56. Drake denies the allegations in paragraph 56 of the Complaint.

57. Drake denies the allegations in paragraph 57 of the Complaint.

58. Drake denies the allegations in paragraph 58 of the Complaint.

## COUNT III

59. Drake denies the allegations in paragraph 59 of the Complaint.

60. Drake denies the allegations in paragraph 60 of the Complaint.

61. Drake denies the allegations in paragraph 61 of the Complaint.

## CONSUMER INJURY

62. Drake denies the allegations in paragraph 62 of the Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

63. Paragraph 63 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Drake denies the allegations in paragraph 43 of the Complaint.

Drake denies all allegations contained in the Complaint that is not expressly admitted herein, including without limitation those made in unnumbered headings.

## PRAYER FOR RELIEF

Drake denies that the FTC is entitled to the relief set forth in the Prayer for Relief and its subparts.

## AFFIRMATIVE DEFENSES

Drake states the following for her affirmative defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45.

2. Drake acted in good faith and in a lawful manner in all of her business practices and BF Labs took affirmative steps to inform consumers with regular shipping-date updates and extensive product-detail updates.

3. At all relevant times, Drake acted in good faith toward consumers and in conformity with all applicable laws and regulations.

4. Drake is entitled to set-off, contribution, and/or indemnity should any damages or other financial liabilities be awarded against her in this case, in the amount of settlement amounts or damages received by consumers with respect to the same alleged injuries giving rise to private causes of action.

5. The Complaint, or part thereof, fails because this Court lacks personal jurisdiction over some or all of the Defendants.

6. Each and every one of the consumers' alleged rights, claims, and obligations that the FTC seeks to enforce against Drake is barred by the consumers' conduct, agreement, or otherwise barred by the doctrine of estoppel.

7. Plaintiff's claims, in whole or part, must be dismissed on constitutional grounds because they infringe on First Amendment rights.

8. Plaintiff's claims for injunctive relief is barred by Defendants' voluntary cessation – before the Complaint was filed – of any complained-of conduct. Cessation of allegedly wrongful activities counsels against the imposition of an injunction.

9. Plaintiff's claims are barred because consumers expressly agreed to and accepted the terms of pre-order sales and understood that all sales were final, that there was a backlog of orders, and that production and delivery of any order may take two months or longer.

10. Plaintiff's claims are barred because BF Labs' "FAQ" website page states that BF Labs reserves "the right to handle refund requests on a case by case basis" and that pre-ordered products are non-refundable, as is also clearly stated at the time of purchase.

11. Plaintiff unjustifiably delayed in commencing this action against Drake, which prejudiced and harmed Drake. Plaintiff's claims are therefore barred by the doctrines of estoppel, laches, and waiver.

12. Plaintiff's alleged damages and financial requests are unconscionable and cannot be sustained.

13. Plaintiff's claims are barred by a prior settlement and/or release of those claims or are barred to the extent some consumers have entered into an accord and satisfaction or otherwise compromised their claims.

14. Plaintiff's claims are barred to the extent consumers prevented BF Labs from performing.

15. Plaintiff's claims are barred based on consumers' rejection of goods, as well as consumers' revocation of acceptance of goods.

16. Plaintiff's damages should be reduced as an offset by any amount received by any other payment to mitigate damages, including any profit a consumer made from BF Labs' mining devices.

17. Plaintiff's claims are barred because there is no danger of recurrence of the alleged violations.

18. To the extent delays or product defects existed, which Drake denies, those delays or product defects were caused by persons outside the control of the Defendants and their conduct caused or contributed to cause the allegations and alleged harm.

19. Drake reserves the right to amend her Answer to assert additional defenses, affirmative or otherwise, that may arise or become known through the course of further investigation or discovery.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Drake respectfully requests that this Court enter judgment in her favor and against Plaintiff's relief requested in the Amended Complaint. Drake further demands that she be awarded any damages she incurs as a result of any temporary restraining order or preliminary injunction entered in this matter which is subsequently found to have been improvidently granted or which is otherwise vacated. Such damages include compensatory damages, legal fees and costs, and consequential damages.

Respectfully submitted,

/s/ Mark A. Olthoff
| | |
|---|---|
| Mark A. Olthoff | MO # 38572 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
molthoff@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com

Braden M. Perry        MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendant Darla Drake

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on the 5th day of June, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                 /s/ Mark A. Olthoff
                 Attorney for Darla Drake