# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 14-CV-0815-W-BCW |
| | ) |
| **BF LABS INC., et al.,** | ) |
| | ) |
|     **BF Labs.** | ) |

## SONNY VLEISIDES' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Sonny Vleisides ("Vleisides"), by and through undersigned counsel, hereby files his answer and affirmative defenses ("Answer") to the Plaintiff Federal Trade Commission's ("FTC") First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"). In support, Vleisides states as follows:

1. The allegations in paragraph 1 of the Complaint assert a legal conclusion as to which no response is required. To the extent a response may be required, Vleisides denies those allegations.

## JURISDICTION AND VENUE[1]

2. Vleisides admits the allegations contained in paragraph 2 of the Complaint, although Vleisides denies that the Plaintiff asserts any cognizable or viable claims.

3. Vleisides admits the allegations contained in paragraph 3 of the Complaint, although Vleisides denies that the Plaintiff asserts any cognizable or viable claims.

---

[1] The headings used in Plaintiff's Complaint are set forth in this Answer for the convenience of the reader only. To the extent any of the headings are construed to contain any allegations, they are denied.

1

## PLAINTIFF

4. Insofar as paragraph 4 of the Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Vleisides is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Insofar as paragraph 5 of the Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Vleisides is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

## DEFENDANTS

6. Vleisides admits the allegations contained in paragraph 6 of the Complaint.

7. Vleisides admits that Darla "Jody" Drake is the General Manager at Butterfly Labs, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Vleisides admits that Nasser Ghoseiri is the President and Chief Technology Officer at Butterfly Labs, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies those allegations, and denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Vleisides admits that he is a founder and Innovation Officer at Butterfly Labs but denies the remaining allegations contained in paragraph 9 of the Complaint.

2

## COMMERCE

10. Paragraph 10 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Vleisides denies the allegations in paragraph 10 of the Complaint.

## DEFENDANTS' BUSINESS PRACTICES

11. Vleisides admits that BF Labs sells Bitcoin mining machines and services but denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Vleisides denies the allegations in paragraph 12 of the Complaint.

13. Vleisides admits that BF Labs tested machines which resulted in mined Bitcoins but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint, and, therefore, denies those allegations.

14. Vleisides admits that BF Labs took prepayments for a time, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and, therefore, denies those allegations.

### Background on Bitcoins and Bitcoin Mining

15. Vleisides admits the allegations contained in paragraph 15 of the Complaint.

16. Vleisides admits the allegations contained in paragraph 16 of the Complaint.

17. Vleisides denies that all Bitcoin "miners" are consumers but admits the remaining allegations contained in paragraph 17 of the Complaint.

18. Vleisides admits the allegations contained in paragraph 18 of the Complaint.

19. Vleisides lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and, therefore, denies those allegations.

20. Vleisides admits the allegations contained in paragraph 20 of the Complaint.

21. Vleisides denies the allegations contained in paragraph 21 of the Complaint.

**Defendants' Sale of Bitcoin Mining Machines**

22. Vleisides admits that Butterfly Labs manufactures and sells the latest generation of Bitcoin mining machines and provides services to consumers but denies the remaining allegations in paragraph 22 of the Complaint.

23. Vleisides denies that the butterflylabs.com website describes delivery dates but admits the remaining allegations contained in paragraph 23 of the Complaint.

24. Vleisides admits the allegations contained in paragraph 24 of the Complaint.

25. Vleisides admits that BF Labs, Inc. posted a link to a calculator on its Facebook, Twitter, and Tumblr social media pages and that on its Facebook page it posted a link to a calculator that read "Measure your ROI with this cool Bitcoin mining calculator" but denies the remaining allegations in paragraph 25 of the Complaint.

26. Vleisides denies that the calculator required a delivery date as an input data point but admits the remaining allegations contained in paragraph 26 of the Complaint.

**Defendants' Failure to Deliver Paid-For Bitcoin Mining Machines as Promised**

27. Vleisides denies the allegations contained in paragraph 27 of the Complaint.

28. Vleisides lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and, therefore, denies those allegations.

29. Vleisides lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and, therefore, denies those allegations.

4

30. Vleisides lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and, therefore, denies those allegations.

31. Vleisides admits that on November 28, 2013, BF Labs Inc. posted on its website that all the orders for BitForce mining machines had been shipped but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint, and, therefore, denies those allegations.

32. Vleisides admits the allegations contained in paragraph 32 of the Complaint.

33. Vleisides lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and, therefore, denies those allegations.

34. Vleisides admits the quoted portion of the allegation appears in a Skype log but denies the remaining allegations contained in paragraph 34 of the Complaint.

35. Vleisides admits that BF Labs did not ship a Monarch machine until at least August 2014, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint, and, therefore, denies those allegations.

36. Vleisides denies the allegations contained in paragraph 36 of the Complaint.

37. Vleisides denies the allegations contained in paragraph 37 of the Complaint.

38. Vleisides denies the allegations contained in paragraph 38 of the Complaint.

**Defendants' Failure to Provide Paid-For Bitcoin Mining Services as Promised**

39. Vleisides denies that in approximately December 2013, BF Labs began offering mining services. Vleisides admits the remaining allegations in paragraph 39 of the Complaint.

40. Vleisides denies the allegations contained in paragraph 40 of the Complaint.

41. Vleisides denies the allegations contained in paragraph 41 of the Complaint.

**Defendants' Undisclosed Use of Consumers' Machines to Mine for Bitcoins for Themselves**

42. Vleisides admits the allegations contained in paragraph 42 of the Complaint.

43. Vleisides denies the allegations contained in paragraph 43 of the Complaint.

44. Vleisides denies the allegations contained in paragraph 44 of the Complaint.

45. Vleisides admits that the quote "[h]ardware is the focus of our passion" appears on the BF Labs' website but denies the remaining allegations contained in paragraph 45 of the Complaint.

### Defendants' Failure to Provide or Provide Promptly Paid-For Bitcoin Mining Machines or Services While Refusing to Return or Promptly Return Consumers' Payments

46. Vleisides denies the allegations contained in paragraph 46 of the Complaint.

47. Vleisides denies the allegations that Defendants often have refused to refund or refund promptly consumers' payments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint, and, therefore, denies those allegations.

48. Vleisides lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and, therefore, denies those allegations.

49. Vleisides lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and, therefore, denies those allegations.

### VIOLATIONS OF THE FTC ACT

50. Paragraph 50 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Vleisides denies the allegations in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Vleisides denies the allegations in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Vleisides denies the allegations in paragraph 52 of the Complaint.

### COUNT I

53. Vleisides denies the allegations in paragraph 53 of the Complaint.

54. Vleisides denies the allegations in paragraph 54 of the Complaint.

55. Vleisides denies the allegations in paragraph 55 of the Complaint.

### COUNT II

56. Vleisides denies the allegations in paragraph 56 of the Complaint.

57. Vleisides denies the allegations in paragraph 57 of the Complaint.

58. Vleisides denies the allegations in paragraph 58 of the Complaint.

### COUNT III

59. Vleisides denies the allegations in paragraph 59 of the Complaint.

60. Vleisides denies the allegations in paragraph 60 of the Complaint.

61. Vleisides denies the allegations in paragraph 61 of the Complaint.

### CONSUMER INJURY

62. Vleisides denies the allegations in paragraph 62 of the Complaint.

### THIS COURT'S POWER TO GRANT RELIEF

63. Paragraph 63 of the Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Vleisides denies the allegations in paragraph 43 of the Complaint.

Vleisides denies all allegations contained in the Complaint that is not expressly admitted herein, including without limitation those made in unnumbered headings.

## PRAYER FOR RELIEF

Vleisides denies that the FTC is entitled to the relief set forth in the Prayer for Relief and its subparts.

## AFFIRMATIVE DEFENSES

Vleisides states the following for his affirmative defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45.

2. Vleisides acted in good faith and in a lawful manner in all of his business practices and BF Labs took affirmative steps to inform consumers with regular shipping-date updates and extensive product-detail updates.

3. At all relevant times, Vleisides acted in good faith toward consumers and in conformity with all applicable laws and regulations.

4. Vleisides is entitled to set-off, contribution, and/or indemnity should any damages or other financial liabilities be awarded against him in this case, in the amount of settlement amounts or damages received by consumers with respect to the same alleged injuries giving rise to private causes of action.

5. The Complaint, or part thereof, fails because this Court lacks personal jurisdiction over some or all of the Defendants.

6. Each and every one of the consumers' alleged rights, claims, and obligations that the FTC seeks to enforce against Vleisides is barred by the consumers' conduct, agreement, or otherwise barred by the doctrine of estoppel.

7. Plaintiff's claims, in whole or part, must be dismissed on constitutional grounds because they infringe on First Amendment rights.

8. Plaintiff's claims for injunctive relief is barred by Defendants' voluntary cessation – before the Complaint was filed – of any complained-of conduct. Cessation of allegedly wrongful activities counsels against the imposition of an injunction.

9. Plaintiff's claims are barred because consumers expressly agreed to and accepted the terms of pre-order sales and understood that all sales were final, that there was a backlog of orders, and that production and delivery of any order may take two months or longer.

10. Plaintiff's claims are barred because BF Labs' "FAQ" website page states that BF Labs reserves "the right to handle refund requests on a case by case basis" and that pre-ordered products are non-refundable, as is also clearly stated at the time of purchase.

11. Plaintiff unjustifiably delayed in commencing this action against Vleisides, which prejudiced and harmed Vleisides. Plaintiff's claims are therefore barred by the doctrines of estoppel, laches, and waiver.

12. Plaintiff's alleged damages and financial requests are unconscionable and cannot be sustained.

13. Plaintiff's claims are barred by a prior settlement and/or release of those claims or are barred to the extent some consumers have entered into an accord and satisfaction or otherwise compromised their claims.

14. Plaintiff's claims are barred to the extent consumers prevented BF Labs from performing.

15. Plaintiff's claims are barred based on consumers' rejection of goods, as well as consumers' revocation of acceptance of goods.

9

Case 4:14-cv-00815-BCW   Document 326   Filed 06/05/15   Page 9 of 12

16. Plaintiff's damages should be reduced as an offset by any amount received by any other payment to mitigate damages, including any profit a consumer made from BF Labs' mining devices.

17. Plaintiff's claims are barred because there is no danger of recurrence of the alleged violations.

18. To the extent delays or product defects existed, which Vleisides denies, those delays or product defects were caused by persons outside the control of the Defendants and their conduct caused or contributed to cause the allegations and alleged harm.

19. Vleisides reserves the right to amend his Answer to assert additional defenses, affirmative or otherwise, that may arise or become known through the course of further investigation or discovery.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Vleisides respectfully requests that this Court enter judgment in his favor and against Plaintiff's relief requested in the Amended Complaint. Vleisides further demands that he be awarded any damages he incurs as a result of any temporary restraining order or preliminary injunction entered in this matter which is subsequently found to have been improvidently granted or which is otherwise vacated. Such damages include compensatory damages, legal fees and costs, and consequential damages.

Respectfully submitted,

/s/ Mark A. Olthoff
| | |
|---|---|
| Mark A. Olthoff | MO # 38572 |
| Michael S. Foster | MO # 61205 |
| Miriam E. Bailey | MO # 60366 |

10

Case 4:14-cv-00815-BCW   Document 326   Filed 06/05/15   Page 10 of 12

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri  64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
molthoff@polsinelli.com
mfoster@polsinelli.com
mbailey@polsinelli.com


Braden M. Perry                                            MO # 53865
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
Direct: 816-527-9445
Fax: 855-844-2914
braden@kennyhertzperry.com

Attorneys for Defendant Sonny Vleisides

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of June, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

    /s/ Mark A. Olthoff
Attorney for Sonny Vleisides