# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0815-W-BCW |
| | ) | |
| **BF LABS INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT NASSER GHOSEIRI'S ANSWER TO THE FEDERAL TRADE COMMISSION'S FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Defendant Nasser Ghoseiri, by and through undersigned counsel, hereby files this Answer to the Plaintiff Federal Trade Commission's ("FTC") First Amended Complaint for Permanent Injunction and Other Equitable Relief ("First Amended Complaint"). Doc. 310. In support, Defendant states as follows:

1. The allegations in paragraph 1 of the First Amended Complaint assert a legal conclusion as to which no response is required. To the extent a response may be required, Defendant denies those allegations.

## JURISDICTION AND VENUE[1]

2. Defendant admits the allegations contained in paragraph 2 of the First Amended Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the First Amended Complaint.

---

[1] The headings used in Plaintiff's First Amended Complaint are set forth in this Answer for the convenience of the reader only. To the extent any of the headings are construed to contain any allegations, they are denied.

1

## PLAINTIFF

4. Insofar as paragraph 4 of the First Amended Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint.

5. Insofar as paragraph 5 of the First Amended Complaint asserts a legal proposition, no response is required. To the extent a response may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint.

## DEFENDANTS

6. Defendant admits the allegations contained in paragraph 6 of the First Amended Complaint.

7. Defendant admits that Darla Drake is the General Manager at Butterfly Labs, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the remaining allegations contained in paragraph 7 of the First Amended Complaint.

8. Defendant admits that he is the President and Chief Technology Officer at Butterfly Labs but denies the remaining allegations contained in paragraph 8 of the First Amended Complaint.

9. Defendant admits that Sonny Vleisides is a founder and Innovation Officer at Butterfly Labs, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the remaining allegations contained in paragraph 9 of the First Amended Complaint.

## COMMERCE

10. Paragraph 10 of the First Amended Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 10 of the First Amended Complaint.

## DEFENDANTS' BUSINESS PRACTICES

11. Defendant admits that BF Labs sells Bitcoin mining machines and services and denies all other allegations contained in paragraph 11 of the First Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the First Amended Complaint.

13. Defendant admits that BF Labs tested machines which resulted in mined Bitcoins but denies remaining allegations in paragraph 13 of the First Amended Complaint.

14. Defendant admits that BF Labs took prepayments for a time, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the First Amended Complaint, and, therefore, denies those allegations.

### Background on Bitcoins and Bitcoin Mining

15. Defendant admits the allegations contained in paragraph 15 of the First Amended Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the First Amended Complaint.

17. Defendant denies that all Bitcoin "miners" are consumers but admits the remaining allegations contained in paragraph 17 of the First Amended Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the First Amended Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint, and, therefore, denies those allegations.

20. Defendant admits the allegations contained in paragraph 20 of the First Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the First Amended Complaint.

### Defendants' Sale of Bitcoin Mining Machines

22. Defendant admits that Butterfly Labs manufactures and sells the latest generation of Bitcoin mining machines and provides services to consumers but denies the remaining allegations in paragraph 22 of the First Amended Complaint.

23. Defendant denies that the butterflylabs.com website describes delivery dates but admits the remaining allegations contained in paragraph 23 of the First Amended Complaint.

24. Defendant admits the allegations contained in paragraph 24 of the First Amended Complaint.

25. Defendant admits that Butterfly Lab posted a link but denies the rest of the allegations in paragraph 25 of the First Amended Complaint.

26. Defendant denies that the calculator required a delivery date as an input data point but admits the remaining allegations contained in paragraph 26 of the First Amended Complaint.

### Defendants' Failure to Deliver Paid-For Bitcoin Mining Machines as Promised

27. Defendant denies the allegations contained in paragraph 27 of the First Amended Complaint.

4

28.     Defendant admits the allegations contained in paragraph 28 of the First Amended Complaint.

29.     Defendant admits the allegations contained in paragraph 29 of the First Amended Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the First Amended Complaint.

31.     Defendant admits that on November 28, 2013, BF Labs Inc. posted on its website that all the orders for BitForce mining machines had been shipped but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the First Amended Complaint, and, therefore, denies those allegations.

32.     Defendant admits the allegations contained in paragraph 32 of the First Amended Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the First Amended Complaint.

34.     Defendant admits the quoted portion of the allegation appears on a Skype log but denies the remaining the allegations contained in paragraph 34 of the First Amended Complaint.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the First Amended Complaint, and, therefore, denies those allegations.

36.     Defendant denies the allegations contained in paragraph 36 of the First Amended Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the First Amended Complaint.

5

Case 4:14-cv-00815-BCW   Document 327   Filed 06/05/15   Page 5 of 14

38. Defendant denies the allegations contained in paragraph 38 of the First Amended Complaint.

**Defendants' Failure to Provide Paid-For Bitcoin Mining Services as Promised**

39. Defendant denies that in approximately December 2013, BF Labs began offering mining services. Defendant admits the remaining allegations in paragraph 39 of the First Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the First Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the First Amended Complaint.

**Defendants' Undisclosed Use of Consumers' Machines to Mine for Bitcoins for Themselves**

42. Defendant admits the allegations contained in paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the First Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the First Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the First Amended Complaint.

**Defendants' Failure to Provide Promptly Paid-For Bitcoin Mining Machines or Services While Refusing to Return or Promptly Return Consumers' Payments**

46. Defendant denies the allegations contained in paragraph 46 of the First Amended Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the First Amended Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Complaint, and, therefore, denies those allegations.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint, and, therefore, denies those allegations.

## VIOLATIONS OF THE FTC ACT

50. Paragraph 50 of the First Amended Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 50 of the First Amended Complaint.

51. Paragraph 51 of the First Amended Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 51 of the First Amended Complaint.

52. Paragraph 52 of the First Amended Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 52 of the First Amended Complaint.

## COUNT I

53. Defendant denies the allegations in paragraph 53 of the First Amended Complaint.

54. Defendant denies the allegations in paragraph 54 of the First Amended Complaint.

55. Defendant denies the allegations in paragraph 55 of the First Amended Complaint.

## COUNT II

56. Defendant denies the allegations in paragraph 56 of the First Amended Complaint.

57. Defendant denies the allegations in paragraph 57 of the First Amended Complaint.

58. Defendant denies the allegations in paragraph 58 of the First Amended Complaint.

## COUNT III

59. Defendant denies the allegations in paragraph 59 of the First Amended Complaint.

60. Defendant denies the allegations in paragraph 60 of the First Amended Complaint.

61. Defendant denies the allegations in paragraph 61 of the First Amended Complaint.

## CONSUMER INJURY

62. Defendant denies the allegations in paragraph 62 of the First Amended Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

63. Paragraph 63 of the First Amended Complaint asserts a legal proposition to which no response is required. To the extent a response may be required, Defendant denies the allegations in paragraph 63 of the First Amended Complaint.

Defendant denies all allegations contained in the First Amended Complaint that are not expressly admitted herein, including without limitation those made in unnumbered headings.

## PRAYER FOR RELIEF

Defendant denies that the FTC is entitled to the relief set forth in the Prayer for Relief and its subparts.

## **AFFIRMATIVE DEFENSES**

Defendant states the following for his affirmative defenses to Plaintiff's First Amended Complaint:

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45.

2. Defendant did not breach any law Plaintiff enforces because Defendant did not mislead any reasonable consumer.

3. Defendant did not breach any law Plaintiff enforces because Defendant never made a false statement about a future intention.

4. Defendant did not breach any law Plaintiff enforces because Plaintiff has not demonstrated that any of Defendant's statements were false or had a tendency to mislead.

5. Defendant did not breach any law Plaintiff enforces because the Plaintiff has not established that Defendant made any "material" representation.

6. Defendant did not breach any law Plaintiff enforces because Defendant's shipping-date and product-development representations were not "material" or "misleading" as a matter of law.

7. The requested relief, if granted, would not be in the public interest.

8. Defendant has acted in good faith and in a lawful manner, conforming to all of BF Labs' business practices to inform consumers with regular shipping-date updates and extensive product-detail updates.

9. Defendant did not breach any duty owed to consumers for the transactions and events that are the subject matter of the First Amended Complaint.

10. At all relevant times, Defendant acted in good faith toward consumers and in conformity with all applicable laws and regulations.

11. The claims asserted in the First Amended Complaint are barred, in whole or in part, because at all times, consumers failed to take reasonable efforts to mitigate their damages, if any.

12. Defendant is entitled to set-off, contribution, and/or indemnity should any damages or other financial liabilities be awarded against him in this case, in the amount of settlement amounts or damages received by consumers with respect to the same alleged injuries giving rise to private causes of action.

13. The First Amended Complaint, or part thereof, fails because this Court lacks personal jurisdiction over some or all of the Defendants.

14. Consumers did not reasonably rely on representations or affirmations, if any, made by Defendant.

15. Each and every one of the consumers' alleged rights, claims, and obligations that the FTC seeks to enforce against Defendant is barred by the consumers' conduct, agreement, or otherwise barred by the doctrine of estoppel.

16. The consumers whose rights the FTC seeks to enforce have no cause of action for breach of duty because they assumed the risk for all damages alleged.

17. Plaintiff's claims, in whole or part, must be dismissed on constitutional grounds because they infringe on Defendant's First Amendment rights.

18. Plaintiff's claims for injunctive relief are barred by Defendant's voluntary cessation – before the First Amended Complaint was filed – of any complained-of conduct. Cessation of allegedly wrongful activities counsels against the imposition of an injunction.

19. Plaintiff's claims are barred because consumers expressly agreed to and accepted the terms of pre-order sales and understood that all sales were final, that there was a backlog of orders, and that production and delivery of any order may take two months or longer.

20. Plaintiff's claims are barred because BF Labs' "FAQ" website page states that BF Labs reserves "the right to handle refund requests on a case by case basis" and that pre-ordered products are non-refundable, as is also clearly stated at the time of purchase.

21. Plaintiff's claims are barred because consumers understood that deliveries may take two months or more after order.

22. Plaintiff's claims are barred because the products in question are designed and manufactured in accordance with the standards in the industry.

23. Plaintiff unjustifiably delayed in commencing this action against Defendant, which prejudiced and harmed Defendant. Plaintiff's claims are therefore barred by the doctrines of estoppel, laches, and waiver.

24. Plaintiff's alleged damages and financial requests are unconscionable and cannot be sustained.

25. Plaintiff's claims are barred in whole or in part based on the doctrine of election of remedies.

26. Plaintiff's claims are barred by reason of consumers' breaches or failures to perform conditions precedent or subsequent.

27. Plaintiff's alleged damages, which are denied, were caused by intervening and superseding acts over which Defendant had no control or right of control, thereby barring or diminishing consumers' alleged right of recovery.

28. The damages claimed by Plaintiff are not recoverable, in whole or in part, under Missouri, Kansas, or federal law.

29. Plaintiff's claims are barred by a prior settlement and/or release of those claims or are barred to the extent some consumers have entered into an accord and satisfaction or otherwise compromised their claims.

30. Defendant's actions were neither the cause in fact nor the proximate cause of consumers' injuries, if any.

31. Plaintiff's claims are barred by the doctrine of justification.

32. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

33. Plaintiff's claims are barred by the doctrines of repudiation and anticipatory breach.

34. Plaintiff's claims are barred to the extent consumers prevented Defendant from performing.

35. Plaintiff's claims are barred based on consumers' rejection of goods, as well as consumers' revocation of acceptance of goods.

36. Plaintiff's claims are barred by the doctrine of mistake.

37. Plaintiff's damages should be reduced as an offset by any amount received by any other payment to mitigate damages, including any profit a consumer made from BF Labs' mining devices.

38. Plaintiff's claims are barred because there is no danger of recurrence of the alleged violations.

39. Defendant reserves the right to amend its Answer to assert additional defenses, affirmative or otherwise, that may arise or become known through the course of further investigation or discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant respectfully requests that this Court enter judgment in his favor and against Plaintiff's relief requested in the First Amended Complaint.

Respectfully submitted,

By: */s/ James D. Griffin*
James D. Griffin            MO # 33370
Lisa M. Bolliger            MO # 65496
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut, Suite 1950
Kansas City, Missouri  64106
Tel:  (816) 268-9400
Fax:  (816) 268-9409
E-mail:  jgriffin@sakg.com
            lbolliger@sakg.com

*Attorneys for Defendant Nasser Ghoseiri*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 5th day of June, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

 /s/ James D. Griffin
Attorney for Defendant Nasser Ghoseiri