# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00815-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss Counterclaims (Doc. #272). Plaintiff contends this Court lacks subject-matter jurisdiction over Defendant BF Labs Inc.'s ("BFL's") counterclaims for wrongful injunction and defamation based on sovereign immunity. After reviewing the premises of the motion, the record, and the applicable law, the Court grants the motion and dismisses both counterclaims without prejudice.

### I. BACKGROUND

In September 2014, Plaintiff filed a civil enforcement action against BFL and three individuals. The complaint alleged that Defendants engaged in deceptive business acts and practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"). Along with its complaint, Plaintiff filed a motion for ex parte temporary restraining order with asset freeze, appointment of a receiver, and other equitable relief, which the Court granted.

After limited discovery, the Court received evidence and held a preliminary injunction hearing. On December 12, 2014, the Court denied Plaintiff's motion for preliminary injunction, lifted the asset freeze, and initiated the process for winding down the temporary receivership. BFL subsequently filed its answer and asserted counterclaims for wrongful injunction and

1

defamation. On March 10, 2015, Plaintiff filed the instant motion under Federal Rule of Civil Procedure 12(b)(1), arguing this Court lacks subject-matter jurisdiction based on sovereign immunity. BFL opposes the motion.

## II. LEGAL STANDARD

Rule 12(b)(1) allows a district court to dismiss a complaint for lack of subject-matter jurisdiction. The party asserting federal jurisdiction has the burden of demonstrating that subject-matter jurisdiction exists. Hart v. United States, 630 F.3d 1085, 1089 n.3 (8th Cir. 2010). A district court has subject-matter jurisdiction over a claim against the United States only if the United States has waived its sovereign immunity. Id. at 1088.

## III. ANALYSIS

Plaintiff argues this Court lacks subject-matter jurisdiction based on sovereign immunity. Plaintiff explains that the Federal Tort Claims Act ("FTCA") creates a limited waiver of sovereign immunity but argues that BFL's counterclaims are not covered by this waiver.[1] In its opposition, BFL does not directly respond to Plaintiff's FTCA arguments. Rather, it argues the Court has subject-matter jurisdiction over its wrongful injunction claim based on the Equal Access to Justice Act ("EAJA"). BFL also contends the Court has subject-matter jurisdiction over its defamation claim based on the "Stigma Plus" doctrine.

---

[1] Plaintiff's first argument is that the Court lacks subject-matter jurisdiction because the FTCA only waives sovereign immunity for claims against the United States – not federal agencies. See, e.g., Polonczyk v. Astrue, No. 12-CV-3472, 2013 WL 653924, at *2 (W.D. Mo. Feb. 20, 2013) aff'd sub nom. Poloncyzk v. Colvin, 515 F. App'x 629 (8th Cir. 2013) (granting motion to dismiss because complaint named the Commissioner of Social Security and the Social Security Administration). But courts have allowed substitution in similar situations so, for purposes of this motion, the Court will construe BFL's claims to be against the United States. The Court recognizes that this broad construction may influence the designation of BFL's claims as "compulsory counterclaims" asserted against the opposing party, which is relevant to Plaintiff's failure to exhaust argument. The Court, however, does not reach this issue because of its previous rulings.

2

### A. THE FTCA'S WAIVER OF SOVEREIGN IMMUNITY DOES NOT COVER PLAINTIFF'S COUNTERCLAIMS.

The FTCA waives sovereign immunity for some torts. Generally, the FTCA provides liability for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). But the FTCA's waiver of sovereign immunity is subject to several limitations. Relevant to this motion, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of . . . malicious prosecution, abuse of process, libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h).

The Court agrees with Plaintiff that the FTCA does not waive sovereign immunity for BFL's counterclaims. In its wrongful injunction counterclaim, BFL alleges that Plaintiff sought and obtained the TRO based on "fundamentally flawed, incomplete, misleading, and ultimately incorrect allegations" and that Plaintiff "never had proper grounds for requesting and obtaining the TRO, asset freeze, and receivership." Doc. #227 at 25–26. Because this counterclaim rests on the alleged malicious prosecution and abuse of process that occurred when Plaintiff moved for the TRO, the Court concludes this counterclaim is not covered by the FTCA's waiver of sovereign immunity.[2]

In its defamation counterclaim, BFL alleges that Plaintiff engaged in defamatory conduct by publishing a September 23, 2014 press release that referred to BFL as "'bogus,' and 'scammers,' who received 'ill-gotten gains.'" Doc. #227 at 26. Because this counterclaim is based on Plaintiff's alleged defamatory statements, the Court finds it is not covered by the FTCA's waiver of sovereign immunity. See 28 U.S.C. § 2680(h) (excluding any claim arising

---

[2] To the extent this counterclaim arises out of Plaintiff's alleged misrepresentations and deceitful statements in the TRO moving papers, the intentional torts exception still applies. See 28 U.S.C. § 2680(h) (excluding any claim arising out of "misrepresentation [or] deceit").

3

out of libel or slander); Moessmer v. United States, 760 F.2d 236, 237–38 (8th Cir. 1985) (finding defamation claim falls within libel or slander exception to FTCA waiver of immunity).

## B. BFL FAILS TO DEMONSTRATE SUBJECT-MATTER JURISDICTION.

### 1. The EAJA does not waive sovereign immunity for BFL's wrongful injunction counterclaim.

BFL argues that, regardless of the FCTA, the Court has subject-matter jurisdiction over its wrongful injunction counterclaim because the EAJA operates as a limited waiver of sovereign immunity and allows federal courts to award reasonable fees and costs to a prevailing party. Doc. #278 at 10. The EAJA is a fee-shifting statute that provides that in limited circumstances the United States can be liable to a prevailing party for certain fees and expenses incurred in civil actions brought by or against the government. 28 U.S.C. § 2412. Although this statute might authorize an award of fees and expenses to the prevailing party at the conclusion of the lawsuit, it does not create a general waiver of sovereign immunity sufficient to confer subject-matter jurisdiction over BFL's counterclaim. See FTC v. Apply Knowledge, LLC, No. 2:14-CV-00088 at Doc. #211 at 3 (D. Utah Apr. 9, 2015) ("The EAJA and [Federal Rule of Civil Procedure 65(c)], whether read separately or in combination, are not express and unequivocal congressional waivers of the United States' sovereign immunity from claims for money damages based on allegations of malicious prosecution or wrongful use of civil proceedings.").[3]

---

[3] Indeed, the statute's language suggests that an application—not a counterclaim—is the procedural mechanism for seeking EAJA fees. See Cota v. United States, No. 13-C-00576, 2013 WL 6234574, at *7 (N.D. Cal. Dec. 2, 2013) (recognizing that "EAJA does not provide an independent cause of action"). Even assuming a counterclaim is an appropriate procedural vehicle, the language of the statute further suggests that BFL's counterclaim is neither ripe nor justiciable at this time because there has not been a final judgment in the action and because there is no prevailing party. 28 U.S.C. § 2412(d)(1)(B). On the latter point, BFL contends its success at the preliminary injunction stage confers prevailing party status. The cases generally relied on by BFL are factually inapposite. See, e.g., Lorillard Tobacco Co. v. Engida, 611 F.3d 1209, 1212 (10th Cir. 2010) (noting that the plaintiff received a TRO, was denied a preliminary injunction, and ultimately filed a notice to dismiss the case). Here, the parties continue to litigate the merits of the case, and the Supreme Court has held that a party "who achieves a transient victory at the threshold of an action can gain no award under the fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse

4

### 2. The "Stigma Plus" doctrine does not waive sovereign immunity for BFL's defamation counterclaim.

BFL next argues the Court has subject-matter jurisdiction over its defamation claim because the "Stigma Plus" doctrine provides a remedy for government defamation under federal constitutional law. The Court finds this argument unpersuasive. First, BFL principally relies on Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004), which is a Second Circuit case that involved a Section 1983 claim against a city and its mayor. Sadallah is not binding on this Court and did not involve a claim against the federal government. Second, the Supreme Court recognized the Stigma Plus doctrine in Paul v. Davis, 424 U.S. 693, 708–10 (1976), by holding that defamation by a state actor could amount to a constitutional violation if accompanied by an alteration of legal status as a matter of state law. But Paul involved a Section 1983 claim against a state official and did not involve a claim against the United States, a waiver of sovereign immunity, or the FTCA. Third, BFL fails to cite any binding case law suggesting that the Stigma Plus doctrine overrides the exception in the FTCA for defamation claims against the federal government. Fourth, and finally, even if the Stigma Plus doctrine did apply, BFL alleged the "plus" requirement as a legal conclusion without supporting facts. Doc. #227 at 26 ("As a result of the TRO, [BFL] was deprived of a property interest protected by the Fifth and Fourteenth Amendments to the United States Constitution."). Indeed, its counterclaim is more appropriately the subject of common law remedies than constitutional guarantees. For all of these reasons, the Court finds it lacks subject-matter jurisdiction over BFL's counterclaims based on sovereign immunity. Because it lacks subject-matter jurisdiction, the Court does not reach Plaintiff's remaining arguments.

---

emptyhanded." Sole v. Wyner, 551 U.S. 74, 78 (2007). For all of these reasons, the Court does not reach the parties' arguments regarding the appropriateness of BFL's requested fees.

5

### C. Transfer Is Not Appropriate.

Instead of dismissal, BFL asks the Court to transfer its wrongful injunction counterclaim to the Court of Federal Claims under 28 U.S.C. § 1631. BFL contends this counterclaim sounds in contract and could have been filed as a separate cause of action in the Court of Federal Claims. BFL further argues that a transfer is in the interests of justice.

Section 1631 allows a court that lacks jurisdiction to transfer the action to a court "in which the action . . . could have been brought." Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over claims that exceed $10,000 in money damages and that are founded on "express or implied contract[s] with the United States." 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1). Based on the allegations in BFL's wrongful injunction counterclaim, the Court finds that the claim is not a contract claim. Rather, it is a tort claim and is similar to a claim for malicious prosecution or abuse of process. See Apply Knowledge, No. 2:14-CV-00088 at Doc. #211 at 2 (concluding that "[t]he Sonnenberg Companies' wrongful injunction claim against the FTC does not sound in contract; it sounds in tort, resembling a claim for malicious prosecution or wrongful use of civil proceedings"). The Court therefore does not transfer this case under 28 U.S.C. § 1631. The Court, however, expresses no opinion on the viability of any such claim, and this order should not be construed as preventing BFL from bringing a claim against Plaintiff in the Court of Federal Claims under the Tucker Act. Accordingly, it is hereby

ORDERED FTC's Motion to Dismiss Counterclaims (Doc. #272) is GRANTED. BF Labs Inc.'s counterclaims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATE: June 15, 2015 /s/Brian C. Wimes  
JUDGE BRIAN C. WIMES  
UNITED STATES DISTRICT JUDGE