UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 4:14-cv-00815-BCW |
| Plaintiff, | |
| v. | |
| BF LABS, INC., *et al.* | |
| Defendants. | |

**FTC'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO STRIKE AFFIRAMTIVE
DEFENSES OF DEFENDANT NASSER GHOSEIRI**

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

I.    LEGAL STANDARD ..................................................................................................... 1

II.    DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN .................... 2

   A.    The Court Has Already Ruled That The FTC's Complaint States A Claim For Which Relief May Be Granted (1st Defense) ....................................................................... 3

   B.    Defendant's 2nd, 3rd, 4th, 5th, 6th, 9th, 14th, 21st, 27th, and 30th Defenses Are Negative Not Affirmative Defenses ....................................................................... 4

   C.    Defendant's 7th, 13th, 24th, 25th, 31st, 32nd, 33rd, and 36th Defenses Are Inadequately Pled  4

   D.    Defendant's 8th and 10th Defenses Are Legally Insufficient as a Defense to FTC Act Liability ................................................................................................................. 5

   E.    Defendant's 11th, 12th, 15th, 16th, 19th, 20th, 26th, 29th, 34th, 35th, and 37th Defenses Are Not Applicable in an Action by the FTC ............................................ 6

   F.    Defendant's 17th Defense Is Insufficient .......................................................... 7

   G.    Defendant's 18th and 38th Defenses Are Legally Insufficient .......................... 9

   H.    Defendant's 22nd Defense Is Irrelevant to this Case ...................................... 10

   I.    Defendant's 23rd Defense Is Unavailable in a Government Law Enforcement Action ..... 10

   J.    Defendant's 28th Defense Is Inadequately Pled, Immaterial, and a Negative Defense ...... 13

   K.    Defendant's 39th Defense Is an Improper Attempt to Circumvent Federal Rule of Civil Procedure 15 ....................................................................................................... 14

III.    Allowing The Affirmative Defenses To Remain Will Prejudice The FTC ...................... 15

IV.    CONCLUSION ........................................................................................................... 15

i

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................. 2, 5

*Bartlett v. United States Dep't of Agric.,*
    716 F.3d 464 (8th Cir. 2013) ....................................................................... 11

*Bates v. State Bar of Arizona,*
    433 U.S. 350 (1977) ...................................................................................... 9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................................... 2

*Bobbin v. Victorian House, Inc.,*
    532 F. Supp. 734 (N.D. Ill. 1982) ............................................................... 4

*Boldstar Tech., LLC v. Home Depot, Inc.,*
    517 F. Supp. 2d 1283 (S.D. Fla. 2007) ....................................................... 3

*Bostwick Irrigation District v. United States,*
    900 F.2d 1285 (8th Cir. 1990) ..................................................................... 12

*Bristol- Myers Co. v. FTC,*
    738 F.2d 554 (2d Cir. 1984) .......................................................................... 8

*Canadian St. Regis Band of Mohawk Indians v. New York,*
    278 F. Supp. 2d 313 (N.D.N.Y. 2003) ........................................................ 15

*Capital Funds, Inc. v. SEC,*
    348 F.2d 582 (8th Cir. 1965) ....................................................................... 13

*Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York,*
    447 U.S. 557 (1980) ...................................................................................... 8

*Chrysler Corp. v. FTC,*
    561 F.2d 357 (D.C. Cir. 1977) ..................................................................... 6

*Crow v. Wolpoff & Abramson,*
    2007 U.S. Dist. LEXIS 31356 (D. Minn. Apr. 19, 2007) ......................... 3, 4

*Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.,*
    618 F.3d 762 (8th Cir. 2010) ....................................................................... 5

Case 4:14-cv-00815-BCW   Document 338   Filed 06/22/15   Page 3 of 25

*Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*,
    2008 U.S. Dist. LEXIS 70995 (E.D. Mo. July 21, 2008) ........................................... 1

*EEOC v. Prod. Fabricators, Inc.*,
    873 F. Supp. 2d 1093 (D. Minn. 2012) ..................................................................... 1

*EEOC v. Waffle House, Inc.*,
    534 U.S. 279 (2002) ............................................................................................... 7

*Elmo Co. v. FTC*,
    389 F.2d 550 (D.C. Cir. 1967) ............................................................................... 7

*Fano v. O'Neill*,
    806 F.2d 1262 (5th Cir. 1987) ............................................................................. 11

*FDIC v. Hulsey*,
    22 F.3d 1472 (10th Cir. 1994) ............................................................................. 11

*Folk v. Target Corp.*,
    2012 U.S. Dist. LEXIS 77100 (W.D. Mo. Jun. 4, 2012) ......................................... 2

*FTC v. Accusearch, Inc.*,
    2007 U.S. Dist. LEXIS 74905 (D. Wyo. Sep. 28, 2007) .................................. 11, 12

*FTC v. Affordable Media*,
    179 F.3d 1228 (9th Cir. 1999) ............................................................................. 10

*FTC v. American Microtel, Inc.*,
    1992 U.S. Dist. LEXIS 11046 (D. Nev. June 10, 1992) ......................................... 12

*FTC v. Bay Area Bus. Council, Inc.*,
    2003 U.S. Dist. LEXIS 7261 (N.D. Ill. May 1, 2003) ...................................... 10, 14

*FTC v. Bay Area Bus. Council, Inc.*,
    423 F.3d 627 (7th Cir. 2005) ............................................................................... 6

*FTC v. Bronson Partners, LLC*,
    2006 U.S. Dist. LEXIS 3315 (D. Conn. Jan. 25, 2006) ................................... 12, 13

*FTC v. CEO Group, Inc.*,
    2007 U.S. Dist. LEXIS 10619 (S.D. Fla. Feb. 15, 2007) ......................................... 6

*FTC v. Crescent Publ'g Group, Inc.*,
    129 F. Supp. 2d 311 (S.D.N.Y. 2001) .................................................................. 12

Case 4:14-cv-00815-BCW   Document 338   Filed 06/22/15   Page 4 of 25

*FTC v. Cyberspace.com, LLC*,
   453 F.3d 1196 (9th Cir. 2006) ..................................................... 5

*FTC v. Hang-Up Art Enter.*,
   1995 U.S. Dist. LEXIS 21444 (C.D. Cal. Sep. 27, 1995) ..................... 6

*FTC v. Hayes*,
   1997 U.S. Dist. LEXIS 7883 (E.D. Mo. May 7, 1997) ........................ 3

*FTC v. Hope Now Modifications*,
   2009 U.S. Dist. LEXIS 102596 (D.N.J. Nov. 4, 2009) ........................ 6

*FTC v. Kitco of Nevada, Inc.*,
   612 F. Supp. 1282 (D. Minn. 1985) ............................................ 10

*FTC v. Magazine Solutions, LLC*,
   2007 U.S. Dist. LEXIS 70977 (W.D. Pa. Sep. 25, 2007) ...................... 12

*FTC v. Magazine Solutions, LLC*,
   2009 U.S. Dist. LEXIS 23708 (W.D. Pa. Mar. 20, 2009) ...................... 6

*FTC v. Moneymaker*,
   2011 U.S. Dist. LEXIS 83913 (D. Nev. July 28, 2011) ....................... 12

*FTC v. N. Am. Mktg. & Assocs.*,
   2012 U.S. Dist. LEXIS 150102 (D. Ariz. Oct. 17, 2012) ................. 3, 9, 14

*FTC v. N.E. Telecomms., Ltd.*,
   1997 U.S. Dist. LEXIS 10531 (S.D. Fla. Jun. 23, 1997) ..................... 12

*FTC v. NCH, Inc.*,
   1995 U.S. Dist. LEXIS 21098 (D. Nev. May 25, 1995) ........................ 6

*FTC v. Sabal*,
   32 F. Supp. 2d 1004 (N.D. Ill. 1998) ......................................... 6

*FTC v. Sec. Rare Coin & Bullion Corp.*,
   1989 U.S. Dist. LEXIS 15958 (D. Minn. Sept. 11, 1989), *aff'd* 931 F.2d 1312 (8th Cir. 1991)
   ............................................................................. 10

*FTC v. Sec. Rare Coin & Bullion Corp.*,
   931 F.2d 1312 (8th Cir. 1991) ................................................ 7

*FTC v. Stefanchik*,
   2004 U.S. Dist. LEXIS 30710 (W.D. Wash. Nov. 12, 2004) ................. 8, 14

iv

*FTC v. U.S. Oil & Gas Corp.*,
 1987 U.S. Dist. LEXIS 16137 (S.D. Fla. Jul. 10, 1987) ...................................................... 7, 12

*FTC v. World Travel Vacation Brokers, Inc.*,
 861 F.2d 1020 (7th Cir. 1988) ........................................................................................ 6

*Handi-Craft Co. v. Travelers Cas. & Sur. Co.*,
 2012 U.S. Dist. LEXIS 57911 (E.D. Mo. Apr. 25, 2012) ...................................................... 14

*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
 883 F.2d 1286 (7th Cir. 1989) ..................................................................................... 5, 7

*Herman v. South Carolina Nat'l Bank*,
 140 F.3d 1413 (11th Cir. 1998) ...................................................................................... 7

*Hiramanek v. Clark*,
 2015 U.S. Dist. LEXIS 19985 (N.D. Cal. Feb. 15, 2015) ........................................................ 2

*In re Metagenics, Inc.*,
 1995 FTC LEXIS 2 (1995) ............................................................................................. 9

*In re Rawson Food Svc., Inc.*,
 846 F.2d 1343 (11th Cir. 1988) ................................................................................... 3, 4

*INS v. Habibi*,
 414 U.S. 5 (1973)................................................................................................ 11, 12

*Izzard v. Credit Fin. Servs.*,
 2014 U.S. Dist. LEXIS 45215 (M.D.N.C. Apr. 2, 2014) ........................................................ 15

*Krisa v. Equitable Life Assurance Society*,
 113 F. Supp. 2d 694 (M.D. Pa. 2000) ............................................................................. 14

*Lakeside Roofing Co. v. Nixon*,
 2012 U.S. Dist. LEXIS 69913 (E.D. Mo. Jun. 29, 2011) ........................................................ 15

*Lee v. Spellings*,
 447 F.3d 1087 (8th Cir. 2006) ...................................................................................... 12

*Lemery v. Duroso*,
 2009 U.S. Dist. LEXIS 50771 (E.D. Mo. June 16, 2009)........................................................ 3

*Liberty Motor & Mach. Co. v. The Hartford Accident & Indem. Co.*,
 1992 U.S. Dist. LEXIS 22529 (S.D. Ill. Mar. 18, 1992) ........................................................ 14

v

*Lorillard Tobacco Co. v. Reilly*,
    533 U.S. 525 (2001) ........................................................................................... 8

*Lucas v. Jerusalem Café, LLC*,
    2011 U.S. Dist. LEXIS 88684 (W.D. Mo. Aug. 10, 2011) .................................. 2, 5

*Lunsford v. United States*,
    570 F.2d 221 (8th Cir. 1977) ............................................................................. 1

*Mejia-Perez v. Gonzales*,
    490 F.3d 1011 (8th Cir. 2007) ........................................................................... 11

*Minnesota Supply Co. v. Raymond Corp.*,
    2003 U.S. Dist. LEXIS 5181 (D. Minn. Mar. 21, 2003) ..................................... 4

*Novartis Corp. v. FTC*,
    223 F.3d 783 (D.C. Cir. 2000) ........................................................................... 8

*Openmethods, LLC v. Mediu, LLC*,
    2011 U.S. Dist. LEXIS 60980 (W.D. Mo. Jun. 8, 2011) ..................................... 2

*OPM v. Richmond*,
    496 U.S. 414 (1990) ........................................................................................... 11

*PNC Bank, N.A. v. El Tovar, Inc.*,
    2014 U.S. Dist. LEXIS 16921 (E.D. Mo. Feb. 11, 2014) ..................................... 8

*Removatron Int'l Corp. v. FTC*,
    884 F.2d 1489 (1st Cir. 1989) ........................................................................... 6

*Resolution Trust Corp. v. Gibson*,
    829 F. Supp. 1103 (W.D. Mo. 1993) .................................................................. 4

*Robertson v. LTS Mgmt. Servs. LLC*,
    642 F. Supp. 2d 922 (W.D. Mo. 2008) ............................................................... 1

*Sanz v. United States Sec. Ins. Co.*,
    328 F.3d 1314 (11th Cir. 2003) ......................................................................... 11

*Sch. of the Ozark, Inc. v. Greatest Generation Foundation*,
    2011 U.S. Dist. LEXIS 37850 (W.D. Mo. Apr. 7, 2011) ..................................... 2

*SEC v. Morgan, Lewis & Bockius*,
    209 F.2d 44 (3d Cir. 1953) ................................................................................. 13

Case 4:14-cv-00815-BCW   Document 338   Filed 06/22/15   Page 7 of 25

*Semco, LLC v. Huntair, Inc.*,
   2011 U.S. Dist. LEXIS 82795 (W.D. Mo. Ju. 28, 2011) ........................................................ 2

*Shaw v. Prudential Ins. Co. of Am.*,
   2011 U.S. Dist. LEXIS 136163 (W.D. Mo. Nov. 28, 2011) .................................................. 2

*Smithville 169 v. Citizens Bank & Trust Co.*,
   2012 U.S. Dist. LEXIS 512 (W.D. Mo. Jan. 4, 2012) ................................................ 2, 5, 13

*Southard v. City of Oronogo*,
   2013 U.S. Dist. LEXIS 11395 (W.D. Mo. Jan. 29, 2013) .................................................... 2

*United States ex rel. FTC v. Larkin & Hoffman*,
   841 F. Supp. 899 (D. Minn. 1993) .................................................................................. 7

*United States ex rel. Kraxberger v. Kansas City Power & Light Co.*,
   2012 U.S. Dist. LEXIS 128230 (W.D. Mo. Sept. 10, 2012) .............................................. 1

*United States v. Reader's Digest Ass'n, Inc.*,
   464 F. Supp. 1037 (D. Del. 1978) , *aff'd*, 662 F.2d 955 (3d Cir. 1981) .................... 9, 12, 13

*United States v. Concentrated Phosphate Export Ass'n, Inc.*,
   393 U.S. 199 (1968) ...................................................................................................... 9

*United States v. Global Mortg. Funding*,
   2008 U.S. Dist. LEXIS 102897 (C.D. Cal. May 15, 2008) .............................................. 12

*United States v. One 1973 Buick Riviera Auto.*,
   560 F.2d 897 (8th Cir. 1977) ........................................................................................ 12

*United States v. Raymond*,
   228 F.3d 804 (7th Cir. 2000) ......................................................................................... 8

*United States v. Schiff*,
   379 F.3d 621 (9th Cir. 2004) ......................................................................................... 8

*United States v. Summerlin*,
   310 U.S. 414 (1939) .................................................................................................... 12

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*,
   425 U.S. 748 (1976) ...................................................................................................... 9

*Willis v. Quad Lakes Enters., LLC*,
   2011 U.S. Dist. LEXIS 100536 (W.D. Mo. Sep. 7, 2011) ................................................ 2

*Zauderer v. Office of Disciplinary Counsel,*
   471 U.S. 626 (1985)................................................................................................................. 8

**Statutes**

U.S. Const. art. VI, cl. 2............................................................................................................ 13

Fed. R. Civ. P. 12(f)................................................................................................................... 1

Plaintiff Federal Trade Commission ("FTC") moves under Federal Rule of Civil Procedure 12(f) to strike all of the affirmative defenses in the Answer filed by Defendant Nasser Ghoseiri. (DE 327.) These affirmative defenses fail as a matter of law, and, unless stricken, will needlessly prolong the litigation and waste assets that otherwise would be available to compensate injured consumers.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In determining whether to strike affirmative defenses, Eighth Circuit courts examine whether "'the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). Accordingly, defenses should be stricken if they are immaterial or cannot succeed under any circumstances. *Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922, 933 (W.D. Mo. 2008) (citations omitted).

Motions to strike "'should be granted when doing so will make trial of the action less complicated or otherwise streamline the ultimate resolution of the action.'" *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 2012 U.S. Dist. LEXIS 128230, at *4 (W.D. Mo. Sept. 10, 2012) (citation omitted); *accord EEOC v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012). Thus, striking a defense is proper to "prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues . . . ." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 U.S. Dist. LEXIS 70995, at *6 (E.D. Mo. July 21, 2008).

1

Although no Circuit Court has ruled on the issue, the majority of district courts have ruled that the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to affirmative defenses. *See, e.g., Hiramanek v. Clark*, 2015 U.S. Dist. LEXIS 19985, at *3 (N.D. Cal. Feb. 15, 2015). Courts in this district do as well. *See, e.g.*, *Folk v. Target Corp.*, 2012 U.S. Dist. LEXIS 77100, at *2 (W.D. Mo. Jun. 4, 2012).[1] Under *Twombly* and *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, pleadings must contain factual allegations sufficient to make the defense "plausible on its face." *Twombly*, 550 U.S. at 570. "A defendant must simply provide a short, plain statement of facts giving rise to the affirmative defense." *See Lucas*, 2011 U.S. Dist. LEXIS 88684, at *2. "[A] party attempting to address an affirmative defense lacking factual allegations is placed in the same position as a defendant trying to address a complaint with the same deficiencies. '[I]n both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case.'" *Smithville 169*, 2012 U.S. Dist. LEXIS 512, at *3 (citations omitted).

## II. DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

The FTC moves to strike all of Defendant's affirmative defenses because they are legally

---

[1] *See also Smithville 169 v. Citizens Bank & Trust Co.*, 2012 U.S. Dist. LEXIS 512, at *3 (W.D. Mo. Jan. 4, 2012); *Shaw v. Prudential Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 136163, at *9 (W.D. Mo. Nov. 28, 2011); *Lucas v. Jerusalem Café, LLC*, 2011 U.S. Dist. LEXIS 88684, at *2 (W.D. Mo. Aug. 10, 2011); *Semco, LLC v. Huntair, Inc.*, 2011 U.S. Dist. LEXIS 82795, at *3-4 (W.D. Mo. Jul. 28, 2011); *Openmethods, LLC v. Mediu, LLC*, 2011 U.S. Dist. LEXIS 60980, at *5 (W.D. Mo. Jun. 8, 2011); *Sch. of the Ozark, Inc. v. Greatest Generation Foundation*, 2011 U.S. Dist. LEXIS 37850, at *2-3 (W.D. Mo. Apr. 7, 2011). *But see Southard v. City of Oronogo*, 2013 U.S. Dist. LEXIS 11395, at *5 (W.D. Mo. Jan. 29, 2013) (decision of Magistrate Judge Hays); *Willis v. Quad Lakes Enters., LLC*, 2011 U.S. Dist. LEXIS 100536, at *4 (W.D. Mo. Sep. 7, 2011) (same).

2

incorrect, redundant denials of the Complaint's allegations, or incomprehensible.

### A. The Court Has Already Ruled That The FTC's Complaint States A Claim For Which Relief May Be Granted (1st Defense)

Defendant previously moved to dismiss the FTC's complaint for failure to state a claim (DE 84), and the Court denied that motion. (DE 219.) Further, the Court granted the FTC's motion to amend its complaint over Defendants' objection that such amendment was futile. (DE 308.) In denying Defendant's motion to dismiss, the Court expressly found that the FTC "sufficiently alleged its Section 5(a) claims" (DE 219 at 3), that the FTC "has plausibly stated a claim to relief under Section 5(a)" (*id.* at 4), and that the FTC "has sufficiently stated a Section 5(a) violation based on each theory" alleged in its complaint. (*Id.*) Similarly, in granting the FTC's motion to amend the complaint to add additional counts, the Court held that the "amended complaint adequately alleges each Section 5(a) claim" (DE 308 at 2), that "[t]he allegations for each count are sufficient and would survive a Rule 12(b)(6) challenge," (*id.* at 3), and that each count "contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.''" (*Id.*) Defendant had his bite at the apple and lost, he should not get another. Accordingly, his first defense (failure to state a claim) should be stricken. *FTC v. Hayes*, 1997 U.S. Dist. LEXIS 7883, at *2 (E.D. Mo. May 7, 1997) (striking affirmative defense where court previously denied Rule 12(b)(6) motion to dismiss).[2]

---

[2] Further, this defense, failure to state a claim, is a negative defense, not an affirmative defense, and should be stricken on that ground as well. *See, e.g., Lemery v. Duroso*, 2009 U.S. Dist. LEXIS 50771, at *8 (E.D. Mo. June 16, 2009) ("failure to state a claim is not a proper affirmative defense"); *Crow v. Wolpoff & Abramson*, 2007 U.S. Dist. LEXIS 31356, at *7 (D. Minn. Apr. 19, 2007) (citation omitted) ("an affirmative defense should accept, rather than contradict, well-pleaded allegations of the complaint"); *see also In re Rawson Food Svc., Inc.*, 846 F.2d 1343, 1349 n.9 (11th Cir. 1988) (failure to state a claim is not an affirmative defense); *FTC v. N. Am. Mktg. & Assocs.*, 2012 U.S. Dist. LEXIS 150102, at *6 (D. Ariz. Oct. 17, 2012) (striking defense of failure to state a claim); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim;

## B. Defendant's 2nd, 3rd, 4th, 5th, 6th, 9th, 14th, 21st, 27th, and 30th Defenses Are Negative Not Affirmative Defenses

A valid affirmative defense is one that "raises matters outside the scope of a plaintiff's prima facie case" and "will defeat an otherwise legitimate claim for relief." *Crow*, 2007 U.S. Dist. LEXIS 31356, at *8. An affirmative defense "generally admits the matters in a complaint but suggests some other reason why there is no right of recovery" or "raises a matter outside the scope of plaintiff's prima facie case and is thus a matter not raised by a simple denial." *Bobbin v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982); *see also Minnesota Supply Co. v. Raymond Corp.*, 2003 U.S. Dist. LEXIS 5181, at *4 (D. Minn. Mar. 21, 2003) ("An affirmative defense is one in which the defendant accepts, rather than contradicts the plaintiff's allegations."). Thus, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Rawson Food Svc.*, 846 F.2d at 1349; *see Resolution Trust Corp. v. Gibson*, 829 F. Supp. 1103, 1107 (W.D. Mo. 1993) (striking defense alleging failure to show causation as "simply an argument that [plaintiff] has failed to make a prima facie case . . . and not an affirmative defense").

Here, Defendant's 2nd, 3rd, 4th, 5th, 6th, 9th, 14th, 21st, 27th, and 30th defenses do not "raise matters outside the scope" of the FTC's complaint. Instead, they are negative defenses – merely repetitions of his general denial that he engaged in the acts and practices alleged in the FTC's complaint – and not affirmative defenses. Accordingly, the Court should strike these defenses.

## C. Defendant's 7th, 13th, 24th, 25th, 31st, 32nd, 33rd, and 36th Defenses Are Inadequately Pled

As discussed above, courts in this District require affirmative defenses to contain more than "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory

---

it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

4

statements," *Iqbal*, 556 U.S. at 678, more than "textbook examples of labels and conclusions." *Smithville 169*, 2012 U.S. Dist. LEXIS 512, at *7. Defendants "must simply provide a short, plain statement of facts giving rise to the affirmative defense." *Lucas*, 2011 U.S. Dist. LEXIS 88684, at *2. Defendant's 7th, 13th, 24th, 25th, 31st, 32nd, 33rd, and 36th defenses are just such a "textbook example of labels and conclusions." His bare assertions that the FTC's requested relief "is not in the public interest" (7th) or is unconscionable (24th) provides no notice to the FTC as to how or why that is so, making it impossible to negate. Similarly, he claims that the Court "lacks personal jurisdiction over some or all of the Defendants," yet fails to identify over which Defendant or Defendants the Court lacks jurisdiction. Likewise his "threadbare" assertions that the FTC's claims are barred based on "the doctrine of election of remedies" (25th), "the doctrine of justification" (31st), "the doctrine of ratification" (32nd), "the doctrines of repudiation and anticipatory breach" (33rd), and "the doctrine of mistake" (36th) are nothing but "bare bones conclusory allegations," "omit[ting] any short and plain statement of facts," and "fail[ing] totally to allege the necessary elements" of the asserted defenses. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Accordingly, the Court should strike these defenses.

### D. Defendant's 8th and 10th Defenses Are Legally Insufficient as a Defense to FTC Act Liability

Defendant's 8th and 10th defenses are premised on his purported "good faith." These defenses are legally insufficient because good faith is not a defense to liability for violating Section 5 of the FTC Act. *See, e.g.*, *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 779 (8th Cir. 2010) (noting consensus that "a defendant's good faith is immaterial to whether a 'deceptive act' has occurred under § 5 of the Federal Trade Commission Act because that statute does not require an intent to deceive"); *FTC v. Cyberspace.com, LLC*, 453 F.3d 1196,

1202 (9th Cir. 2006); *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 635 (7th Cir. 2005);

*Removatron Int'l Corp. v. FTC*, 884 F.2d 1489, 1495 (1st Cir. 1989); *FTC v. World Travel*

*Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) ("To be actionable under Section 5,

these misrepresentations or practices need not be made with an intent to deceive"); *Chrysler*

*Corp. v. FTC*, 561 F.2d 357, 363 (D.C. Cir. 1977) ("An advertiser's good faith does not

immunize it from responsibility for its misrepresentations"); *FTC v. Hope Now Modifications*,

2009 U.S. Dist. LEXIS 102596, at *3 (D.N.J. Nov. 4, 2009) *FTC v. CEO Group, Inc.*, 2007 U.S.

Dist. LEXIS 10619, at *4 (S.D. Fla. Feb. 15, 2007); *FTC v. Sabal*, 32 F. Supp. 2d 1004, 1007

(N.D. Ill. 1998) ("the subjective good faith of the advertiser is not a valid defense to an

enforcement action brought under [FTC Act] section 5"); *FTC v. NCH, Inc.*, 1995 U.S. Dist.

LEXIS 21098, at *20-21 (D. Nev. May 25, 1995) ("As a matter of law, a defendant's good faith

is not a defense to liability for a violation of 15 U.S.C. § 45(a)").[3] Accordingly, the Court should

strike these defenses.

### E. Defendant's 11th, 12th, 15th, 16th, 19th, 20th, 26th, 29th, 34th, 35th, and 37th Defenses Are Not Applicable in an Action by the FTC

Defendant next asserts several vague defenses (11th, 12th, 14th, 16th, 19th, 20th, 26th, 29th,

34th, 35th, and 37th) that appear to be based on the misapprehension that the FTC represents

consumers as parties in this suit. The Complaint makes clear that the FTC brings this

enforcement action in its own name. Nor does the FTC stand in the shoes of consumers when

bringing enforcement actions. Although the FTC acts to protect consumers, its mission is

---

[3] At best, good faith may be relevant when offered against the scope of injunctive relief. *See FTC v. Magazine Solutions, LLC*, 2009 U.S. Dist. LEXIS 23708, at *3 (W.D. Pa. Mar. 20, 2009); *CEO Group*, 2007 U.S. Dist. LEXIS 10619, at *4; *FTC v. Hang-Up Art Enter.*, 1995 U.S. Dist. LEXIS 21444, at *11 (C.D. Cal. Sep. 27, 1995). When offered as an affirmative defense to liability, however, this defense should be stricken. *Hang-Up Art Enter.*, 1995 U.S. Dist. LEXIS 21444, at *11 ("To the extent good faith is offered as an affirmative defense to violation of section 5 of the FTC Act, the second affirmative defense should be stricken").

distinct from that of a private party. *Elmo Co. v. FTC*, 389 F.2d 550, 552 (D.C. Cir. 1967). The FTC is a body charged with protection of the public and does not act in a representative capacity for consumers. *FTC v. Sec. Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1316 (8th Cir. 1991); *United States ex rel. FTC v. Larkin & Hoffman*, 841 F. Supp. 899, 907 (D. Minn. 1993). Thus, defenses that may be available to Defendants in an action by consumers have no application in this law enforcement action by the FTC. *FTC v. U.S. Oil & Gas Corp.*, 1987 U.S. Dist. LEXIS 16137, at *77-78 (S.D. Fla. Jul. 10, 1987) ("In a government enforcement action, enforcing releases executed by individual customers of a fraudulent scheme who receive partial refunds would only serve to encourage their use in similar fraudulent schemes and thereby permit the retention of the bulk of the fraudulent proceeds without liability. . . [accordingly] they do not apply in a section 13(b) restitution action"); *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) (holding that employee's entry into mandatory arbitration agreement with employer does not limit EEOC enforcement authority); *Herman v. South Carolina Nat'l Bank*, 140 F.3d 1413, 1424-28 (11th Cir. 1998) (holding government in ERISA action not barred by private litigation or settlements under principles of *res judicata* or release from obtaining equitable relief, including disgorgement, rescission, and restitution).[4] Accordingly, the Court should strike these defenses.

### F.  Defendant's 17th Defense Is Insufficient

In his 17th defense, Defendant asserts that the FTC's Complaint infringes upon his First Amendment rights. This affirmative defense should be stricken because it is insufficient. The FTC has challenged the marketing of Defendants' Bitcoin mining machines as false and

---

[4] In addition, these defenses are so conclusory that the FTC has no fair notice or ability to meaningfully respond to them. Instead, they are nothing but "bare bones conclusory allegations," "omit[ing] any short and plain statement of facts," and "fail[ing] totally to allege the necessary elements" of the asserted defenses. *Midwhey Powder*, 883 F.2d at 1295.

7

misleading commercial speech and has alleged in the Complaint that the marketing violates the

FTC Act. The law is well-settled that the government may prevent the dissemination of false or

misleading commercial speech. *See United States v. Schiff,* 379 F.3d 621, 629-30 (9th Cir. 2004);

*United States v. Raymond*, 228 F.3d 804, 815-16 (7th Cir. 2000). Commercial speech receives

protection under the First Amendment only if it concerns lawful activity and is not misleading.[5]

Thus, Defendants' deceptive marketing practices[6] are not privileged or protected by the First

Amendment. *See, e.g., Bristol- Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984)

("[D]eceptive advertising enjoys no constitutional protection and it may be regulated.... Even in

the absence of a finding of actual deception, agencies may properly regulate speech that is

merely potentially deceptive"); *FTC v. Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at \*4-5 (W.D.

Wash. Nov. 12, 2004) ("The law is well settled that, once speech is deemed to be false,

misleading, and commercial, it is not constitutionally protected."). The First Amendment does

not prohibit the government from "insuring that the stream of commercial information flow

---

[5] *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York*, 447 U.S. 557, 563-64 (1980) ("The government may ban forms of communication more likely to deceive the public than to inform it, or commercial speech related to illegal activity.") (citation omitted); *see Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 554 (2001) ("For commercial speech to come [under the protection of the First Amendment], it at least must concern lawful activity and not be misleading."); *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 638 (1985) ("The States and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive, or misleading.") (citation omitted); *see also Novartis Corp. v. FTC*, 223 F.3d 783, 789 (D.C. Cir. 2000) (finding no First Amendment impediment to the FTC's cease and desist order).

[6] In evaluating whether an affirmative defense is legally sufficient, the Court must accept that the FTC will prevail on the merits of the action (*i.e.*, that Defendant engaged in deceptive and unfair practices) and then determine whether some extrinsic factor (*i.e.*, the affirmative defense) defeats the claim. *See PNC Bank, N.A. v. El Tovar, Inc.*, 2014 U.S. Dist. LEXIS 16921, at \*20 (E.D. Mo. Feb. 11, 2014) (affirmative defense defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true").

cleanly as well as freely." *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 772 (1976).

Appropriate time, place, and manner restrictions may be imposed on commercial speech, and false or misleading advertisements may be forbidden, as long as the restrictions are justified and leave open ample alternative channels for communicating the information.[7] Commercial speech has a "hardiness" and durability that makes it unlikely to be "chilled by proper regulation." *Virginia,* 425 U.S. at 772, n.24. Indeed, courts have stricken this defense in cases brought under Section 13(b) of the FTC Act. *N. Am. Mktg. & Assocs.*, 2012 U.S. Dist. LEXIS 150102, at *6-7; *Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at *4-5; *see also In re Metagenics, Inc.*, 1995 FTC LEXIS 2, at *2-3 (1995) (striking affirmative defense that claimed proposed FTC order would violate the defendant's free speech rights). Accordingly, the First Amendment defense is inappropriate and should be stricken.

### G. Defendant's 18th and 38th Defenses Are Legally Insufficient

Next, Defendant's 18th and 38th defenses are premised on the argument that voluntary cessation of the alleged violative activity moots the case. This argument is without merit. Even if Defendant ceased all illegal conduct before initiation of this case, "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant . . . free to return to his old ways. " *United States v. Concentrated Phosphate Export Ass'n, Inc.,* 393 U.S. 199, 203 (1968) (internal quotations omitted). On the contrary, the

---

[7] *See United States v. Reader's Digest Ass'n, Inc.*, 464 F. Supp. 1037, 1049 (D. Del. 1978) ("Appropriate time, place, and manner restrictions may be imposed on commercial speech, and false or misleading advertisements may be forbidden."), *aff'd*, 662 F.2d 955 (3d Cir. 1981); *Virginia,* 425 U.S. at 771 ("We have often approved restrictions [on advertising] provided ... they leave open ample alternative channels for communication of the information."); *Bates v. State Bar of Arizona*, 433 U.S. 350, 384 (1977) ("[T]here may be reasonable restrictions on the time, place, and manner of advertising.").

test for mootness "is a stringent one" and defendants must show that "subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur." *FTC v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir. 1999). Thus, "[e]ven if the defendants have altered some of their deceptive practices, injunctive relief is still appropriate when there is a 'cognizable danger of recurrent violation.'" *FTC v. Kitco of Nevada, Inc.*, 612 F. Supp. 1282, 1296 (D. Minn. 1985) (citation omitted); *see also FTC v. Sec. Rare Coin & Bullion Corp.*, 1989 U.S. Dist. LEXIS 15958, at *19 (D. Minn. Sept. 11, 1989), *aff'd* 931 F.2d 1312 (8th Cir. 1991); *FTC v. Bay Area Bus. Council, Inc.*, 2003 U.S. Dist. LEXIS 7261, at *8 (N.D. Ill. May 1, 2003) (striking mootness defense in FTC action). Accordingly, the Court should strike these defenses.

## H. Defendant's 22nd Defense Is Irrelevant to this Case

Defendant's 22nd defense, that his Bitcoin mining machines were designed and manufactured in accordance with industry standards, is completely irrelevant to the FTC's case. The FTC's Complaint alleges that Defendants engaged in deceptive marketing practices – specifically that they made material misrepresentations regarding the timing of delivery of their mining machines and the profitability of those machines. Nowhere in the FTC's Complaint are there any allegations depending on whether the machines were designed or manufactured according to industry standards. Thus, this defense is "immaterial" to the case at hand. Accordingly, the Court should strike this defense.

## I. Defendant's 23rd Defense Is Unavailable in a Government Law Enforcement Action

Defendant's 23rd defense asserts the estoppel, laches, and waiver defenses. First, Defendant simply refers to these legal doctrines without setting forth the elements of each and without alleging any facts to support these defenses. Moreover, estoppel, laches, and waiver are

10

generally unavailable as defenses against a government agency in a civil suit to enforce a public right or protect a public interest.

The law is well settled that the principles of equitable estoppel are generally not available as defenses in a suit brought by the government to enforce a public right or a public interest. *See INS v. Habibi*, 414 U.S. 5, 8 (1973). Courts have long held that the government may not be estopped when it acts in its sovereign capacity for the benefit of the public unless some egregious injustice would result. *Sanz v. United States Sec. Ins. Co.*, 328 F.3d 1314, 1319-20 (11th Cir. 2003) (equitable estoppel available only if affirmative and egregious conduct by the government exists). In the Eighth Circuit, in order to establish a claim of equitable estoppel against the government, a party must prove: (1) a false representation by the government; (2) the government's intent to induce the party to act on the misrepresentation; (3) the party's lack of knowledge or inability to obtain the true facts; (4) the party's detrimental reliance; and (5) affirmative misconduct by the government. *Mejia-Perez v. Gonzales*, 490 F.3d 1011, 1012 (8th Cir. 2007). Further, affirmative misconduct "requires something more than mere negligence." *Bartlett v. United States Dep't of Agric.*, 716 F.3d 464, 476 (8th Cir. 2013). *See also Fano v. O'Neill*, 806 F.2d 1262, 1265 (5th Cir. 1987) (holding that "to state a cause of action for estoppel against the government, a private party must allege more than mere negligence, delay, inaction, or failure to follow an internal agency guideline"); *FTC v. Accusearch, Inc.*, 2007 U.S. Dist. LEXIS 74905, at *27 (D. Wyo. Sep. 28, 2007) ("Erroneous advice by a government official is insufficient") (*citing FDIC v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994)). The burden is so high that the Supreme Court and the Eighth Circuit have warned "that courts should be cautious when evaluating estoppel claims against the government." *Bartlett*, 716 F.3d at 475 (citing *OPM v. Richmond*, 496 U.S. 414, 422 (1990) ("Courts of Appeals have taken our statements as an

invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed")). Thus, courts have stricken estoppel defenses asserted against the FTC. *See, e.g., United States v. Global Mortg. Funding*, 2008 U.S. Dist. LEXIS 102897, at *10-11 (C.D. Cal. May 15, 2008); *Accusearch*, 2007 U.S. Dist. LEXIS 74905, at *27; *FTC v. American Microtel, Inc.*, 1992 U.S. Dist. LEXIS 11046, at *3 (D. Nev. June 10, 1992); *Reader's Digest Ass'n*, 464 F. Supp. at 1043.

It is a general rule that laches is no defense against the government in a civil suit to enforce a public right or protect a public interest. *See Habibi*, 414 U.S. at 8; *United States v. Summerlin*, 310 U.S. 414, 416 (1939); *Lee v. Spellings*, 447 F.3d 1087, 1090 (8th Cir. 2006) ("a laches defense may not be asserted against the government); *Bostwick Irrigation District v. United States*, 900 F.2d 1285, 1291 (8th Cir. 1990) ("Whatever the application of this doctrine to private parties, we have recognized the long-standing rule that laches does not apply in actions brought by the United States"); *United States v. One 1973 Buick Riviera Auto.*, 560 F.2d 897, 899 (8th Cir. 1977) ("It is the general rule . . . that the defense of laches may not be asserted against the United States when it acts in its sovereign capacity."). Numerous courts have stricken the defense of laches when asserted in FTC actions. *See, e.g., FTC v. Moneymaker*, 2011 U.S. Dist. LEXIS 83913, at *5-6 (D. Nev. July 28, 2011); *Global Mortg. Funding*, 2008 U.S. Dist. LEXIS 102897, at *6-7; *FTC v. Magazine Solutions, LLC*, 2007 U.S. Dist. LEXIS 70977, at *4 (W.D. Pa. Sep. 25, 2007); *FTC v. Bronson Partners, LLC,* 2006 U.S. Dist. LEXIS 3315, at *3-4 (D. Conn. Jan. 25, 2006); *FTC v. Crescent Publ'g Group, Inc.*, 129 F. Supp. 2d 311, 324 (S.D.N.Y. 2001); *FTC v. N.E. Telecomms., Ltd.*, 1997 U.S. Dist. LEXIS 10531, at *9(S.D. Fla. Jun. 23, 1997); *Am. Microtel, Inc.*, 1992 U.S. Dist. LEXIS 11046, at *3; *U.S. Oil & Gas*, 1987 U.S. Dist. LEXIS 16137, at *81; *Reader's Digest Ass'n.*, 464 F. Supp. at 1043.

12

Finally, waiver is unavailable as a defense when the government is enforcing an act of Congress. *Capital Funds, Inc. v. SEC*, 348 F.2d 582, 588 (8th Cir. 1965) (government agency may not waive violations of federal law); *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953) (same); *Bronson Partners, LLC*, 2006 U.S. Dist. LEXIS 3315, at *6 ("The FTC may not waive the requirement of an act of Congress"); *Reader's Digest Ass'n.*, 464 F. Supp. at 1043. Thus, the FTC cannot relinquish its right, and its duty, to enforce the laws of the United States prohibiting unfair or deceptive acts or practices.[8]  Accordingly, the Court should strike this defense.

## J.  Defendant's 28th Defense Is Inadequately Pled, Immaterial, and a Negative Defense

Defendant's 28th defense claims that the FTC's Complaint is not recoverable under Missouri, Kansas, or federal law.  First, this defense is yet another "textbook example[] of labels and conclusions," *Smithville 169*, 2012 U.S. Dist. LEXIS 512, at *7, and fails to provide the FTC with any notice of how to respond to this defense.  Even a cursory review of the Missouri Revised Statutes, Kansas Statutes Annotated, and United States Code reveals thousands of laws on the books.  Which laws or law does Defendant claim are applicable?  Second, the defense, as it relates to Missouri and Kansas law, is immaterial.  The FTC's Complaint is based solely on federal law – the FTC Act.  Indeed, the FTC has no authorization to enforce state law.  And to the extent Defendant believes that there is some state law that preempts the FTC Act he is equally misguided.  The Supremacy Clause of the Constitution establishes that the laws of the United States are supreme over the laws of the states.  U.S. Const. art. VI, cl. 2.  And there are no

---

[8] Moreover, the FTC's right to bring this action is not derivative of the rights of individual consumers, and thus whether any consumer "waived" his or her own claim is irrelevant to this case. *Bronson Partners*, 2006 U.S. Dist. LEXIS 3315, at *6 ("[t]he FTC's authority to bring an action under section 13(b) of the FTC Act is not derived from the defendants' contracts with individual consumers . . . .").

13

provisions in the FTC Act itself providing for even partial preemption by state law. Finally, the defense, as it relates to federal law, is nothing but a repeat of their general denial that they did not violate federal law (namely, the FTC Act). Accordingly, the Court should strike this defense.

### K. Defendant's 39th Defense Is an Improper Attempt to Circumvent Federal Rule of Civil Procedure 15

In his final defense, Defendant reserves the right to "amend their Answer to assert additional defenses" that might arise later in this proceeding. This is not a proper defense but at best an attempt to circumvent the amendment procedures set forth in Federal Rule of Civil Procedure 15. As such, courts routinely have struck down similar attempts, finding that Rule 15 provides the proper avenue by which a defendant may add defenses to his answer. *See, e.g., N. Am. Mktg.*, 2012 U.S. Dist. LEXIS 150102, at *10-11; *Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at *7-8; *Bay Area Business Council*, 2003 U.S. Dist. LEXIS 7261, at *10 ("pursuant to Rule 15(a), only the Court may grant leave to amend pleadings"); *Krisa v. Equitable Life Assurance Society*, 113 F. Supp. 2d 694, 708 (M.D. Pa. 2000) ("There is neither a need nor a right to express such a 'reservation' in an affirmative defense."); *Liberty Motor & Mach. Co. v. The Hartford Accident & Indem. Co.*, 1992 U.S. Dist. LEXIS 22529, at *6-7 (S.D. Ill. Mar. 18, 1992) ("This general attempt to reserve the right to set forth further affirmative defenses does not satisfy the requirement of Rule 8(c)"). If Defendant discovers an additional affirmative defense during discovery, he must petition the Court for leave to amend his answer under Rule 15(a)(2). He cannot use his so-called 39th affirmative defense to flaunt these procedural rules. *See, e.g., Handi-Craft Co. v. Travelers Cas. & Sur. Co.*, 2012 U.S. Dist. LEXIS 57911, at *19 (E.D. Mo. Apr. 25, 2012) (striking "reservation of rights" defense as "insufficient as a matter of law"). Accordingly, the Court should strike this defense.

14

### III.    Allowing The Affirmative Defenses To Remain Will Prejudice The FTC

Litigation regarding Defendant's thiry-nine affirmative defenses would prejudice the FTC and consumers harmed by Defendants' scheme.  As discussed above, because many of Defendant's defenses are nothing but "threadbare recitals," "bare bones conclusory allegations," and "textbook examples of labels and conclusions," the FTC will be forced to expend considerable resources in discovery just to be put on fair notice of what Defendant is alleging.  And because Defendant's affirmative defenses fail as a matter of law, allowing them to remain will needlessly prolong the litigation, require the FTC to expend its limited resources, and waste assets that otherwise would be available to compensate injured consumers.  This is the very prejudice that courts have found justify striking insufficient defenses.  *See, e.g., Lakeside Roofing Co. v. Nixon*, 2011 U.S. Dist. LEXIS 69913, at *4 (E.D. Mo. Jun. 29, 2011) ("The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome"); *Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (striking affirmative defenses appropriate where an "irrelevant affirmative defense . . . 'result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery'"); *Izzard v. Credit Fin. Servs.*, 2014 U.S. Dist. LEXIS 45215, at *4 (M.D.N.C. Apr. 2, 2014) (same).

### IV. CONCLUSION

Accordingly, for the reasons set forth herein, the Court should strike, pursuant to pursuant to Federal Rule of Civil Procedure 12(f), all of Defendant's affirmative defenses.

15

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: June 22, 2015                    _/s/ Gregory A. Ashe_____
                                        Helen Wong, DC Bar # 997800
                                        Leah Frazier, DC Bar# 492540
                                        Gregory A. Ashe, VA Bar #39131
                                        Jason M. Adler, IL Bar #6295738
                                        Federal Trade Commission
                                        600 Pennsylvania Ave., N.W.
                                        Mail Stop CC-10232
                                        Washington, D.C. 20580
                                        202-326-3779 (Wong)
                                        202-326-2187 (Frazier)
                                        202-326-3719 (Ashe)
                                        202-326-3231 (Adler)
                                        Facsimile: 202-326-3768
                                        hwong@ftc.gov
                                        lfrazier@ftc.gov
                                        gashe@ftc.gov
                                        jadler@ftc.gov

                                        TAMMY DICKINSON
                                        United States Attorney

Dated: June 22, 2015                    _/s/ Charles M. Thomas_____
                                        Charles M. Thomas, MO Bar #28522
                                        Assistant United States Attorney
                                        Charles Evans Whittaker Courthouse
                                        400 East Ninth Street, Room 5510
                                        Kansas City, MO 64106
                                        Telephone: (816) 426-3130
                                        Facsimile: (816) 426-3165
                                        E-mail: charles.thomas@usdoj.gov

                                        Attorneys for Plaintiff
                                        FEDERAL TRADE COMMISSION

16