## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

    **v.**

**BF LABS, INC.,** *et al.*

    **Defendants.**

**CASE NO. 4:14-cv-00815-BCW**

**FTC'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO STRIKE AFFIRAMTIVE DEFENSES OF DEFENDANTS BF LABS, INC., DARLA DRAKE, AND SONNY VLEISIDES**

### I.    Introduction

As discussed in the FTC's Suggestions in Support of its Motion to Strike (DE 336), Defendants cannot prevail on any of their affirmative defenses. Allowing those defenses to survive into discovery would only waste resources and thereby reduce money available for consumer redress. In response to the FTC's motion, Defendants concede that many of the defenses are not valid defenses to liability for violating Section 5. For the remainder, Defendants fail to rebut the FTC's arguments that the defenses are improper. Therefore, the Court should exercise its discretion to strike these defenses because litigation regarding them would prejudice the FTC and consumers harmed by Defendants' scheme.

### II.    The Court Can Strike Legally Insufficient, Irrelevant, And Redundant Defenses

Throughout their Suggestions in Opposition (DE 343), Defendants attempt to deflect from their defenses' inadequacies by noting that courts rarely grant motions to strike. The case law is clear, however, that legally insufficient or impertinent defenses should be stricken to "'streamline the ultimate resolution of the action.'" *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 2012 U.S. Dist. LEXIS 128230, at *4 (W.D. Mo. Sept. 10, 2012)

1

(citation omitted); *accord EEOC v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012). Moreover, "[t]he district court enjoys liberal discretion in ruling on a motion to strike." *Kraxberger*, 2012 U.S. Dist. LEXIS 128230 at *3. The Court's "liberal discretion" to strike affirmative defenses is particularly justified here because the FTC has already filed extensive evidence regarding Defendants' operation, and streamlining this action would further the Court's goal of preserving the limited funds available for consumer redress.

### III.    Allowing The Affirmative Defenses To Remain Will Prejudice The FTC

Defendants assert that the FTC has not made the requisite showing of prejudice to justify striking their insufficient affirmative defenses. On the contrary, as discussed in its Suggestions in Support, litigation regarding Defendants' nineteen affirmative defenses would prejudice the FTC and consumers harmed by Defendants' scheme. As discussed, because many of Defendants' defenses are nothing but "threadbare recitals," "bare bones conclusory allegations," and "textbook examples of labels and conclusions," the FTC will be forced to expend considerable resources in discovery just to be put on fair notice of what Defendants are alleging. And because Defendants' affirmative defenses fail as a matter of law, allowing them to remain will needlessly prolong the litigation, require the FTC to expend its limited resources, and waste assets that otherwise would be available to compensate injured consumers. This is the very prejudice that courts have found justify striking insufficient defenses. *See, e.g., Lakeside Roofing Co. v. Nixon*, 2011 U.S. Dist. LEXIS 69913, at *4 (E.D. Mo. Jun. 29, 2011) ("The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome"); *Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (striking affirmative defenses

2

appropriate where an "irrelevant affirmative defense . . . 'result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery'"); *Izzard v. Credit Fin. Servs.*, 2014 U.S. Dist. LEXIS 45215, at *4 (M.D.N.C. Apr. 2, 2014) (same).

## IV. The Court Has Already Ruled That The FTC's Complaint States A Claim For Which Relief May Be Granted – 1st Defense

The FTC does not dispute that Fed. R. Civ. P. 12(h) provides that the defense of failure to state a claim can be asserted at various stages of litigation. Defendants appear to forget, however, both that they have already raised this defense (DE 80) and that the Court has denied that motion. (DE 219.) In so doing, this Court expressly found that the FTC "sufficiently alleged its Section 5(a) claims" (DE 219 at 3), that the FTC "has plausibly stated a claim to relief under Section 5(a)" (*id.* at 4), and that the FTC "has sufficiently stated a Section 5(a) violation based on each theory" alleged in its Complaint. (*Id.*) And when the Court granted the FTC's motion to amend the complaint over Defendants' objection, the Court expressly held that "[t]he allegations for each count are sufficient and would survive a Rule 12(b)(6) challenge," (DE 308 at 3), and that each count "contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"" (*Id.*) Defendants have had multiple bites at the apple and lost. Their first defense should be stricken. *FTC v. Hayes*, 1997 U.S. Dist. LEXIS 7883, at *2 (E.D. Mo. May 7, 1997) (striking affirmative defense where court had previously denied Rule 12(b)(6) motion to dismiss).

## V. Defendants Concede That Many Of Their Defenses Are Not Viable As To Liability – 2nd, 3rd, 8th, and 17th Defenses

For a number of defenses, Defendants concede that the asserted defense is not viable as to whether they should be held liable for violating Section 5 of the FTC Act. In particular, Defendants admit that their second and third defenses are relevant only "to the determination of

3

appropriate relief," ( DE 343 at 5), and that their eighth and seventeenth defenses similarly may only be relevant "to the appropriateness of the remedy." (*Id.* at 8 (quoting *FTC v. Bronson Partners, LLC*, 2006 U.S. Dist. LEXIS 3315, at *8 (D. Conn. Jan. 25, 2006).)

Thus, Defendants concede that these defenses have no bearing on liability. At best, these defenses *may* be relevant when offered against the scope of injunctive, but not monetary, relief. *See FTC v. Magazine Solutions, LLC*, 2009 U.S. Dist. LEXIS 23708, at *3 (W.D. Pa. Mar. 20, 2009) *FTC v. CEO Group*, 2007 U.S. Dist. LEXIS 10619, at *4 (S.D. Fla. Feb. 15, 2007); *FTC v. Hang-Up Art Enter.*, 1995 U.S. Dist. LEXIS 21444, at *10-11 (C.D. Cal. Sep. 27, 1995).[1] Accordingly, even though the Court should strike these defenses in their entity for the reasons set forth herein and in the FTC's Suggestions in Support of the Motion to Strike, at the very least the Court should strike them as they relate to both Defendants' liability and whether (and to what amount) equitable monetary relief is warranted.

## VI. Defendants Do Not Refute That Defenses That May Be Available To Them In Consumer Actions Have No Application In Government Law Enforcement – 4th, 6th, 9th, 10th, 13th, 14th, 15th, and 16th Defenses

Defendants offer no opposition to the well-established principal that defenses that may be available in private consumers suits (*e.g.*, Defendants' fourth, sixth, ninth, tenth, thirteenth, fourteenth, fifteenth, and sixteenth defenses), have no application in government law enforcement actions. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002); *Herman v. South Carolina Nat'l Bank*, 140 F.3d 1413, 1424-28 (11th Cir. 1998); *FTC v. U.S. Oil & Gas Corp.*,

---

[1] In order to obtain a permanent injunction against a defendant, the FTC must show that "there exists some cognizable danger of recurrent violation." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). To determine whether violations are likely to recur, courts look to two factors: (1) the deliberateness and seriousness of the present violation, and (2) the violator's past record with respect to unfair advertising practices. *Sears, Roebuck and Co. v. FTC*, 676 F.2d 385, 392 (9th Cir. 1982). Good faith on the part of a defendant *could* be relevant to the first factor. *Hang-Up Art. Enter.*, 1995 U.S. Dist. LEXIS 21444 at *10-11.

1987 U.S. Dist. LEXIS 16137, at *77-78 (S.D. Fla. Jul. 10, 1987). Their only defense is that *U.S. Oil & Gas* mentions the phrase "fraudulent scheme" and they insist there was no such scheme here. (DE 343 at 6.) That fact is immaterial. The fact that *U.S. Oil & Gas* involved a fraudulent scheme was not critical to the holding cited by the FTC. Indeed, nothing in the *Waffle House* or *Herman* cases suggest that the unavailability of consumer defenses is dependent on a fraudulent scheme. The common denominator of these cases is government law enforcement action.

Defendants also argue that they have paid out millions in refunds already. The FTC does not dispute that amounts paid out in refunds would reduce the amount of any equitable monetary judgment entered against Defendants. But the payment of refunds does not insulate Defendants from liability for violating Section 5 in the first instance. *Montgomery Ward & Co. v. FTC*, 379 F.2d 666, 671 (7th Cir. 1967) (allowing existence of refunds to be a defense to liability "would make the false advertising prohibitions of the [FTC] Act a nullity. Anything might then be advertised as long as unsatisfied customers were returned their money."); *FTC v. Affiliate Strategies, Inc.*, 849 F. Supp. 2d 1085, 1119-20 (D. Kan. 2011) (permanent injunctive relief entered despite company's argument that it should not be enjoined because it, among other things, refunded over $1 million); *FTC v. SlimAmerica, Inc.*, 77 F. Supp. 2d 1263, 1272 (S.D. Fla. 1999) ("existence of a money-back guarantee . . . is neither a cure for deception nor a remedy for consumer injury). Accordingly, these defenses should be struck.

## VII.    Defendants' Defenses Fail To Meet The Pleadings Standards Of *Iqbal* And *Twombly* – 5th, 6th, 11th, 12th, 13th, and 18th Defenses

Defendants do not deny that many of their affirmative defenses are nothing but "threadbare recitals," "bare bones conclusory allegations," and "textbook examples of labels and conclusions." Instead, they argue that the heightened pleading requirements of *Bell Atlantic*

5

*Corp. v Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), do not apply to affirmative defenses.  In reliance for that claim, they cite to cases outside of the Western District of Missouri.  The FTC acknowledges that it is not aware of any Circuit Court opinion, including any Eighth Circuit opinion, that holds that *Iqbal* applies to affirmative defenses.[2]  The FTC finds it incredulous, however, that Defendants claim that "[n]o reported case of this Court has forced defendants to plead facts in support of affirmative defenses."  (DE 343 at 7 n.3.)  On the contrary, every reported district court decision from the Western District of Missouri that the FTC has found holds that *Iqbal* in fact applies to affirmative defenses.[3]  *See Folk v. Target Corp.*, 2012 U.S. Dist. LEXIS 77100, at *2 (W.D. Mo. Jun. 4, 2012); *Smithville 169 v. Citizens Bank & Trust Co.*, 2012 U.S. Dist. LEXIS 512 , at *3 (W.D. Mo.  Jan. 4, 2012); *Shaw v. Prudential Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 136163 , at 9 (W.D. Mo.  Nov. 28, 2011); *Lucas v. Jerusalem Café, LLC*, 2011 U.S. Dist. LEXIS 88684, at *2  (W.D. Mo. Aug. 10, 2011); *Semco, LLC v. Huntair, Inc.*, 2011 U.S. Dist. LEXIS 82795 , at *3-4 (W.D. Mo.  Jul. 28, 2011); *Openmethods, LLC v. Mediu, LLC*, 2011 U.S. Dist. LEXIS 60980, at *5  (W.D. Mo. Jun. 8, 2011); *Lucas v. Jerusalem Cafe, LLC*, 2011 U.S. Dist. LEXIS 39504, at *4  (W.D. Mo. Apr. 11, 2011) ; *Sch. of the Ozarks, Inc. v. Greatest Generations Foundation*, 2011 U.S. Dist. LEXIS 37850, at *2-3  (W.D. Mo. Apr. 7, 2011); *Shaw v. Prudential Ins. Co. of Am.*, 2011 U.S. Dist.

---

[2] Nor has the FTC found any reported Circuit Court case holding that *Iqbal* does *not* apply. Contrary to Defendants' implication otherwise, the parenthetical quote to their citation to *Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 343 (D. Neb. 2013) is not a statement of the Eighth Circuit's views on the applicability of *Iqbal*.  Instead, the case reflects the opinion of the Nebraska district court judge noting that "[i]n light of the lack of binding authority," the court would rely upon the older minimal pleading standing.  But *Strauss* is not controlling in this District.

[3] The only opinions the FTC could find in this District holding that *Iqbal* does not apply were authored by a magistrate court judge.  *See Southard v. City of Oronogo*, 2013 U.S. Dist. LEXIS 11395, at *5 (W.D. Mo. Jan. 29, 2013) (decision of Magistrate Judge Hays); *Willis v. Quad Lakes Enters., LLC*, 2011 U.S. Dist. LEXIS 100536, at *4 (W.D. Mo.  Sep. 7, 2011) (same).

LEXIS 29203, at *7 (W.D. Mo. Mar. 21, 2011). Indeed, the majority of district courts throughout the United States have reached the same conclusion. *See, e.g., Hiramanek v. Clark*, 2015 U.S. Dist. LEXIS 19985 , at *3 (N.D. Cal. Feb. 18, 2015) (noting that although no Circuit Court has ruled on the issue, the majority of district courts have ruled that *Iqbal* applies to affirmative defenses); *Smithville 169*, 2012 U.S. Dist. LEXIS 512 at *3 (noting that the majority of district courts that have considered the issue hold that *Iqbal* applies).

Here, Defendants' fifth, sixth, eleventh, twelfth, thirteenth, and eighteenth defenses are the exact type of "threadbare recitals" that numerous district courts have struck. Their inclusion will prejudice the FTC as they provide no notice that there is "some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case." *Smithville 169*, 2012 U.S. Dist. LEXIS 512 at *3. Indeed, when Judge Ortrie Smith saw similar defenses in *Sch. of the Ozarks*, he ruled that defendants "simply list the names of defenses. There are no factual allegations contained. These defenses were not adequately pled as required by *Iqbal* and *Twombly*, and the motion to strike them is granted." *Sch. of the Ozarks*, 2011 U.S. Dist. LEXIS 37850 at *5. This Court should follow the other district court judges of this District and the majority of district court judges in the United States and strike Defendants' defenses as well.

## VIII. Defendants Fail To Refute That The First Amendment Does Not Protect Deceptive Speech – 7th Defense

Again, Defendants offer no rebuttal to the well-established law that deceptive marketing practices are not privileged or protected by the First Amendment. *See Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 772 (1976); *United States v. Schiff*, 379 F.3d 621, 629-30 (9th Cir. 2004); *Bristol-Meyers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984); *FTC v. N. Am. Mktg. & Assocs.*, 2012 U.S. Dist. LEXIS 15012, at *6-7 (D. Ariz. Oct. 17, 2012); *FTC v. Stefanchik*, 2004 U.S. Dist. LEXIS 30710, at *4-5 (W.D. Wash. Nov. 12,

7

2004).  Their only argument is that the FTC "presumes that the Court will rule in the FTC's favor."  (DE 343 at 7-8.)  But that is the very presumption the Court must make when evaluating an affirmative defense.

The term "affirmative defense" is defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true."  *PNC Bank, N.A. v. El Tovar, Inc.*, 2014 U.S. Dist. LEXIS 16921, at *20 (E.D. Mo. Feb. 11, 2014) (citing Black's Law Dictionary 430 (7th ed. 1999)). "Affirmative defenses, if accepted by the court, will defeat an otherwise legitimate claim for relief." *Id.* (citing 2 James Wm. Moore, et al., Moore's Federal Practice § 8.08[1] (3d ed. 2013)).  In other words, in evaluating whether an affirmative defense is legally sufficient, the Court must accept that the FTC will prevail on the merits of the action (*i.e.,* that Defendants engaged in deceptive practices).  Then, the Court determines whether, notwithstanding the FTC proving its case, some extrinsic factor (*i.e.,* the affirmative defense) defeats that claim.

Here, it does not.  If the FTC prevails, then the First Amendment cannot protect Defendants.  While some courts may have denied similar motions to strike, it does not change the fact that the First Amendment does not provide a proper affirmative defense.  The Court should follow the lead of  *N. Am. Mktg.* and *Stefanchik* and strike Defendants' seventh defense.

### IX.    Defendants Fail To Establish The Estoppel, Laches, Or Waiver Are Applicable In A Government Law Enforcement Action – 11th Defense

Again, Defendants fail to rebut the long-held position that laches, waiver, and estoppel are unavailable as defenses against a government agency in a civil suit to enforce a public right or protect a public interest.  With respect to waiver, Defendants merely define waiver.  (DE 343 at 10.)  The FTC does not disagree with their definition, but Defendants offer no authority for their proposition that waiver can apply against the FTC.  Indeed, they ignore the controlling law

8

of the Eighth Circuit that has long held that a government agency may not waive violations of federal law. *Capital Funds, Inc. v. SEC*, 348 F.2d 582, 588 (8th Cir. 1965); *see also SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953); *Bronson Partners*, 2006 U.S. Dist. LEXIS 3315 at *6 ("The FTC may not waive the requirement of an act of Congress"); *United States v. Reader's Digest Ass'n, Inc.*, 464 F. Supp. 1037, 1043 (D. Del. 1978), *aff'd*, 662 F.2d 955 (3d Cir. 1981). Thus, this part of the eleventh defense should be struck.

Similarly, with their opposition to strike the laches defenses, they rely on outdated, non-controlling case law. (DE 343 at 11.) The Eighth Circuit, however, has stated without qualification that "[w]hatever the application of this doctrine to private parties, we have recognized the long-standing rule that laches does not apply in actions brought by the United States *.*" *Bostwick Irrigation District v. United States*, 900 F.2d 1285, 1291 (8th Cir. 1990); *Lee v. Spellings*, 447 F.3d 1087, 1090 (8th Cir. 2006) ("a laches defense may not be asserted against the government"); *United States v. One 1973 Buick Riviera Auto.*, 560 F.2d 897, 899 (8th Cir. 1977) ("It is the general rule . . .that the defense of laches may not be asserted against the United States when it acts in its sovereign capacity"); *Baker v. Veneman*, 256 F. Supp. 2d 999, 1007 (E.D. Mo. 2003). And as discussed in the FTC's Suggestions in Support, numerous courts have struck this defense. (DE 336 at 11.) This Court should do so as well.

Finally, as to estoppel, the FTC does not disagree that the Supreme Court has never categorically stated that "the government may not be estopped as a matter of law." *Chien-Shih Wang v. Attorney Gen. of United States*, 823 F.2d 1273, 1276 (8th Cir. 1987). However, the burden is extremely high. In addition to the traditional elements of estoppel, a defendant must prove "affirmative misconduct" by the government. *Bartlett v. United States Dep't of Agric.*, 716 F.3d 464, 475 (8th Cir. 2013). Further, affirmative misconduct is something more than mere

negligence. *Id.* at 476. The burden is so high that the Supreme Court and the Eighth Circuit have warned "that courts should be cautious when evaluating estoppel claims against the government." *Id.* at 475 (citing *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990) ("Courts of Appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed")); *see also Volvo Trucks of N. Am., Inc. v. United States*, 367 F.3d 204, 211-12 (4th Cir. 2004) ("If equitable estoppel ever applies to prevent the government from enforcing its duly enacted laws, it would only apply in extremely rare circumstances"). Thus, this Court should strike this mostly futile eleventh defense.

## X. Defendants Cannot Use Affirmative Defenses To Subvert The Federal Rules Or This Court's Scheduling Order – 19th Defense

The FTC does not dispute that Defendants have the right to amend their Answers to assert additional affirmative defenses if the facts warrant. If Defendants discover an additional affirmative defense during the course of discovery, they must petition the Court for leave to amend the answer pursuant to Federal Rule of Civil Procedure 15(a)(2). They cannot be allowed, however, to use their so-called nineteenth affirmative defense to flaunt these procedural rules. *See, e.g., Handi-Craft Co. v. Travelers Cas. & Sur. Co.*, 2012 U.S. Dist. LEXIS 57911, at *19 (E.D. Mo. Apr. 25, 2012) (striking "reservation of rights" defense as "insufficient as a matter of law").

## XI. Conclusion

Accordingly, for the reasons set forth herein and in the FTC's Suggestions in Support, the Court should strike, pursuant to pursuant to Federal Rule of Civil Procedure 12(f), all nineteen of Defendants' affirmative defenses.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: July 27, 2015                    */s/ Gregory A. Ashe*
                                        Helen Wong, DC Bar #997800
                                        Leah Frazier, DC Bar #492540
                                        Gregory A. Ashe, VA Bar #39131
                                        Jason M. Adler, IL Bar #6295738
                                        Federal Trade Commission
                                        600 Pennsylvania Ave., N.W.
                                        Mail Stop CC-10232
                                        Washington, D.C. 20580
                                        202-326-3779 (Wong)
                                        202-326-2187 (Frazier)
                                        202-326-3719 (Ashe)
                                        202-326-3231 (Adler)
                                        Facsimile: 202-326-3768
                                        hwong@ftc.gov
                                        lfrazier@ftc.gov
                                        gashe@ftc.gov
                                        jadler@ftc.gov

                                        TAMMY DICKINSON
                                        United States Attorney

Dated: July 27, 2015                    */s/ Charles M. Thomas*
                                        Charles M. Thomas, MO Bar #28522
                                        Assistant United States Attorney
                                        Charles Evans Whittaker Courthouse
                                        400 East Ninth Street, Room 5510
                                        Kansas City, MO 64106
                                        Telephone: (816) 426-3130
                                        Facsimile: (816) 426-3165
                                        E-mail: charles.thomas@usdoj.gov

                                        Attorneys for Plaintiff
                                        FEDERAL TRADE COMMISSION

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the Western District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Gregory A. Ashe
Attorney for Plaintiff Federal Trade Commission