Federal Trade Commission

*Plaintiff - Appellee*

v.

Eric L. Johnson

*Receiver - Appellee*

BF Labs, Inc. a Wyoming corporation, doing business as Butterfly Labs; Darla Drake, an individual; Nasser Ghoseiri, an individual; Sonny Vleisides, an individual

*Defendants - Appellees*

------------------------------

Kyle Alexander; Dylan Symington

*Movants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 11, 2015
Filed: August 25, 2015

_____

Before GRUENDER, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The Federal Trade Commission sued BF Labs, Inc. (BFL) for unfair and deceptive acts. Two consumers, Kyle Alexander and Dylan Symington, moved to intervene. The district court[1] denied their motion. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In April 2014, the two consumers filed a class action against BFL. They challenged its "deceptive and unconscionable business practices" in marketing and selling Bitcoin mining machines.

This case began five months later when the FTC sued BFL to enjoin it from "deceptive acts or practices" in marketing and selling Bitcoin mining machines. *See* **15 U.S.C. § 45(a)** ("Unfair methods of competition unlawful"). The FTC sought preliminary injunctive relief "to avert the likelihood of consumer injury," a permanent injunction, and other relief "necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including . . . rescission or reformation of contracts, restitution [and] the refund of monies paid . . . ." The district court granted a temporary restraining order, establishing a receivership and staying all suits against BFL. The FTC suit is pending; the district court has wound down the receivership and lifted the stay.

On behalf of their class, the consumers moved to intervene permissively and of right. The FTC opposed the motion and, in a footnote, said the consumers "failed to establish that they have standing to intervene." The district court denied the consumers' motion on the merits.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

-2-

Case 4:14-cv-00815-BCW   Document 356-1   Filed 08/25/15   Page 2 of 5
Appellate Case: 14-3286      Page: 2      Date Filed: 08/25/2015 Entry ID: 4309292

The parties brief the standing issue. The consumers appeal the denial of their motion to intervene of right. "The denial of a motion to intervene of right is immediately appealable as a final judgment . . . and our review is de novo." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009).

I.

An intervenor must establish Article III standing. *Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 974 (8th Cir. 2014). The intervenor must show (1) injury, (2) causation, and (3) redressability. *Id.* To satisfy the first element, an intervenor "must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent." *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834. "Abstract injury is not enough." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). The intervenor must show "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *See id.* at 101-02 (quotations omitted).

The consumers argue that a successful FTC suit "will eliminate class members' contractual right to obtain possession of the Bitcoin mining equipment . . . and will extinguish class members' ability to recover damages . . . ." This alleged "injury" is not actual or imminent. *See Metro. St. Louis Sewer Dist.*, 569 F.3d at 834. Rather, it is conjectural and hypothetical. *See Lyons*, 461 U.S. at 101-02. The FTC suit is pending, and there has been no adjudication of the FTC's claims.

Citing *National Parks*, the consumers argue that their "alleged risk of financial harm . . . satisfies the actual or imminent injury in fact requirement." But this case is like *Metropolitan St. Louis Sewer District*, 569 F.3d at 836, "where the potential intervenor's financial injury [is] contingent on several conditions." *See Nat'l Parks*, 759 F.3d at 975. The FTC must first prevail, the district court must then award relief

-3-

that precludes a consumer recovery, the consumers' class must be certified, and the class must prevail.

The consumers also cite *United States v. White Plume*, 447 F.3d 1067 (8th Cir. 2006). That case is inapposite. The question there was not the intervenors' standing to intervene—they had already intervened—but their standing to bring constitutional claims. **White Plume**, 447 F.3d at 1074-75.

The consumers lack standing to intervene of right.

## II.

Even if the consumers had standing to intervene, they must meet Rule 24(a) requirements. "[A] putative intervenor must establish that it: (1) has a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." **N. Dakota ex rel. Stenehjem v. United States**, 787 F.3d 918, 921 (8th Cir. 2015) (brackets omitted).

"[I]f an existing party to the suit is charged with the responsibility of representing the intervenor's interests, a presumption of adequate representation arises." **Chiglo v. City of Preston**, 104 F.3d 185, 187 (8th Cir. 1997). "[T]he burden is greater if the named party is a government entity that represents interests common to the public." **Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.**, 378 F.3d 774, 780 (8th Cir. 2004), *citing* **Curry v. Regents of Univ. of Minn.**, 167 F.3d 420, 423 (8th Cir. 1999) (describing *parens patriae* doctrine). "We presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation; for example, it may show that its interests are distinct and cannot be subsumed within the public interest represented by the government entity." **Id.** "A difference of opinion concerning litigation

-4-

strategy or individual aspects of a remedy does not overcome the presumption of adequate representation." *Jenkins ex rel. Jenkins v. State of Mo.*, 78 F.3d 1270, 1275 (8th Cir. 1996).

Congress "empowered and directed" the FTC "to prevent . . . corporations . . . from using . . . unfair or deceptive acts or practices in or affecting commerce." **15 U.S.C. § 45(a)(2)**. In fact, "there is no private cause of action for violations of the Federal Trade Commission Act." *See* **Morrison v. Back Yard Burgers, Inc.**, 91 F.3d 1184, 1187 (8th Cir. 1996). The interests of the consumers' proposed class are subsumed within the public interest because the FTC, on behalf of consumers, seeks relief for the same "deceptive and unconscionable business practices" alleged by the consumers. The consumers have not made the necessary "strong showing of inadequate representation." *See* **Little Rock Sch. Dist.**, 378 F.3d at 780.

The district court properly denied the consumers' motion to intervene of right.

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____

-5-

Case 4:14-cv-00815-BCW   Document 356-1   Filed 08/25/15   Page 5 of 5
Appellate Case: 14-3286   Page: 5   Date Filed: 08/25/2015 Entry ID: 4309292