# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00815-BCW |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff's Motion to Strike Affirmative Defenses of Defendants BF Labs Inc., Darla Drake, and Sonny Vleisides (collectively "Group Defendants") (Doc. #335)[1] and Plaintiff's Motion to Strike Affirmative Defenses of Nasser Ghoseiri (Doc. #337). Plaintiff moves to strike all affirmative defenses in each answer. After reviewing the premises of the motions, the record, and the applicable law, the Court denies both motions.

## I.  BACKGROUND

In September 2014, Plaintiff filed a civil enforcement action against Defendants. The complaint alleged that Defendants engaged in deceptive business acts and practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"). Along with the complaint, Plaintiff filed a motion for ex parte temporary restraining order with asset freeze, appointment of a receiver, and other equitable relief, which the Court granted.

After limited discovery, the Court held a preliminary injunction hearing. On December 12, 2014, the Court denied Plaintiff's preliminary injunction motion, lifted the asset freeze, and initiated the process for winding down the temporary receivership. The Court denied

---

[1] The answers for these three defendants assert the same affirmative defenses in the same order.

1

Defendants' motion to dismiss and subsequently granted Plaintiff leave to amend the complaint. Defendants answered the amended complaint, and Plaintiff filed the instant motions pursuant to Federal Rule of Civil Procedure 12(f). Defendants oppose the motion.

## II. STANDARD OF REVIEW

Rule 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy "liberal discretion" in determining whether to strike a party's pleading, the Eighth Circuit cautions that such action is an "extreme measure" that should be exercised "infrequently." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). Generally, a motion to strike a defense will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977) (internal quotation omitted). In addition, courts generally will not grant even a well-founded motion to strike absent a showing of prejudice to the moving party. Am. Home Assur. Co. v. Pope, No. 02-CV-4057-SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005).

Plaintiff contends the pleading standard is more rigorous than the above-stated standard and requires the standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Eighth Circuit has not decided this issue, and courts within this district have reached different conclusions. Compare Smithville 169 v. Citizens Bank & Trust Co., No. 4:11-CV-00872-DGK, 2012 WL 13677, at *1 (W.D. Mo. Jan. 4, 2012) ("Iqbal standard applies to affirmative defenses.") with Willis v. Quad Lakes Enters. LLC, No. 4:11-CV-00096-SWH, 2011 WL 3957339, at *1–2 (W.D. Mo. Sept. 7, 2011) (finding heightened pleading standard does not apply).

2

The Court finds that Twombly and Iqbal do not apply to affirmative defenses. The Eighth Circuit has held that an affirmative defense is sufficiently raised "by its bare assertion." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir. 1997) (internal citations and quotations omitted). Although Zotos predates Twombly and Iqbal, the Court remains bound by Zotos because neither the Supreme Court nor the Eighth Circuit has extended the heightened pleading requirements to affirmative defenses. See U.S. Bank Nat'l Ass'n v. Education Loans Inc., No. 11-1445, 2011 WL 5520437, at *6 (D. Minn. Nov. 14, 2011) (reaching similar conclusion).

The Court also finds that this conclusion is supported by the plain language of Rule 8. The Supreme Court's decisions in Twombly and Iqbal are grounded on Rule 8(a)(2)'s requirement that a "claim for relief" contain "a short and plain statement of the claim showing that the pleader is entitled to relief." By contrast, Rule 8(b) requires responsive pleadings to "state in short and plain terms [a party's] defenses to each claim," and Rule 8(c) then requires parties to "affirmatively state any avoidance or affirmative defense." These linguistic differences indicate that different requirements apply to the various assertions parties make in their pleadings. The Court therefore declines to apply Twombly's and Iqbal's heightened pleading to affirmative defenses.

## III. ANALYSIS

Plaintiff moves to strike all affirmative defenses. For several of the defenses, Plaintiff contends Defendants insufficiently pleaded the affirmative defense. Defendants have stated each of their affirmative defenses, and the Court finds the defenses are sufficiently pleaded for purpose of Rule 8. Plaintiff further contends that some of the defenses are insufficient for other various reasons. The Court addresses these arguments below.[2]

---

[2] The Court carefully analyzed each affirmative defense but questions whether, regardless of the outcome, these motions justified the expended resources of the parties and the Court.

3

### A. Affirmative Defense No. 1.

In the first affirmative defense, Defendants assert that the amended complaint "fails to state a claim upon which relief can be granted . . . ." Plaintiff argues that the Court should strike this defense because it is not an affirmative defense and because the Court previously denied Defendants' Rule 12(b)(6) motion. A failure-to-state-a-claim challenge can take many forms, and it is not immediately apparent that this affirmatively-stated defense raises the same issues considered in the motion to dismiss. In addition, although the Court questions whether this defense is an affirmative defense as opposed to a general denial, the Court finds that Defendants are entitled to assert the substance of this defense in their answers. See PNC Bank, N.A. v. El Tovar, Inc., No. 4:13-CV-1073, 2014 WL 538810, at *7 (E.D. Mo. Feb. 11, 2014) (defining the term "affirmative defense"); U.S. Bank Nat'l Ass'n, 2011 WL 5520437 at *7 (concluding that similar defense is not an affirmative defense but that striking it at this juncture "would serve no real purpose"); see also FED. R. CIV. P. 12(b)(6), 12(h), 84, and Form 30 (including "[t]he [c]omplaint fails to state a claim upon which relief can be granted" in model answer but not labeling it an affirmative defense). The Court therefore finds no prejudice to Plaintiff and declines to strike this defense.

### B. Group Defendants Affirmative Defense Nos. 2, 3, 8, 17, and 18; Ghoseiri Affirmative Defense Nos. 7, 8, 10, 18, 27, and 38.

In these affirmative defenses, Defendants generally state that they acted in good faith, that they ceased any complained-of conduct before Plaintiff filed the complaint, and that other persons caused the product delays/defects. Plaintiff contends these defenses have no bearing on liability and, at most, may relate to the scope of injunctive relief. The Court declines to strike these defenses because Plaintiff has not shown prejudice. Indeed, it appears that the parties will have to expend time and money litigating these issues because they may be relevant to the

4

appropriateness and scope of injunctive relief and to whether the individual defendants should be held liable. See FTC v. Hang-Ups Art Enters., Inc., No. 95-0027, 1995 WL 914179, at *3–4, 12 (C.D. Cal. Sept. 27, 1995) (declining to completely strike similar defenses); see also Express Scripts, Inc. v. Walgreen Co., No. 4:08-CV-1915, 2009 WL 4757480, at *1 (E.D. Mo. Dec. 3, 2009) (explaining that the purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues" (internal quotation omitted)).

### C. GROUP DEFENDANTS AFFIRMATIVE DEFENSE NOS. 4, 6, 9, 10, AND 13-16; GHOSEIRI AFFIRMATIVE DEFENSE NOS. 11, 12, 15, 16, 19, 20, 25, 26, 29, 34, 35, AND 37.

In these affirmative defenses, Defendants generally assert set-off, estoppel, prior settlement and release, and offset. Plaintiff contends these defenses have no application to a government action and do not insulate Defendants from liability. Regardless of the impact of these defenses on liability, the Court finds that there are scenarios where this factual information may be relevant to the appropriate remedy. Because the Court is reticent to strike even a potentially marginal defense that causes no discernible prejudice to Plaintiff, the Court declines to strike these defenses. Id. (explaining that "the mere presence of redundant and immaterial matter not affecting the substance of the lawsuit is insufficient grounds to strike a pleading").

### D. GROUP DEFENDANTS AFFIRMATIVE DEFENSE NO. 7; GHOSEIRI AFFIRMATIVE DEFENSE NO. 17.

Group Defendants' seventh affirmative defense and Ghoseiri's seventeenth affirmative defense assert that Plaintiff's claims infringe their First Amendment rights. Plaintiff argues that Defendants' statements, if assumed true, constitute false or misleading commercial speech that is not protected by the First Amendment. This defense appears to be a negative—not an affirmative—defense because it is not a viable defense if all the allegations in the amended complaint are assumed true. But the Court declines to strike it because the Court finds that the

5

substance of this defense may be relevant to the final disposition of this action and Plaintiff is, therefore, not prejudiced by its inclusion in each answer. See, e.g., FTC v. Ivy Capital, Inc., No. 2:11-CV-283, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) (denying motion to strike First Amendment defense because this defense "may be relevant to the disposition of the case" and there is "no harm in allowing the defense to remain in the answer").

### E. GROUP DEFENDANTS AFFIRMATIVE DEFENSE NO. 11; GHOSEIRI AFFIRMATIVE DEFENSE NO. 23.

Group Defendants' eleventh and Ghoseiri's twenty-third affirmative defenses assert that Plaintiff's claims are barred by estoppel, laches, and waiver. Plaintiff argues that these defenses are not available against a government agency enforcing a public right or protecting a public interest. The Court is not convinced that these defenses are universally inapplicable in FTC Act cases. See, e.g., Hang-Ups Art Enters., 1995 WL 914179 at *4 (declining to strike similar defense and explaining that "[t]he facts of the case should decide whether there has been affirmative misconduct by the government such that laches might apply"). Because factual scenarios may exist where the defenses might apply, the Court declines to strike these defenses before Defendants have the benefit of some discovery.

### F. GROUP DEFENDANTS AFFIRMATIVE DEFENSE NO. 19; GHOSEIRI AFFIRMATIVE DEFENSE NO. 39.

In these affirmative defenses, Defendants reserve the right to amend their answers to assert additional defenses. Plaintiff argues these are not proper defenses and should be stricken. The Court agrees that reserving the right to amend is not a defense but finds that striking the statement at this juncture would serve no real purpose because Defendants retain the right to seek leave to amend under the federal rules. See Express Scripts, 2009 WL 4757480 at *3 (recognizing similar defense as unnecessary "bravado" but declining to strike it).

6

### G. REMAINING GHOSEIRI AFFIRMATIVE DEFENSES.

Ghoseiri asserts several additional affirmative defenses in his answer. Plaintiff generally challenges these affirmative defenses as being negative—not affirmative—defenses. The Court agrees that these defenses are more properly characterized as negative defenses and that they are essentially redundant of other portions of Ghoseiri's answer. But, as with the other arguments over negative versus affirmative defenses, the Court finds Plaintiff has not shown prejudice. Indeed, there is no practical utility in striking these defenses because Plaintiff still has the burden of proving its case. The Court finds Plaintiff's other arguments equally unavailing. Accordingly, it is hereby

ORDERED Plaintiff's Motion to Strike Affirmative Defenses of Defendants BF Labs Inc., Darla Drake, and Sonny Vleisides (Doc. #335) is DENIED. It is further

ORDERED Plaintiff's Motion to Strike Affirmative Defenses of Nasser Ghoseiri (Doc. #337) is DENIED.

IT IS SO ORDERED.


DATE: August 28, 2015 /s/Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE