UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-cv-00815-BCW ) |
| BF LABS INC., et al., | ) ) |
| Defendants. | ) |

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS BF LABS INC. AND SONNY VLEISIDES

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief, subsequently amended as First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The FTC and Defendants, by and through undersigned counsel, have stipulated to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint alleges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the sale and marketing of Bitcoin mining products and services.

3. Defendants neither admit nor deny the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

1

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. The FTC and Defendants agree that this Order resolves all matters in dispute in this action between them, including any potential claims and counterclaims related to the allegations that formed the basis of Defendants' counterclaims. Defendants and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Bitcoin product or service"** means any Bitcoin mining product or service, or any product, service, plan or program designed or represented, expressly or by implication, to store, secure, transact, transfer, or otherwise enable the use of Bitcoin or any other virtual currency.

B. **"Bitcoin mining product or service"** means any product, service, plan, or program designed or represented, expressly or by implication, to generate Bitcoins or any other virtual currency.

C. **"Clearly and conspicuously"** means

1. In textual communications, the disclosure must be in a noticeable type, size, and location, using language and syntax comprehensible to an ordinary consumer;

2. In communications disseminated orally or through audible means, the disclosure must be delivered in a volume, cadence, language, and syntax sufficient for an ordinary consumer to hear and comprehend them;

3. In communications disseminated through video means: (1) written disclosures must be in a form consistent with definition B.1 and appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them, and be in the same language as the predominant language that is used in the communication; and (2) audio disclosures must be consistent with definition B.2; and

4. The disclosure cannot be combined with other text or information that is unrelated or immaterial to the subject matter of the disclosure. No other representation(s) may be contrary to, inconsistent with, or in mitigation of, the disclosure.

D. "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

1. "**Corporate Defendant**" means BF Labs Inc. and its successors and assigns.

2. "**Individual Defendant**" means Sonny Vleisides.

E. "**Prompt Refund**" means a refund sent by any means at least as fast and reliable as first class mail within seven (7) business days of the date on which the consumer requests a refund or a refund is required as specified under Section III and Section IV or cancels an order under Section V of this order. Provided, however, that where the seller cannot provide a refund by the same method payment was tendered, prompt refund shall mean a refund sent in the form of cash, check, or money order, by any means at least as fast and reliable as first class mail, within seven (7) business days of the date on which the seller discovers it cannot provide a refund by the same method as payment was tendered.

3

## ORDER

## I. PROHIBITION AGAINST DECEPTIVE CLAIMS RELATING TO BITCOIN MINING PRODUCTS AND SERVICES

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any Bitcoin mining product or service, Defendants, are permanently restrained and enjoined from:

    A.    misrepresenting, or assisting others in misrepresenting, expressly or by implication:

        1.    that consumers will be able to use such product or service to generate Bitcoins or other virtual currency; or

        2.    that consumers will be able use such product or service to generate a profitable or substantial number of Bitcoins or other virtual currency; or

        3.    that any such product or service will be delivered by or provided by a certain date or timeframe;

    B.    making any representation, or assisting others in making any representation, expressly or by implication, concerning the claims set forth in I.A.1 through I.A.3, unless the representation is non-misleading and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient to substantiate that the representation is true; or

    C.    representing, expressly or by implication, that Defendants market and sell such product or service for consumers to use, without disclosing clearly and conspicuously, before consumers pay for such product or service, any policy or practice Defendants have of using the

4

Case 4:14-cv-00815-BCW   Document 377   Filed 02/25/16   Page 4 of 16

product or service to mine for Bitcoins or other virtual currencies for themselves, prior to delivering them to consumers.

## II. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ALL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A.    the terms of any refund, cancellation, exchange, or repurchase policy, or the circumstances under which a full or partial refund will be granted or denied; or

    B.    any other fact material to consumers concerning the product or service, including but not limited to: any material aspects of the speed, efficiency, operational cost, performance, or efficacy of such product or service.

## III. PROHIBITION AGAINST PRE-PAYMENTS

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined from collecting an upfront payment from a consumer for the purchase of a Bitcoin product or service unless the Bitcoin product or service is available and the product will ship within 30 days of any payment or the service will be started within 30 days of payment. If Defendants are unable to ship the product or start the service within 30 days, Defendants must provide the consumer with a prompt refund within 7 working days of Defendants first becoming aware of their inability to ship the product or start the service within the 30 day period.

## IV. PROHIBITION AGAINST MAINTAINING CONSUMERS' PAYMENTS FOR DAMAGED OR INCORRECT PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service for which Defendants collect an upfront payment, are permanently restrained and enjoined from failing, upon a consumer's request within 30 days of receipt of the product or service, to provide a prompt refund of a consumer's payments for such product or service when Defendants delivered a product that is damaged, or provided a product or service that did not meet promised specifications.

## V. OBTAINING CONSENT TO LATE DELIVERY AND PROVIDING PROMPT REFUNDS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service for which Defendants collect an upfront payment and specify a delivery date, are permanently restrained and enjoined from, when Defendants do not deliver such product or service within the time so represented, failing to offer to consumers, clearly and conspicuously, and without prior demand, an option either to consent to a delay in delivery or to cancel the order and receive a prompt refund provided that: (1) such offer is made within a reasonable time after Defendants first become aware of their inability to deliver within the time frame so represented; and (2) any offer to consumers of such an option fully informs consumers regarding their right to cancel the order and to obtain a prompt refund and provides a revised delivery date, except where Defendants

6

lack a reasonable basis for providing a definite revised delivery date the notice informs consumers that Defendants are unable to make any representation regarding the length of the delay.

## VI. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $38,615,161 is entered in favor of the FTC against Defendants, jointly and severally, as equitable monetary relief.

B. Corporate Defendant is ordered to pay to the FTC fifteen thousand dollars ($15,000). Such payment must be made on or before April 15, 2016, by electronic fund transfer in accordance with instructions previously provided by a representative of the FTC.

C. Individual Defendant is order to pay the FTC four thousand dollars ($4,000). Such payment must be made on or before April 15, 2016, by electronic fund transfer in accordance with instructions previously provided by a representative of the FTC.

D. Upon the payment identified in Sections VI.B and VI.C, the remainder of the judgment as to the Defendants is suspended. The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely, the Financial Statement of Corporate Defendant BF Labs Inc. signed by Sonny Vleisides on September 11, 2015, including its attachments and the updated balance sheet as of September 30, 2015; and the Financial Statement of Individual Defendant Sonny Vleisides signed on Sonny Vleisides on September 10, 2015, including the attachments;

E. The suspension of the judgment set forth in Section VI.D will be lifted as to Defendants if, upon motion by the FTC, the Court finds that Defendants failed to disclose any

7

Case 4:14-cv-00815-BCW   Document 377   Filed 02/25/16   Page 7 of 16

material asset, materially understated the value of any tangible or monetary asset, or made any other material misstatement or omission in the financial representations identified above;

F.    If the suspension of the judgment is lifted for a reason set forth in Section VI.E, then the full judgment becomes immediately due as to Defendants in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Defendants shall relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Defendants acknowledge that their Taxpayer Identification Numbers, which were previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.    All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative

8

of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## VIII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information that is in Defendants' possession, custody, or control, to enable the FTC to administer efficiently consumer redress. If a representative of the FTC requests in writing any information related to redress that is in Defendants' possession, custody, or control, Defendants must provide it, in a mutually agreeable form, within 14 days;

B. Disclosing, using, or benefitting from consumer information, without the express written consent of the consumer that enables a charge to or withdrawal from a customer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with the marketing and sale of Bitcoin mining products and services; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC. Provided, however, that customer information need not be disposed

of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX. ORDER ACKNOWLEDGEMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  Defendants, within seven (7) days of entry of this Order, must submit to the FTC acknowledgments of receipt of this Order sworn under penalty of perjury.

B.  For ten (10) years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. In any other business, such as one in which the Individual Defendant is an employee without any ownership or control, that Individual Defendant must deliver a copy of this Order to all principals and managers of the business before participating in conduct related to the subject matter of this Order. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order or certify in writing that it has been unable to do so.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the FTC:

A. One (1) year after entry of this Order, Defendants must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

2. Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

11

B. For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Corporate Defendant, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition or insolvency proceeding by or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

12

E.	Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC, 20580. The subject line must begin: FTC v. BF Labs Inc.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years. Specifically, Corporate Defendant and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.	Accounting records showing the revenues from all goods or services sold;

B.	Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; and dates of service;

C.	Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.	All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.	A copy of each unique advertisement or other marketing material.

## XII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the FTC, Defendants must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant. Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

14

Case 4:14-cv-00815-BCW   Document 377   Filed 02/25/16   Page 14 of 16

## XIII.  COOPERATION

**IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendants must provide truthful and complete information, evidence, and testimony.  Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a FTC representative may designate, without the service of a subpoena.

## XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED:  February 25, 2016         /s/ Brian C. Wimes
                                  JUDGE BRIAN C. WIMES
                                  UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

_____
BF LABS INC.
*Defendant*
By: Sonny Vleisides
    VP Product Development

_____
SONNY VLEISIDES
*Defendant*

Approved as to Form:

_____
MARK A. OLTHOFF (MO #38572)
MICHAEL S. FOSTER (MO #61205)
Polsinelli PC
900 W 48th Place
Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
molthoff@polsinelli.com
mfoster@polsinelli.com

*Attorneys for Defendants BF Labs Inc. and Sonny Vleisides*

BRADEN M. PERRY (MO #53865)
Kennyhertz Perry, LLC
420 Nichols Road
Suite 207
Kansas City, Missouri 64112
Telephone: (816) 527-9445
Facsimile: (816) 844-2914
braden@kennyhertzperry.com

*Attorney for Defendant BF Labs Inc.*

_____
HELEN WONG (DC #997800)
LEAH FRAZIER (DC #492540)
GREGORY A. ASHE (VA #39131)
JASON M. ADLER (IL #6295738)
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-10232
Washington, DC 20580
Telephone: (202) 326-3779 (Wong)
Telephone: (202) 326-2187 (Frazier)
Telephone: (202) 326-3719 (Ashe)
Telephone: (202) 326-3231 (Adler)
Facsimile: (202) 326-3768
hwong@ftc.gov
lfrazier@ftc.gov
gashe@ftc.gov
jadler@ftc.gov

CHARLES M. THOMAS (MO #28522)
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E Ninth Street
Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
charles.thomas@usdoj.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*